UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **LIZELLE GONZALEZ,** | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **GOCHA ALLEN RAMIREZ,** | § | JURY DEMANDED |
| **ALEXANDRIA LYNN BARRERA,** | § | |
| **and STARR COUNTY,** | § | |
| *Defendants* | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**COMES NOW LIZELLE GONZALEZ**, Plaintiff herein, by and through counsel, and files this civil rights action against Gocha Allen Ramirez, Individually; Alexandria Lynn Barrera, Individually; and Starr County, Texas and alleges as follows:

### I.

### NATURE OF THE ACTION

1.1 Plaintiff brings forth causes of action pursuant to 42 U.S.C § 1983 for violations of the United States Constitution and the laws of the United States as a result of the unfounded and unlawful indictment presented against Plaintiff by the Starr County District Attorney and his office.

### II.

### PARTIES

2.1 Plaintiff Lizelle Gonzalez, a/k/a Lizelle Herrera, Plaintiff's legal name at the time of her arrest, is a resident of Starr County, Texas.

2.2 Defendant Gocha Allen Ramirez is the elected District Attorney for Starr County, Texas. Ramirez is employed by the County of Starr as its elected district attorney who, at all times relevant to this action, was acting under the color of law and within the scope of his employment. Defendant Ramirez is the policy maker for the Starr County District Attorney's Office. Defendant Ramirez is sued in his individual capacity. Defendant Ramirez may be served with summons as follows:

**886 Coyote Dr.**
**Rio Grande City, Texas 78582**

**or**

**229th Judicial District Attorney's Office**
**- Starr County Division**
**401 N. Britton Ave.**
**Rio Grande City, Texas 78582**

**Or wherever he may be found**

2.3 Defendant Alexandria Lynn Barrera is employed as an Assistant District Attorney for Starr County, Texas, who, at all times relevant to this action, was acting under the color of law and within the scope of her employment. Defendant Barrera is sued in her individual capacity. Defendant Barrera may be served with summons as follows:

**2286 Rio Concho Street**
**Rio Grande City, Texas 78582**

**or**

**229th Judicial District Attorney's Office**
**- Starr County Division**
**401 N. Britton Ave.**
**Rio Grande City, Texas 78582**

**Or wherever she may be found**

2.4 Defendant Starr County, Texas, is a governmental unit existing under the laws of the State of Texas. Defendant Starr County may be served with summons upon County Judge, Eloy Vera on behalf of the Starr County Commissioners Court as follows:

**Starr County Judge Eloy Vera**
**100 N. FM 3167**
**Rio Grande City, Texas 78582**

### III.

### JURISDICTION AND VENUE

3.1 This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

3.2 Venue is proper in this Court under 28 U.S.C. § 1391(b), as the Southern District of Texas - McAllen Division is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

### IV.

### FACTUAL ALLEGATIONS

4.1 On January 7, 2022, at approximately 7:18p.m., Plaintiff Lizelle Gonzalez presented to the Starr County Memorial Hospital Emergency Department at 19 weeks gestational age "with abortion attempt" after using Cytotec Icetrogen 400 mcg purportedly to induce an abortion. Plaintiff was treated by Dr. Rodolfo Lozano, M.D. and Norma Aguirre RN. After obstetrical examination revealed no contractions and positive fetal heart rate, Plaintiff was discharged home on January 8, 2022, at 12:00 p.m. with a diagnosis of abdominal pain and instructions to follow up with Dr. Lozano on January 12, 2022.

4.2 Shortly after discharge, at approximately 12:40 p.m. on January 8, 2022, Plaintiff was taken to Starr County Memorial Hospital via EMS with complaints of abdominal pain and vaginal bleeding. Examination in the emergency department by revealed no fetal cardiac activity and

"incomplete spontaneous abortion." Plaintiff was admitted to obstetrics for a repeat classical cesarean section by Dr. Luis Ramirez for the delivery of her stillborn child.

4.3 Based upon information and belief, between January 7, 2022, and March 30, 2022, employees, agents and/or representatives of Starr County Memorial Hospital, in violation of federal privacy laws reported Plaintiff's self-induced abortion to the Starr County District Attorney's Office.

4.4 Based upon information and belief, neither the Starr County Sheriff's Office nor the Rio Grande City Police Department performed an investigation into the facts or circumstances surrounding the charge of Murder against Plaintiff. Rather, the Starr County District Attorney's Office, by and through its assistant district attorney, Defendant Alexandria Lynn Barrera, initiated and performed its own investigation based on reports from hospital personnel.

4.5 Per District Attorney's Office policy and practice, assistant district attorney, Defendant Alexandria Lynn Barrera, involved Defendant Gocha Allen Ramirez in the investigation. Based upon information and belief, Defendant Alexandria Lynn Barrera took this case to Defendant Gocha Allen Ramirez prior to the investigation and presentation of the case before the grand jury. Similarly, through its own policy-maker Defendant Gocha Allen Ramirez, the Starr County District Attorney's Office had its own policy of initiating and performing its own investigations before involving the police.

4.6 Upon information and belief, District Attorney Gocha Allen Ramirez and Assistant District Attorney Alexandria Lynn Barrera made misrepresentations of the facts and the law to a grand jury, recklessly and callously disregarding the rights of Plaintiff, allowing a malicious prosecution to commence against her.

4.7 On March 30, 2022, the charge of murder against Plaintiff was presented to the Grand Jury of Starr County, Texas by Defendants Ramirez and Barrera.

4.8 At Plaintiff's grand jury presentation, Defendants Ramirez and Barrera, and other co-conspirators were aware that Section 19.06 of the Texas Penal Code exempted the death of an unborn child from the statute pertaining to murder "if the conduct charged is: (1) conduct committed by the mother of the unborn child." However, Defendants Ramirez and Barrera proceeded to provide the grand jury with false and misleading information and omissions in order to secure an Indictment against Plaintiff that "on or about the 7th day of January 2022, and before the presentment of this indictment, in Starr County, Texas, did then and there intentionally and knowingly cause the death of an individual J.A.H. by a self-induced abortion."

4.9 Had Defendants Ramirez and Barrera been truthful, there would not have been any legal basis for the indictment and ensuing arrest. Upon information and belief, Defendants Ramirez and Barrera, conspired to, and did, present false information and recklessly misrepresented facts in order to pursue murder charges against Plaintiff for acts clearly not criminal under the Texas Penal Code.

4.10 Following the indictment, Plaintiff was arrested on April 7, 2022, by the Starr County Sheriff's Office. On April 8, 2022, the day after her arrest, Plaintiff was taken to Starr County Memorial Hospital while being incarcerated at the Starr County Jail. After spending three days in jail, Plaintiff was released on April 9, 2022, when Defendant Ramirez made the decision to dismiss the unfounded charges against her.

4.11 The fallout from Defendants' illegal and unconstitutional actions has forever changed the Plaintiff's life. In statements issued by Defendant Ramirez to the national press, he conceded that "'[a]lthough with this dismissal Ms. Herrera will not face prosecution for this incident, it is clear to me that the events leading up to this indictment have taken a toll on Ms. Herrera and her family." Plaintiff's mugshot was immediately plastered all over the news, through

television, print and social media. Within hours national headlines read "Woman in Texas Charged with Murder in Connection with 'Self-Induced Abortion.'" Plaintiff was identified by name. The unfounded charges against Plaintiff gained the attention of the Associated Press, were televised nationally, and can still be found through numerous news sites on the internet. Furthermore, because the charges stemmed from abortion – a hot button political agenda – the dismissal of the charges did not result in any less media attention. Rather, the media attention was heightened after the dismissal due to the fact that the prosecution was frivolous.

4.12   On January 25, 2024, Defendant Ramirez agreed to an Agreed Judgement of Probated Suspension with the Investigatory Panel 12-2 District 12 due to his violations of 8.01(a), 3.09(a), 5.01(a), and 5.01(b) of the Texas Disciplinary Rules of Professional Conduct for his knowing conduct in prosecuting Plaintiff for acts clearly not criminal under existing state law.

4.13   As a result of the Defendants' unconstitutional actions, Plaintiff was subjected to the humiliation of a highly publicized indictment and arrest, which has permanently affected her standing in the community. But for Defendants' conduct, Plaintiff would not have suffered these harms.

4.14   Lizelle Gonzalez is now filing this lawsuit against Gocha Allen Ramirez, Alexandria Lynn Barrera, and Starr County, for depriving Plaintiff of rights secured under the Constitution and Laws of the United States. She brings this case not only to vindicate her rights but also to hold accountable the government officials who violated them.

V.

**APPLICABLE AUTHORITY**

5.1   **The Fourth Amendment to the Constitution of the United States of America** provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants

shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

5.2     **The Fourteenth Amendment to the Constitution of the United States of America**

provides, in pertinent part:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; *nor shall any State deprive any person of life, liberty, or property, without due process of law;* nor deny to any person within its jurisdiction the equal protection of the laws.

5.3     **42 U.S. Code §1983 – Civil Action for Deprivation of Rights**

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

5.4     **Section 19.01 of the Texas Penal Code** provided in pertinent part:

(a)     A person commits criminal homicide if he intentionally, knowingly, recklessly, or with criminal negligence causes the death of an individual.
(b)     Criminal homicide is murder, capital murder, manslaughter, or criminally negligent homicide.

5.5     **Section 19.06 of the Texas Penal Code** plainly states:

This chapter does not apply to the death of an unborn child if the conduct charged is:

   (1) Conduct committed by a mother of the unborn child;

## VI.

## **PROSECUTORIAL IMMUNITY DOES NOT APPLY**

6.1 Prosecutors are usually absolutely immune from civil liability. Under *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993), prosecutors are not immune when performing "administrative duties and . . . investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings."

6.2 Prosecutors are absolutely immune only "for their conduct in 'initiating a prosecution and in presenting the State's case' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (citations omitted) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)).

6.3 "In sum, prosecutors are not entitled to absolute immunity when "'functioning as the equivalent of a detective rather than as an advocate preparing for trial.'" *Wooten v. Roach*, 964 F.3d 395, 407 (5th Cir. 2020) (quoting *Cousin v. Small*, 325 F.3d 627, 632–33 (5th Cir. 2003) (per curiam).

6.4 Relevant here, based upon information and belief, neither the Starr County Sheriff's Department nor the Rio Grande City Police Department were involved in the investigation phase of the charges against the Plaintiff. Rather, the District Attorney's Office solely conducted the investigation directly with the Starr County Memorial Hospital prior to indictment. Such investigatory actions forfeit the protection of absolute prosecutorial immunity. *See Burns*, 500 U.S. at 482, 111 S.Ct. 1934.

6.5 Additionally, a district attorney who misleads or conspires to mislead a grand jury in the same way as a constitutionally defective warrant affidavit also waives immunity. *Wilson v. Stroman*, 33 F.4th 202 (5th Cir. 2022).

6.6 Section 19.06 of the Texas Penal Code exempts the death of an unborn child from the statute pertaining to murder "if the conduct charged is: (1) conduct committed by the mother of the unborn child." Based upon information and belief, Defendants Ramirez and Barrera provided the grand jury with false and misleading information and omissions in order to secure an indictment against Plaintiff.

6.7 As such, Defendants Ramirez and Barrera are not entitled to qualified immunity because they either submitted or directed the presentation of grand jury "evidence" blatantly lacking in legal basis as to render their belief in its existence unreasonable. *See Malley*, 475 U.S at 345. No reasonable grand juror could have reasonably believed the law was otherwise due to Defendants' unlawful actions.

## VII.

## CLAIMS FOR RELIEF

### A. 42 U.S.C. § 1983 – *Violations of Plaintiff's Rights Guaranteed by the Fourteenth Amendment*

7.1 Plaintiff incorporates all preceding paragraphs by reference.

7.2 Plaintiff asserts a violation of her Due Process rights under the Fourteenth Amendment to be free from unlawful indictment.

7.3 The Due Process Clause of the Fourteenth Amendment was intended to prevent the government from abusing its power or employing it as an instrument of oppression. Plaintiff has rights guaranteed by the Fourteenth Amendment not to have law enforcement deliberately fabricate facts and evidence. More specifically, Plaintiff has rights against intentional misrepresentations made to a grand jury that self-induced abortion is a criminal act in the State of Texas to secure an unlawful indictment.

7.4 Upon information and belief, Defendants Ramirez and Barrera conspired to, and did, mislead the grand jury by failing to provide the statutory language contained within Section

19.06 of the Texas Penal Code, in order to secure an illegal indictment in violation of Plaintiff's constitutional protections.

7.5 Policy, procedure, and practice in the Starr County District Attorney's Office require that every decision in every high-profile case, including the investigation phase, must go through Defendant Ramirez. There is no doubt that the first ever murder charge for a self-induced abortion in Starr County is considered high-profile, especially in light of the media attention surrounding the State's abortion laws at the time of the events giving rise to Plaintiff's causes of action.

7.6 In his defense during his disciplinary proceedings Defendant Ramirez claimed not to be involved in the investigation or prosecution of this case. Defendant Ramirez acted as though he delegated authority to his co-conspirator Assistant District Attorney, Defendant Barrera. However, Defendant Ramirez did not and does not delegate his authority based on his policies, procedures, and practices.

7.7 Furthermore, although he claimed he did not participate in the grand jury presentation of Plaintiff's case, upon information and belief, Defendant Ramirez directed his co-conspirator, Assistant District Attorney Defendant Barrera, to provide false information to and conceal the plain statutory language contained within Texas Penal Code 19.06 from the grand jury. Defendant Barrera dutifully complied.

7.8 By failing to provide the statutory language contained within Section 19.06 of the Texas Penal Code, District Attorney Ramirez himself, or through instruction to co-conspirator Defendant Barrera, knowingly provided false information to a grand jury to secure an unjust indictment and proceed with the malicious prosecution against Plaintiff.

7.9 As a result of her indictment and subsequent unlawful arrest for charges that Defendants maintained against her—long after they were aware that they lacked any legal or statutory basis to charge and arrest Plaintiff for Murder— Plaintiff was deprived of her right to privacy.

More specifically, Plaintiff was involuntarily and detrimentally thrust into the public eye, causing intrusion upon her seclusion or solitude and private affairs.

Additionally, Plaintiff was placed in a false light which caused her to suffer reputational and actual harm that impinged upon her fundamental right to personal liberty.

### B. False Arrest in Violation of The Fourth And Fourteenth Amendments

7.10  Plaintiff incorporates the preceding paragraphs herein by reference.

7.11  Plaintiff has a clearly established constitutional right under the Fourth Amendment to be secure in her person, home, and property against unreasonable seizure. U.S. Const. amend. IV (emphasis added). As the Supreme Court of the United States has plainly stated, "[w]here the standard is probable cause, a . . . seizure of a person must be supported by probable cause particularized with respect to that person." *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979).

7.12  The Fourteenth Amendment also protects against the deprivation of liberty without due process of law.

7.13  Plaintiff was falsely charged, indicted, and arrested for murder, despite the plain and concise language of the statute excluding Plaintiff from criminal responsibility as a direct result of Defendant Ramirez's and Defendant Barrera's conduct. Defendants' conduct, as set forth in detail above, deprived Plaintiff of her rights to be secure in her persons against unreasonable seizure, in violation of the Fourth Amendment of the Constitution of the United States and 42 U.S.C. Section 1983.

7.14  Defendants Ramirez and Barrera, while acting under the color of law and within the scope of their employment, knowingly and intentionally, or with reckless disregard for the truth, caused the presentation of a facially deficient indictment with no legal basis.

7.15  Defendants Ramirez and Barrera deliberately or recklessly made knowing and intentional omissions that resulted in the indictment of Plaintiff and subsequent warrant for Plaintiff's arrest being issued.

7.16  Each Defendant, jointly, severally, or both, deprived Plaintiff of her rights under the Fourth Amendment as incorporated and applied to the states through the Fourteenth Amendment. Each Defendant also jointly, severally, or both, deprived Plaintiff of due process in violation of the Fourteenth Amendment. Furthermore, Defendants Ramirez and Barrera conspired with coconspirators, known and unknown, to violate Plaintiff's constitutional rights.

7.17  Pursuant to 42 U.S.C. § 1983, every person who, under color of any statute, ordinance, regulation, custom or usage of any State, subjects, or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the parties injured in an action for redress. Each Defendant is a "person" within the meaning of 42 U.S.C. § 1983.

7.18  As a direct result of Defendants' conduct, Plaintiff was charged with murder and falsely arrested, despite the absence of probable cause to establish that she had committed a crime. Defendants' conduct, as described above, deprived Plaintiff of her right to be secure in her persons against unreasonable seizure, in violation of the Fourth Amendment of the Constitution of the United States and 42 U.S.C. § 1983. As such, pursuant to 42 U.S.C. § 1983, Defendants Ramirez and Barrera shall be liable to Plaintiff for their unlawful actions.

C.  *Conspiracy To Violate Constitutional Rights*

7.19  Plaintiff incorporates the preceding paragraphs herein by reference.

7.20  Defendant Ramirez and at least one other co-conspirator, Defendant Barrera, agreed to violate Starr County residents', including Plaintiff's, civil rights in violation of Section 1983, as detailed in the preceding causes of action.

7.21 Specifically, Defendant Ramirez and his co-conspirator assistant district attorney Defendant Barrera agreed to violate Starr County residents' (including Plaintiff's):

- Fourth Amendment Rights to be free from unreasonable searches, seizures, and arrests but for warrants based on probable cause untainted by misleading and false information;

- Fourteenth Amendment Rights to Due Process by abusing his grand jury powers and presenting false and misleading information to the grand jury in order to secure indictments against citizens when probable cause did not exist.

7.22 Defendant Ramirez knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

7.23 Defendant Ramirez and/or at least one of the co-conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the counts above, in order to accomplish some object or purpose of the conspiracy.

### D.  42 U.S.C. § 1983 – County Liability

7.24 Plaintiff incorporates the preceding paragraphs herein by reference.

7.25 A county is liable under section 1983 for the acts of its officials when (1) its final policymakers are held effectively to have made policy or condoned creation of a custom by ratifying the unconstitutional or illegal actions of subordinate officers or employees; or (2) its final policymakers themselves engage in the setting of goals and the determination of how those goals will be achieved. *See Turner v. Upton Cnty., Tex.*, 915 F.2d 133, 136 (5th Cir. 1990). *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

7.26 "When the official representing the ultimate repository of law enforcement power in the county makes a deliberate decision to abuse that power to the detriment of its citizens, county liability under section 1983 must attach . . . ." *Turner.* at 138.

7.27 Starr County is liable under both formulations.

7.28 First, as explained above, Defendant Ramirez, as the final policy maker, "ratified the unconstitutional or illegal actions of subordinate officers and employees", namely Defendant Barrera.

7.29 Although he did not present the indictment to the Grand Jury, all decisions ran through Defendant Ramirez. Upon information and belief, he conspired and instructed co-conspirator Assistant District Attorney Defendant Barrera to mislead the grand jury.

7.30 Defendant Ramirez also ordered the arrest of the Plaintiff, despite his knowledge that there was no legal basis to charge her with murder or any offense, and/or with deliberate indifference to the absence of such probable cause.

7.31 As such, Starr County is liable for Plaintiff's constitutional wrongs suffered as the individual Defendant Ramirez is the policymaker for his respective governmental employer.

## VIII.

## DAMAGES

8.1 Defendants' actions, both jointly and severally, deprived Plaintiff of her protected rights under the United States Constitution and federal law. As a proximate result of Defendants' actions, Plaintiff has suffered the deprivation of liberty, reputational harm, public humiliation, distress, pain, and suffering for which she is entitled to compensatory damages, including damages for mental and emotional distress.

8.2 As a result of Defendants' actions and/or inactions, Plaintiff seeks the following damages, which in the aggregate exceed $1,000,000.00:

- Actual damages;
- Compensatory damages;
- Past and future mental anguish;
- Past and future reputational damages;
- Past and future lost wages;
- Past and future loss of earning capacity;
- Attorney's fees as set forth below;

- Exemplary damages; and
- All other damages, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

## IX.

## PUNITIVE DAMAGES

9.1  Plaintiff incorporates the preceding paragraphs by reference.

9.2  Punitive damages may be awarded in Section 1983 cases when the defendant's conduct involves reckless or callous indifference to the federally protected rights of others. The widespread and persistent practice of Defendants Starr County, Defendant District Attorney Gocha Allen Ramirez and Defendant Alexandria Lynn Barrera to intentionally misrepresent evidence to a grand jury demonstrates a callous and reckless disregard to the constitutional rights of residents of Starr County, Texas.

9.3  Defendants Ramirez and Barrera acted with malice and with intentional disregard for Plaintiff's constitutional rights for which Plaintiff is entitled to punitive damages. Such damages would assist in deterring and preventing similar conduct in the future.

## X.

## ATTORNEY'S FEES

10.1  Plaintiff has retained the services of the undersigned counsel, and claims entitlement to an award of reasonable and necessary attorney's fees under 42 U.S.C. § 1983 and § 1988.

## XI.

## JURY DEMAND

11.1 Plaintiff hereby requests a jury trial tenders the appropriate jury fee herewith.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, that upon the trial of this matter, judgment be entered for Plaintiff against Defendants jointly and severally for the damages described above.

Respectfully submitted,

By: /s/ I.C. Garza
I. Cecilia Garza
State Bar No. 24041627
Federal Admission No.: 578825
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: 956/335-4900
Telecopier No.: 956/338-5700
cecilia@garzamartinezlaw.com
***ATTORNEY IN CHARGE FOR PLAINTIFFS***

OF COUNSEL:

Veronica Sepulveda Martinez
State Bar No. 24081144
Federal Admission No.: 3048499
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: 956/335-4900
Telecopier No.: 956/338-5700
veronica@garzamartinezlaw.com

GARZA MARTINEZ, PLLC
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: 956/335-4900
Telecopier No.: 956/338-5700
Email: office@garzamartinezlaw.com