

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

July 14, 2022

Mr. Gocha Allen Ramirez
District Attorney
229th Judicial District Attorney's Office
401 North Britton Avenue, Suite 417
Rio Grande City, Texas 78582

OR2022-20373

Dear Mr. Ramirez:

You ask whether certain information is subject to required public disclosure under the Public Information Act (the "Act"), chapter 552 of the Government Code. Your request was assigned ID# 956578.

The 229th Judicial District Attorney's Office (the "district attorney's office") received eight requests for information pertaining to a specified case. You state the district attorney's office has released some of the requested information but does not possess some of the requested information.[1] You claim some of the submitted information is not subject to the Act, some is excepted from disclosure under section 552.101 of the Government Code, and some is privileged under the attorney-client and attorney work product privileges. We have considered your arguments and reviewed the submitted information.

Initially, we note one of the requestors asks questions. The Act does not require a governmental body to answer factual questions, conduct legal research, or create new information in responding to a request. *See* Open Records Decision Nos. 563 at 8 (1990), 555 at 1-2 (1990). However, a governmental body must make a good faith effort to relate a request to any responsive information that is within its possession or control. Open Records Decision Nos. 561 at 8-9 (1990), 555 at 102. We assume you have made a good-faith effort to do so.

---

[1] The Act does not require a governmental body to release information that did not exist when it received a request, create responsive information, or obtain information that is not held by the governmental body or on its behalf. *See Economic Opportunities Dev. Corp. v. Bustamante*, 562 S.W.2d 266 (Tex. Civ. App.—San Antonio 1978, writ dism'd); Open Records Decision Nos. 605 at 2 (1992), 555 at 1 (1990), 452 at 3 (1986), 362 at 2 (1983).

Mr. Gocha Allen Ramirez - Page 2

Next, you state some of the submitted information consists of a grand jury subpoena and information obtained through the grand jury subpoena. The judiciary is expressly excluded from the requirements of the Act. Gov't Code § 552.003(1)(B). This office has determined for purposes of the Act, a grand jury is a part of the judiciary and therefore not subject to the Act. *See* Open Records Decision No. 411 (1984). Further, records kept by a governmental body that is acting as an agent for a grand jury are considered records in the constructive possession of the grand jury and are also not subject to the Act. *See* Open Records Decisions Nos. 513 (1988), 411, 398 (1983). The fact that information collected or prepared by another person or entity is submitted to the grand jury does not necessarily mean such information is in the grand jury's constructive possession when the same information also is held in the other person's or entity's own capacity. Information held by another person or entity but not produced at the direction of the grand jury may well be protected under one of the Act's specific exceptions to disclosure, but such information is not excluded from the reach of the Act by the judiciary exclusion. *See* ORD 513. You represent the district attorney's office holds this information solely as an agent of the grand jury. Based upon this representation, we conclude such information consists of records of the judiciary that are not subject to disclosure under the Act, and the district attorney's office is not required to release such information in response to these requests.[2]

Next, you assert some of the remaining information is not subject to the Act pursuant to section 552.002(d) of the Government Code, which provides, as follows:

> "Protected health information" as defined by Section 181.006, Health and Safety Code, is not public information and is not subject to disclosure under this chapter.

Gov't Code § 552.002(d). Section 181.006 of the Health and Safety Code, in relevant part, states:

> [F]or a covered entity that is a governmental unit, an individual's protected health information:
>
> (1) includes any information that reflects that an individual received health care from the covered entity[.]

Health & Safety Code § 181.006(1). Section 181.001(b)(2)(A) defines "covered entity," in part, as any person who:

> for commercial, financial or professional gain, monetary fees, or dues, or on a cooperative, nonprofit, or pro bono basis, engages, in whole or in part, and with real or constructive knowledge, in the practice of assembling, collecting, analyzing, using, evaluating, storing, or transmitting protected health information. The term includes a business associate, health care

---

[2] As our ruling is dispositive, we need not address your remaining arguments against disclosure of this information.

payer, governmental unit, information or computer management entity, school, health researcher, health care facility, clinic, health care provider, or person who maintains an Internet site[.]

*Id.* § 181.001(b)(2)(A). You do not assert the district attorney's office is a covered entity. Thus, we find you have failed to demonstrate the applicability of section 181.006 of the Health and Safety Code. Accordingly, we find the remaining information at issue is subject to the Act, and the district attorney's office must release it unless it falls within an exception to public disclosure under the Act. *See* Gov't Code §§ 552.006, .021, .301, .302.

Next, we note the submitted information is subject to section 552.022(a)(1) of the Government Code, which provides for the required public disclosure of "a completed report, audit, evaluation, or investigation made of, for, or by a governmental body[,]" unless it is excepted by section 552.108 of the Government Code or "made confidential under [the Act] or other law[.]" *Id.* § 552.022(a)(1). The Texas Supreme Court has held the Texas Rules of Evidence and Texas Rules of Civil Procedure are "other law" that make information expressly confidential for the purposes of section 552.022. *In re City of Georgetown*, 53 S.W.3d 328, 336 (Tex. 2001). We note the attorney work product privilege is found at rule 192.5 of the Texas Rules of Civil Procedure, which are applicable to only "actions of a civil nature." *See* TEX. R. CIV. P. 2. Thus, because the information at issue pertains to a criminal case, rule 192.5 is not applicable to the information and the district attorney's office may not withhold it on the basis of the work-product privilege in rule 192.5. However, we will consider your assertion of the attorney-client privilege under Texas Rule of Evidence 503. Further, as section 552.101 protects information made confidential under law, we will also address the applicability of section 552.101 to the remaining information.

Section 552.101 of the Government Code excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Gov't Code § 552.101. Section 552.101 encompasses section 261.201 of the Family Code, which provides, in relevant part:

> (a) [T]he following information is confidential, is not subject to public release under [the Act] and may be disclosed only for purposes consistent with this code and applicable federal or state law or under rules adopted by an investigating agency:
>
> > (1) a report of alleged or suspected abuse or neglect made under this chapter and the identity of the person making the report; and
> >
> > (2) except as otherwise provided in this section, the files, reports, records, communications, audiotapes, videotapes, and working papers used or developed in an investigation under this chapter or in providing services as a result of an investigation.

Fam. Code § 261.201(a). Upon review, we find the remaining information was used or developed in an investigation by the district attorney's office of alleged or suspected child

abuse or neglect. *See id.* §§ 101.003(a) (defining "child" for purposes of this section as person under 18 years of age who is not and has not been married or who has not had the disabilities of minority removed for general purposes), 261.001(1), (4) (defining "abuse" and "neglect" for purposes of chapter 261 of the Family Code). Accordingly, the information is within the scope of section 261.201. You have not indicated the district attorney's office has adopted a rule that governs the release of this type of information. Therefore, we assume no such regulation exists. Given that assumption, we conclude the district attorney's office must withhold the remaining information in its entirety under section 552.101 in conjunction with section 261.201(a).[3]

In summary, the grand jury subpoena and information obtained through the grand jury subpoena consists of records of the judiciary that are not subject to disclosure under the Act, and the district attorney's office is not required to release such information in response to these requests. The district attorney's office must withhold the remaining information in its entirety under section 552.101 of the Government Code in conjunction with section 261.201(a) of the Family Code.

This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances.

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For more information concerning those rights and responsibilities, please visit our website at https://www.texasattorneygeneral.gov/open-government/members-public/what-expect-after-ruling-issued or call the OAG's Open Government Hotline, toll free, at (877) 673-6839. Questions concerning the allowable charges for providing public information under the Public Information Act may be directed to the Cost Rules Administrator of the OAG, toll free, at (888) 672-6787.

Sincerely,

Lindsay E. Hale
Assistant Attorney General
Open Records Division

LEH/eb

Ref: ID# 956578

Enc. Submitted documents

c: 8 Requestors
(w/o enclosures)

---

[3] As our ruling is dispositive, we need not address your remaining arguments against disclosure of this information or the applicability of section 1701.661(a) of the Occupations Code to the submitted video recordings. *See generally* Occ. Code § 1701.661(a), (e).