# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| LIZELLE GONZALEZ § | | |
|     Plaintiff § | | |
| § | | |
| Vs. § | | CIVIL ACTION 7:24-CV-00132 |
| § | | |
| GOCHA ALLEN RAMIREZ, et al. § | | |
|     Defendants § | | |

## DEFENDANT STARR COUNTY'S MOTION TO DISMISS UNDER RULE 12(b)(1), OR, ALTERNATIVELY, UNDER RULE 12(b)(6)

================================================================

MAY IT PLEASE THE COURT:

COMES NOW, DEFENDANT STARR COUNTY (hereafter "DEFENDANT" or "STARR COUNTY") and files this, its Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(1) and in support thereof respectfully shows as follows:

### I. INTRODUCTION

This is a civil rights case brought under 42 U.S.C. § 1983 against Starr County, and Sheriff Rene Fuentes,[1] along with the District Attorney and Assistant District Attorney for the 229th Judicial District of Texas, Gocha Ramirez and Alexandria Barrera, for the alleged false arrest and malicious prosecution of Plaintiff Lizelle Gonzalez.

Defendant Ramirez is the elected District Attorney for the 229th Judicial District for the State of Texas[2], which encompasses three Texas Counties – Starr, Hogg, and Duval. *See* Texas Gov't Code §24.276 (2021). Defendant Barrera is the First Assistant District Attorney deputized under DA Ramirez. The underlying incident arose in Starr County and it was a Starr County Grand Jury that head the underlying criminal complaint. Defendant requests that the Court take judicial notice of these facts.

Plaintiff's claims are based on her indictment and arrest for the murder of her unborn child on or about March 30, 2022, and April 7, 2022, respectively. FAC ¶¶ 4.9., 4.13. The indictment was dismissed by DA Ramirez on or about April 11, 2022, due to a limitations provision in the

---

[1] Sheriff Fuentes was added as a Defendant in Plaintiff's First Amended Complaint and his response is not yet due, but is forthcoming.

[2] https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=183626.

Texas Penal Code that precludes the application of the Criminal Homicide chapter to a mother whose conduct causes the death of her own unborn child. *Id*. at ¶ 4.14.

## II.     BACKGROUND

**<u>Plaintiff Attempts A Self-Induced Abortion At 19 Weeks Pregnant</u>**

According to Plaintiff's pleadings, on or about January 7, 2022, she attempted to self-induce an abortion nearly halfway through her pregnancy using "Cytotec Icetrogen 400." FAC ¶ 4.1; *see also* Pl.'s Orig. Compl. ¶ 4.1 ("Plaintiff Lizelle Gonzalez presented to the Starr County Memorial Hospital Emergency Department at 19 weeks gestational age 'with abortion attempt' after using Cytotec Icetrogen 400 mcg purportedly to induce an abortion.").

Cytotec is another name for the generic drug misoprostol. *See Planned Parenthood of Greater Tex. Surgical Health Svcs. v. Abbott*, 951 F. Supp. 891, 902 (W.D.T.X. 2013) (discussing Cytotec) (reversed on other grounds by *Planned Parenthood of Greater Tex. v. Abbott,* 748 F.3d 583 (5th Cir. 2014)). "Misoprostol causes uterine contractions that expel the contents of the uterus." *Am. Coll. Of Obstetricians and Gynecologists v. United States Food and Drug Administration*, 472 F.Supp. 3d 183, 190 (D. Maryland 2020); *see also Planned Parenthood Sw. Ohio Reg. v. DeWine*, 696 F.3d 490, 494 (6th Cir. 2012) ("misoprostol, which is 'a prostaglandin which induces the contractions necessary to expel the fetus and other products of conception from the uterus.'").

The Fifth Circuit has explained that misoprostol in combination with another drug has been approved to induce abortions in the first 49 days of pregnancy and sometimes doctors have used the combination of drugs for abortions "as late as seventy days" into the pregnancy. *Abbott*, 748 F.3d at 601.

After using misoprostol approximately 133 days into her pregnancy to self-induce an abortion, Plaintiff was eventually taken to Starr County Memorial Hospital via EMS "with complaints of abdominal pain and vaginal bleeding. Examination in the emergency department by revealed no fetal cardiac activity and "incomplete spontaneous abortion," which required a cesarian section surgery to deliver "her stillborn child." FAC ¶ 4.2.

According to Plaintiff, "employees, agents and/or representatives" of the hospital reported Plaintiff to the Sheriff's Office[3] "and/or" the District Attorney's Office and the Sheriff "in

---

[3] Notably, Plaintiff self-induced her abortion just months after the passage of Texas' S.B. 8. *See* Tex. Health & Safety Code Ann. § 171.204(a). "Referred to as the Heartbeat Act, SB 8 prohibits abortions after fetal cardiac activity is detected within the gestational sac, effectively banning abortions roughly six weeks following a human's conception." *Weldon v. Lilith Fund for Reproductive Equity*, 2024 WL976890 (Tex. App.—Fort Worth March 7, 2024) (citing Tex.

connection with and/or under the joint supervision" of the District Attorney's office conducted an investigation. *Id*. ¶ 4.4. Plaintiff was interviewed by Sheriff Fuentes' investigators but was not immediately arrested. *Id*. ¶ 4.7.

**Plaintiff Was Indicted By The Starr County Grand Jury And Subsequently Arrested**

Plaintiff pleads that on or about March 30, 2022, "the charge of murder against Plaintiff was presented to the Grand Jury of Starr County, Texas by Defendants Ramirez and Barrera." *Id*. ¶ 4.9.

Under the Texas Penal Code, a person can be charged with murder if the person:

(1) intentionally or knowingly causes the death of an individual; or

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.

Tex. Penal C. § 19.02.

An "individual" under the Texas Penal Code includes "an unborn child at every stage of gestation from fertilization until birth." Tex. Penal C. 1.07(a)(26).

Plaintiff pleads that on April 7, 2022, she was arrested following the indictment. *Id*. ¶ 4.13. Plaintiff points out that the arrest was picked up by the local and national media, including the Associated Press, because it was related to the "hot button" topic of abortion: "Within hours national headlines read 'Woman in Texas Charged with Murder in Connection with 'Self-Induced Abortion.'" *Id*. ¶ 4.16.

Following the media frenzy, District Attorney Ramirez analyzed the case and indictment—no doubt because of the visceral reactions and media hype—and on April 11, 2022, he dismissed the murder indictment, stating that "[i]n reviewing the applicable Texas law, it is clear that Ms. Herrera cannot and should not be prosecuted for the allegation against her." *Id*. ¶ 4.14.

Specifically, Texas Penal Code's Criminal Homicide chapter has a provision that limits the application of the chapter from being applied in the "death of an unborn child if the conduct charged is conduct committed by the mother of the unborn child," as was the case here. Tex. Penal Code § 19.06.

Plaintiff now sues the County, District Attorney Ramirez and Assistant District Attorney Barrera, and Sheriff Fuentes for alleged Fourth and Fourteenth Amendment violations, which she

---

Health & Safety Code Ann. § 171.204(a)). Senate Bill 8 has a private enforcement component that incentivizes the reporting of prohibited abortions by individuals.

brings under Section 1983. The claims against Defendant Starr County that are based on the alleged conduct of the prosecutors in the 229th Judicial District of Texas should be dismissed.

## II.     SUMMARY OF THE ARGUMENTS

The gravamen of Plaintiff's complaint is that the District Attorney and Assistant District Attorney of the 229th Judicial District of Texas sought an indictment against her, which led to her arrest for murder. She alleges the indictment violates her Constitutional guarantees under the Fourth and Fourteenth Amendment. FAC ¶¶ 4.1-7.45.

The claims against the County are uniquely tethered to the prosecutors' alleged presentation to the grand jury.[4] Thus, the claim against the County turns on the conduct of the 229th Judicial District prosecutors. But as prosecutors bringing criminal cases on behalf of the State, the District Attorney and ADA function as an arm of the State and enjoy the sovereign's immunity. That immunity should, therefore, extend to the County for the alleged misconduct that occurred in the process of bringing the criminal case on behalf of the State.

## III.     ARGUMENTS AND AUTHORITIES

**Rule 12(b)(1) Standard**

Federal Rule of Civil Procedure 12(b)(1) permits a party to file a motion challenging the Court's subject-matter jurisdiction to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court must dismiss the case if it "lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citation and internal quotation marks omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161.

In the Fifth Circuit, Eleventh Amendment immunity creates restrictions on a federal court's subject matter jurisdiction and it may be raised in a Rule 12(b)(1) motion. *See United States v. Tex. Tech Univ.*, 171 F.3d 279, 285-86 n.9 (5th Cir. 1999) (collecting cases), cert. denied, 530 U.S. 1202 (2000); *Cephus v. Tex. Health & Human Servs. Comm'n*, 146 F.Supp.3d 818, 825 (S.D. T.X. 2015);

---

[4] It is unclear how Plaintiff knows what information was or was not presented to the grand jury given the secret nature of grand jury proceedings. *See, generally, Shields v. Twiss*, 389 F.3d 142, 147 (5th Cir. 2004) (noting the general rule of secrecy surrounding grand jury proceedings); *see also* Fed. R. Crim. P. 6(e). Defendants response herein is not intended to comment on the veracity of Plaintiff's allegations regarding what transpired in the grand jury proceedings, as it would be improper to divulge that information. Defendants are merely responding to Plaintiff's representations about the proceedings, the source of which is unknown. It does not square with information contained in the Sheriff's investigative file, which is filed under seal.

s*ee also Yul Chu v. Mississippi State Univ*., 901 F. Supp. 2d 761, 770 (N.D. Miss. 2012), *aff'd*, 592 Fed. Appx. 260 (5th Cir. 2014).

**<u>Eleventh Amendment Immunity shields the government from suits arising from prosecutors bringing cases on behalf of the State.</u>**

Sovereign immunity prohibits "private suits against nonconsenting states in federal court." *See City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019), cert. denied, 141 S.Ct. 1047 (2021). The Eleventh Amendment provides that the states as well as their agencies, are immune from suit and liability unless they consent. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985). "Texas has not consented by statute, and § 1983 does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (citing *Quern v. Jordan*, 440 U.S. 332, 340 (1979)).

The Fifth Circuit has explained that "'Texas law makes clear [] that when acting in the prosecutorial capacity to enforce state penal law, **a district attorney is an agent of the state, not of the county** in which the criminal case happens to be prosecuted.' 'Each district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom....' In *Echols v. Parker* we found that a Texas district attorney is a state official when instituting criminal proceedings to enforce state law. A county official "pursues his duties as a state agent when he is enforcing state law or policy." *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997). These prosecutorial duties include: (1) instituting criminal proceedings to enforce state law, *Echols v. Parker*, 909 F.2d 795, 801 (5th Cir. 1990); (2) determining whether to initiate or dismiss criminal charges, *Quinn*, 326 F. Ap'x at 282, 292–93; (3) using peremptory challenges during jury selection, *Esteves*, 106 F.3d at 677-78; (4) denying a prisoner the right to proceed in forma pauperis on appeal and the right to self-representation, *Krueger v. Reimer*, 66 F.3d 75, 76–77 (5th Cir. 1995) (per curiam), and; **when exercising delay in the presentation of the case to the grand jury**, *Estrada v. Healey*, CV H-15-0092, 2015 WL 13158514, at *10 (S.D. Tex. June 4, 2015)(citing *Quinn*, 326 Fed. Appx. at 282, 292–93)).

It is also well settled in the Fifth Circuit that because district attorneys and assistant district attorneys, sued in their official capacities are state officials, not local, for purposes of liability arising out of their prosecutorial decisions, Eleventh Amendment immunity attaches. *Moreno v. Donna Indep. Sch. Dist.*, 589 F. App'x 677, 680 (5th Cir. 2014); *Shanafelt v. Off. of the Att'y Gen.*, 213 F.3d 638, 638 (5th Cir. 2000) (per curiam).

Defendant Starr County's Rule 12 Motion to Dismiss
Plaintiff's First Amended Complaint                                                                                              -5-

Finally, the law has long been that an official-capacity claim against an employee of a governmental entity is a suit against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. at 165 ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (additional citations omitted). It follows, then, that a suit against the entity is based on the acts of those in its employ acting in their official capacity.

Here, Plaintiff's claims against District Attorney Ramirez and Assistant District Attorney are based on their alleged conduct while "acting under the color of law and within the scope of [their] employment" as prosecutors of the 229th Judicial District of Texas. *See* Pl.'s Am. Compl. ¶ 2.2. Specifically, Plaintiff claims that they improperly secured a grand jury indictment for murder against her after she self-induced an abortion at 19 weeks pregnant and was reported by a hospital employee. *Id.* ¶ 4.14. The District Attorney and ADA's actions in seeking the criminal indictment, as alleged, is a prosecutorial function exercised on behalf of the State.

The normal result, of course, is that Eleventh Amendment immunity would bar the claim in an official-capacity suit. Plaintiff seemingly tries to avoid this outcome by bringing the claims against the prosecutors individually, rather than in their official capacities. Her maneuvers around immunity should not be rewarded. If this were an official capacity suit, the suit would be treated as one against the County and the Eleventh Amendment would clearly bar the claim for the prosecutor and *as to the County*. *See, e.g., Moreno*, 589 F. App'x at 680 ("'Eleventh Amendment shields [the District Attorney] from official-capacity liability.' '[A]n official-capacity suit is ... to be treated as a suit against the entity....' '[A]n unconsenting State is immune from suits brought in federal courts.'")).

Plaintiff should not be permitted to circumvent this outcome by seeking individual liability against the prosecutors while also pursuing a claim against the County based on the exact same facts. Such a result would be inconsistent with the very basis for Eleventh Amendment immunity.

In sum, Plaintiff cannot avoid Eleventh Amendment immunity. Regardless of the type of liability she seeks to impose, the prosecutorial actions about which she complains were conducted during the criminal case pursued by the District Attorney and ADA of the 229th Judicial District of Texas on behalf of the State of Texas. Because her claims against the County are indistinguishable from her claims against the District Attorney and ADA, who would be shielded

Case 7:24-cv-00132   Document 16   Filed on 05/01/24 in TXSD   Page 7 of 9

by the Eleventh Amendment for official capacity claims, that immunity, too, should extend to the County for the prosecutor's actions undertaken for the State.

**Rule 12(b)(6) Standard**

Even if Eleventh Amendment immunity were not a jurisdictional bar to the claim against the County, Plaintiff's claim against the County also fails for want of a County policymaker whose policy decisions may be fairly attributable to the County. In other words, Plaintiff fails to state a claim for relief under *Monell* and her claims against the County are, therefore, subject to dismissal under Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for failure to state a claim upon which relief may be granted. To withstand a motion to dismiss, a pleading does not require detailed factual allegations, but "demands more than labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Put differently, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) (citation omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true and view those allegations in the light most favorable to the plaintiff. *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021). The court must evaluate whether "a complaint contains sufficient factual matter to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (cleaned up). "Dismissal ... is appropriate where the plaintiff fails to allege 'enough facts to state a claim that is plausible on its face' and thus does not 'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

***Monell* liability**

Plaintiffs may bring § 1983 claims against municipalities for violations of their constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). However, "[i]t is well established that a [municipality] is not liable under § 1983 on the theory of respondeat superior." *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). Thus, to establish municipal liability, a plaintiff must identify "a policymaker; an official policy; and a violation of constitutional rights

Defendant Starr County's Rule 12 Motion to Dismiss
Plaintiff's First Amended Complaint                                                                                                -7-

whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell*, 436 U.S. at 694).

### **The District Attorney for the 229th Judicial District is not a Starr County policymaker for prosecutorial matters**

As discussed *supra*, the law is well-settled that a District Attorney and Assistant District Attorney in Texas are agents of the state when acting in their prosecutorial capacities. *See, e.g., Esteves*, 106 F.3d at 678. As a result, the actions of a Texas district attorney within the scope of his prosecutorial function during a criminal proceeding do not constitute official policy for which a county can be held liable. *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995); *see also Zinter v. Salvaggio*, Case No. SA-18-CV-00680-JKP, 2021 WL 1381231 (W.D.T.X. April 12, 2021) ("Further, actions of a Texas district attorney within the scope of his prosecutorial function during a criminal proceeding do not constitute official policy for which a county can be held liable [under *Monell*].") (citing *Krueger*, 66 F.3d at 77; *Esteves*, 106 F.3d at 678.))

Here, Plaintiff pleaded that the District Attorney of the 229th Judicial District imposed certain policies that resulted in her indictment and arrest for murder. These policies, then, are attributable to the State and not to Starr County. As a result, Plaintiff has failed to allege the existence of a policy or policymaker of Starr County whose official policies caused the alleged Constitutional infractions. Accordingly, she has not made the requisite showing under *Monell* and the claims against the County must be dismissed.

### CONCLUSION & PRAYER FOR RELIEF

THEREFORE, THE FOREGOING PREMISES CONSIDERED, DEFENDANT STARR COUNTY respectfully requests and prays that this Court find it is entitled to Eleventh Amendment immunity for the alleged actions taken by the District Attorney and Assistant District Attorney of the 229th Judicial District. Alternatively, Starr County respectfully requests that the Court grant its Rule 12(b)(6) Motion to Dismiss for failure to state a plausible Monell claim.

DEFENDANT STARR COUNTY also requests and prays for such additional and further relief to which it may be entitled, at law or in equity.

SIGNED on the 1st day of MAY 2024.

            Respectfully submitted,

|     |     |
| --- | --- |
| By: | *Ricardo J. Navarro* |
|     | RICARDO J. NAVARRO |
|     | Lead Attorney |
|     | State Bar No. 14829100 |
|     | So. Dist. Id No. 5953 |
|     | rjnavarro@rampagelaw.com |
|     | **DENTON NAVARRO RODRIGUEZ** |
|     | **BERNAL SANTEE & ZECH, P.C.** |
|     | 549 N. Egret Bay, Suite 200 |
|     | League City, Texas 77573 |
|     | 832- 632-2102 |
|     | 832-632-2132 (fax) |
| By: | *Kelly R. Albin* |
|     | Kelly R. Albin |
|     | State Bar No. 24086079 |
|     | So. Dist. ID No. 3792304 |
|     | kralbin@rampagelaw.com |
|     | **DENTON NAVARRO RODRIGUEZ** |
|     | **BERNAL SANTEE & ZECH, P.C.** |
|     | 549 N. Egret Bay, Suite 200 |
|     | League City, Texas 77573 |
|     | 832- 632-2102 |
|     | 832-632-2132 (fax) |

**ATTORNEYS FOR DEFENDANT
STARR COUNTY, TEXAS**

### CERTIFICATE OF SERVICE

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process contained in the Federal Rules of Civil Procedure on the persons or parties identified below on this the 1ST day of MAY 2024.

Ida Cecilia Garza                                                **Via E-Filing Notification**
Veronica Sepulveda Martinez                          **Via E-Filing Notification**
GARZA MARTINEZ, PLLC
202 E. Sprague Street
Edinburg, TX 78539
COUNSEL FOR PLAINTIFFS

By:    *Ricardo J. Navarro*
         RICARDO J. NAVARRO
         KELLY R. ALBIN