UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LIZELLE GONZALEZ, § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | CIVIL ACTION NO. <u>7:24-cv-00132</u> | |
| § | | |
| GOCHA ALLEN RAMIREZ, § | JURY DEMANDED | |
| ALEXANDRIA LYNN BARRERA, § | | |
| STARR COUNTY, and § | | |
| RENE FUENTES, § | | |
| *Defendants* | | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO FILE SEALED EXHIBITS**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE DREW B. TIPTON:

COMES NOW LIZELLE GONZALEZ, Plaintiff herein, and pursuant to this Court's Procedure Section 10 and the Court's order, files this response in opposition to Defendants' Motion to File Sealed Exhibits. Plaintiff would respectfully show unto the Court as follows:

**I.**

**PROCEDURAL BACKGROUND**

**On or about March 28, 2024**, Plaintiff filed her Complaint alleging constitutional violations against Defendants Gocha A. Ramirez, Alexandria Barrera and Starr County for their conduct in her indictment and arrest for murder.

**On or about April 1, 2024**, Defendants Barrera and Ramirez were served with Summons in a Civil Action.

**On or about April 3, 2024,** Defendant Starr County was served with Summons in A Civil Action by and through its County Judge, Eloy Vera.

**On or about April 11, 2024,** Plaintiff filed her amended complaint adding Defendant Starr County Sheriff Rene Fuentes for his role in her indictment and arrest.

**On or about April 12, 2024,** the undersigned counsel and counsel for Defendants agreed to extend the deadline for responsive pleadings as a result of the amended complaint.

**On or about April 24, 2024,** counsel for Defendants made his first attempt to confer with the undersigned counsel, via email, regarding the motion to seal documents. In such conference, Defendants' counsel offered to provide copies of the intended exhibits to Plaintiff, only under an appropriate protective order. In response the undersigned counsel requested a draft copy of the motion to learn the Defendants' basis for the request.

**On or about April 25, 2024,** Defendants' counsel provided a draft of the Motion to File Sealed Exhibits, along with a July 14, 2022, Office of Attorney General of Texas Response to several open records requests made wholly unrelated to this litigation.

**On or about Friday April 26, 2024,** the undersigned counsel and Defendants' counsel conferred via phone call and email to discuss the nature of the documents, whether filing the documents under seal was appropriate and the parameters under which a protective order may be agreed to. At no time during these discussions did defense counsel specifically identify the documents nor did the undersigned counsel agree to the filing of any exhibits under seal or to specific protective order language.

**On or about Monday, April 30, 2024,** the undersigned counsel advised counsel for Defendants, via email, that without specific or detailed information pertaining to the proposed "sealed" exhibits, Plaintiff would be opposed to the motion to file sealed exhibits.

**On or about May 1, 2024,** Defendants' counsel sent a "Proposed Agreed Confidentiality Order for Documents Submitted Under Seal" for undersigned counsel's review and consideration. Such document was provided to the undersigned at 11:15 a.m.

**On or about May 1, 2024,** the agreed upon date for responsive pleadings, Defendants Ramirez and Barrera filed their Rule 12 Motion to Dismiss and Opposed Motion to File Sealed Exhibits and Defendant Starr County filed its Motion to Dismiss under Federal Rule 12(b)(1), or Alternatively, under Rule 12(b)(6). Defendants' Opposed Motion to File Sealed Exhibits referenced and attached a "Proposed Agreed Confidentiality Order for Documents Submitted Under Seal." However, the proposed confidentiality order was filed with this Court within four hours of being sent to the undersigned counsel for review, without undersigned counsel having had the opportunity to confer with defense counsel to reach agreement on the proposed order's terms.

**On or about May 2, 2024,** this Court advised the parties that Plaintiff's response to Defendants' Opposed Motion to File Sealed Exhibits was due by end of business on Tuesday, May 7, 2024.

**On or about May 6, 2024,** without conceding that the exhibits were appropriately filed or should have been filed under seal, counsel for Plaintiff and Defendants reached an agreement on an "Agreed Confidentiality Order for Documents Submitted Under Seal."

**To date,** the exhibits filed under seal have not been produced to Plaintiff.

## II.

## APPLICABLE RULES

**Section 10** of Honorable Drew. B. Tipton's Court Procedures provides, in pertinent part:

> **Protective orders.** The parties must jointly confer in good faith regarding appropriate terms for a protective order and file either a joint or opposed motion for entry of a protective order with the proposed order as an exhibit. Upon entry of the protective order, the parties' confidentiality designations govern disclosure and use of documents produced during discovery.
>
> **Motion required to seal.** A presumption exists as to public access to judicial records. The Court disfavors the filing of any pleading, brief, or supporting material under seal. Seek permission by motion establishing good cause as follows.

> Under seal, file the at-issue pleading, brief, or other material. On the public record, separately file a motion to seal. Prepare and attach to the motion a redacted version of the material suitable to and proposed for filing on the public docket. In the alternative, establish cause why redaction is not possible.

## III.

## ARGUMENT & AUTHORITY

Plaintiff's opposition to Defendant's Motion to File Sealed Exhibits is primarily based on the fact that Plaintiff has not had the opportunity to review the exhibits filed, and relied upon, by Defendants. In order to expedite the production of such documents for Plaintiff's review in order to determine her position on sealing such exhibits, Plaintiff has agreed to the attached proposed Confidentiality Order. (See Exhibit A – Signed Proposed Agreed Confidentiality Order Pertaining to Defendants' Motion to File Documents Under Seal).

Prior to the filing of the motion to file sealed exhibits, Defendants provided no specific information pertaining to the exhibits. In the "conference" emails, Defendants generally referred to "investigative documents from the SCSO file which contain a lot of medical information and which also lay out who was doing what when" and identified such documents as "1) an incident report; 2) 3 investigative reports; 3) GJ subpoenas; 4) possibly Brady Sheet from SO." Such descriptions provide insufficient information for: 1) Plaintiff to take a position on the confidentiality of Defendants exhibits; 2) whether redaction is possible; and 3) whether good cause exists for such exhibits to be filed under seal.

Accordingly, at this time, Plaintiff opposes Defendant's Motion to File Sealed Exhibits and requests that this Court enter the Proposed Agreed Confidentiality Order Pertaining to Defendants' Motion to File Documents Under Seal, attached hereto as Exhibit A, to allow Plaintiff immediate access to such exhibits.

*Defendants' reliance on Sligh v. City of Conroe is premature and misplaced.*

Defendants rely on *Sligh v. City of Conroe*, 87 F.4th 290 (5th Cir. 2023) to argue that the sealed exhibits are proper for the Court's consideration to rebut the allegations in Plaintiff's Amended Complaint. However, in this early stage of litigation and without the benefit of the review of the "sealed" exhibits, the facts in *Sligh* are distinguishable. In *Sligh*, the Fifth Circuit, citing *Villarreal v. Wells Fargo Bank, N.A.,* 814 F. 3d 763, 766 (5th Cir. 2016), noted that documents attached to a defendant's motion to dismiss may be considered if they are referenced in the plaintiff's complaint and are central to the plaintiff's claim.

Here, relying on documents outside the complaint is inappropriate. Plaintiff's complaint does not reference any investigative documents, nor any investigative file. Moreover, Plaintiff is wholly unaware of the contents of the Starr County Sheriff's Office investigation file or reports made by Investigators RR, Muniz, and Aguirre and Guerra. Furthermore, Plaintiff is unaware of the content of grand jury subpoenas. Accordingly, the facts upon which Defendants rely in *Sligh* are distinguishable and the Court should not consider the "sealed" exhibits at this stage of litigation.

*The July 14, 2022, Attorney General ruling on unknown and unrelated Open Records Requests is Not Binding Authority.*

Defendants argue that the investigative file and grand jury subpoenas are confidential; however, they provide no authority to support their position. Instead, Defendants rely on an OAG ruling in response to eight public information requests sent in the summer of 2022, wholly unrelated to this litigation. The Texas Open Records Act does not apply to ongoing litigation; it merely creates an avenue for the public to request access to government information. And the standard for sealing documents filed on the public record is far higher than that required for withholding public records. *See generally* Binh Hoa Le v. Exeter Fin. Corp., 990 F.3d 410, 419–20 (5th Cir. 2021). Furthermore, the OAG ruling does not identify the information being

requested. While the ruling addresses issues that may be similar to the exhibits relied upon by the Defendants, without access to the exhibits, the Plaintiff and the Court have no way to verify that the OAG ruling is even relevant to the issue presently before this Court.

*Defendants have not shown that redaction is impossible.*

Section 10b of the Court Procedures requires that Defendants establish why redaction is not possible. Defendants have not done so. Instead, Defendants rely upon their own contentions and nothing more. Accordingly, Defendants' motion to file exhibits under seal should be denied.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays that that the Court enter the attached "Proposed Agreed Confidentiality Order Pertaining to Defendants' Motion to File Documents Under Seal", order that Plaintiff be provided access to the exhibits labeled "Confidential Exhibits #1-7" instanter, that Defendants' Opposed Motion to File Sealed Exhibits be denied, or in the alternative, that the Court delay ruling on Defendants' Opposed Motion to File Sealed Exhibits until the Plaintiff has had the opportunity to review the filed exhibits, and for such other and further relief to which Plaintiff may show herself entitled.

Respectfully submitted,

By: /s/ I.C. Garza

I. Cecilia Garza
State Bar No. 24041627
Federal Admission No.: 578825
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: 956/335-4900
Telecopier No.: 956/338-5700
cecilia@garzamartinezlaw.com
***ATTORNEY IN CHARGE FOR PLAINTIFFS***

OF COUNSEL:

Veronica Sepulveda Martinez
State Bar No. 24081144
Federal Admission No.: 3048499
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: 956/335-4900
Telecopier No.: 956/338-5700
veronica@garzamartinezlaw.com

GARZA MARTINEZ, PLLC
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: 956/335-4900
Telecopier No.: 956/338-5700
Email: office@garzamartinezlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading was served in accordance with the Federal Rules of Civil Procedure by electronic transmission to all registered ECF users appearing in the case on May 7, 2024.

_____
I. Cecilia Garza