UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **LIZELLE GONZALEZ,** § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | CIVIL ACTION NO. **7:24-cv-00132** | |
| § | | |
| **GOCHA ALLEN RAMIREZ,** § | JURY DEMANDED | |
| **ALEXANDRIA LYNN BARRERA,** § | | |
| **STARR COUNTY, and** § | | |
| **RENE FUENTES,** § | | |
| *Defendants* § | | |

**PLAINTIFF'S MOTION TO STRIKE EXHIBITS REFERENCED
IN DEFENDANTS' MOTIONS TO DISMISS**

**I.**

**INTRODUCTION**

In this § 1983 civil rights action alleging claims under the Fourth and Fourteenth Amendments, Defendants Ramirez, Barrera, and Fuentes ("individual defendants") have filed two motions to dismiss under Rule 12(b)(6). *See* District Attorney's Mot.*,* ECF No. 13; Sheriff's Mot., ECF No. 23. They also filed seven (7) sealed exhibits, s*ee* Defendant's exhibits*,* ECF No. 15, subject to a confidentiality order. *See* Confidentiality Order, ECF No. 18. Without properly authenticating any of these documents, these Defendants attempt to rely upon them in their motions to dismiss. But these materials are improperly before the Court and should not be considered at this stage. *See* Fed. R. Civ. P. 12(d). While some limited circumstances exist in which defendants may attach materials outside of a plaintiff's pleadings to a motion to dismiss, the prerequisite factors for those circumstances are not met here. If the Court does not exclude the Defendants' exhibits, each Rule 12 motion "must be treated as one for summary judgment under [Federal Rule

1

of Civil Procedure] Rule 56," *id.*, which would warrant denial of the motions or deferral to allow Plaintiff a chance to complete reasonable and necessary discovery to meaningfully oppose summary judgment. Fed. R. Civ. P. 56(d). Ms. Gonzalez respectfully moves this Court to strike the Defendants' exhibits.

## II.

## BACKGROUND

Plaintiff Lizelle Gonzalez filed this action on March 28, 2024, and amended her complaint on April 11, 2024. She alleges that Defendants, Starr County, District Attorney Gocha Allen Ramirez, Assistant District Attorney Alexandria Lynn Barrera, and Sheriff Rene Fuentes, violated her Fourth and Fourteenth Amendment rights when they arrested her and indicted her for murder after she self-managed an abortion in 2022. Defendants Ramirez and Berrera filed seven documents along with a motion to seal. *See* ECF No. 15. Once Plaintiff was able to review those documents, she withdrew her opposition to that motion to seal, and the Court issued a sealing order on May 8, 2024. *See* ECF No. 18. Although these documents are sealed, the docket identifies the first four as Starr County Sheriff's Office reports and the remaining three as grand jury subpoenas. Defendants Ramirez and Berrera cite to the sealed documents in their motion to dismiss, although at no time did they submit any attorney declaration or other document authenticating them. *See* District Attorney's Mot., ECF No. 13. Defendant Fuentes's motion to dismiss also cites to the sealed documents, again without any attorney declaration or other submission to authenticate them. *See* Sheriff's Mot., ECF No. 23. Defendant Starr County's motion does not refer to these documents or argue for their consideration. The individual defendants' motions refer only to the Sheriff's Office reports. No defendant refers to the grand jury subpoenas or claims they are properly before the Court.

## III.

## THE COURT SHOULD NOT CONSIDER THE EXHIBITS REFERENCED BY THE DEFENDANTS' MOTIONS TO DISMISS

The individual defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that they are immune from suit and that the Plaintiff has failed to state a claim. *See* District Attorneys' Mot., ECF No. 13 at 4; Sheriff's Mot., ECF No. 23 at 5. Alongside their joint motion, Defendants Ramirez and Barrera filed a motion to seal, attaching seven sealed documents, *see* ECF No. 15, and asserted that the Court may consider the documents if they are "referred to in the complaint and are central to the plaintiff's claims." *See* District Attorneys' Mot., ECF No. 13 at 5 (internal citation and quotation marks omitted); *see also* Sheriff's Mot., ECF No. 23 at 5 (same). Neither condition is met. Plaintiff does not refer to any of these documents in her First Amended Complaint; none of them would be "central" to her claims even if she had done so.

Starr County's motion to dismiss does not refer to any sealed exhibits. *Compare* Starr County's Mot., ECF No. 16 *with* District Attorney's Mot., ECF No. 13 at 5, *and* Sheriff's Mot., ECF No. 23 at 6 (claiming the documents "are directly relevant to the factual averments against Defendants, both the prosecution defendants and the Sheriff and his Office"). There is no indication in the Motion to Seal that Starr County purports to attach these exhibits to its motion. *See* Mot. to Seal, ECF No. 14 at 2 ("These document [sic] have not been released into the public realm (at least should not have been released into the public realm) yet they are material to the factual claims being made against DEFNDANTS RAMIREZ and BARRERA."). As such, the exhibits may not be considered alongside Starr County's motion to dismiss. Even if the county had attached the exhibits to its pleadings, their consideration would have been improper for the reasons detailed below.

3

A. **<u>Defendants improperly cite to the sealed documents without any attempt at authenticating them.</u>**

As a preliminary matter, the Court should strike the sealed documents because they have not been authenticated. *See* Fed. R. Evid. 901; S.D.Tex. Loc. R. 7.7. Authentication is not a demanding requirement, but it is a prerequisite for a court to consider documents such as those at issue here. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). While "authentication is a low burden," *Allen v. Hays*, 812 F. Appx 185, 193 (5th Cir. 2020), Defendants cannot simply file exhibits attached to a motion to seal and then cite to them in their motions to dismiss. At some point along the way they are required to give the Court and Plaintiff some means of establishing that the documents are what Defendants claim them to be. Here, the sealed documents are not accompanied by any affirmation or attorney declaration. The manner in which they were stored and reproduced is not described. They were not produced in response to any discovery requests. *See* ECF No. 15. And there is no indication anywhere that these documents constitute the entirety of the Sheriff's "Investigative File," although the individual defendants seem to refer to them as such. Based simply on their lack of authentication and the improper means of introducing them into the "record," these documents should be stricken.

B. **<u>Even if Defendants can properly authenticate these documents, this is not the appropriate stage for the court to consider them.</u>**

"Although the district court may not go outside the complaint" in resolving a Rule 12(b)(6) motion, the Fifth Circuit has recognized "one limited exception" which is not present here. *See Scanlan v. Texas A&M* University, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). A court may analyze materials that are

[1] "referred to in the plaintiff's complaint and [2] are central to the plaintiff's claim." *Id.* The *Collins* exception "is a natural extension of [Fed. R. of Civ. Pro.] 10(c), which states that '[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.'" *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 n. 16 (N.D. Tex. 2011). "Because such documents are considered part of the pleadings, they are not 'matters outside the pleadings' that trigger conversion to a motion for summary judgment[.]" *Id.* Thus, as the Fifth Circuit held, by attaching documents referenced in and central to the plaintiff's complaint "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins*, 224 F.3d at 499.

### 1. Plaintiff did not refer to any of Defendant's submitted documents in her Amended Complaint

Critically, none of the documents Defendants urge the Court to consider are referred to in Plaintiff's Amended Complaint. That alone is enough to strike the Defendants' submission. *See Allen* 812 F. Appx at 189, *citing Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988) (noting that a "court has 'complete discretion' to exclude matters beyond those referenced directly in the complaint). *See* District Attorney's Mot., ECF No. 13 (quoting the exception's requirement that documents must be "referred to in the complaint"); Sheriff's Mot., ECF No. 23 at 5 (same). The Defendants assert that "Plaintiff has put the Sheriff's investigative file squarely at issue and references it throughout her pleading." *See* District Attorney's Mot., ECF No. 13 at 5; *see also* Sheriff's Mot., ECF No. 23 at 5 (same). The Defendants are correct that the Amended Complaint refers to their investigating Ms. Gonzalez – as well as prosecuting, arresting, and incarcerating her. *See generally, e.g.*, Amended Complaint, ECF No. 7. But an "investigation" is not the same as a specific "investigative file," nor is it equivalent to any documents the Defendants have submitted under seal.

There is no reference to an "investigative file" in Plaintiff's Amended Complaint, let alone to the particular documents Defendants submitted in relation to their motions to dismiss. Defendants acknowledge as much. They produced these documents subject to a protective order after Ms. Gonzalez filed her amended complaint, admitting that Plaintiff would "likely have not seen any of the SCSO investigative file," *see* ECF No. 14 at 2, and similarly acknowledging that Plaintiff is unlikely to have seen or been aware of specific grand jury materials. *See* District Attorney's Mot., ECF No. 13 n.6.

Defendants argue that their sealed exhibits are *relevant* to the parties' dispute. But materiality is a question for discovery, *see* Fed. R. Civ. Pro. 26(b)(1); it is not the standard for considering the documents at this juncture, nor is it dispositive as to whether Defendants' reports would be admissible on summary judgment or trial. *See, e.g.*, Fed. R. Evidence 802 (hearsay is inadmissible unless specific exceptions apply). At the motion to dismiss stage, courts must "construe the plaintiffs' factual allegations in the light most favorable to the plaintiffs." *Scanlan*, 343 F.3d at 537. Defendants' extra-record materials must be struck.

### 2. None of Defendants' submitted documents are central to Ms. Gonzalez's claims

As to the second of the *Collins* factors, the Defendants' sealed exhibits are not central to Ms. Gonzalez's claims. To be central, materials must be "*necessary* to establish an element of one of the plaintiff's claims." *Kaye*, 453 at 662 (emphasis added). Documents falling within this limited category "ordinarily are things such as a contract, lease, sales invoice, and the like." *Stamps v. University of Texas at Austin*, 2022 WL 526169 (W.D. Tex. 2022), at *5 (cleaned up). "[I]f a document referenced in the plaintiff's complaint 'is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint.'" *Id.* (quoting *Kaye*, 453 B.R. at

662); *see also Scanlan*, 343 F.3d at 537 (declining to consider materials outside the pleadings partly because plaintiffs would rely on "substantial, other evidence to support their claims").

The requirement that a document be central to the plaintiff's claims, even if referenced explicitly in a complaint, is stringent, and the fact that a document is central to a potential *defense* does not permit it to be considered part of the pleadings. *See Scanlan*, 343 F.3d at 537. Like the investigative report at issue in *Scanlan*, the documents the Defendants offer are "defendant-created report[s]" that are "much more central to the [Defendants'] defenses" than they are to Plaintiff's claims. 343 F. 3d at 537; *see also Stamps*, 2022 WL 526169, at *6. According to the Defendants, the documents they have submitted under seal "are those that most directly rebut and contradict factual averments and conclusory statements being urged in the Plaintiff's Amended Complaint." *See* ECF No. 14 at 2. In other words, the Defendants offer them not to *support* Plaintiff's claims but to contradict them. *See* District Attorney's Mot., ECF No. 13 at 6; *see also* Sheriff's Mot., ECF No. 23 at 6.

Indeed, the Defendants go so far as to suggest that "it is possible that Plaintiffs [sic] – who likely have not seen any of the SCSO investigative file - may reconsider the factual accuracy of their pleadings if they were to have the benefit of the key and critical documents filed under seal." *See* ECF No. 14 at 2. Defendants thereby concede that the documents they created and reference in their motions to dismiss had not been publicly disclosed and are not referenced in or central to the complaint; rather the documents are offered as evidence for their defense. At the same time, Defendants have moved to stay discovery against all parties in this case until the Court resolves their immunity defenses. Although Plaintiff disputes that motion as substantively and procedurally improper, *see* Pl.'s Response, ECF No. 29 (filed contemporaneously with this motion), the unfairness that would result from the Defendants' selective introduction of evidence from outside

7

the complaint in support of their motion to dismiss, while simultaneously depriving Plaintiff of the chance to gather evidence in response, is yet another reason not to consider the materials attached to the Defendants' motion to dismiss. The Federal Rules of Civil Procedure do not permit such an end-run around process to the significant detriment of the Plaintiff. *See, e.g.,* Fed. R. Civ. P.56(d); *infra* Part b.

Defendants cite two cases in support of considering their sealed exhibits. Neither support the sealed exhibits' consideration. In *Walker v. Beaumont Indep. Sch. District*, the Fifth Circuit considered the allegedly defamatory news articles because *the plaintiffs* attached them to their fourth amended complaint. 938 F.3d 724, 736 n.13 (5th Cir. 2019). It is well settled that courts may consider "documents attached to the complaint" in evaluating a 12(b)(6) motion to dismiss. *Id.* at 735.

The court considered a video attached to the defendant's motion to dismiss in *Sligh v. City of Conroe*, 87 F. 4th 290 (5th Cir. 2023). Critically, doing so was not disputed. Further, the video was "referenced by Sligh in her operative complaint," *Sligh v. City of Conroe, Texas*, 87 F.4th 290, 298 (5th Cir. 2023), and central to her account of a police dog bite lasting over one minute. *Id.* at 296 ("Sligh's complaint also repeatedly references Sutton's bodycam footage[.])").

Here, the Defendants have submitted curated documents that are neither referenced in Ms. Gonzalez's Amended Complaint nor central to her claims. The Defendants' stated purpose for doing so is to contradict Plaintiff's allegations and bolster their defenses. These exhibits cannot be considered on a motion to dismiss under Rule 12(b)(6).

C. **The Court should only consider Defendants' proposed exhibits if it converts their motions into motions for summary judgement**

Should the Court be inclined to consider the materials submitted by the Defendants' and referred to in their motions to dismiss, the federal rules would require that it first convert the Defendants' motions to dismiss into motions for summary judgment—and give the Plaintiffs "a reasonable opportunity to present all the material that is pertinent to the motion." *George v. SI Grp., Inc.*, 36 F.4th 611, 619 n.4 (5th Cir. 2022). Defendants do not claim to have provided every document material to their investigation, only the ones they assert "contain the most relevant factual information pertaining to how the criminal complaint got started and how it was processed." *See* Sheriff's Mot., ECF No. 23 at 6; *see also* District Attorneys' Mot., ECF No. 13 at 6 ("The reports . . . more accurately depict the development of the underlying facts, and demonstrates [sic] that Plaintiff's pleaded facts run contrary to the documents describing the incident and work an injustice against the prosecutors for the 229th Judicial District Court."). Given the numerous factual issues presented in this case and the legal and factual problems posed by Defendants' sealed exhibits, Ms. Gonzalez would request denial or deferral of the motions under Rule 56(d) so that she could have a fair opportunity for reasonable discovery to address Defendants' motions.

## IV.

## CONCLUSION AND PRAYER

Ms. Gonzalez, therefore, respectfully moves this Court to strike the Defendant's exhibits. *See* ECF No. 15. In the alternative, the Court should convert the Defendants' motions into motions for summary judgment and defer consideration to permit reasonable discovery according to Federal Rule of Civil Procedure 56.

Respectfully submitted,

Cecilia Garza
State Bar No. 24041627
SDTX Bar No. 578825
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: ( 956) 335-4900
Telecopier No.: ( 956) 338-5700
cecilia@garzamartinezlaw.com
*Attorney in charge for Plaintiff*

Lauren Alicia Johnson
American Civil Liberties Union
Foundation 915 15th Street NW
Washington DC 20005 Telephone No.:
(202) 731-5567 ljohnson@aclu.org

David A. Donatti
State Bar No. 24097612
SDTX Bar No.3371067
Adriana Piñon
State Bar No. 24089768
SDTX Bar No. 1829959
American Civil Liberties Union of Texas
P.O. Box 12905 Austin, TX 78711-2905
Telephone No.: (713) 942-8146
Facsimile: (713) 942-8966
ddonatti@aclutx.org
apinon@aclutx.org

Veronica Sepulveda Martinez
State Bar No. 24081144
SDTX Bar No. 3048499
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: ( 956) 335-4900 Telecopier No.: ( 956) 338-5700
veronica@garzamartinezlaw.com


**GARZA MARTINEZ, PLLC**
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: (956) 335-4900
Telecopier No.: (956) 338-5700
office@garzamartinezlaw.com

## CERTIFICATE OF CONFERENCE

I certify that Plaintiff's counsel conferred with Ricardo Navarro, counsel for Defendants, via email on June 11, 2024, regarding this motion and Defendants' counsel is opposed to this motion.

_____
Adriana Pinon

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion was served in accordance with the Federal Rules of Civil Procedure by electronic transmission to all registered ECF users appearing in the case on June 18, 2024.

_____
Adriana Pinon