IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LIZELLE GONZALEZ, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:24-cv-00132 |
| | § | |
| GOCHA ALLEN RAMIREZ, | § | JURY DEMANDED |
| ALEXANDRIA LYNN BARRERA, | § | |
| STARR COUNTY, and | § | |
| RENE FUENTES, | § | |
| *Defendants* | | |

### AMENDED JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE

*(Please **restate** the instruction in **bold** before furnishing the responsive information.)*

1. **State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.**

   The 26(f) conference took place via a conference call on 6/25/2024.

   Attorneys I. Cecilia Garza, Lauren Johnson and David Donatti attended for Plaintiff LIZELLE GONZALEZ ("Plaintiff"), and Attorney Kelly Albin attended for Defendants GOCHA ALLEN RAMIREZ, ALEXANDRIA LYNN BARRERA, STARR COUNTY AND RENE FUENTES ("Defendants").

2. **List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.**

   None

3. **Briefly describe what this case is about. Generally, state the claims, defenses, and threshold issues that each party will likely assert.**

   This lawsuit arises from the investigation, indictment, arrest, and incarceration of Plaintiff Lizelle Gonzalez for murder following a self-induced medication abortion. Plaintiff alleges that because Section 19.06 of the Texas Penal Code prohibits her prosecution under the homicide statutes, Defendants Gocha Allen Ramirez, Alexandria Lynn Barrera, Rene Fuentes, and Starr County knowingly deprived Plaintiff of rights secured under the Constitution and Laws of the United States. Plaintiff alleges causes of action for malicious

prosecution pursuant to the Fourth and Fourteenth Amendments, False Arrest in violation of the Fourth and Fourteenth Amendments (as to Defendants Ramirez, Barrera and Fuentes), and Conspiracy to violate her constitutional rights.

Defendants deny that Plaintiff was subjected to any intentional conduct and avers that the individual defendants are entitled to immunity and the claim against the County is barred.

4. **Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.**

   This action is brought pursuant to 42 U.S.C. § 1983. The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343.

   There is no disagreement between the parties as to federal jurisdiction.

5. **List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.**

   Currently, Plaintiff has no plans to add any additional parties.

6. **List any anticipated interventions. Briefly explain why.**

   None.

7. **Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.**

   None.

8. **State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.**

   Defendants maintain the assertion that qualified immunity stays all discovery, including initial disclosures, for the individual Defendants. However, Defendant Starr County is agreeable to serving initial disclosures no later than fourteen (14) days following the Initial Pre-Trial and Scheduling Conference.

   Plaintiff intends to serve her initial disclosures no later than fourteen (14) days following the Initial Pre-Trial and Scheduling Conference.

9. **Apart from initial disclosures, specify other discovery served or accomplished to date.**

None. However, Defendants filed several documents as confidential exhibits in support of Defendants' Motion to Dismiss on the court's docket and produced one additional document to Plaintiff's counsel under seal. These documents were not authenticated, nor were they served in response to any discovery requests. Plaintiff will request that Defendants include these documents, Bates-stamped to facilitate citations thereto, in response to her forthcoming Requests for Production.

**10. Describe the proposed agreed discovery plan. At a minimum, include:**

  **a. Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.**

  The parties agree that discovery of Electronically Stored Information (ESI) will be necessary in this case. Pending additional conferral on the details, Plaintiff requests that ESI be searched on a custodian and search term basis, with appropriate date/time limitation. With respect to production of ESI, the parties agree on the following:

  1. All electronic documents (including email, text messaging, chat messaging regardless of the platform, and other electronic communications) will be produced in the manner in which it is maintained, and will be text-searchable, to the extent possible, and will have metadata preserved. Ideally, email will be produced in both electronic image files (known as TIFFs or .tiffs) and load files (.dat format).
  2. Other electronic documents will be produced in native formats with metadata preserved.
  3. The parties will discuss any specialized databases that are responsive to the parties' discovery requests and reach agreement on production before any such production.
  4. The parties shall meet and confer on a production protocol for native files.
  5. The parties agree to service of discovery requests and responses via electronic means.

  **b. When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

  Plaintiff anticipates sending her first Interrogatories to Defendants within 30 days of the Court's Ruling on the pending motions to dismiss and currently agrees to follow the limitation of twenty-five interrogatories per party. However, depending on information obtained through the discovery process and due to the number of individuals and entities involved, Plaintiff may require additional interrogatories. The parties agreed to attempt to reach an agreement on the number of interrogatories after a ruling on the pending assertion of immunity.

  **c. When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

Defendants intend to send interrogatories to Plaintiff and anticipates that 25 interrogatories will be sufficient.

d. **Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

In addition to the named parties, Plaintiff anticipates taking the oral depositions of the Sheriff's deputies and investigators involved in the investigation, staff at the District Attorney's office, hospital personnel and Plaintiff's treating physicians, employees of the Rio Grande City Police Department and any other County employee who had direct involvement with the investigation, indictment, arrest, and incarceration of Plaintiff, in addition to other investigations related to alleged abortions of women who received hospital treatment. Furthermore, Plaintiff reserves the right to take at least one deposition, pursuant to F.R.C.P. 30(b)(6), on, inter alia, the following topics: 1) Defendants' recordkeeping policies, protocols, and practices; 2) the nature and location of Defendants' written policies and training materials; and such other matters as are relevant to proof of the Plaintiff's claims.

At this time Plaintiff does not have an estimate of the number of depositions that will be required but anticipates that ten will not be sufficient to fully investigate Plaintiff's claims and adequately prepare for trial. However, Plaintiff may be willing to agree to reasonably limit the length of time for at least some witnesses, so that the cumulative time spent in depositions does not become unduly burdensome.

e. **Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

Defendants anticipate deposing Plaintiff and certain hospital staff and expects that additional witnesses will be identified following Plaintiff's response to interrogatories. Defendants expect that ten depositions per side should apply.

f. **When the plaintiff (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.**

Plaintiff anticipates designating experts and providing reports required by Rule 26(a)(2)(B) within 60 days after the completion of fact witness depositions.

g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

Plaintiff anticipates taking the oral depositions of Defendants' experts and anticipates their completion within 30 days of Defendants' expert disclosures.

h. **List expert depositions the opposing party anticipates taking and their anticipated completion date.**

Defendants anticipate taking the oral deposition of Plaintiff's experts within 30 days of Plaintiff's expert disclosures.

11. **State the date the planned discovery can reasonably be completed.**

Planned discovery can reasonably be completed within eight months of the Court's decision on the pending motions to dismiss.

12. **If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.**

Plaintiff disagrees that discovery should be stayed in its entirely. However, the parties agree to work towards a mutual discovery pertaining to discovery limitations as to Defendant Starr County.

13. **Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

The Parties discussed the possibilities for a prompt settlement or resolution and are of the opinion that resolution or settlement discussions are premature given the pending motions to dismiss.

14. **Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such potential techniques. State when the parties may effectively use any such technique.**

Plaintiff anticipates that mediation is suitable to this case but will not be in a position to participate in a fruitful mediation until the pending motions to dismiss have been ultimately decided and after the exchange of some written discovery, document production and some party depositions.

The parties agree to use a mediator agreed upon by both parties, such as a Magistrate Judge or an experienced mediator.

15. **A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.**

The Parties do not consent to a trial before a Magistrate.

**16. Identify any party that has made a jury demand and whether it was timely.**

Plaintiff has made a timely jury demand.

**17. Specify the number of hours it will likely take to present the evidence at trial in this case.**

The Parties anticipate it will take 40 hours to try this case.

**18. List pending motions the Court could resolve at the Scheduling Conference.**

None

**19. List other pending motions.**

- Rule 12 Motion to Dismiss of District Attorney Gocha Allen Ramirez and Assistant District Attorney Alexandria Barrera (Dkt. 13)
- Defendant Starr County's Motion to Dismiss Under Rule 12(b)(1) or, Alternatively, under Rule 12(b)(6) (Dkt. 16)
- Rule 12 Motion to Dismiss of Sheriff Rene Fuentes in His Official Capacity and Individual Capacity and Assertion of Qualified Immunity (Dkt. 23)
- Plaintiff's Motion to Strike Exhibits Referenced in Defendants' Motions to Dismiss (Dkt. 27)

**20. List all other matters that deserve attention of the Court at the Scheduling Conference.**

Defendants' request to stay all discovery, as Plaintiff is opposed.

**21. Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made.**

The parties anticipate developing a proposed scheduling and docket control order upon resolution of the Defendants' motion to dismiss.  In the meantime, please see the attached proposed scheduling order.

**22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiff certifies that her Disclosure of Interested Persons was filed on June 27, 2024.

Defendants certify that their Disclosure of Interested Persons was filed on May 29, 2024.

**23. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties**.

*Counsel for Plaintiff Lizelle Gonzalez*

| | |
|---|---|
| I. Cecilia Garza | Veronica Sepulveda Martinez |
| State Bar No. 24041627 | State Bar No. 24081144 |
| USDTX No.: 578825 | USDTX No. 3048499 |
| 202 E. Sprague Street | 202 E. Sprague Street |
| Edinburg, Texas 78539 | Edinburg, Texas 78539 |
| Telephone No.: (956) 335-4900 | Telephone No.: (956) 335-4900 |
| cecilia@garzamartinezlaw.com | veronica@garzamartinezlaw.com |
| *Attorney in charge for Plaintiff* | |
| | |
| Adriana Piñon | David A. Donatti |
| State Bar No. 24089768 | State Bar No. 24097612 |
| USDTX No. | USDTX No. |
| American Civil Liberties Union of Texas | American Civil Liberties Union of Texas |
| P.O. Box 12905 | P.O. Box 12905 |
| Austin, TX 78711-2905 | Austin, TX 78711-2905 |
| Telephone No.: (713) 942-8146 | Telephone No.: (713) 942-8146 |
| apinon@aclutx.org | ddonatti@aclutx.org |

Lauren Alicia Johnson
American Civil Liberties Union Foundation
915 15th Street NW
Washington DC 20005
Telephone No.: (202) 731-5567
ljohnson@aclu.org


*Counsel for Defendants Starr County, District Attorney Ramirez, Assistant District Attorney Barrera and Sheriff Fuentes*

RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. Id No. 5953
rjnavarro@rampagelaw.com

Kelly R. Albin
State Bar No. 24086079
So. Dist. Id No. 3792304
kralbin@rampagelaw.com
**DENTON NAVARRO RODRIGUEZ BERNAL
 SANTEE& ZECH, P.C.**

549 N. Egret Bay, Suite 200
League City, Texas 77573
Tel. 832.632.2102
Fax 832-632-2132

        Respectfully submitted,

By:_____
I. Cecilia Garza
State Bar No. 24041627
Federal Admission No.: 578825
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: 956/335-4900
Telecopier No.: 956/338-5700
cecilia@garzamartinezlaw.com
***Attorney in charge for Plaintiff***

Veronica Sepulveda Martinez
State Bar No. 24081144
Federal Admission No.: 3048499
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: 956/335-4900
Telecopier No.: 956/338-5700
veronica@garzamartinezlaw.com

Lauren Alicia Johnson
American Civil Liberties Union Foundation
915 15th Street NW
Washington DC 20005
Telephone No.: (202) 731-5567
ljohnson@aclu.org

David A. Donatti (Bar No. 24097612)
Adriana Piñon (Bar No. 24089768 )
American Civil Liberties Union of Texas
P.O. Box 12905
Austin, TX 78711-2905
Telephone No.: (713) 942-8146
Facsimile: (713) 942-8966
ddonatti@aclutx.org
apinon@aclutx.org

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of this Amended Joint Discovery Case Management Plan was served in accordance with the Federal Rules of Civil Procedure by electronic transmission to all registered ECF users appearing in the case on June 28, 2024.

_____
I. Cecilia Garza