

December 6, 2024

Re: Case No. 7:24-cv-00132, *Gonzalez v. Ramirez*, et al. – Letter Request to Resolve Discovery Dispute

Dear Hon. Judge Tipton,

Pursuant to Court Procedure 13(c), Plaintiff seeks Court assistance to resolve discovery disputes. On August 12th, the Court denied Defendants' motions to dismiss and ordered the Parties to engage in limited discovery concerning individual Defendants' immunity claims. The Defendants did not appeal. Instead, the Defendants answered the Amended Complaint and the parties propounded discovery.

In response to Plaintiff's discovery requests, Defendants asserted unsupported boilerplate objections, provided no privilege log, and produced only six text message conversations, no emails, and five interview videos. The parties then exchanged deficiency letters and counsel met and conferred on November 8 and 13. While Defendants conducted some additional searches in response to Plaintiff's concerns, these searches remained unduly limited and as detailed below, Defendants continue to assert baseless objections. Although the parties met and conferred twice and exchanged 12 written communications, including the attached representative communications regarding ESI, there are four issues that require the Court's assistance. Specifically, Plaintiff requests clarification regarding (1) the process for responding and objecting to discovery requests, (2) the scope of immunity discovery, (3) the applicability and scope of Texas Criminal Procedure Rule 20A, and (4) the discoverability of materials related to Defendant Ramirez's probated suspension.

**1. Defendants' Obligation to Produce Under Rules 26 and 34:** Defendants have not adhered to the Federal Rules of Civil Procedure by failing to search for and produce relevant documents responsive to Plaintiffs' requests. Defendants have a duty to respond to the "extent the request is not objectionable and can be narrowed to an appropriate scope."[1] In an effort to work collaboratively to further the discovery process, Plaintiff provided date ranges, custodians, and search terms. However, in response, Defendants have not fulfilled their duties under F.R.C.P. 34. Despite Plaintiffs' tailored requests, Defendants conducted minimal searches. For Defendant Fuentes, counsel represents that only outgoing emails were searched, using one single term, Plaintiff's first name, and no other communication platforms were searched. For the other two Defendants, searches were only run on outgoing emails and no other communication platforms. None of the Defendants searched incoming emails or the electronic files in the possession of the District Attorney or Sheriff's Offices. Defendants did not conduct searches for any other custodians. Defendants produced no emails sent prior to Plaintiff's indictment, nor any documents relating to Defendants' conduct during Plaintiff's investigation or prosecution. Defendants have refused

---

[1] *Kleppinger v. Texas Dep't of Transportation*, No. CV L-10-124, 2012 WL 12893651, at *15 (S.D. Tex. Mar. 4, 2012). Defendants "must make a reasonable search of all sources reasonably likely to contain responsive documents." *Duarte v. St. Paul Fire & Marine Ins. Co.*, No. EP-14-CV-305-KC, 2015 WL 7709433, at *5 (W.D. Tex. Sept. 25, 2015).

to clarify whether they conducted searches for relevant documents prior to the indictment or whether they are withholding relevant documents from that period, and on what basis. Regardless, it is inconceivable that responsive, relevant documents prior to the indictment do not exist.

**2. The Scope of Immunity Discovery:** At the August 12th hearing, the Court ordered the parties to conduct discovery in "a bifurcated way" to "address just the immunity question." As the Sheriff asserts qualified immunity and the DA Defendants assert both absolute and qualified immunity, Plaintiff understands the first stage of bifurcated discovery to require production of materials relevant to whether Defendants can avail themselves of either of these immunity defenses. Yet Defendants withhold documents based on their contention that discovery as to the DA Defendants is limited only to questions of *absolute* immunity. This unworkable, trifurcated scheme envisioned by Defendants conflicts with this Court's order and thwarts Plaintiff's ability to determine the propriety of any immunity defense. Plaintiff requests clarification that the scope of this phase of discovery encompasses all matter relevant to whether Defendants are entitled to either absolute or qualified immunity, which includes but is not limited to discovery related to Defendants' conduct pertaining to the violations of Ms. Gonzalez's constitutional rights (including investigative conduct and the nature of coordination between the DA and Sheriff's Offices prior to Ms. Gonzalez's indictment) and the Defendants' state of mind and knowledge in their decision-making to investigate and charge Ms. Gonzalez with homicide.

**3. Application and Scope of Texas Criminal Procedure Rule 20A:** One of the many boilerplate objections asserted by Defendants Ramirez and Barrera is under Texas Rule 20A, which they claim prohibits them from disclosing nearly all communications with police departments, the Sheriff's office, Starr County Memorial Hospital, and District Attorney's office staff regarding Plaintiff's indictment, arrest, bail, or case dismissal. But Rule 20A does not govern here.[2] Even if it applies, Courts have interpreted the Rule "as encompassing matters that take place before the grand jury, such as witness testimony and deliberations."[3] Thus, Rule 20A protects documents, recordings, witness testimony, and evidentiary presentations *during* grand jury proceedings but does not reach documents, recordings, investigations, communications with witnesses, and evidentiary analysis made in anticipation of a grand jury proceeding.[4] Defendants also wrongly assert that Rule 20A allows them not to produce a privilege log, arguing that their objections on the basis of "attorney work product is intended to encompass communications protected under Chapter 20A of the Code of Criminal Procedure and as such no privilege log is required." This is emblematic of Defendants' combined use of objections regarding immunity, Rule 20A, and attorney work product to avoid producing any documents, while failing to provide a specific basis for withholding documents. To the extent that Defendants assert the attorney work product doctrine, they must include those specific objections in a privilege log, pursuant to FRCP 26 (b)(3)(B). To date, despite specific requests, no privilege log has been provided.

**4. Discoverability of Texas Grievance Procedure Documents:** Plaintiff requested "all documents created, reviewed, sent, or received related to accusations, investigations, and preparation for violating attorney disciplinary rules related to Plaintiff's" case. Defendant Ramirez produced only the Agreed Judgement of Probated Suspension. Defendant asserted that other responsive documents are "protected

---

[2] *In re Babin*, No. 22-40306, 2022 WL 1658701, at *5 (5th Cir. May 25, 2022) ("[I]n cases where a plaintiff's claim arises under federal law, unless state law supplies the rule of decision for an element of a claim or defense, federal common law is the source of any privileges afforded to grand jury proceedings.").

[3] *In re Reed*, 227 S.W.3d 273, 275–76 (Tex. App. 2007).

[4] *See also Stern v. State ex rel. Ansel*, 869 S.W.2d 614, 623–24 (Tex. App. 1994) ("To pull such a cloak of absolute secrecy" around the grand jury so as to prohibit prosecutors from "discuss[ing] what they expect to prove or plan to investigate" "would be futile in this era of mass communication.").

from disclosure under Grievance Procedure," and, in response to Plaintiff's deficiency letter, claimed, without a legal basis, that the responsive documents are confidential, and that Defendant would only submit them for *in camera* review subject to a court order. Defendant asserts confidentiality protection where none exists. Disciplinary Rule 2.16 states that the Disciplinary Commission "shall maintain as confidential all Disciplinary Proceedings and associated records, except [...] if the Evidentiary Panel finds that professional misconduct occurred and imposes any Sanction other than a private reprimand." Texas Rules of Disciplinary Procedure 2.16(A)(3). If there is judgement other than private reprimand, then "the Office of Chief Disciplinary Counsel shall, upon request, disclose all documents, statements, and other information relating to the Disciplinary Proceeding that came to the attention of the Evidentiary Panel during the Disciplinary Proceeding." *Id.* Defendant Ramirez received a judgment of probated suspension, not a private reprimand. The requested documents thus fall within an exception to confidentiality under Rule 2.16 and must be produced.

Unfortunately, despite multiple attempts to reach an agreement, these unresolved discovery issues require this Court's intervention in order for the discovery process to proceed.

Respectfully Submitted,

x _/s/ Adriana Piñon_

Adriana Piñon (Bar No. 24089768)
David A. Donatti (Bar No. 24097612)
American Civil Liberties Union of Texas
P.O. Box 12905
Austin, TX 78711-2905
Telephone No.: (713) 942-8146
Facsimile: (713) 942-8966
apinon@aclutx.org
ddonatti@aclutx.org