UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| LIZELLE GONZALEZ, | § | |
| --- | --- | --- |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. **7:24-cv 00132** |
| | § | |
| GOCHA ALLEN RAMIREZ, | § | |
| ALEXANDRIA LYNN BARRERA, | § | |
| RENE FUENTES, and | § | |
| STARR COUNTY, TEXAS, | § | |
| *Defendants* | § | |

### DEFENDANTS' EMERGENCY MOTION TO QUASH AND FOR PROTECTIVE ORDER AND REQUEST FOR SANCTIONS

MAY IT PLEASE THE COURT:

NOW COME DEFENDANTS GOCHA ALLEN RAMIREZ, ALEXANDRIA LYNN BARRERRA, RENE FUENTES, AND STARR COUNTY, TEXAS, (hereafter "Defendants") and files this Motion to Quash Deposition Subpoenas and Motion for Protection from Deposition proceedings, as Plaintiff is seeking to set **10 depositions in one week on days' notice** and on days that counsel has indicated she is unavailable. These last-minute depositions sought by Plaintiff include dates and times when Plaintiff's deposition has already been set.

Defendants also seek sanctions for Plaintiff's flagrant discovery abuses. Further, the lack of candor in the Letter to Court Requesting Urgent Relief that Plaintiff's counsel emailed to the Court's Case Manager on January 9, 2025, should not go unchecked.

### I. SUMMARY

At bottom, this issue is driven by Plaintiff's desire to delay resolution of the prosecutorial and qualified immunity question. There is no basis for Plaintiff's accusations that the District Attorney and Sheriff conspired against her and were on an anti-abortion crusade to which she fell victim, as she claims. Plaintiff has frustrated the discovery process to delay Defendants from revealing that her claims have no evidentiary support and immunity must be granted.

This came to a head when Defendants attempted to schedule Plaintiff's deposition for January 13, 2025, in advance of the deposition discovery deadline. *See* Doc. 59, Ex. A, and Ex. B. In her Letter to the Court complaining about same, Plaintiff's counsel conveniently omits important information: namely, that Plaintiff's counsel claimed to be unavailable for Plaintiff's deposition on January 13, 2025, while simultaneously stating that she would set depositions Plaintiff wanted to take *for that very day*—January 13, 2025. *See* Ex. C.

The undersigned simply responded that if any depositions were going to occur on January 13, 2025, it would need be the Plaintiff's deposition since hers was requested and noticed first. Ex. D. The undersigned agreed to move Plaintiff's deposition to a later date to accommodate counsel's schedule, so long as Plaintiff was not going to take depositions on the date counsel claimed to be unavailable. *Id*.

What was also omitted from the Letter is Plaintiff's threat that if Defendants would not agree to another discovery extension, Plaintiff's counsel would set 10 depositions in a single week with no more than a few days' notice—and on days and times Defendants' counsel has already explained she is unavailable. And that is exactly what has happened. *See* Ex. E.

On January 8, 2025, Defendant received the following deposition notices:

- Rafael Aguirre; 1/13/2025; 9AM; 7000 N. 10th Street, Ste. C2-B, McAllen, Texas 78504
- Esmeralda Navarro Muniz; 1/13/2025; 11AM; 7000 N. 10th Street, Ste. C2-B, McAllen, Texas 78504
- Carlos Delgado; 1/13/2025; 2PM; 7000 N. 10th Street, Ste. C2-B, McAllen, Texas 78504
- Rodolfo Lozano; 1/14/2025; 9AM; 7000 N. 10th Street, Ste. C2-B, McAllen, Texas 78504
- Martha Torres; 1/14/2025; 11AM; 7000 N. 10th Street, Ste. C2-B, McAllen, Texas 78504
- Judith Solis; 1/14/2025; 2PM; 7000 N. 10th Street, Ste. C2-B, McAllen, Texas 78504
- Abel Villarreal, Jr.; 1/15/2025; 9AM; 202 E. Sprague Street, Edinburg, Texas 78539
- Rene Fuentes; 1/15/2025; 1PM; 7000 N. 10th Street, Ste. C2-B, McAllen, Texas 78504
- Alexandria Barrera; 1/16/2025; 9AM; 7000 N. 10th Street, Ste. C2-B, McAllen, Texas 78504
- Gocha Allen Ramirez; 1/17/2025; 9AM; 7000 N. 10th Street, Ste. C2-B, McAllen, Texas 78504

These are all witnesses whom Plaintiff has known of since at least May 2024. *See* Doc. 15. Yet, Plaintiff waited until the week before the tailored discovery deadline to seek a single deposition. Plaintiff's failure to timely take depositions should not be rewarded with an additional extension so that she can delay resolution of the immunity question even further. Nor should the gamesmanship of refusing to present a witness due lack of availability while trying to

depose witnesses at that same time be permitted. Thus, Defendants seek to quash the subpoenas, seek protection from the noticed depositions and respectfully request sanctions to prevent any further discovery abuses.

## II. ARGUMENT & AUTHORITIES

*Implications of Carswell*

Plaintiff's attempt to further extend discovery [Doc. 59- Motion for Extension] must be addressed in light of *Carswell*. There, the Fifth Circuit explained the familiar doctrine that where, as here, the Court denies the motion to dismiss:

> "à la *Lion Boulos* and its progeny—the defendant can move the district court for discovery limited to the factual disputes relevant to whether QI applies, then reassert QI in a summary judgment motion. *Hutcheson v. Dallas Cnty.*, 994 F.3d 477, 481 (5th Cir. 2021) ("Before limited discovery is permitted, a plaintiff seeking to overcome QI must assert facts that, if true, would overcome that defense."). Why does the defendant alone enjoy this choice? Because only the defendant-official enjoys qualified immunity from suit. *See Iqbal*, 556 U.S. at 685, 129 S.Ct. 1937 ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." (emphasis added) (quotation omitted)).

*Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022).

Defendant understood the Court to permit this limited discovery to determine whether the District Attorney, Assistant District Attorney and Sheriff should be denied immunity. For the District Attorney and Assistant District Attorney, this entails discovery aimed at whether they "performed the investigative functions normally performed by a detective or police officer." *See Wooten v. Roach*, 964 F.3d 395, 407 (5th Cir. 2020). For the Sheriff, the threshold question is whether he even participated in the investigation that Plaintiff complains was constitutionally violative. Plaintiff has peppered Defendants with discovery reaching far beyond these matters and Defendant has responded with documents and interrogatory responses from the individuals. At no time prior to January 8, 2025, did Plaintiff request a single deposition.

Defendants contend that they are entitled to explore whether Plaintiff had a basis for her allegations before Plaintiff can proceed with any further discovery against Defendants, including the depositions of the District Attorney, Assistant District Attorney, and Sheriff.

***Defendants' Attempt to Obtain the Factual Basis for Plaintiff's Allegations pursuant to Carswell***

Defendants began seeking the depositions of the witnesses Plaintiff disclosed as having supplied the factual basis for her accusations against the District Attorney, Assistant District Attorney and Sheriff in early December 2024. *See* Ex. F Initially, Plaintiff's counsel refused to participate in scheduling depositions: *In response to Ms. Albin's 12/3/2024 email regarding scheduling depositions, we are not able to proceed with the scheduling of depositions until we resolve the outstanding discovery disputes with the Court's assistance*. *See* Ex. G.

Defendant also requested accurate information for the location of those witnesses—all of whom are Plaintiff's family members—but Plaintiff did not provide correct contact information. Only one of the witnesses could be located and when she was served, Plaintiff's counsel immediately responded that the dates were inconvenient and requested that they be modified, which Defendant's counsel agreed to do. *See* Ex. H

Plaintiff's counsel later complained about the location of the deposition and Defendant's counsel, again, agreed to accommodate the request. During her deposition he witness—Plaintiff's mother—testified that she knew nothing about the basis for the facts related to immunity. She did disclose, however, that other members of Plaintiff's family, whom Plaintiff failed to disclose, were directly involved and would have more information.

Based on the challenges with obtaining accurate disclosures and in locating witnesses, Defendants opted to seek Plaintiff's deposition in lieu of any others in order to determine the factual basis for her accusations against the immunity-asserting Defendants.

Rather than simply produce the Plaintiff, Plaintiff's counsel engaged in an exhaustive exchange of communications the sum of which was that (1) she refused to present the Plaintiff on the day requested while simultaneously stating that she would set other depositions that day; and (2) she stated she would set depositions on dates that the undersigned indicated she was already taking depositions in another federal case in the Southern District.  Defendant's counsel offered various scheduling alternatives and expressed concern about the feasibility of getting even a handful of depositions completed in such a short amount of time and on such short notice—much less 10 in a single week—but Plaintiff's counsel refused to adjust and suggested

that other lawyers from the undersigned's firm should just have to appear to accommodate Plaintiff's last-minute scheduling.

The lack of cooperation also failed to account for the availability of the witnesses—particularly the District Attorney and Assistant District Attorney, both of whom are in trial preparations next week—which is when they have been noticed for deposition—for an aggravated sexual assault of a child case that will begin the week of January 20, 2025. They are not available on the dates noticed. Defendants' counsel has been unable to confer with the Sheriff regarding his availability.

### *The Court should Quash the Deposition Subpoenas*

Under Federal Rule of Civil Procedure 45, a court may quash or modify a subpoena if it (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817-18 (5th Cir. 2004); *see* Fed. R. Civ. P. § 45(3)(A)(i)-(iv).

As of the time of this filing, Defendants have not been notified that any witnesses other than Major Carlos Delgado have been served. While normally service is necessary before the subpoena may be quashed, Defendants are concerned that witnesses may be served over the weekend and counsel would not have an opportunity to receive notices of service and respond in advance of the day and time for compliance. Further, Defendants as parties would all be unduly burdened by having to drop everything to attend for untimely scheduled depositions. Defendant adds that Plaintiff is attempting to subpoena two witnesses for Monday, January 13, 2025, which is the same day and time that Plaintiff's deposition was previously noticed, and it is unclear how the parties are expected to be in two places at once.

As a result, Defendant asks that the Court quash the subpoenas if served, or alternatively, issue an order of protection that precludes the depositions for the subpoenaed witnesses from moving forward, as noticed.

### *The Court should protect Defendants Ramierz, Barrera, and Fuentes from the noticed depositions*

Notices were served for Defendants Ramirez, Barrera, and Fuentes on January 8, 2025, for January 15th-17th. The undersigned previously advised counsel that she is taking a deposition

in another matter—*Wagner et al. v. Harris County*—on January 15th and is unavailable until 2:00 and that she is not available anytime on January 16th. Ex. A, page 13. Further, District Attorney Ramirez and Assistant District Attorney Barrera are preparing for trial and have victim preparation meetings scheduled for January 16th. Defendant Ramirez is also scheduled to be out of town on January 17th.

Even if they could be available on such short notice, which they are not, Plaintiff should not be permitted to avoid her deposition while forcing the immunity-asserting defendants to be subject to same. The discovery process discussed by Carswell should allow Defendant to depose Plaintiff first and determine what factual contentions she can provide—if any—to support her allegations that the immunity-asserting Defendants are not entitled to immunity.

*Sanctions are Appropriate*

The mere fact that Plaintiff is subpoenaing two witnesses to be deposed at the same date and time she refused to be produced for deposition because counsel stated she was unavailable warrants sanctions. Trying to force Defendant's counsel to accommodate ten depositions in one week on a few days' notice and when counsel has made clear she is unavailable further reflects that gamesmanship afoot that should be met with sanctions. These are just the last acts in a pattern of evasive and inappropriate discovery actions that Plaintiff continues to advance. Defendants therefore seek sanctions to avoid further abuse of the discovery process in an effort to delay the inevitable determination that the District Attorney, Assistant District Attorney and Sheriff are entitled to immunity

### III. PRAYER

Therefore, based on any one or more of the foregoing reasons, Defendants respectfully request that this Court quash the subpoenas upon service and issue a protective order for the Individual Defendants. Defendants further request sanctions and reasonable attorney's fees for the time spent in preparing this motion.

SIGNED on the 9th day of JANUARY, 2025.

Respectfully submitted,

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100

        So. Dist. Id No. 5953
rjnavarro@rampagelaw.com
**DENTON NAVARRO RODRIGUEZ**
  **BERNAL SANTEE & ZECH**
A Professional Corporation
549 Egret Bay Blvd., Ste. 200
League City, Texas 77573
832/632-2102
832/632-2134 (Fax)

By: *Kelly R. Albin*
KELLY R. ALBIN
State Bar No. 24086079
So. Dist. ID No. 3792304
kralbin@rampagalaw.com
**DENTON NAVARRO RODRIGUEZ**
  **BERNAL SANTEE & ZECH, P.C.**
549 Egret Bay Blvd., Ste. 200
League City, Texas 77573
832/632-2102
832/632-2134 (Fax)

**ATTORNEYS FOR DEFENDANTS**
**GOCHA ALLEN RAMIREZ, ALEXANDRIA**
**BARRERA, SHERIFF RENE FUENTES, AND**
**STARR COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on the 9th day of JANUARY 2025.

Ida Cecilia Garza
Veronica Sepulveda Martinez
GARZA MARTINEZ, PLLC

Adriana Piñon
David A. Donatti
Ashley Harris
Sarah Corning
ACLU of TEXAS

Lauren Alicia Johnson
Elizabeth Jarit
ACLU FOUNDATION

**ATTORNEYS FOR PLAINTIFF**

By:    *Kelly R. Albin*
RICARDO J. NAVARRO
KELLY R. ALBIN