

**Lauren Johnson**
Director, Abortion Criminal Defense Initiative
ACLU National Legal Department

January 9, 2025

Re: *Gonzelez v. Ramirez*, Case No. 7:24-cv-00132

Your Honor:

The parties have reached an impasse regarding the taking and scheduling of depositions. After being advised that Plaintiff and lead attorney are not available for Plaintiff's deposition on Monday, January 13, 2025, Defendants unilaterally noticed Plaintiff's deposition on that date. Plaintiff's counsel reached out via email on several occasions this week asking that the deposition not be noticed for January 13th and offering alternative dates for her deposition. Defense counsel has indicated that she is available on January 17, 2025, the alternate date, however, Defendants insist on noticing Plaintiff's deposition only at their convenience. Due to the fact that Plaintiff and her lead counsel are not available for the deposition as noticed, in less than four days, court intervention is necessary.

Considering the January 17 deadline for depositions and the Defendants' opposition to an extension of the January 17 deadline, Plaintiff has begun noticing depositions for next week, January 13 through January 17. The Defendants' counsel has stated that they cannot be available for all anticipated depositions and, furthermore, they take the unsupported position that Plaintiff's counsel should not be able to take any depositions until after Defendants have deposed Plaintiff. Despite these issues, Defendants will not consent to an extension of the deposition deadline. This dispute too requires urgent resolution if the deposition deadline is not extended.

On December 6, 2024, Plaintiff filed a letter regarding discovery disputes in 7:24-cv-00132 under this Court's procedures. This Court required Defendants to respond by December 20, 2024, and the disputes remain pending. As indicated in Plaintiff's Opposed Motion to Extend Deadline for Discovery and Taking of Depositions filed on January 7, 2025, resolution of these disputes, which include questions about the scope of permissible discovery and Defendants' responses to Plaintiff's discovery requests, is necessary to determine the immunity issues before the Court. Plaintiff further maintains that resolution of these issues is essential in order to meaningfully depose witnesses on the immunity questions. Defendants, however, oppose any extension to the Court's scheduling order, dated September 3, 2024, which contemplates the close of depositions on January 17, 2025.



Plaintiff intended to notice depositions after resolution of the dispute over the scope of discovery and document production. In light of these scheduling challenges and the state of unresolved discovery disputes which bear on depositions, Plaintiffs asked Defendants to consent to extend the January 17 deposition deadline. Defendants again opposed any extension. Considering the ongoing discovery disputes and Defendants' positions concerning the scheduling of depositions, the most reasonable course of action is for the January 17 deadline to be extended so that all necessary depositions may take place at a time and place amenable to witnesses and counsel, and subject to the resolution of outstanding discovery disputes pending before the Court.

These are just a few examples of Defendants' obstructive behavior during the entire discovery process. Because the parties are at an impasse, Plaintiff respectfully requests this court's urgent intervention. Specifically, Plaintiff requests that this Court allow Plaintiff to file a motion to quash the deposition notice for Plaintiff, protect Plaintiff from the burden and prejudice of requiring her appearance for deposition for a date and time that she is not available, and schedule a conference on these disputes as soon as possible. Additionally, Plaintiff requests that this Court grant the extension of the deposition deadline, which would provide the parties reasonable time to conduct the necessary depositions.

Respectfully submitted,

*Lauren Johnson*

Lauren Alicia Johnson
American Civil Liberties Union Foundation
915 15th Street NW
Washington, D.C. 20005
Tel: (202) 731-5567
ljohnson@aclu.org

*Admitted Pro Hac Vice*