

December 4, 2024

Ricardo J. Navarro, Esq.
Kelly R. Albin, Esq.
Denton Navarro Rodriguez Bernal Santee & Zech, P.C.
Counsel for Defendants
*VIA E-MAIL rjnavarro@rampagelaw.com, kralbin@rampagelaw.com*

Re: *Gonzalez v. Starr County, et al.,* 7:24-CV-00132

Counsel,

We have received your 12/2/24 letter concerning electronic discovery and are writing to ask you to confirm whether or not we have the correct understanding of the below points before proceeding:

- You ran searches using the identified search terms only on outgoing emails and did not run searches on any text messages, or any other internal or external messaging platforms or incoming emails for Defendants Barrera, Ramirez, and Fuentes.
- Throughout the letter, when you indicate "zero hits" you mean that the search found zero emails containing the search terms, not that you identified zero emails that you consider responsive or relevant to the immunity phase of discovery.
- You searched Defendant Barrera's outgoing emails between 10/1/2021 and 7/1/2022 with the 47 identified search terms and found no emails with any mention of this case or plaintiff.
- When you say that the search yielded 17 hits for Defendant Barrera to SCSO or DA domain and "none related to this case," you mean none of the emails concern this case or plaintiff, not that you assert they are privileged or beyond the scope of the current phase of discovery.
- You searched Defendant Ramirez's outgoing emails between 10/1/2021 and 7/1/2022 with the 49 identified search terms and found zero emails containing any of those search terms before 04/2022.
- All of Defendant Ramirez's outgoing emails that contained any of the 49 search terms have been exported and included in your 12/2 production.
- For Defendant Fuentes, you only searched for the term "Lizelle" in his outgoing emails. You did not search his email for any of the other search terms. You also did not conduct searches of any electronically-stored information in Defendant Fuentes's custody and control other than email.
- You searched Defendant Fuentes's outgoing emails between 10/1/2021 and 7/1/2022 with 1 search term ("Lizelle") and found zero emails containing this search term before 04/2022.

ACLU FOUNDATION OF TEXAS

P.O. BOX 8306
HOUSTON, TX 77288
713.942.8146 | WWW.ACLUTX.ORG
WITH OFFICES IN AUSTIN, BROWNSVILLE, DALLAS AND EL PASO

- You did not search for responsive documents, including running searches using the identified search terms, in any of the electronic files in the possession of the District Attorney's Office or the Sheriff's Office.
- Defendants do not use any messaging platform (including text messages, Slack, Teams, Facebook Messenger, WhatsApp, Signal), or any other platform to communicate about their work.

Additionally, would you please clarify the information that is on page 3 line 26: "AB to Abel Villarreal a. Got 26 hits; one on 2/28/2028 regarding next GJ date; no specific reference to this case"? Was the February 28 email (we assume the year is a typo) an email about the grand jury date for Plaintiff Ms. Gonzalez or for a different case?

Please confirm or explain by end of the day on Wednesday December 4, so that we may have this information before our deadline of Friday December 6 to submit a notice of disputes to the Court. In response to Ms. Albin's 12/3/2024 email regarding scheduling depositions, we are not able to proceed with the scheduling of depositions until we resolve the outstanding discovery disputes with the Court's assistance.

Sincerely,

Adriana Piñon
Legal Director
ACLU Foundation of Texas
P.O. Box 8306
Houston, TX 77288-8306
(713) 942-8146 x 1027
apinon@aclutx.org