THE STATE OF TEXAS §
§
COUNTY OF JIM HOGG §

## AFFIDAVIT

On this day personally appeared before me Daniella Moreno, a person known to me, who, being by me duly sworn, deposed as follows:

"My name is Daniella Moreno and I am the Secretary/Legal Assistant for the 229th Judicial District Attorney's Office in Jim Hogg, Texas.

"On March 25, 2022, my boss Mr. Gocha Allen Ramirez was in Hebbronville (Jim Hogg County), Texas for our March Grand Jury session. Mr. Ramirez was present specifically for the presentation of a "cold case" (murder) that was being presented for the 2nd time by Texas Ranger Nathan Mutz.

"A Grand Jury session was also convening in Starr County on that same date but Mr. Ramirez did not attend that Grand Jury session."

_____
DANIELLA MORENO

SUBSCRIBED and SWORN BEFORE ME on this the 25th day of May, 2022.

BELINDA GONZALEZ
Notary Public, State of Texas
Comm. Expires 03-03-2025
Notary ID 126823632

_____
NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

DEFENDANTS 000314

**If you signed a contract and have a <u>copy</u>, please attach.**
**If you have <u>copies</u> of checks and/or receipts, please attach.**
**<u>Do not send originals</u>.**

6. If you did not hire the attorney, what is your connection with the attorney? Explain briefly

   I have no connection to the attorney. I am a member of the bar and a a professor of law, who is committed to the protection of individual constitutional rights, including the right to seek a provability abortion.

7. Are you currently represented by an attorney?      No

   If yes, please provide information about your current attorney:

8. Do you claim the attorney has an impairment, such as depression or a substance use disorder? If yes, please provide specifics (your **personal** observations of the attorney such as slurred speech, odor of alcohol, ingestion of alcohol or drugs in your presence etc., including the date you observed this, the time of day, and location).

   No

9. Did the attorney ever make any statements or admissions to you or in your presence that would indicate that the attorney may be experiencing an impairment, such as depression or a substance use disorder? If so, please provide details.

## IV. INFORMATION ABOUT YOUR GRIEVANCE

1. Where did the activity you are complaining about occur?

   County: Starr        City: Rio Grande City

2. If your grievance is about a lawsuit, answer the following, if known:

   a. Name of court:        The grievance relates to the presentment of an indictment before a grand jury empaneled in the 229th Judicial District Court for Starr County.

   b. Title of the suit:    The indictment was sought against Lizelle Herrera, State of Texas v. Lizelle Herrera

    c. Case number and date suit was filed:         No. 22-CR-61 (381st District Ct., Starr County) Indictment issued March 30, 2022, and indictm dismissed April 11, 2022.

    d. If you are not a party to this suit, what is your connection with it? Explain briefly.
       I advocate for people seeking to exercise their reproductive rights in the state of Texas.

**If you have <u>copies</u> of court documents, please attach.**

3. Explain in detail why you think this attorney has done something improper or has failed to do something which should have been done. Attach additional sheets of paper if necessary.

**Supporting documents, such as copies of a retainer agreement, proof of payment, correspondence between you and your attorney, the case name and number if a specific case is involved, and copies of papers filed in connection with the case, may be useful to our investigation. <u>Do not send originals, as they will not be returned</u>. Additionally, please do not use staples, post-it notes, or binding. <u>Do not send originals, as they will not be returned. Additionally, please do not use staples, post-it notes, or binding. Please limit your supporting documentation to 25 pages. Information, including audio, video or image files, submitted on a USB thumb drive or flash drive must not exceed 25MB.</u> Information received after the 10 day deadline will be returned and not considered, as well as information submitted on CDs, DVDs, cassette tapes or other unsupported media.**

**Include the names, addresses, and telephone number of all persons who know something about your grievance.**

**Please be advised that a copy of your grievance will be forwarded to the attorney named in your grievance. To protect your privacy and the privacy of others, please redact personal identifying information (i.e., social security number, date of birth) from any document you provide in support of your grievance and avoid submitting medical records or protected health information belonging to third-parties. <u>Please be advised that in the event that you do provide records that contain your own personal identifying information or protected health information, you are authorizing us to share this information with the attorney named in your grievance.</u> Be advised that documents that contain unredacted third party personal identifying information or that individual's protected health information will be returned and not considered. <u>By executing the grievance below, you authorize the CDC to disclose your personal identifying information and protected health information as necessary to comply with the law, or as necessary to carry out the function and duties of the CDC.</u>**

> The district attorney, or someone under his supervision, sought and obtained an indictment for murder against Lizelle Herrera, based on the allegation of a "self-induced abortion." This is not a crime in Texas, as the statute makes clear. A death of a fetus caused by conduct of the pregnant person is not a criminal offense of any kind, much less murder. The district attorney was surely aware of this fact. Ms. Herrera was maliciously prosecuted by Mr. Ramirez either for political reasons or unknown personal reasons. Either way, the indictment for murder was a gross abuse of

> the district attorney's power and grounds for discipline. Ms. Herrera was arrested, spent several nights in jail, was subjected to $500,000 bond, and had her mugshot and story told all over the internet. Even if she recovers from the trauma of the arrest and the nights in jail, she will never be able to reclaim her anonymity. The prosecutor has the duty to ensure that the power of the state to deprive people of their liberty is only used when absolutely justified by the law. That is clearly not what happened here.

## V. HOW DID YOU LEARN ABOUT THE STATE BAR OF TEXAS' ATTORNEY GRIEVANCE PROCESS?

\_\_ Yellow Pages  \_\_ CAAP  \_\_ Ombudsman
\_\_ Internet  _X_ Attorney Website
\_\_ Other

## VI. ATTORNEY-CLIENT PRIVILEGE WAIVER

I hereby expressly waive any attorney-client privilege as to the attorney, the subject of this Grievance, and authorize such attorney to reveal any information in the professional relationship to the Office of Chief Disciplinary Counsel of the State Bar of Texas. I understand that it may be necessary to act promptly to preserve any legal rights I may have, and that commencement of a civil action may be required to preserve those rights.

Additionally, I understand that the Office of Chief Disciplinary Counsel may exercise its discretion and refer this Grievance to the Client-Attorney Assistance Program (CAAP) of the State Bar of Texas for assistance in resolving a subject matter of this Grievance. In that regard, I hereby acknowledge my understanding that such discretionary referral does not constitute the commencement of a civil action and that the State Bar of Texas will not commence any civil action on my part. I acknowledge that it is my responsibility to seek and obtain any necessary legal advice with respect to this matter. I also understand that any information I provide to the State Bar of Texas may be used to assist me and will remain confidential for purposes of resolving the issue(s) described above.

I understand that the Office of Chief Disciplinary Counsel maintains as confidential the processing of Grievances.

I hereby swear and affirm that I am the person named in Section II, Question 1 of this form (the Complainant) and that the information provided in this Grievance is true and correct to the best of my knowledge.

Signature: _____Electronically Signed_____   Date: _____04/13/2022_____

**TO ENSURE PROMPT ATTENTION, THE GRIEVANCE SHOULD BE MAILED TO:**

**THE OFFICE OF THE CHIEF DISCIPLINARY COUNSEL**
**P.O. Box 13287**
**Austin, TX 78711**

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

July 1, 2022

Sent Via Email: gocha.ramirez@da.co.starr.tx.us

Gocha Allen Ramirez
401 N. Britton Ave., Suite 417
Starr County Courthouse
Rio Grande City, TX 78582

Re: 202202571 - Joanna Lynn Grossman - Gocha Allen Ramirez

Mr. Ramirez,

I am the attorney assigned to this matter. Thank you for your Response to the Grievance of Ms. Joanna Grossman.

Please identify for us:

1. The Assistant District Attorney who issued the subpoena duces tecum on January 12, 2022, as described in Section I, paragraph B of your response to the complaint.
2. The Assistant District Attorney to whom the file was turned over on March 17, 2022, as described in Section I, paragraph E of your response to the complaint.
3. The attorney who presented the subject indictment of Lizelle Herrera, and any other attorneys who were present or involved with the presentation of the indictment or the decision to present the indictment or to otherwise pursue criminal charges against Lizelle Herrera.
4. The Assistant District Attorney(s) "it was handled by" and who made a mistake as described in Sections III and IV of your response to the complaint.
5. What your understanding is as to why this indictment was presented, which is to say, the reasoning of the Assistant District Attorney(s) involved.
6. Other than the dismissal of the case and the issuance of the press release, whether and to what extent any remedial action was taken by you or any of the attorneys or staff under your supervision, including remedial action regarding the conduct of the Assistant District Attorney(s) involved in this matter.

Our office intends to and will comply with all applicable privacy laws regarding the documents we are seeking from you.

**Travis Park Plaza, 711 Navarro Street, Suite 750, San Antonio, Texas 78205**
**(210) 208-6600 Phone, (210) 208-6625 FAX**

My understanding of why this investigation was presented to the Grand Jury is, obviously, ADA Barrera mistakenly believed that a crime might have been committed by Ms. Herrera and wanted the Grand Jury to consider the facts.

6. The remedial action that was taken by me was to immediately contact defense counsel to advise him that I was going to dismiss the indictment, prepare and put out a press release that the indictment would be, immediately dismissed and that Ms. Herrera could not and would not be prosecuted, explaining that Ms. Herrera had not committed a crime, met with Ms. Herrera and her family personally that same day to issue a personal apology and explain the forthcoming dismissal and then filing the Motion to Dismiss the next morning.

Remedial action is defined as "affording a remedy". The aforementioned actions that I took were all remedial in nature, were taken immediately and were the only remedial actions available to "afford a remedy" to the situation I was presented with. It is my position that any action that I take in the future with regard to ADA Barrera and her involvement in this case would not be "remedial" but punitive in nature, as they would not "afford a remedy" for the situation involving Ms. Herrera.

Please be advised that the complete file requested by subpoena, along with the executed Business Records Affidavit, is being forwarded to you under separate cover.

Respectfully,

GOCHA ALLEN RAMIREZ
229TH JUDICIAL DISTRICT ATTORNEY
401 N. Britton Avenue, Suite 417
Starr County Courthouse
Rio Grande City, TX 78582
SBN: 16501800
Tele: (956) 716-4800 x 8553
Email: gocha.ramirez@da.co.starr.tx.us

**COMPLAINT NO. 202202571**

**RESPONSE TO GRIEVANCE OF MS. JOANNA GROSSMAN**

My name is Gocha Allen Ramirez and I am the elected District Attorney for the 229th Judicial District which encompasses Starr, Jim Hogg and Duval Counties. I was licensed by the State Bar of Texas in 1979 and, to the best of my recollection, I have never been publicly or privately reprimanded by the State Bar of Texas or been subject to discipline by the State Bar of Texas for Professional Misconduct.

I do not know nor have I ever met Ms. Joanna Grossman, the complainant herein. I have never spoken to her about the indictment against Ms. Lizelle Herrera. To the best of my knowledge Ms. Grossman has never spoken to Ms. Herrera about the investigation, arrest, indictment and subsequent dismissal of the indictment against Ms. Herrera. And, to the best of my knowledge, Ms. Herrera has not filed any grievance against me or anyone in my office. To the best of my knowledge, Complainant has absolutely no firsthand knowledge of any of what transpired other than what has been publicly reported.

**I.   TIMELINE**

A. January 11, 2022 – The Starr County Sheriff's Office and Rio Grande City Police Department respond to a call made by a charging nurse at the Starr County Memorial Hospital regarding what the nurse believed to be a violation of Texas Senate Bill 8. The Starr County Sheriffs Office takes the lead in what is labeled a "death investigation" and then a "murder investigation". The investigation

consists almost entirely of taking statements. Neither the District Attorney's Office or anyone on my staff is involved.

B. January 12, 2022 – Two (2) Grand Jury subpoenas duces tecum are issued upon application by one of my Assistant District Attorneys for medical records. One is directed to Ms. Herrera's Gynecologist and the other to the hospital.

C. January 13, 2022 – A return on the Subpoena is made by Gynecologist and consists of 76 pages of medical records. The return is attached hereto as Exhibit #1 to this Response.

D. February 16, 2022 – A return on the subpoena is made by the hospital and consists of 146 pages of medical records. The return is attached hereto as Exhibit #2 to this Response.

1. All medical records are part of our file. I have personally communicated to Investigator Hidalgo that they will be turned over to the State Bar upon compliance with Sec. 159.002 of the Texas Occ. Code attached hereto as Exhibit #3.

E. March 17, 2022 – The Prosecution Packet containing all reports, interviews, statements and records is turned into the District Attorney's Office by Starr County Sheriff's Department. This is evidenced by the Brady Compliance Form that is required to be completed when an investigation is turned into the District Attorney's Office. That Brady Compliance Form is included herein as Exhibit #4. The file is turned over to an Assistant District Attorney. I do not see or review any of this file.

F. March 25, 2022 – The investigation is presented to a Starr County Grand Jury for their consideration and an Indictment is returned against Ms. Herrera. A copy of the Indictment is included herein as Exhibit #5.

G. March 30, 2022 – The Indictment is formally filed with District Clerk's Office.

H. April 1, 2022 – The Indictment is signed by a District Judge who also sets the bond.

I. April 7, 2022 – Ms. Herrera was arrested pursuant to a capias issued by the District Judge.

J. April 9, 2022 – Ms. Herrera is release from Starr County Jail on bond.

K. April 9, 2022 – Upon reviewing the file <u>for the first time</u>, I reach out to Ms. Herrera's Attorney to advise him that I will be filing a Motion to Dismiss the Indictment.

L. April 10, 2022 – Press Release (attached as Exhibit #6) and a private meeting with Ms. Herrera and her family.

M. April 11, 2022 – Motion to Dismiss filed (Exhibit #7) and Order of Dismissal signed by the District Judge (Exhibit #8).

## II.

As the elected District Attorney for a three (3) County District, approximately 75% of my work is administrative. This includes dealing with personnel, budgets, grants, meetings with other elected officials and law enforcement heads. I have five (5) Assistant District Attorney's total in my district and they are in charge of almost all of the cases we intake.

This particular case was picked up by one of the Assistant District Attorney's and presented to a Grand Jury on a date when I was out of the County and doing work in another County. See the attached Affidavit (Exhibit #9). I was not in the Grand Jury room when the case was presented and none of my Assistants were in the room when the case was discussed by the Grand Jury and their decision was made.

### III.

The allegation by Ms. Grossman that the Indictment was returned on my watch as District Attorney is accurate. The allegation that the facts do not meet the elements of the crime of murder is correct.

The allegation that I was aware of the facts of this case before consideration by the Grand Jury is incorrect. I had never seen the file and it was handled by an Assistant District Attorney.

The allegation that Ms. Herrera was "maliciously prosecuted by Mr. Ramirez either for political reasons or unknown reasons" is ludicrous, speculative and absurd. Ms. Grossman does not know me personally and does not know my political beliefs. This allegation does not articulate a legitimate grounds for grievance that I can respond to other than to deny it honestly. My questions for consideration are what evidence of malice has she produced? What evidence of my political beliefs has she produced? What evidence of misconduct or malice on my part has she produced?

### IV.

The allegation of a "gross abuse of power" presupposes a "mens rea" of intent to harm. This allegation is rebutted by the fact that I had never seen the file before it was

considered by the Grand Jury – I wasn't present when it was presented to a Grand Jury to hear the facts – and I dismissed the case immediately upon learning of the facts.

It seems unfathomable to me that I can be personally disciplined for a mistake made by either an Assistant District Attorney, a Grand Jury or both when I was not present or aware of the facts of the case at hand. It is my personal opinion that this would set a dangerous precedent for every District Attorney in the States of Texas should each of us be held personally responsible by way of State Bar discipline for every mistake made by an Assistant and/or a Grand Jury. We have handled well over 1,000 cases in the 18 months that I have been the District Attorney.

## V.

It also seems to me that Ms. Grossmans "standing" to bring this grievance is very tenuous. It may be admirable that Ms. Grossman is an "advocate for people seeking to exercise their reproductive rights in the State of Texas" but Ms. Grossman suffered no harm personally by this mistake.

## VI.

Investigator Hidalgo requested a copy of the investigative file that was prepared by the Starr County Sheriff's Office. That file is in my possession and I have offered to turn it over to the State Bar upon assurance that my office would not be in violation Tex. Occ. Code § 159.002 and HIPAA laws. Please advise me about how I might comply with that request without a HIPAA violation.

I am attaching a request for an Attorney General opinion that was made by my office as Exhibit #10. This request relates to my concerns of possible HIPAA violations

and a request for guidance from our Attorney General. As of the date of this Response, we have not received any reply or opinion from the Attorney General's Office.

## VII.

Rule 3.09 of the Texas Disciplinary Rules of Professional Conduct sets out the Special Responsibilities of a Prosecutor. The Subsection that appears to need addressing is subsection (a) "refrain from prosecuting or threatening to prosecute a charge that the prosecutor knows is not supported by probable cause".

As Ms. Grossman states in so many words and as is laid out in comment #1 "A prosecutor has the responsibility to see that justice is done, and not simply to be an advocate. This responsibility carries with it a number of specific obligations. Among these is to see that no person is threatened with or subjected to the rigors of a criminal prosecution without good cause".

But comment #2 states clearly that paragraph (a) does not apply to situations where the prosecutor is using a grand jury to determine whether any crime has been committed, nor does it prevent a prosecutor from presenting a matter to a Grand Jury even though he has some doubt as to what charge, IF ANY (emphasis added), the Grand Jury may decide is appropriate, as long as he believes that the Grand Jury could reasonably conclude that some charge is proper. <u>A prosecutor's obligation under that paragraph is satisfied by the return of a true bill by a Grand Jury, unless the prosecutor believes that material inculpatory information presented to the Grand Jury is false.</u> (emphasis added).

## VIII.

Concerning the complaint by Ms. Grossman, it must once again be pointed out that I was not the prosecutor that presented the case to the Grand Jury. Since I personally did not have any knowledge of the facts, it appears that Rule 3.09(a) subjects the prosecutor presenting the case to the limited scrutiny of whether he/she "reasonably believed... some charge is proper".

And it also appears that prosecutor's obligation under paragraph (a) is satisfied by the return of a True Bill by that Grand Jury. The obligation would only be subject to a situation where that prosecutor knows that the "material inculpating information presented to the Grand Jury is false".

Once again, that determination appear to hinge on the state of mind of the prosecutor presenting the case. I did not present the case or know the facts of the case.

## IV.

What responsibility would I have for the mistake of an Assistant District Attorney and/or a Grand Jury returning an Indictment that does not meet the elements of the crime alleged? That issue appears to be addressed by Rule 5.01. Sections (a) and (b) appear to confirm the general principle that I would not be vicariously responsible for the misconduct of another lawyer unless

(a) I order, encourage or knowingly permit the conduct involved; or

(b) I gain knowledge of another lawyer's violation of the disciplinary rules and I knowingly fail to take remedial action to avoid or mitigate the consequences of the other lawyer's violation.

Comment #5 under Rule 5.01 states quite clearly that neither section is intended to extend vicarious disciplinary liability upon the lawyer in a position of authority. "Rather, the lawyer in such authoritative position is exposed to discipline only for his or her own knowing actions or failures to act. Whether a lawyer may be liable civilly or criminally for another lawyer's conduct is a question of law beyond the scope of those rule".

### X.

It is my position that Rule 5.01 would come into play only if there is clear misconduct by another lawyer whom I have direct supervisory authority over. While there is no question that I have direct supervisory authority over my Assistant District Attorneys, there is no evidence before the State Bar that any Assistant District Attorney engaged in misconduct pursuant to Rule 3.09. Complainants grievance does not provide evidence as to whether any Assistant District Attorney in my officer engaged in misconduct, especially when you consider comment #2 of Section 3.09 and the shield of Grand Jury Action.

But even if there was evidence of intentional misconduct by any Assistant District Attorney (which I don't believe exists) then I could be held responsible only if I "ordered, encouraged or knowingly permitted the conduct involved" or if I gained knowledge of the violation and failed to take remedial action.

### XI.

In this case, I never "ordered, encouraged or knowingly permitted the conduct involved". The file was not handled by me, I was never briefed on the facts of the case, I

never reviewed the file until after the Grand Jury Indictment and I was not present when it was presented to the Grand Jury. It would be impossible to order, encourage or knowingly permit conduct when I was not aware of the conduct before it happened.

Did I gain knowledge of this mistake <u>after</u> it occurred? Yes. On April 9, 2022, I reviewed the file and concluded that Ms. Herrera should have not been Indicted. My responsibility at the time that I discover the mistake, pursuant to Rule 5.01(b) is to take remedial action as quickly as possible to "avoid or mitigate" the consequences. I did that. See Exhibit #6 and Exhibit #7.

In conclusion, the lack of specificity in Ms. Grossman complaint -- the lack of facts to support her complaint - the failure of the complaint pursuant to Rules 3.09 and 5.01 support my request that this complaint be dismissed.

Respectfully,

GOCHA ALLEN RAMIREZ
229TH JUDICIAL DISTRICT ATTORNEY
401 N. Britton Avenue, Suite 417
Starr County Courthouse
Rio Grande City, TX 78582
SBN: 16501800
Tele: (956) 716-4800 x 8553
Email: gocha.ramirez@da.co.starr.tx.us