**ACLU**

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**

**Texas**

The Hon. Drew B. Tipton
U.S. District Court, Southern District of Texas
July 8, 2025

Re: Case No. 7:24-cv-00132, *Gonzalez v. Ramirez*, et al. - Discovery Disputes

Judge Tipton,

Pursuant to the Court's Procedure 13(c), Plaintiff seeks Court assistance to resolve the remaining discovery disputes in the limited discovery phase on immunity issues, which currently deprive Plaintiff of her ability to respond to Defendant Ramirez's summary judgment motion based on all available evidence. Because testimony shows that the Starr County Sheriff's Office ("SCSO") and District Attorney's Office ("DA") were in close communication during the investigation and prosecution of Ms. Gonzalez, this material is likely to be highly relevant to Plaintiff's response to Defendant Ramirez's motion for summary judgment. *See* Muniz Dep., Doc 79-15 at 46 ("If there's more serious charges...our supervisors would tell us 99.9 percent of the time, 'Contact the DA's office for advice.'"). At the crux of this dispute is that Defendants failed to disclose relevant communications for months and refuse to explain the absence of Defendant Fuentes's messages while ignoring a request to search his colleagues' devices for the missing messages. Simultaneously, Defendants failed to produce required initial disclosures and materials responsive to Plaintiff's first Request for Production dated September 13, 2024.

**Procedural Background.** On August 12, 2024, the Court denied Defendants' motions to dismiss and ordered the parties to engage in limited discovery concerning individual Defendants' immunity claims. Doc. 45. On January 10, 2025, the Court held a hearing after Plaintiff alerted the Court to discovery disputes concerning (1) the process for responding and objecting to discovery requests, (2) the scope of immunity discovery, (3) the applicability and scope of Texas Criminal Procedure Rule 20A, and (4) the discoverability of materials related to Defendant Ramirez's probated suspension from the practice of law. Doc. 64. The Court agreed with Plaintiff on the aforementioned disputes. Doc. 64.

Despite this Court's ruling, Defendants have continued to delay and withhold relevant discovery. The parties exchanged communications and counsel conferred several times (October 29, 2024, November 15, 2024, December 4, 2024, February 18, 2025, April 14, 2025) to attempt to resolve disputes while depositions were ongoing and as testimony revealed the existence of far more ESI than Defendants had produced. As an example, Plaintiff requested Defendants' relevant text messages on September 13, 2024, and provided search terms, dates, and custodians on November 15, 2024; on January 10, 2025, the Court agreed with Plaintiff about the need to search ESI and on February 4, 2025, Plaintiff renewed this request again. Finally, on March 27, 2025, the morning of Defendant Barrera's deposition, Defendants' Counsel provided hundreds of pages of Defendant Barrera's text messages (still without other Defendants' texts). This production came despite months of Defendants' counsel insisting such texts

either did not exist or were not responsive – neither of which was true. This production also included missing pages, unexplained redactions, and most troublingly, evidence that the user of Defendant Barrera's account deleted relevant messages after the Court's order and after Plaintiff had renewed discovery requests in February 2025.

In an effort to resolve the outstanding disputes, Plaintiff emailed Defendants on June 25, 2025, asking to meet and confer or for production of the requested materials by June 30. Defendants' counsel did not respond. Instead, the next day Defendants' counsel filed a motion for summary judgment on behalf of Defendant DA Ramirez. Plaintiff emailed Defendants' counsel again on July 3, 2025, and counsel only indicated they would provide a long-overdue IT affidavit, but did not address other concerns nor agree to meet and confer. In this email, counsel said their position is they have "more than complied with the Court's order regarding Phase 1 discovery." Communications among counsel demonstrating Plaintiff's repeated efforts to resolve these issues are attached for the Court's reference. *See* Doc. 80-1. Given this impasse, Plaintiff seeks Court intervention concerning the following discovery disputes:

**IT Affidavit Regarding Defendant Fuentes's Text & WhatsApp Messages.** Defendants contend that Defendant Fuentes has no responsive text or WhatsApp messages on his phone despite deposition testimony from other SCSO employees that Sheriff Fuentes was a party to such communications concerning the investigation of Ms. Gonzalez. *See, e.g.*, Aguirre Dep., Doc. 79-16 at 19 ("And do you ever send messages that are intended to communicate information to the sheriff in those groups? Yes. That's the purpose of the – of the groups."). Though defense counsel used Cellebrite to search the phones of the other two Defendants, only a manual search was done on Defendant Fuentes's phone. In addition, other SCSO employees testified at depositions that their county-issued phones are backed up and that their data is transferred when they get new phones. *Id.* at 26:13-21. On April 30, 2025, Defendants agreed to provide an affidavit from an IT professional concerning why no electronic search was done on Defendant Fuentes's county-issued phone. Doc. 80-1, at 37 ("The IT Director's search method and results will be described in more detail in a forthcoming declaration."). Plaintiff requested that the affidavit explain why Defendant Fuentes apparently has no messages prior to October 2022. (Plf.'s May 7, 2025 Email, Doc. 80-1). Plaintiff followed up about the promised IT affidavit on May 7, 2025, June 25, 2025, and July 3, 2025, yielding no response. Finally, on July 3, 2025, counsel said they would provide an affidavit this week. Given that counsel has failed to do so for several months, and has not resolved other related discovery requests, Plaintiff asks the Court to order them to do so immediately.

**Third-Party Searches.** On May 9, 2025, since Defendant Fuentes alleges he has no texts or WhatsApp messages before October 2022, and based on the deposition testimony of several SCSO witnesses that the office communicates daily about investigations using text and WhatsApp, Plaintiff requested a limited Cellebrite search of the County-issued phones of Sheriff's Office employees Esmeralda Muniz, Rafael Aguirre, and Lenard Fuentes for any text messages or WhatsApp communications that include the Defendants, using the previously-agreed-upon search terms and timeframe for conversations. Plaintiff renewed this request in June in light of Defendant Fuentes's deposition testimony that he received daily case-related recaps via text from other SCSO officials. Rene Fuentes Dep., Doc 79-18 at 54:5-6. Despite following up on Plaintiff's May 9 request on June 25 and July 3, 2025, Defendants have never responded to this request. Doc. 80-1.

**Office Policies.** In her September 13, 2024, initial Requests for Production to Defendant Ramirez and Defendant Barrera, Plaintiff requested all written policies of the Starr County District Attorney's ("DA") Office. ADAs Abel Villarreal and Judith Solis testified during their depositions that they received a

policy book from Starr County. Plaintiff renewed this request in an email to Defendants' counsel on March 17, 2025. The only policy Defendants produced from the DA's Office is a policy book governing DA investigators that was not produced until April 25, 2025. No additional written policies, including those applicable to Assistant District Attorneys, have been provided by the Defendants.

**Insurance.** Pursuant to Fed. R. Civ. P. 26(1)(A)(iv), as part of initial disclosures, a party must provide "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action[.]" This action was filed in March 2024, yet Defendants have provided no insurance agreements despite a June 25, 2025, reminder from Plaintiff that went unanswered. This Court's Procedures 11(a) instructs all parties to "[c]ommence initial disclosures immediately."

**Defendants' Obligation to Produce Under Rules 26 and 34.** Defendants have not adhered to the Federal Rules of Civil Procedure by failing to search for and produce relevant documents responsive to Plaintiff's requests. Defendants have a duty to respond to the "extent the request is not objectionable and can be narrowed to an appropriate scope." *Kleppinger v. Texas Dep't of Transportation*, No. CV L-10-124, 2012 WL 12893651, at *15 (S.D. Tex. Mar. 4, 2012).

Plaintiff asks the Court to order disclosure of 1) an affidavit of an IT professional concerning an alleged manual search of Defendant Fuentes's county-issued phone; 2) a limited Cellebrite search of the County-issued phones of non-parties Esmeralda Muniz, Rafael Aguirre, and Lenard Fuentes for any text messages or WhatsApp communications that include the Defendants, using the previously-agreed-upon search terms and timeframe for conversations; 3) all DA Office policies; 4) and "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action" pursuant to Fed. R. Civ. P. 26(1)(A). For this reason, Plaintiff will also move for an extension of time to respond to the pending summary judgment motion.

Plaintiff appreciates the Court's consideration of these unresolved discovery issues and asks the Court to direct Defendants to produce the remaining documents immediately, so that the Court and the parties may have a fuller set of materials with which to litigate Defendants' immunity-based motions.

Respectfully Submitted,

_____
Ashley Harris (Bar No. 24123238)
American Civil Liberties Union of
Texas P.O. Box 12905
Austin, TX 78711-2905
Telephone No.: (713) 942-8146
Facsimile: (713) 942-8966
aharris@aclutx.org



**I. Cecilia Garza**
✉ Cecilia@garzamartinezlaw.com

**Veronica Sepulveda Martinez**
✉ Veronica@garzamartinezlaw.com

February 4, 2025

**VIA E-MAIL**
Ricardo J. Navarro
Kelly Albin
Denton Navarro Rodriguez Bernal Santee & Zech, P.C.

Re: Gonzalez v. Starr County, *et al.*, 7:24-CV-00132 (U.S. District Court, SDTX)

Counsel,

This is Plaintiff's deficiency notice pertaining to your clients' discovery responses. We first identify overall deficiencies, followed by deficiencies in the responses of each responding Defendant. We are prepared to meet and confer about any of these issues that are unclear to you, and we look forward to your response. Please provide us with times on February 5th, 6th or 7th, when you are available to meet and confer.

**General Deficiencies**

Pursuant to Judge Tipton's ruling on discovery disputes on January 10, 2025, Defendants must search for documents dating back to January 2022. Defendants have not produced any additional email communications (or listed any on a privilege log) from the period prior to March 9, 2022, for Defendants Ramirez or Barerra, or prior to April 14, 2022, for Defendant Fuentes. Please describe the method(s) and scope of searches you conducted and confirm that these searches yielded no additional responsive documents or communications.

Judge Tipton also ordered Defendants to search text messages and other messaging platforms such as WhatsApp and Facebook Messenger that were used to discuss work. Defendants have provided no additional text messages other than the few that were produced previously, or messages from any system or communication platform other than email. Please indicate all platforms your clients used to discuss work, including this case, before the indictment, describe the method and scope of the searches you conducted, and confirm that these searches yielded no additional responsive documents or communications. On January 25th, 2025 Ms. Albin stated, "I need to confirm that the expanded list of search terms was run on the phone and not the shorter list that we started with when searching emails." This has not been confirmed. Nor has it been confirmed whether Defendants have searched any other devices or platforms used to communicate about the investigation, charging, or arrest of Lizelle Gonzalez for the required period of January 2022 through the end of April 2022. Plaintiffs request that Defendants fully explain their methods for ESI search and production.

**Edinburg Office**
202 E. Sprague Street
Edinburg, Texas 78539

 956.335.4900     956.338.5700

 www.garzamartinezlaw.com

**Mission Office**
504 E. 9th Street, Ste. A
Mission, Texas 78572

Additionally, for the emails that were produced, copies of single emails were produced over one hundred times as individually Bates stamped documents. Please confirm whether this is in error and whether other, unique documents were meant to be produced in their place.

Defendant Ramirez has admitted to deleting "all" messages to one particular recipient, including messages pertaining to this case. Based on this acknowledgment, Plaintiff believes that further information about the search of this Defendant's phone is necessary. When Plaintiff asked for information about the search process, counsel stated that "[t]he search was done of the physical device." Please provide an affidavit from Defendants' IT professional as to what searches were performed, including methods and search terms, on Mr. Ramirez's phone(s) and other mobile devices, how the searches were performed, and whether additional searches of archive folders or phone backup data were done. If backup and archive searches were not already conducted, please perform searches of backups of Defendants' mobile devices to retrieve potentially deleted messages and produce all that are responsive.

Further, Defendants must clarify in what ways their responses to Plaintiff's discovery requests have changed, given Judge Tipton's orders clarifying that discovery includes both qualified and absolute immunity, limiting Texas Criminal Procedure Rule 20A, and clarifying that documents prepared for Defendant Ramirez's Grievance Proceeding are not confidential. Despite Defendants' counsel's prior representations indicating possession, custody, or control of responsive documents for Defendant Ramirez, no documents have been produced.

Defendants have also not produced additional material given the new date limitations for RFPs. Plaintiffs expect that the date limitations would change Defendants' vagueness and overbreadth objections. For each RFP to which your clients responded with one or both of these objections, but with no additional production and no privilege log, Defendants must produce additional documents, assert that none exist, provide a new reason for denying production, and/or provide a privilege log.

Finally, Defendants have not provided Plaintiff a privilege log, despite Judge Tipton's instruction and counsel's promises to do so. Defendants' counsel stated on January 29th that they would issue updated RFP responses but have not yet done so. Counsel also previewed that Defendants might not continue to assert privilege for any documents. Defendants' counsel must clarify to what extent Defendants assert privilege in response to any of Plaintiff's RFPs. If Defendants are no longer asserting privilege, they must produce the documents previously withheld on that basis. If Defendants continue to assert privilege, then withheld documents must be described in detail in a privilege log. In the privilege log, Defendants' counsel should identify each document or portion thereof being withheld for any reason and clarify to what extent each defendant asserts a privilege to each document and on what basis.

Ms. Albin
Page 3 of 9

## Specific responses and productions that are deficient

### For all defendants

**RFP 1**: Despite Judge Tipton's clarification that both absolute and qualified immunity are at issue, Defendants Barrera and Ramirez provided coversheets that do not list all search terms. Their production includes no additional communication with the Starr County Sherrif's Office, Starr County Memorial Hospital, or any internal emails or text messages related to Defendants' decision making in the Investigation, Indictment, Arrest, Bail, or Dismissal in Plaintiff's criminal case. Defendant Fuentes produced one additional email and no cover sheet indicating which terms were searched. Defendants have not produced responsive documents that Plaintiff knows exist, and which Defendants' counsel previously stated she would produce. For example, despite repeated requests, Defendants have failed to produce the investigators' notes taken during interviews with witnesses. These notes can be seen on camera footage of the interviews and have been specifically requested yet have still not been produced. This production is relevant to whether Defendants would have reasonably known that arresting Plaintiff and charging Plaintiff with murder violated Plaintiff's clearly established rights. This production is also relevant to the capacity in which the Defendants were involved in the arrest and charging decisions. Therefore, this request is within the scope of FRCP 26(b) and court-imposed discovery limitations. Please describe the method and scope of searches conducted and confirm in writing that no responsive materials exist.

For all RFPs concerning communications: No Defendant provided outgoing emails or any emails dated before Plaintiff's indictment. Despite Judge Tipton's ruling that outgoing and incoming emails and text messages must be searched, Plaintiff's provided search terms and a date range, and discussions among the parties' counsel, Defendants produced no such emails by the deadline of January 29, 2025. As Plaintiff requested above, Defendants should fully explain their methods for ESI search and production.

## Defendant-Specific Deficiencies

### *Ramirez*

Please confirm that both outgoing and incoming emails were searched from January 1, 2022, and provide a privilege log for any material Defendant is withholding.  Further, Defendant's cover sheet indicates that "Lizelle" was searched but neither "Herrera" nor "Gonzalez" were searched, despite them being agreed-upon search terms. Defendants must conduct those searches and produce responsive documents immediately. Additionally, in contrast to Defendant Barrera's coversheet, Defendant Ramirez's coversheet does not indicate that communications to or from colleagues, including cc'ed and bcc'ed emails, in the Starr County DA's Office were searched. Please confirm whether these cc'ed and bcc'ed email searches were run.

Ms. Albin
Page 4 of 9

**RFP 1:** Defendant provided no additional documents, no new grounds for denying production, and no privilege log. It is unclear what type of search was done on Defendant's computer, phone, or written documents to comply with this request. Please clarify what search was done and provide a privilege log if Defendant withholds any responsive material.

**RFP 2:** Defendant provided no additional documents, no new grounds for denying production, and no privilege log. Defendants were given a time frame for this request and search terms. This information goes to Defendant's involvement in decisions to charge, indict, and arrest Plaintiff which are relevant to the qualified and absolute immunity questions at this stage of discovery. Please clarify what search was done and provide a privilege log if Defendant withholds any responsive material.

**RFP 4:** Defendant did not provide any outgoing emails in response to this RFP. Defendant also provided no additional text messages. Other than from Abel Villarreal Jr., Defendant also produced no emails from other members of the Starr County DA's office staff. Defendant also did not produce any emails prior to April 2022, despite the Court ordering searches back to January 2022. In contrast to Defendant Barrera's coversheet, Defendant Ramirez's coversheet does not specify that emails to or from colleagues in the DA's office were searched. Please confirm that emails to and from all members of the DA's office, including cc'ed and bcc'ed emails, have been searched using all search terms. Please clarify how the search was conducted on Defendant Ramirez's devices (including by whom, the date of search, and how search terms were applied) and provide a privilege log for any documents for which Defendant asserts a privilege.

**RFP 5:** Despite Judge Tipton's ruling that Defendants must assert protection under Texas Criminal Procedure Rule 20A, in a specific, enumerated way in a privilege log, Defendant did not provide any additional audio or visual recordings, no new grounds for denying production, and no privilege log. Please produce responsive documents immediately and/or indicate any documents being withheld in a privilege log.

**RFP 8:** Defendant provided no additional documents, no new grounds for denying production, and no privilege log. In fact, Defendant did not provide any responsive materials to this RFP. Penal statutes and legal guidelines are not subject to privilege or immunity as they are publicly available documents. Insofar as Defendants maintain that reviewed documents are work product, a privilege log still must be produced. This production is relevant to whether Defendants would have reasonably known that arresting Plaintiff and charging Plaintiff with murder violated Plaintiff's clearly established rights. Therefore, this request is within the scope of FRCP 26(b) and court-imposed discovery limitations. Defendants must either assert that no sources were consulted during Plaintiff's Investigation, Indictment, or Arrest, or produce the requested documents and a log for any privilege assertions.

**RFP 11:** Defendant provided no additional documents, no new grounds for denying production, and no privilege log. In fact, Defendant did not provide any office policies responsive to this RFP. Defendants must provide all documents related to the District Attorney's Office's policies and

practices concerning investigations or prosecutions, including but not limited to codes, handbooks, processes, communications, training materials, or other professional materials that you created, reviewed, received, or sent during their employment. This production is relevant to whether Defendants would have reasonably known that arresting Plaintiff and charging Plaintiff with murder violated Plaintiff's clearly established rights. This production is also relevant to the capacity in which the Defendants were involved in the arrest and charging decisions. Therefore, this request is within the scope of FRCP 26(b) and court-imposed discovery limitations.

**RFP 15:** Defendant provided no additional documents, no new grounds for denying production, and no privilege log. Defendants must provide any documentation regarding organizational structure or decision-making structure within the DA's office. Defendant Ramirez stated that there is "no formal organizational chart" yet does not respond to any other portion of the request for memos, policies, procedures, guidelines, and training materials related to chain of command and internal decision-making structure. If Defendants are asserting privilege for any such documents, provide a detailed privilege log. This production is relevant to whether Defendants would have reasonably known that arresting Plaintiff and charging Plaintiff with murder violated Plaintiff's clearly established rights. This production is also relevant to the capacity in which the Defendants were involved in the investigation, arrest, and charging decisions. Therefore, this request is within the scope of FRCP 26(b) and court-imposed discovery limitations.

**RFP 16:** Defendant provided no additional messages or e-mails, no new grounds for denying production, and no privilege log. Defendants must provide documents or communications with the Rio Grande Police Department regarding the Investigation, Indictment, Arrest, Bail, or Dismissal. Defendants assert an over-broad reading of confidentiality under Texas Criminal Procedure Rule 20A that is inconsistent with Judge Tipton's ruling that Rule 20A protections must be asserted in a specific, enumerated way in a privilege log. Otherwise, responsive materials to this request must be produced.

**RFP 17:** Defendant provided no emails or texts prior to April 2022, no new grounds for denying production, and no privilege log. Defendant only provided emails with Abel Villarreal Jr. regarding freedom of information requests. Defendants must provide documents or communications with the Sheriff's Office regarding the Investigation, Indictment, Arrest, Bail, or Dismissal. Just as above, Defendants assert overbroad protection under Texas Criminal Procedure Rule 20A, inconsistent with Judge Tipton's ruling that required 20A protections be asserted in a specific, enumerated privilege log. Plaintiff is entitled to pre-indictment documents, including communications, which are relevant to the knowledge and state-of-mind elements of asserted immunity defenses.

**RFP 18:** Defendant provided no additional documents, no new grounds for denying production, and no privilege log. Defendants must provide a privilege log where they assert privilege. Plaintiff is entitled to pre-indictment documents that are not protected under grand jury testimonial immunity. Further, bail and dismissal communication also not be protected under grand jury

Ms. Albin
Page 6 of 9

testimonial immunity. If non-privileged documents exist, they must be produced, and a privilege log is required for all other documents. This production is relevant to whether Defendants would have reasonably known that arresting Plaintiff and charging Plaintiff with murder violated Plaintiff's clearly established rights. This production is also relevant to the capacity in which the Defendants were involved in the investigation, arrest and charging decisions. Therefore, this request is within the scope of FRCP 26(b) and court-imposed discovery limitations.

**RFP 20:** Defendants provided no additional messages or emails, nor new grounds for denying production, and no privilege log. Defendants must produce all communication with defense attorney Calixtro Villareal. Defendants produced three exchanges, seven texts in total spanning from April 9th to April 11th, 2022, all from within three days of the criminal case's dismissal. No emails or text messages prior to these dates were provided. Defendants have claimed overbroad protections under Texas Criminal Procedure Rule 20A despite Judge Tipton's ruling. This production is relevant to whether Defendants would have reasonably known that arresting Plaintiff and charging Plaintiff with murder violated Plaintiff's clearly established rights. This production is also relevant to the capacity in which the Defendants were involved in the investigation, arrest, and charging decisions. Therefore, this request is within the scope of FRCP 26(b) and court-imposed discovery limitations.

**RFP 21:** Defendants provided the same email from members of the public to Defendant, copied more than 100 times. Despite being duplicates, these emails were individually Bates stamped. Please clarify whether this production was made in error and provide other responsive documents that might have been excluded in error in place of the duplicate document production. Further, Defendant has repeatedly refused to produce attachments referred to in produced texts between Defendant Ramirez and Attorney Brandy Voss. Please produce the attachments immediately.

**RFP 22:** Defendants provided no additional documents, emails, messages, or submissions to the Grievance Committee. Defendants also provided no new grounds for denying production and no privilege log. Defendant must produce all documents created, reviewed, sent, or received related to accusations, investigations, and preparation for violating attorney disciplinary rules related to Plaintiff's Indictment, Arrest, Bail, or Dismissal. Defendant has provided no additional material despite Judge Tipton's ruling that documents or communications Defendant Ramirez created, reviewed, or received related to his Texas Grievance Proceeding coming out of Plaintiff's Indictment, Arrest, and Dismissal are not confidential and are discoverable.

*Barrera*

**RFP 2:** Defendant provided no new grounds for denying production, and no privilege log. Defendants were given a time frame for this request and search terms. Defendant only provided a subpoena for Esmerelda Muniz. This information is relevant to Defendant's involvement in investigation and/or decisions to charge, indict, and arrest Plaintiff which are relevant to the

qualified and absolute immunity questions at this stage of discovery. Please clarify what search was done and provide a detailed privilege log if Defendant asserts any privilege. Please confirm whether no documents resulted from the search you describe.

**RFP 4:** Defendant did not provide any outgoing emails in response to this RFP. Defendant also provided no additional text messages or messages on any other platform. Defendant did not provide any emails about the criminal case against Plaintiff from prior to March 23, 2022, and no emails on any topic prior to March 9, 2022, despite Judge Tipton's order directing searches back to January 2022. Other than with Abel Villarreal Jr., Defendant provides no emails or messages to or from other colleagues at the Starr County DA's office. This information goes to Defendant's involvement in investigation or decisions to charge, indict, and arrest Plaintiff which are relevant to the qualified and absolute immunity questions at this stage of discovery. Please clarify how the search was done (including by whom, the date of search, and how search terms were applied) and provide a privilege log if Defendant asserts any privilege.

**RFP 8:** Defendant provided no additional documents, no new grounds for denying production, and no privilege log. Defendant did not provide any responsive materials to this RFP. Penal statutes and legal guidelines are not subject to privilege or immunity as they are publicly available documents. Insofar as Defendants maintain that the reviewed documents are protected work product, a privilege log must be produced. This production is relevant to whether Defendants would have reasonably known that arresting Plaintiff and charging Plaintiff with murder violated Plaintiff's clearly established rights. Therefore, this request is within the scope of FRCP 26(b) and court-imposed discovery limitations. Defendant must either assert that no sources were consulted during Plaintiffs Investigation, Indictment, or Arrest, or produce the requested documents and a log for any material for which she asserts privilege.

**RFP 11:** Defendant only provided one charging guideline document that appeared as an attachment to an email, no new grounds for denying production, and no privilege log. Defendant did not provide any office policies responsive to this RFP. Defendants must provide all documents related to the District Attorney's Office's policies and practices concerning investigations or prosecutions, including but not limited to codes, handbooks, processes, communications, training materials, or other professional materials that they created, reviewed, received, or sent during their employment. This production is relevant to whether Defendants would have reasonably known that arresting Plaintiff and charging Plaintiff with murder violated Plaintiff's clearly established rights. This production is also relevant to the capacity in which the Defendants were involved in the investigation, arrest, and charging decisions. Therefore, this request is within the scope of FRCP 26(b) and court-imposed discovery limitations.

**RFP 15:** Defendant provided no additional documents, no new grounds for denying production, and no privilege log. Defendants must provide any documentation regarding organizational structure or decision-making structure within the DA's office. While Defendant Ramirez stated that there is "no formal organizational chart", Defendants have not responded to any other portion

Ms. Albin
Page 8 of 9

of the request for memos, policies, procedures, guidelines, and training materials related to chain of command and internal decision-making structure. If Defendants are asserting privilege for any such documents, provide a detailed privilege log. This production is relevant to whether Defendants would have reasonably known that arresting Plaintiff and charging Plaintiff with murder violated Plaintiff's clearly established rights. This production is also relevant to the capacity in which the Defendants were involved in the investigation, arrest, and charging decisions. Therefore, this request is within the scope of FRCP 26(b) and court-imposed discovery limitations.

**RFP 17**: Defendant provided no emails or text messages prior to April 2022, no new grounds for denying production, and no privilege log. Defendant provided no new emails with the Starr County Sheriff's office. Defendants must provide documents or communications with the Sheriff's Office regarding the Investigation, Indictment, Arrest, Bail, or Dismissal. Just as above, Defendants assert overbroad protection under Texas Criminal Procedure Rule 20A, inconsistent with Judge Tipton's ruling. Plaintiff is entitled to pre-indictment documents, including email communications, which are relevant to the knowledge and state-of-mind elements of the asserted immunity defenses. Please describe the method and scope of searches conducted and confirm whether no emails to law enforcement were sent or received.

**RFP 18:** Defendant provided no emails or text messages prior to March 2022, no new grounds for denying production, and no privilege log. Defendant only provided emails with Abel Villarreal Jr. Defendants must provide documents or communications between Barrera and other members of the District Attorney's Office regarding the Investigation, Indictment, Arrest, Bail or Dismissal. Just as above, Defendants assert overbroad protection under Texas Criminal Procedure Rule 20A, inconsistent with Judge Tipton's ruling. Plaintiff is entitled to pre-indictment documents, including email communications, which are relevant to the knowledge and state-of-mind elements of asserted immunity defenses. Please describe the method and scope of searches conducted and confirm whether no responsive messages were sent or received.

**RFP 20:** Defendants provided no additional messages or emails, nor new grounds for denying production, and no privilege log. Defendants must produce all communication with defense attorney Calixtro Villareal. Defendants produced three exchanges, seven texts in total spanning from April 9th to April 11th, 2022, all from within three days of the criminal case's dismissal. No emails or text messages prior to these dates were provided. Defendants assert overbroad protections under Texas Criminal Procedure Rule 20A that are inconsistent with Judge Tipton's ruling and provide no privilege log. This production is relevant to whether Defendants would have reasonably known that arresting Plaintiff and charging Plaintiff with murder violated Plaintiff's clearly established rights. This production is also relevant to the capacity in which the Defendants were involved in the investigation, arrest and charging decisions. Therefore, this request is within the scope of FRCP 26(b) and court-imposed discovery limitations.   RFP 22: Defendant provided no additional documents, emails, messages, or submissions to the Grievance Committee. Defendant also provided no new grounds for denying production and no privilege log. Defendant must produce all documents created, reviewed, sent, or received related to accusations,

Ms. Albin
Page 9 of 9

investigations, and preparation for violating attorney disciplinary rules related to Plaintiff's Indictment, Arrest, Bail or Dismissal. Defendant has provided no additional material despite Judge Tipton's ruling that documents or communications Defendant Barrera created, reviewed, or received related to his Texas Grievance Proceeding relating to Plaintiff's Indictment, Arrest, and Dismissal are not confidential and are discoverable.


*Fuentes*

Defendant Fuentes provided a single additional email and no cover sheet in his production. Defendants have failed to produce the Sheriff's Office investigators' notes requested multiple times by Plaintiff and which are known to exist based on the videos. Defendant has asserted no new reasons for denying production, has not produced a privilege log, and has not clarified how any of Judge Tipton's rulings change his previous responses to Plaintiff's RFPs. Please clarify how searches were conducted (including by whom, the date of search, and how search terms were applied) for Defendant Fuentes's devices and files.

**RFP 9:** Defendant Fuentes produced no additional documents, no new reasons for denying production, and no privilege log since Judge Tipton's discovery ruling. Defendant must produce materials submitted in support of affidavits in furtherance of Plaintiff's Indictment, Bail, Arrest, or Dismissal. This production is relevant to whether Defendants would have reasonably known that arresting Plaintiff and charging Plaintiff with murder violated Plaintiff's clearly established rights. This production is also relevant to the capacity in which the Defendants were involved in the arrest and charging decisions. Therefore, this request is within the scope of FRCP 26(b) and court-imposed discovery limitations.

Thank you,

GARZA MARTINEZ, PLLC

I. Cecilia Garza

| | |
|---|---|
| **From:** | Lauren Johnson |
| **To:** | Kelly R. Albin |
| **Cc:** | Ric J. Navarro; David Donatti; Cecilia Garza; Gina G. Williams |
| **Subject:** | RE: Follow up re: discovery; Gonzalez v. Ramirez + Scheduling Depositions |
| **Date:** | Tuesday, March 4, 2025 10:42:00 AM |
| **Attachments:** | image001.png |

Yes, please check for the rest of that week for both Ramirez and Barrera. Also, please let us know if Barrera would be available March 11 or 12.

**From:** Kelly R. Albin <kralbin@rampagelaw.com>
**Sent:** Tuesday, March 4, 2025 10:17 AM
**To:** Lauren Johnson <LJohnson@aclu.org>
**Cc:** Ric J. Navarro <rjnavarro@rampagelaw.com>; David Donatti <DDonatti@aclutx.org>; Cecilia Garza <cecilia@garzamartinezlaw.com>; Gina G. Williams <ggwilliams@rampagelaw.com>
**Subject:** RE: Follow up re: discovery; Gonzalez v. Ramirez + Scheduling Depositions

> **This Message Is From an External Sender**
> This message came from outside your organization.

Morning Lauren,

No, I'm sorry that does not work. Do you want me to check with him about that last week of March?

Thanks,

Kelly

**Kelly Albin**
Partner
kralbin@rampagelaw.com



Confidentiality Notice: This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521 and is legally protected. If you are not the intended recipient, please destroy all copies of the original message and advise the sender of the erroneous transmission. Your cooperation is appreciated. Thank you.

**From:** Lauren Johnson <LJohnson@aclu.org>
**Sent:** Monday, March 3, 2025 1:07 PM
**To:** Kelly R. Albin <kralbin@rampagelaw.com>

**Cc:** Ric J. Navarro <rjnavarro@rampagelaw.com>; David Donatti <DDonatti@aclutx.org>; Cecilia Garza <cecilia@garzamartinezlaw.com>; Gina G. Williams <ggwilliams@rampagelaw.com>
**Subject:** Re: Follow up re: discovery; Gonzalez v. Ramirez + Scheduling Depositions

Kelly,

Would DA Ramirez be available on March 11 or 12th for deposition? That would also be doable on our end.

> On Mar 3, 2025, at 1:11 PM, Kelly R. Albin <kralbin@rampagelaw.com> wrote:
>
> Lauren,
> Thanks for the response. I have not contacted the attorney for the Rocha's or Ms. Garcia-Vela, but will reach out before we send out subpoenas. I did not realize that Ms. Garcia-Vela offices in Houston and not RGV, so that depo would have to be on a day other than March 11th anyway.
>
> Regarding March 24th-25th, I realize I was not clear when I said the dates worked—I meant the dates for non-parties worked; not the dates proposed for the DA and ADA. I assumed that the March 24th and 25th dates would be further discussed given the forensic search on the phones that is being conducted. I will actually be out of the county on March 24th and will not return until late that evening, assuming there are no travel disruptions.  I'll check with the DA and ADA about other days they are available close to those dates and get back to you.
> Sorry for the miscommunication.
> Take care,
> Kelly
>
> **Kelly Albin**
> Partner
> kralbin@rampagelaw.com
>
> <image001.png>
>
>
> Confidentiality Notice: This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521 and is legally protected. If you are not the intended recipient, please destroy all copies of the original message and advise the sender of the erroneous transmission. Your cooperation is appreciated. Thank you.

---

**From:** Lauren Johnson <LJohnson@aclu.org>
**Sent:** Monday, March 3, 2025 11:39 AM
**To:** Kelly R. Albin <kralbin@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>
**Cc:** David Donatti <DDonatti@aclutx.org>; Cecilia Garza

<cecilia@garzamartinezlaw.com>; Gina G. Williams <ggwilliams@rampagelaw.com>
**Subject:** RE: Follow up re: discovery; Gonzalez v. Ramirez + Scheduling Depositions

Thank you for this update, Kelly. We will send a subpoena for Abel Villareal for March 12th and can be available on the 11th for Hilda. We would like to proceed with 3/24 and 3/25 for the depositions of Ramirez and Barrera. We can send the notices for them shortly. Please keep us updated on the status of the forensic report and results.

We can also reach out to Becky and Rosita's attorney regarding availability. Have you confirmed availability for Marty on the 11th? We have concerns that this may be a bit too ambitious to cover in those 2 days.

**From:** Kelly R. Albin <kralbin@rampagelaw.com>
**Sent:** Friday, February 28, 2025 6:22 PM
**To:** Lauren Johnson <LJohnson@aclu.org>; Ric J. Navarro <rjnavarro@rampagelaw.com>
**Cc:** David Donatti <DDonatti@aclutx.org>; Cecilia Garza <cecilia@garzamartinezlaw.com>; Gina G. Williams <ggwilliams@rampagelaw.com>
**Subject:** RE: Follow up re: discovery; Gonzalez v. Ramirez + Scheduling Depositions

Hello Lauren,
Those dates work. Abel Villarreal has commitments on March 11th, but he is available March 12th. I can subpoena Hilda Garza for March 11th.

I'm also going to need to take Marty Garcia-Vela's deposition, as well as Becky and Rosita Rocha. I can probably take two or three of those in a single day and I can schedule them for the same day as Hilda's.

I also wanted to address the ongoing discovery discussion regarding DA Ramirez and ADA Barrera's text messages. In Plaintiff's deficiency letter dated February 4, 2025, Plaintiff complained about needing verification on how the individuals' phones were searched and requested, among other things, an "affidavit from Defendants' IT professional as to what searches were performed, including methods and search terms, on Mr. Ramirez's phone(s) and other mobile devices, how the searches were performed, and whether additional searches of archive folders or phone backup data were done." As I mentioned before, the DA and ADA

do not have County-issued phones, so the County's IT professionals would not be the appropriate persons to do the examinations. That said, in an effort to try and get finality on what seems to be the last piece of the discovery dispute, we have decided to utilize a forensic company to run the keyword searches for the relevant time period for texts on the DA and ADA's personal phones. We feel that a third-party report and corresponding results should be sufficient for both Plaintiff and the Court and will ensure that texts that may not have been captured in the manual search of the devices have been recovered. I assume that you will want the results of the search in advance of taking the individual defendants' depos, and while I'm told that this process will not take a particularly long time to complete, I would request that we push the individual defendant depositions to April. Please let me know if you all are agreeable.

Have a nice weekend,
Kelly

**Kelly Albin**
Partner
kralbin@rampagelaw.com

<image001.png>

Confidentiality Notice: This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521 and is legally protected. If you are not the intended recipient, please destroy all copies of the original message and advise the sender of the erroneous transmission. Your cooperation is appreciated. Thank you.

**From:** Lauren Johnson <LJohnson@aclu.org>
**Sent:** Thursday, February 27, 2025 1:10 PM
**To:** Kelly R. Albin <kralbin@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>; Kristin N. Getty <kngetty@rampagelaw.com>
**Cc:** David Donatti <DDonatti@aclutx.org>; Cecilia Garza <cecilia@garzamartinezlaw.com>
**Subject:** RE: Follow up re: discovery; Gonzalez v. Ramirez + Scheduling Depositions

Hello Kelly,

Thank you for this response.

Regarding scheduling depositions, we would like to propose scheduling Abel Villareal and Hilda Garza on March 11 and 12. We would also like to schedule depositions of DA Ramirez and ADA Barrera for March 24 and March 25. Please let

us know if this works and we will plan accordingly.

Also, regarding the text messages we discussed at the meet and confer, we have disclosed all text messages relevant to DA Ramirez discussing the Plaintiff and indictment. We are also in receipt of your second set of RFPs and will respond pursuant to the rules.

Lauren

---

**From:** Kelly R. Albin <kralbin@rampagelaw.com>
**Sent:** Tuesday, February 25, 2025 6:27 PM
**To:** Lauren Johnson <LJohnson@aclu.org>; Ric J. Navarro <rjnavarro@rampagelaw.com>; Kristin N. Getty <kngetty@rampagelaw.com>
**Cc:** David Donatti <DDonatti@aclutx.org>; Cecilia Garza <cecilia@garzamartinezlaw.com>
**Subject:** RE: Follow up re: discovery; Gonzalez v.We understand that the investigator notes provided on 2/6/2025 are from Investigator Muniz. We understand that you will be making efforts to produce other investigator notes related to the investigation and Ramirez

Lauren,
Please see my responses in red.

Regarding our requests about policies and trainings, you shared that the Starr County office relies on Texas District Attorney Association trainings. You indicated you would confirm the name of the entity. Please also provide us with any responsive documents and information about these trainings or guidance materials. SCDA utilizes this as a resource for training, including sending prosectors to new prosecutor school: https://www.tdcaa.com/training/

We reiterated our requests regarding responsive text messages and emails, flagging our concerns based on learning of specific relevant text messages from DA Ramirez discussing the Plaintiff and indictment, which had not yet been disclosed by the defendants. As we discussed, we will be sending an update to our initial disclosures regarding those witnesses and related text messages shortly. We understand that you will also inquire again with the defendants about responsive text messages. We have received your supplemental disclosure. Thank you for sending those. I understood you to state in our meeting that you also had messages from Rosita Rocha, which were not included. Please produce those, as well. We are also working with our clients to verify that the manual searches were properly conducted.

As we discussed at the 2/18/25 meet and confer, we request specific documents within the scope of our discovery requests that we understand to exist but have not yet been produced:

- Brandy Voss text attachments from disclosed Gocha Ramirez texts
    I explained that what was embedded in the text is what we have.
- Documents held in the hand of Inv. Rosa when speaking with Martha Torres on the phone as shown in the BWC disclosed
    This is being searched
- Video of interview of Martha Torres by Inv. Aguirre (Aguirre's investigative report says he interviewed Martha Torres)
    The interview was not recorded
- Video of interview of CPS caseworker Daisy Perez by Inv. Guerra and Inv. Muniz
    This has been produced via Sharefile today
- Body cam or dash cam Video of Lizelle Arrest
    The only video of Lizelle post-indictment has been produced via Sharefile today
- 911 call
    This has been requested from the police department


Additionally, Cecilia and I are looking at depo dates for the witnesses who were previously subpoenaed. I propose 3/12 for Hilda Garza's depo. Is your team available?

**Kelly Albin**
Partner
kralbin@rampagelaw.com

<image001.png>
/


Confidentiality Notice: This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521 and is legally protected. If you are not the intended recipient, please destroy all copies of the original message and advise the sender of the erroneous transmission. Your cooperation is appreciated. Thank you.


**From:** Lauren Johnson <LJohnson@aclu.org>
**Sent:** Friday, February 21, 2025 7:44 PM
**To:** Kelly R. Albin <kralbin@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>; Kristin N. Getty <kngetty@rampagelaw.com>
**Cc:** David Donatti <DDonatti@aclutx.org>; Cecilia Garza <cecilia@garzamartinezlaw.com>

**Subject:** Follow up re: discovery; Gonzalez v. Ramirez

Hello Kelly,

We are writing this email to follow up on our ongoing discovery as discussed at our meet and confer call on 2/18/2024.

We are confirming receipt of 21 pdf'ed pages of emails for Sheriff Fuentes that you provided on 2/19/2025.

We understand that the investigator notes provided on 2/6/2025 are from Investigator Muniz. We understand that you will be making efforts to produce other investigator notes related to the investigation and prosecution of Plaintiff (Rosa, Aguirre, Capt. Fuentes, Juan Ramon Guerra Jr., others?)

Regarding our requests about policies and trainings, you shared that the Starr County office relies on Texas District Attorney Association trainings. You indicated you would confirm the name of the entity. Please also provide us with any responsive documents and information about these trainings or guidance materials.

We reiterated our requests regarding responsive text messages and emails, flagging our concerns based on learning of specific relevant text messages from DA Ramirez discussing the Plaintiff and indictment, which had not yet been disclosed by the defendants. As we discussed, we will be sending an update to our initial disclosures regarding those witnesses and related text messages shortly. We understand that you will also inquire again with the defendants about responsive text messages.

As we discussed at the 2/18/25 meet and confer, we request specific documents within the scope of our discovery requests that we understand to exist but have not yet been produced:
1. Brandy Voss text attachments from disclosed Gocha Ramirez texts
1. Documents held in the hand of Inv. Rosa when speaking with Martha Torres on the phone as shown in the BWC disclosed
1. Video of interview of Martha Torres by Inv. Aguirre (Aguirre's investigative report says he interviewed Martha Torres)
1. Video of interview of CPS caseworker Daisy Perez by Inv. Guerra and Inv. Muniz
1. Body cam or dash cam Video of Lizelle Arrest
1. 911 call

As we mentioned at our meet and confer, our review of the emails you provided

for the defendants is still ongoing. We plan to reach out to you next week if there are any additional requests based on our review.

Take care,

Lauren

**Lauren Johnson**
*Pronouns: she/her*
Director of the Abortion Criminal Defense Initiative
American Civil Liberties Union
Ljohnson@aclu.org
aclu.org
<image002.png>

<image003.png>

<image004.png>
*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

'

**WARNING:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

'

'

**WARNING:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

'

'

**WARNING:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

'

'

**WARNING:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

'

| | |
|---|---|
| **From:** | Lauren Johnson |
| **To:** | Kelly R. Albin; Ric J. Navarro |
| **Cc:** | David Donatti; Cecilia Garza; Gina G. Williams |
| **Subject:** | RE: Gonzalez v. Ramirez Follow up regarding ESI discovery |
| **Date:** | Wednesday, April 2, 2025 10:50:00 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |

Good morning, Kelly

The April 1 evening uploads from DA Ramirez phone do not include whats app messages. Please produce all responsive WhatsApp messages from DA Ramirez phone search or clarify why those have not been provided.

**From:** Kelly R. Albin <kralbin@rampagelaw.com>
**Sent:** Tuesday, April 1, 2025 7:57 PM
**To:** Lauren Johnson <LJohnson@aclu.org>; Ric J. Navarro <rjnavarro@rampagelaw.com>
**Cc:** David Donatti <DDonatti@aclutx.org>; Cecilia Garza <cecilia@garzamartinezlaw.com>; Gina G. Williams <ggwilliams@rampagelaw.com>
**Subject:** RE: Gonzalez v. Ramirez Follow up regarding ESI discovery

**This Message Is From an External Sender**
This message came from outside your organization.

Lauren,
The results from DA Ramirez's phone have been uploaded to Sharefile, which can be located with the same link that Plaintiffs' counsel has always had for discovery in this case. On that note, contrary to what you said in the letter dated 3/31, you were not provided a new link for documents 30 minutes into ADA Barrera's deposition. The documents pertaining to ADA Barrera, like the ones provided today, are available in the same place all production has been available throughout this case. And while I regret that we could not provide you with the documents for ADA Barrera sooner, you were notified at 8:42 a.m. that the documents were available to view; and getting the docs to you at that time required a significant effort from our team.

To answer your question about the search, all keywords were searched within messages on the device supported by Cellebrite, including iMessages, SMS/MMS, and third-party chat applications such as WhatsApp, Facebook Messenger, Instagram, Snapchat, Twitter, and other compatible apps, without any filters based on recipients. As ADA Barrera explained in her deposition, the original production was made based on the individuals' manual searches of their own devices. The forensic analysis used a more sophisticated tool, thus, different results.

With regard to additional production requests that you appear to be making via your letter,

please serve us with formal discovery so that we can respond pursuant to the Rules and
properly track requests and responses.

I'll see you Friday morning.
Take care,
Kelly


**Kelly Albin**
Partner
kralbin@rampagelaw.com



Confidentiality Notice: This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C.
§2510-2521 and is legally protected. If you are not the intended recipient, please destroy all copies of the original
message and advise the sender of the erroneous transmission. Your cooperation is appreciated. Thank you.

---

**From:** Kelly R. Albin
**Sent:** Tuesday, April 1, 2025 8:36 AM
**To:** Lauren Johnson <LJohnson@aclu.org>; Ric J. Navarro <rjnavarro@rampagelaw.com>
**Cc:** David Donatti <DDonatti@aclutx.org>; Cecilia Garza <cecilia@garzamartinezlaw.com>
**Subject:** RE: Gonzalez v. Ramirez Follow up regarding ESI discovery

Morning,
I will provide a more formal response to the letter later, but to be clear, I did not agree to
produce DA Ramirez's phone results by 3/31/25. I said it would be no later than Wednesday,
4/2/25.
Thanks,
Kelly

**Kelly Albin**
Partner
kralbin@rampagelaw.com



Confidentiality Notice: This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521 and is legally protected. If you are not the intended recipient, please destroy all copies of the original message and advise the sender of the erroneous transmission. Your cooperation is appreciated. Thank you.

**From:** Lauren Johnson <LJohnson@aclu.org>
**Sent:** Monday, March 31, 2025 3:45 PM
**To:** Kelly R. Albin <kralbin@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>
**Cc:** David Donatti <DDonatti@aclutx.org>; Cecilia Garza <cecilia@garzamartinezlaw.com>
**Subject:** Gonzalez v. Ramirez Follow up regarding ESI discovery

Kelly and Ric,

Please find attached a follow up letter regarding outstanding discovery, including outstanding cell phone search results. We hope to receive responsive productions today from you.

**Lauren Johnson**
*Pronouns: she/her*
Director of the Abortion Criminal Defense Initiative
American Civil Liberties Union
LJohnson@aclu.org
aclu.org 





*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

'

**WARNING:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

'

| | |
|---|---|
| **From:** | Lauren Johnson |
| **To:** | Ric J. Navarro; Cecilia Garza; David Donatti |
| **Cc:** | Kelly R. Albin; Kristin N. Getty |
| **Subject:** | RE: Gonzalez v Ramirez, et. al Follow Up re Discovery |
| **Date:** | Wednesday, March 19, 2025 1:13:03 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |

Please provide us with a date by which the defendants will be providing the requested documents.,

**From:** Ric J. Navarro <rjnavarro@rampagelaw.com>
**Sent:** Wednesday, March 19, 2025 12:35 PM
**To:** Lauren Johnson <LJohnson@aclu.org>; Cecilia Garza <cecilia@garzamartinezlaw.com>; David Donatti <DDonatti@aclutx.org>
**Cc:** Kelly R. Albin <kralbin@rampagelaw.com>; Kristin N. Getty <kngetty@rampagelaw.com>
**Subject:** RE: Gonzalez v Ramirez, et. al Follow Up re Discovery

**This Message Is From an External Sender**
This message came from outside your organization.

3/19/2025

I did not offer to provide you anything by tomorrow.

Ric J. Navarro
**DNRBS&Z, P.C.**
rjnavarro@rampagelaw.com

Confidentiality Notice: This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521 and is legally protected. If you are not the intended recipient, please destroy all copies of the original message and advise the sender of the erroneous transmission. Your cooperation is appreciated. Thank you.

**From:** Lauren Johnson <LJohnson@aclu.org>
**Sent:** Wednesday, March 19, 2025 11:32 AM
**To:** Ric J. Navarro <rjnavarro@rampagelaw.com>; Cecilia Garza <cecilia@garzamartinezlaw.com>; David Donatti <DDonatti@aclutx.org>
**Cc:** Kelly R. Albin <kralbin@rampagelaw.com>; Kristin N. Getty <kngetty@rampagelaw.com>
**Subject:** RE: Gonzalez v Ramirez, et. al Follow Up re Discovery

Thank you, Ric. We trust you will provide these documents by tomorrow 3/20. If not, please let us know what date you will produce these documents. As you know, we have depositions scheduled for 3/25-3/27 of next week.

**From:** Ric J. Navarro <rjnavarro@rampagelaw.com>
**Sent:** Tuesday, March 18, 2025 9:51 AM
**To:** Lauren Johnson <LJohnson@aclu.org>; Cecilia Garza <cecilia@garzamartinezlaw.com>;

David Donatti <DDonatti@aclutx.org>
**Cc:** Kelly R. Albin <kralbin@rampagelaw.com>; Kristin N. Getty <kngetty@rampagelaw.com>
**Subject:** RE: Gonzalez v Ramirez, et. al Follow Up re Discovery

3/18/2025

Dear Counsel:

     Kelly is out of the country this Spring Break week and is not scheduled to return until this weekend.  Her connectivity is spotty, but she will respond to you as she is able.
I plan to cover the depo of Esme Muniz next week and Kelly will cover the others. I am quite buried with work on other files so can not drop that to move to this.

Ric J. Navarro
**DNRBS&Z, P.C.**
rjnavarro@rampagelaw.com

Confidentiality Notice: This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521 and is legally protected. If you are not the intended recipient, please destroy all copies of the original message and advise the sender of the erroneous transmission. Your cooperation is appreciated. Thank you.

> **From:** Lauren Johnson <LJohnson@aclu.org>
> **Sent:** Monday, March 17, 2025 8:34 PM
> **To:** Kelly R. Albin <kralbin@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>; Kristin N. Getty <kngetty@rampagelaw.com>
> **Cc:** Cecilia Garza <cecilia@garzamartinezlaw.com>; David Donatti <DDonatti@aclutx.org>
> **Subject:** Gonzalez v Ramirez, et. al Follow Up re Discovery
>
> Dear Kelly,
>
> Based on Mr. Villareal's deposition testimony, we write to reiterate our prior discovery requests, but specifically want to request the following which we have reason to believe exist and are responsive to our requests but have not yet been produced:
> - Prosecution packet + check list related to Lizelle Gonzalez's case
> - DA Ramirez's handwritten notes related to Lizelle Gonzalez's case
> - WhatsApp communications to and from defendants (we understand from your 3/13 email that this will be part of the forensic search)
> - Starr County Employee handbook
> - Policies regarding use of computers for personal work
> - Time sheets for the defendants from January 1- April 15, 2022
>
> Additionally, we wanted to raise these other related discovery questions below.
> - Mr. Villareal testified about the case management system, "Judicial

Dialogue" which would have been used at the time of Lizelle's investigation and indictment. Has this case management platform been searched for responsive documents in this case?

- Two of the attachments we requested were not part of what you produced on 3/11/25. We reiterate our request for Attachments "doc1.pdf" & "doc2.pdf" for AB000746.
- Please provide us with a status update on when we can receive results of the forensic searches.

Thank you. Please let us know if we should jump on a call to discuss any of this.

Best,

Lauren Johnson

**Lauren Johnson**
*Pronouns: she/her*
Director of the Abortion Criminal Defense Initiative
American Civil Liberties Union
Ljohnson@aclu.org
aclu.org



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

**WARNING:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**WARNING:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

GARZA MARTINEZ LAW

**I. Cecilia Garza**
✉ Cecilia@garzamartinezlaw.com

**Veronica Sepulveda Martinez**
✉ Veronica@garzamartinezlaw.com

April 2, 2025

**VIA E-MAIL**
Ricardo J. Navarro
Kelly Albin
Denton Navarro Rodriguez Bernal Santee & Zech, P.C.
Counsel for Defendants

Re: Gonzalez v. Starr County, *et al.*, 7:24-CV-00132 (U.S. District Court, SDTX)

Counsel,

Please allow this correspondence to serve as Plaintiff's deficiency notice that summarizes our understanding of the current status of your clients' responses to Plaintiff's First Set of Discovery Requests and reiterates outstanding discovery requests.

For reference, Plaintiff's First Set of Discovery Requests were served on September 13, 2024. Plaintiff's counsel has been conferring with Defense counsel since that time, including, e.g., emails on October 29, 2024, November 15, 2024, and December 4, 2024. It is our position that the discovery referenced in this letter should have been provided in the initial production to Plaintiff. Thus, Plaintiff will not be issuing a new RFP for the deficient productions.

We are prepared to meet and confer about any of these issues that are unclear to you, and we ask that you produce responsive documents immediately. A chart of deficiencies has been included in relevant sections of this letter for Defendants' convenience.

**Requests Regarding ADA Villarreal's Deposition on March 12, 2025**

**RFP 1**: At ADA Abel Villarreal's deposition on March 12, 2025, ADA Villarreal testified about DA Ramirez's handwritten notes regarding the Indictment, Arrest, Dismissal of Lizelle Gonzalez and the handwritten materials he created while preparing the press release to dismiss the criminal charges against Lizelle Gonzalez. Plaintiff's Counsel requested these notes in an email to Defendants' Counsel on March 17, 2025. These notes are responsive to Plaintiff's RFP 1 which requested "all Documents you created, reviewed, sent, or received related to the Investigation, Indictment, Arrest, or Dismissal, including but not limited to any investigator notes." Please produce DA Ramirez's handwritten notes pertaining to Plaintiff's criminal investigation and prosecution and provide a privilege log if Defendants withhold any responsive material.

**RFP 2:** At his deposition, ADA Villarreal referenced the prosecution packet and checklist for Lizelle Gonzalez's criminal case. Further, ADA Villarreal testified about the use of a case management system "Judicial Dialog." Plaintiff's Counsel requested this packet and searches of

**Edinburg Office**
202 E. Sprague Street
Edinburg, Texas 78539

956.335.4900

956.338.5700

www.garzamartinezlaw.com

**Mission Office**
504 E. 9th Street, Ste. A
Mission, Texas 78572

Counsel
Page 2 of 5

Dialog in an email to Defendants' Counsel on March 17, 2025. Please run a search of this platform for any material related to the Indictment, Arrest, and Dismissal in Lizelle Gonzalez's criminal matter. This material is responsive to Plaintiff's RFP 2 which requested "Complaints, case files, submissions, or testimony you created, reviewed, sent, or received related to the Investigation, Indictment, Arrest, and Dismissal." Please produce the prosecution packet and checklist for Plaintiff's criminal case and provide a privilege log if Defendants withhold any responsive material.

**RFP 11:** ADA Villarreal also referenced multiple office policies in his deposition testimony. Plaintiff requested production of the Starr County Employee Handbook, office policies regarding Investigators' use of computers for personal work.  Plaintiff's Counsel requested these notes in an email to Defendants' Counsel on March 17, 2025. These materials are responsive to RFP 11 which requests "all Documents related to the District Attorney's Office's policies and practices concerning investigations or prosecutions, including but not limited to codes, handbooks, processes, Communications, training materials, or other professional materials that you created, reviewed, received, or sent during your employment." Please produce responsive office policies including the Starr County Employee Handbook and provide a privilege log if Defendants withhold any responsive material.

## ESI Deficiencies for Defendant Barrera's Email Production

**General Deficiency:** Pursuant to our email on March 6, 2025, Plaintiff requested email attachments from Defendant Barrera's February 10, 2025 production of emails without attachments. Defense Counsel produced attachments on March 11, 2025, alleging redacted production of "doc1.pdf" and "doc2.pdf" found in AR000746. It appears that these documents were not uploaded with the rest of the attachments Defense counsel provided. Please produce "doc1.pdf" and "doc2.pdf" or provide a privilege log if Defendants withhold responsive material.

**RFP 17:** This material may be responsive to Plaintiff's RFP. 17 which requests "all Communications you created, reviewed, sent, or received from or to individuals in the District Attorney's Office and the Sheriff's Office related to the Investigation, Indictment, Arrest, Bail, and Dismissal."

## Requests Regarding Defendant ADA Barrera's Deposition on March 27, 2025

**RFP 17:** At Defendant Barrera's deposition on March 27, 2025, Defendant referenced calendar invites for meetings regarding the Indictment, Arrest, and Dismissal in Lizelle Gonzalez's criminal matter. This material is responsive to Plaintiff's RFP. 17 which requests "all Communications you created, reviewed, sent, or received from or to individuals in the District Attorney's Office and the Sheriff's Office related to the Investigation, Indictment, Arrest, Bail, and Dismissal." Please produce these calendar invitations and provide a privilege log if Defendants withhold any responsive material.

Counsel
Page 3 of 5

**ESI Deficiencies for Defendant Barrera March 27, 2025 Production**

**General Deficiency:** Pursuant to our email on March 31, 2025, in this production, portions of page numbers are missing, sections are redacted without explanation to the point that Plaintiff cannot tell if they include any responsive material, and attachments are missing. No pages are Bates stamped.

As an example of page numbering difficulties, Defendant's production does not include pages 7-57 for any conversation between Defendant Barrera and any other recipient. In the conversation between Defendant Barrera and Roy Pena, pages are numbered from 1-6 and the final pages are completely redacted, including page numbers. In the conversation between Defendant Barrera and Rafael Aguirre the page numbers run from 1-5. Page numbering picks up at page 58 with Defendant Barrera's conversation with the Starr County District Attorneys' group chat. A chart of similarly missing pages is included below. Please produce all pages of the extraction report for any recipient and please reproduce all extraction report pages individually Bates stamped or provide an explanation, including a privilege log, for why these pages have been withheld.

In this production, Defendant Barrera produced none of the attachments included in her texts or WhatsApp messages.

**RFP 17:** This material is responsive to Plaintiff's RFP. 17 which requests "all Communications you created, reviewed, sent, or received from or to individuals in the District Attorney's Office and the Sheriff's Office related to the Investigation, Indictment, Arrest, Bail, and Dismissal." Please produce the missing messages and attachments or explain why they have not been produced.

**Missing Pages, Redactions, Attachments from Barrera Phone Search (3.27.25 ESI Production)**

| PDF Name | Pages or Attachments missing and over redaction |
|---|---|
| **Sections of pages not produced in any PDF** | 7-57; 65-78; 128-786; 789-1060; 1067-1338; 1097-2049 |
| **AB Text with Calixtro Villarreal** | P 1096 attachment |
| | P 1339 – 1351 are missing; next pg # redacted & skips to 1089 |
| | Majority of pages are redacted, including page numbers |
| **AB Text with DAO** | P 62 missing |
| **AB Text with Inv. Muniz** | P 92-95 missing |
| | P 96 redacted |
| | P 104 redacted |
| | P 105 missing |
| | P 108-109 missing |
| | P 115 photo attachment |
| | P 123 photo attachment |

Counsel
Page 4 of 5

| AB WhatsApp 1 | P 2126 missing |
|---|---|
| Ab Text with Sgt. Aguirre | P 2 redacted |
| | P 6 says there are 7 attachments |
| Detective Roy Pena Redacted | P 7-11 redacted |
| AB text with Bernice Garza | P 1066 attachment |

### ESI Deficiencies for Defendant Ramirez April 1, 2025 Production

**General Deficiency:** Pursuant to our email on April 2, 2025, in this production, no WhatsApp messages were produced, portions of page numbers are missing, sections are redacted without explanation to the point that Plaintiff cannot tell if they include any responsive material, and attachments are missing. No pages are Bates stamped.

Please produce Defendant Ramirez's WhatsApp messages for the time period January 1 – April 30, 2022 or explain why no WhatsApp messages have been produced.

In this production, Defendant Ramirez's texts in response to Abel Villarreal's texts are missing. This production does not include text messages Plaintiff knows were sent to and from this number between Defendant Ramirez and Becky Ann Rocha regarding Plaintiff's Indictment, Arrest, and Dismissal. Plaintiff produced these messages and Defendant Barrera acknowledged reviewing them in her deposition testimony on March 27, 2025. Please confirm that texts with Ms. Rocha were searched for in the CelleBrite search, and/or provide an explanation for why these responsive text messages were not included in the April 1 production.

In this production, Defendant Ramirez produced none of the attachments included in his texts.

**RFP 17:** This material is responsive to Plaintiff's RFP. 17 which requests "all Communications you created, reviewed, sent, or received from or to individuals in the District Attorney's Office and the Sheriff's Office related to the Investigation, Indictment, Arrest, Bail, and Dismissal." Please produce the missing messages and attachments or explain why they have not been produced.

**Missing Pages, Redactions, Attachments from Ramirez Phone Search (4.1.25 ESI Production)**

| PDF Name | Pages |
|---|---|
| **Pages not produced in any PDF** | 1, 3-7, 10-57, 62-135, 138-154, 156-166, 168-195, 203-274, 278-306, 310-321, 325-326, anything after 329 |
| **GAR text with Abel Villarreal** | P 196 Attachment |
| | P 197 Attachment |

Counsel
Page 5 of 5

|  | P 198 Attachment |
|---|---|
|  | P 199 attachment |
|  | P 200 attachment |
|  | P 201 attachment |
| **GAR text with Alexandria Barrera** | P 167 attachment |
| **GAR text with Bernie** | P 277 attachments |
| **GAR text with I Ramirez** | P 8 attachments |
| **GAR text with Sheriff Fuentes** | P 329 attachment |

I appreciate your prompt attention to these discovery issues. Should you have any questions or concerns, please do not hesitate to contact us.

Thank you,

I. Cecilia Garza



April 29, 2025

Ida Cecilia Garza                                          Via Email
Veronica Sepulveda Martinez
GARZA MARTINEZ, PLLC

Adriana Piñon                                             Via Email
David A. Donatti
Lauren Alicia Johnson
AMERICAN CIVIL LIBERTIES UNION

Re:    *Gonzalez v. Starr County et al*.; Defendants' Position on Status of Phase I Discovery and
       Defendants' Response to Plaintiff's Discovery Complaint letters Dated April 2, 2025 and
       April 17, 2025.

Dear Counsel:

This letter states Defendants' position on discovery in this case, and provides responses to your
discovery complaints as stated in your April 2, 2025 and April 17, 2025 letters. For context, the
relevant background is outlined, as well.

## I.    SUMMARY OF DISCOVERY

On September 3, 2024, Judge Tipton entered a Scheduling Order, noting that:

> On July 24, 2024, the Court denied the defendants' motions to dismiss without prejudice.
> *See* Minute Entry, July 24, 2024. The Court ordered the parties to confer and submit an
> agreed proposed discovery schedule to address the defendants' assertions of immunity. *Id*.
> Pursuant to the Parties' Joint Motion for Entry of a Proposed Discovery Schedule, the Court
> issues this Agreed Discovery Scheduling Order." Doc. 49.

The parties agreed to complete immunity-related discovery by January 17, 2024.

On September 13, 2024, Defendants Ramirez, Barrera, and Fuentes were each served with separate
sets of Interrogatories, Request for Production and Request for Admissions.

On October 7, 2024, Defendants served Plaintiff with their Objections and Responses to Plaintiff's
First Request for Admissions. On October 8, 2024, Defendants served Plaintiff with their
Objections and Responses to Plaintiff's Phase One Interrogatories. On October 15, 2024,
Defendants served Plaintiff with their Objections and Responses to Plaintiff's First Request for
Production.

Many of the RFP requests were met with an objection that they were overbroad and lacked
parameters to make the request compliant with Rule 26. The individual Defendants performed
manual searches on their phones for communications related to Plaintiff's case. Following several
exchanges and discussions about the scope of discovery during which Defendants' counsel

*Lizelle Gonzalez v Starr County et al.*
Defendants' Response to Plaintiff's April 2nd and April 17th Discovery Complaint letters
April 29, 2025
Page  -2-
================

explained their position that production would not be done for certain RFPs until the objections were cured.

On November 15, 2024, Plaintiff made certain proposals to limit discovery in response to the objections, including limiting RFPs for Defendants' communications to the following keywords and persons:

- Lizelle / Lizzele / Lizele
- Herrera
- Gonzalez
- Abortion
- Texas Senate Bill 8
- SB 8 / SB8 / S.B. 8 / S.B.8
- Texas Heartbeat Act + Heartbeat Bill
- "Whole Woman's Health"
- Pregnant/pregnancy
- Endangerment of a fetus
- Fetus
- Fetal Demise
- "Baby" within 20 words of "unborn"
- Unborn
- Miscarriage
- Cremate / Cremated / Crematory / Cremation
- Abortion pill
- Cytotec
- Misoprostol
- Medication abortion
- Self induced / self-induced / self-managed / self managed
- Obstetrician / OB / OB/GYN / OB-GYN / Obstetric
- Calixtro Villareal
- 19.01
- 19.02
- 19.06
- Homicide
- Murder
- Press conference
- (Dr. OR Doctor) within two words of "Ramirez"
- (Dr. OR Doctor) within two words of "Lozano"
- Starr County Memorial Hospital
- SCMH

For the following people, please also search for any nickname or other name people commonly use for them:

*Lizelle Gonzalez v Starr County et al.*
Defendants' Response to Plaintiff's April 2nd and April 17th Discovery Complaint letters
April 29, 2025
Page -3-
================

- Luis Ramirez
- Rodolfo Lozano
- Norma Aguirre
- Paula Arrambide
- Martha Torres
- Brandy Voss
- Roy Pena
- Daisy Perez

On December 2, 2024, Defendants responded that while not agreeing to all of Plaintiff's requests outlined in the November 15, 2024 letter, Defendants did agree to produce outgoing emails from the named Defendants that contained the keywords Plaintiff proposed and were related to this case. Defendants' letter provided a detailed breakdown of how the search was conducted and a summary of the results. The letter explained: DATABASE USED: OUTGOING EMAILS FROM THE STARR COUNTY EMAIL PERTAINING TO GOCHA ALLEN RAMIREZ; ALEXANDRIA BARRERA; AND SHERIFF RENE FUENTES; FOR THE TIME PERIOD 10/1/2021 THROUGH 7/1/2022 IN .PST FORMAT. SEARCH TERMS ARE THOSE PRPOSED BY PLAINTIFF'S COUNSEL VIA A LETTER DATED 11/15/2024. SEARCHES DONE BY ATTORNEY R.J. NAVARRO AND BY PARALEGAL KRISTIN N. GETTY.

Based on the initially asserted objections, Defendants did not agree to any further discovery related to Defendants' communications.

On December 6, 2024, Plaintiff sent a letter to Judge Tipton asking for Court intervention to resolve discovery, including whether Defendants were required to produce additional communications.

On January 7, 2025, Plaintiff also filed an opposed motion for extension of the scheduling order.

On January 8, 2025—a week before discovery was scheduled to end—Plaintiff also noticed and/or subpoenaed ten witnesses for deposition.

On January 9, 2025, Defendants filed a Motion to Quash the Depositions.

On January 10, 2025, the Court took up Plaintiff's discover letter and Motion to Extend Deadlines and Defendants' Motion to Quash. The Court ordered the parties to submit an agreed scheduling order, to complete the depositions that had been noticed/subpoenaed within a reasonable time and ordered Defendants to produce incoming emails and text messages that included the agreed keywords and recipients and were sent or received between January 1, 2022 and April 30, 2022.

On January 22, 2025, the Court entered an Agreed Modified Discovery Scheduling Order. Under the AMDSO, the deadline to complete phase one discovery was **March 28, 2025**, including depositions, with a possible extension to accommodate discover disputes.

On February 6, 2025, Defendants Ramirez and Barrera served amended discovery response that withdrew previously asserted objections based on privilege.

*Lizelle Gonzalez v Starr County et al.*
Defendants' Response to Plaintiff's April 2nd and April 17th Discovery Complaint letters
April 29, 2025
Page -4-
=================

During a conference on April 14, 2025, the parties tentatively agreed to extend the deadline for depositions through **June 16, 2025**.

Because the District Attorney and Assistant District Attorney do not have County-issued phones subject to search by the County, in a gesture of good faith both DA Ramirez and ADA Barrera agreed to allow a third-party forensic examiner to image and search their phones for communications on any platform that contained any of the agreed-upon keywords during the time period ordered by the Court. Those results have been produced.

## II.    DEFENDANTS' POSITION ON STATUS OF DISCOVERY

Defendants' position on Phase 1 discovery generally is that Plaintiff has stretched the permissible boundary well-past the appropriate stopping point. Plaintiff has been on a fishing expedition since the beginning of this case and Defendants do not believe any further discovery, beyond completing the initial list of depositions, is warranted.

## III.    SPECIFIC RESPONSE TO PLAINTIFF'S DEFICIENCY LETTER DATED APRIL 2, 2025

**PLAINTIFF'S COMPLAINT re RFP 1:** At ADA Abel Villarreal's deposition on March 12, 2025, ADA Villarreal testified about DA Ramirez's handwritten notes regarding the Indictment, Arrest, Dismissal of Lizelle Gonzalez and the handwritten materials he created while preparing the press release to dismiss the criminal charges against Lizelle Gonzalez… Please produce DA Ramirez's handwritten notes pertaining to Plaintiff's criminal investigation and prosecution and provide a privilege log if Defendants withhold any responsive material.

> **DEFENDANTS' RESPONSE:** What ADA Villarreal actually stated was that "*Yeah. So -- so based on the language, I'm -- I believe what happened here was that Gocha wrote it out. He tends to write out things in, like, a notepad, and then somebody types it out, because I -- I don't understand his writing. He writes cursive, so for me, it's kind of difficult. But I think what happened here is he, I think, wrote it out. It was typed out, and then I believe I put it in this format here…Because I don't -- he -- he's not as savvy on how to create the document itself.*" Villarreal Dep. 203:14-25

> ADA Villarreal testified that the press release *may* have been drafted by hand and then transcribed back in April 2022. DA Ramirez has searched for note and responds as follows: No handwritten notes regarding the press release have been found.

**PLAINTIFF'S COMPLAINT re RFP 2:** Please run a search of this platform [Judicial Dialogue] for any material related to the Indictment, Arrest, and Dismissal in Lizelle Gonzalez's criminal matter. This material is responsive to Plaintiff's RFP 2 which requested "Complaints, case files, submissions, or testimony you created, reviewed, sent, or received related to the Investigation, Indictment, Arrest, and Dismissal." …. Please produce the prosecution packet and checklist for

*Lizelle Gonzalez v Starr County et al.*
Defendants' Response to Plaintiff's April 2nd and April 17th Discovery Complaint letters
April 29, 2025
Page  -5-
================

Plaintiff's criminal case and provide a privilege log if Defendants withhold any responsive material.

>    **DEFENDANTS' RESPONSE:** DA Ramirez has searched for records in Judicial Dialogue and responds as follows: Documents in Judicial Dialogue have already been produced as the DA's case file.

**PLAINTIFF'S COMPLAINT re RFP 11:** ADA Villarreal also referenced multiple office policies in his deposition testimony. Plaintiff requested production of the Starr County Employee Handbook, office policies regarding Investigators' use of computers for personal work… Please produce responsive office policies including the Starr County Employee Handbook and provide a privilege log if Defendants withhold any responsive material.

>    **DEFENDANTS' RESPONSE:** ADA Villarreal actually testified that there are no policies regarding use of computers for personal work and that there are policies for investigators generally. Villarreal Dep. 68:18-69:15. The investigator's policies have been produced via Sharefile.

---

**PLAINTIFF'S COMPLAINT re ESI Deficiencies for Defendant Barrera's Email Production**

**General Deficiency**: Pursuant to our email on March 6, 2025, Plaintiff requested email attachments from Defendant Barrera's February 10, 2025 production of emails without attachments. Defense Counsel produced attachments on March 11, 2025, alleging redacted production of "doc1.pdf" and "doc2.pdf" found in AR000746. It appears that these documents were not uploaded with the rest of the attachments Defense counsel provided. Please produce "doc1.pdf" and "doc2.pdf" or provide a privilege log if Defendants withhold responsive material.

>    **DEFENDANTS' RESPONSE:** These documents, which are completely unrelated to this case, have been produced in an effort to demonstrate that Plaintiff's fishing expedition is baseless.

---

**PLAINTIFF'S COMPLAINT re Defendant ADA Barrera's Deposition on March 27, 2025**

**RFP 17:** At Defendant Barrera's deposition on March 27, 2025, Defendant referenced calendar invites for meetings regarding the Indictment, Arrest, and Dismissal in Lizelle Gonzalez's criminal matter. This material is responsive to Plaintiff's RFP. 17 which requests "all Communications you created, reviewed, sent, or received from or to individuals in the District Attorney's Office and the Sheriff's Office related to the Investigation, Indictment, Arrest, Bail, and Dismissal." Please produce these calendar invitations and provide a privilege log if Defendants withhold any

*Lizelle Gonzalez v Starr County et al.*
Defendants' Response to Plaintiff's April 2nd and April 17th Discovery Complaint letters
April 29, 2025
Page -6-
================

responsive material.

> **DEFENDANTS' RESPONSE:** ADA Barrera actually testified that she started using her Outlook calendar in 2023 or 2024 and that she had not calendar meetings about this case, except meetings with her lawyers about the litigation. Barrera Dep. 31:8-32:2. Appointments to discuss the lawsuit with her legal counsel are not relevant to, nor related to the questions of immunity.

---

**PLAINTIFF'S COMPLAINT re ESI Deficiencies for Defendant Barrera March 27, 2025 Production**

**General Deficiency:** Pursuant to our email on March 31, 2025, in this production, portions of page numbers are missing, sections are redacted without explanation to the point that Plaintiff cannot tell if they include any responsive material, and attachments are missing. No pages are Bates stamped.

> **DEFENDANTS' RESPONSE:** As previously explained, the forensic analyst ran searches for the agreed upon keywords. All of the text threads where a keyword was found—not just the single message containing the keyword—were combined into a single large PDF file and the unrelated messages redacted. For threads where there were multiple pages of unresponsive text messages in between messages with responsive content, the pages where extracted in their entirety so that staff did not have to go through and redact the messages individually. The responsive content has been provided. The "missing pages" and redacted pages are simply pages or messages that contain no content related to the case and will not be produced. As a reminder, the keywords that Plaintiff insisted on include words like "homicide" and "pregnant." ADA Barrera was a felony prosecutor handling homicide cases at the time and she was also pregnant. This is her personal phone and contained a significant volume of messages that had a keyword, like "pregnant" but were personal and had nothing to do with this case.
>
> Regarding the attachments, there are not seven attachments reflected in the Aguirre chat. Plaintiff is misreading the document.
>
> With regard to the following: GAR text with Abel Villarreal, P 201 attachment; GAR text with Alexandria Barrera, P 167 attachment; GAR text with Bernie, P 277 attachments; GAR text with I Ramirez, P 8 attachments; GAR text with Sheriff Fuentes, P 329 attachments—These are all news story hyperlinks that can be copied and pasted into the browser. They are not attached documents and there is nothing to produce.
>
> The remaining attachments that you identified have been produced.

---

*Lizelle Gonzalez v Starr County et al.*
Defendants' Response to Plaintiff's April 2nd and April 17th Discovery Complaint letters
April 29, 2025
Page -7-
=================

**PLAINTIFF'S COMPLAINT re ESI Deficiencies for Defendant Ramirez April 1, 2025 Production**

**General Deficiency:** Pursuant to our email on April 2, 2025, in this production, no WhatsApp messages were produced, portions of page numbers are missing, sections are redacted without explanation to the point that Plaintiff cannot tell if they include any responsive material, and attachments are missing. No pages are Bates stamped. Please produce Defendant Ramirez's WhatsApp messages for the time period January 1 – April 30, 2022 or explain why no WhatsApp messages have been produced. In this production, Defendant Ramirez's texts in response to Abel Villarreal's texts are missing. This production does not include text messages Plaintiff knows were sent to and from this number between Defendant Ramirez and Becky Ann Rocha regarding Plaintiff's Indictment, Arrest, and Dismissal. Plaintiff produced these messages and Defendant Barrera acknowledged reviewing them in her deposition testimony on March 27, 2025. Please confirm that texts with Ms. Rocha were searched for in the CelleBrite search, and/or provide an explanation for why these responsive text messages were not included in the April 1 production. In this production, Defendant Ramirez produced none of the attachments included in his texts.
RFP 17: This material is responsive to Plaintiff's RFP. 17 which requests "all Communications you created, reviewed, sent, or received from or to individuals in the District Attorney's Office and the Sheriff's Office related to the Investigation, Indictment, Arrest, Bail, and Dismissal."
Please produce the missing messages and attachments or explain why they have not been produced.

> **DEFENDANTS' RESPONSE**: See Response to Complaint re ESI Deficiencies for ADA Barrera above regarding why there are "missing pages" and redacted messages. Regarding WhatsApp messages, as has already been explained, the forensic review found no WhatsApp content on DA Ramirez's phone for the timeframe ordered by the Court. Regarding messages with Becky Rocha, those messages, which were exchanged in April 2022—approximately two years before the lawsuit was first filed—were not found in the phone analysis. Plaintiff had the opportunity to ask DA Ramirez directly about this during his deposition on April 7, 2025.

## IV.    SPECIFIC RESPONSE TO PLAINTIFF'S SUPPLEMENT TO DEFICIENCY LETTER DATED APRIL 17, 2025

**PLAINTIFF'S COMPLAINT RE ESI DEFICIENCIES FOR DEFENDANT FUENTES'S PHONE PRODUCTION**
Please submit Sheriff Fuentes's work phone to the Cellebrite technician for a comprehensive third-party search.

> **DEFENDANTS' RESPONSE:** Plaintiff may not demand that a third-party is used to review Sheriff Fuentes County-issued phone. IT Director Abel Barrera ran the keyword search from the relevant time period on the Sheriff's phone and there were no results. There

*Lizelle Gonzalez v Starr County et al.*
Defendants' Response to Plaintiff's April 2nd and April 17th Discovery Complaint letters
April 29, 2025
Page -8-
================

is one correction to what was discussed in the April 14th conference regarding the earliest messages found on the phone. IT Director Barrera states that his search shows the earliest data found on Sheriff Fuentes' phone was July 2022 (iMessages) and September 2022 (WhatsApp). The IT Director's search method and results will be described in more detail in a forthcoming declaration.

## PLAINTIFF'S COMPLAINT RE ESI DEFICIENCIES FOR DEFENDANT RAMIREZ'S PHONE PRODUCTION

At Defendant Gocha Ramirez's deposition on April 7, 2025, he testified that he uses WhatsApp, as is also evident in Defendant Barrera's production which includes WhatsApp messages with Mr. Ramirez, including about meetings regarding Plaintiff's case. Defendant Ramirez also testified that WhatsApp is downloaded onto his phone. During the April 14 2025, meet and confer, Defendants' Counsel said they are not sure why those message threads are not appearing in the Cellebrite search. Please produce an affidavit from Cellebrite indicating that no WhatsApp data was found in connection with the Cellebrite report.

> **DEFENDANTS' RESPONSE:** This misrepresents the statements made in the April 14th conference. Once again, Plaintiff filed her lawsuit two years after the incidents about which she is complaining. Further, Plaintiff had the opportunity to ask DA Ramirez questions about this during his deposition on April 7, 2024, which she did. Defendants do not have any response that is different from what DA Ramirez has testified to.

## PLAINTIFF'S COMPLAINT RE REQUEST REGARDING FOR DEFENDANT RAMIREZ'S EMAIL EXCHANGE WITH THE GRIEVANCE COMMITTEE

At Defendant Ramirez's deposition on April 7, 2025, Plaintiff's counsel introduced the Plaintiff's Exhibit 38 ("DEFENDANTS 000197-200") which is an e-mail exchange between Defendant Ramirez and Clayton Hackett, the Assistant Disciplinary Counsel for the State Bar of Texas…. The only e-mail exchange before that one wherein Defendant Ramirez and Mr. Hackett discuss the panel's recommendation can be found in "DEFENDANTS 000186." However, that e-mail exchange comprises solely of Defendant Ramirez trying to get in touch with Mr. Hackett. They do not discuss Defendant Ramirez's counteroffer to the panel's recommendation. If there are earlier e-mails wherein Defendant Ramirez discusses his proposed counteroffer to the panel's recommendation that was not previously produced, please produce those e-mails.

> **DEFENDANTS' RESPONSE:** DA Ramirez has searched for emails with Mr. Hackett and all emails in his possession have been produced.

## PLAINTIFF'S COMPLAINT RE THE DISTRICT ATTORNEY'S OFFICE FILES

At Defendant Ramirez's deposition on April 7, 2025, he testified that he had given the Attorney General's Office a USB drive of files related to the investigation, indictment, and arrest of Lizelle Gonzalez, and asked the AG's office for an open records letter ruling. In his deposition, Defendant Ramirez explained that the USB Drive contained the investigative file and other relevant

*Lizelle Gonzalez v Starr County et al*.
Defendants' Response to Plaintiff's April 2nd and April 17th Discovery Complaint letters
April 29, 2025
Page  -9-
================

documents for the criminal case against Ms. Gonzalez, and that he was not certain which files were on the USB Drive….Please provide the USB drive or all files contained on the USB drive, or state whether the USB drive no longer exists and, if so, when and how it ceased to exist.

> **RESPONSE**: Materials sent to the Attorney General's Office regarding a public information request are not relevant to this lawsuit. Neither DA Ramirez nor ADA Barrera created a copy of the USB drive described in Plaintiff's complaint. If there was a copy of the USB drive that was sent to the AG made and is located, it will be reviewed for relevant content.

Respectfully submitted,

*Kelly R. Albin*

_____
Ricardo J. Navarro
Kelly R. Albin
COUNSEL FOR DEFENDANTS

| | |
|---|---|
| **From:** | Lauren Johnson |
| **To:** | Kelly R. Albin; Cecilia Garza; David Donatti |
| **Cc:** | Aaron Gonzales; Ric J. Navarro |
| **Subject:** | RE: Defendants" Response to Plaintiff"s Discovery Complaint letters dated April 2nd and April 17th |
| **Date:** | Wednesday, May 7, 2025 4:59:00 PM |
| **Attachments:** | image001.png |

Hi Kelly, we are planning on 4 total additional depositions in this phase.

**From:** Kelly R. Albin <kralbin@rampagelaw.com>
**Sent:** Wednesday, May 7, 2025 2:30 PM
**To:** Lauren Johnson <LJohnson@aclu.org>; Cecilia Garza <cecilia@garzamartinezlaw.com>; David Donatti <DDonatti@aclutx.org>
**Cc:** Aaron Gonzales <amgonzales@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>
**Subject:** RE: Defendants' Response to Plaintiff's Discovery Complaint letters dated April 2nd and April 17th

> **This Message Is From an External Sender**
> This message came from outside your organization.

Lauren,
For planning purposes, are these the last three being taken by Plaintiff for Phase I discovery?
Thanks,
Kelly

**Kelly Albin**
Partner
kralbin@rampagelaw.com



San Antonio | Rio Grande Valley | Austin | Texas Gulf Coast
549 N. Egret Bay Blvd., Suite 200 | League City, Texas 77573-3237
O 832-632-2102 | F 832-632-2134

Confidentiality Notice: This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521 and is legally protected. If you are not the intended recipient, please destroy all copies of the original message and advise the sender of the erroneous transmission. Your cooperation is appreciated. Thank you.

**From:** Lauren Johnson <LJohnson@aclu.org>
**Sent:** Wednesday, May 7, 2025 12:02 PM
**To:** Kelly R. Albin <kralbin@rampagelaw.com>; Cecilia Garza <cecilia@garzamartinezlaw.com>; David Donatti <DDonatti@aclutx.org>

**Cc:** Aaron Gonzales <amgonzales@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>
**Subject:** RE: Defendants' Response to Plaintiff's Discovery Complaint letters dated April 2nd and April 17th

Hello Kelly and Ric,

I hope things are well on your end. We look forward to the affidavit for the IT professional you referenced in your April 30, 2025 Response letter. We wanted to raise that in his deposition on May 2, 2025, Capt. Fuentes indicated that sheriff office phones are backed up. We would hope that the IT affidavit will also speak to backup searches.

Additionally, as we move forward with planning other depositions, can you please provide us with availability of Judith Solis, Sheriff Rene Fuentes, and DA Investigator Trinidad Lopez for later this month into mid-June?

Thanks,

Lauren

---

**From:** Kelly R. Albin <kralbin@rampagelaw.com>
**Sent:** Wednesday, April 30, 2025 12:08 AM
**To:** Cecilia Garza <cecilia@garzamartinezlaw.com>; Lauren Johnson <LJohnson@aclu.org>; David Donatti <DDonatti@aclutx.org>
**Cc:** Aaron Gonzales <amgonzales@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>
**Subject:** Defendants' Response to Plaintiff's Discovery Complaint letters dated April 2nd and April 17th

All,
Please see attached.
Thanks,
Kelly

**Kelly Albin**
Partner
kralbin@rampagelaw.com



Confidentiality Notice: This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521 and is legally protected. If you are not the intended recipient, please destroy all copies of the original message and advise the sender of the erroneous transmission. Your cooperation is appreciated. Thank you.

'

**WARNING:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

'

**From:** Lauren Johnson
**To:** Kelly R. Albin; Ric J. Navarro; Kristin N. Getty; Aaron Gonzales
**Cc:** Cecilia Garza; David Donatti
**Subject:** Gonzalez v. Ramirez et al - re: Discovery
**Date:** Friday, May 9, 2025 6:21:00 PM
**Attachments:** image001.png
image002.png
image003.png

Dear Counsel,

We received Defendants' April 29 response to Plaintiff's discovery deficiency letters. In light of Defendants' stated inability to locate relevant ESI on their own devices and evidence that some Defendants have deleted ESI related to this litigation, Plaintiff asks Defendants to agree to the following limited searches of three County-issued phones used by non-parties to locate ESI identified during depositions. We hope the parties can agree to this request so that we do not have to seek relief from the Court.

Specifically, Plaintiff requests that Defendants conduct a Cellebrite extraction of the County-issued phones used by Investigator Esmeralda Muniz, Investigator Rafael Aguirre, and Captain Lenard Fuentes for any text messages or WhatsApp communications that include the Defendants, using the previously-agreed-upon search terms and timeframe for conversations. This material is responsive to Plaintiff's RFP requesting "[a]ll Communications you created, reviewed, sent, or received from or to individuals in the District Attorney's Office and the Sheriff's Office related to the Investigation, Indictment, Arrest, Bail, and Dismissal." *See* Pl.'s First Set of Discovery Reqs. to Def. Fuentes, No. 16 at 13, September 13, 2024; Pl.'s First Set of Discovery Req. to Def. Barrera, No. 17 at 12, September 13, 2024; Pl.'s First Set of Discovery Reqs. to Def. Ramirez, No. 17 at 17, September 13, 2024.

Although Judge Tipton initially limited ESI discovery to searches of party devices, he stated that if depositions reveal that non-parties have relevant ESI, we should confer regarding whether another search on non-party devices "makes sense" and that if we cannot agree we "can bring that to [his] attention." Mot. Hr'g at 22-23, January 10, 2025, Doc. 64. The requested communications are responsive and appropriate at this stage of discovery given recent testimony in depositions that Starr County Sheriff's Office officials texted and used WhatsApp to discuss cases, such as Ms. Gonzalez's, with Defendants. Searching the three additional phones is also necessary in light of Defendants' refusal to produce conversations that we know exist, and evidence that Defendants have deleted messages concerning the case.

In their depositions, Sheriff's Office officials referenced at least two WhatsApp groups that were used to discuss active cases, at least one of which included Defendant Sheriff Fuentes. For example, during Investigator Esmeralda Muniz's deposition, she said that Sheriff Fuentes is in a WhatsApp group that includes investigators and administrators in which members discuss ongoing investigations. *See* Muniz Dep. 17:15-21; 116.3-5. Investigator Rafael Aguirre likewise testified about this CID (Criminal Investigative Division) group with administrators.

During Investigator Rafael Aguirre's deposition, when asked "do you ever send messages that are intended to communicate information to the Sheriff in those groups?" he replied "yes, that's the purpose of the groups." *See* Aguirre Dep. 10:19. Muniz also testified that the Sheriff and others would have known when she arrested Ms. Gonzalez because it would have been put in the WhatsApp group. Muniz Dep. 109:15-110:9. Finally, Captain Fuentes confirmed the existence of multiple WhatsApp groups, including an administration-only group of which the Sheriff is a member. *See* Fuentes Dep. 15:33-36; 15:38-39.

Yet Defendants' Counsel represents that Sheriff Fuentes' phone no longer contains WhatsApp messages from before September 2022. Given that other Sheriff's Office employees testified that they used their phones to communicate with Sheriff Fuentes concerning the investigation of Ms. Gonzalez, messages located on third-party devices involving Defendant Fuentes and this case should be searched for and produced.

In addition, Defendants have deleted messages in this case, raising concerns about the extent of communications that are no longer located on Defendants' devices but would still be located on other County-issued phones (or perhaps on digital backups of these devices that are still accessible). For instance, Defendant Barrera's Cellebrite search reveals that a "user" deleted relevant messages between herself and Investigator Aguirre in February 2025—after Plaintiff's Counsel requested such communications and the Court ruled on the scope of limited discovery. Additionally, Defendant Ramirez admitted to deleting at least one message relevant to this case during his deposition. Ramirez Dep. 116.

Please let us know by May 14, 2025 if Defendants agree to perform these searches and produce responsive ESI.

**Lauren Johnson**
*Pronouns: she/her*
Director of the Abortion Criminal Defense Initiative
American Civil Liberties Union
Ljohnson@aclu.org
aclu.org  



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

| From: | Kelly R. Albin |
|---|---|
| To: | Nancy Rosenbloom; Cecilia Garza; Ric J. Navarro; Aaron Gonzales |
| Cc: | Lauren Johnson; Molly Kovel; David Donatti; Liz Jarit; Ashley Harris |
| Subject: | Re: Lizelle Gonzalez v. G. Allen Ramirez, et al - Discovery deficiency letter & attempt to confer |
| Date: | Thursday, July 3, 2025 1:56:20 PM |

**This Message Is From an External Sender**
This message came from outside your organization.

Hello Nancy,

We will send the affidavit from the IT Director regarding his thorough search of Sheriff Fuentes' phone next week.

We do not agree to extend Plaintiff's deadline to respond to DA Ramirez's renewed assertion of absolute and qualified immunity so that Plaintiff can obtain additional discovery. Our position is that we have more than complied with the Court's order regarding Phase 1 discovery and immunity is ripe for determination.

Take care,
Kelly

Get Outlook for iOS

---

**From:** Nancy Rosenbloom <nrosenbloom@aclu.org>
**Sent:** Thursday, July 3, 2025 10:33 AM
**To:** Cecilia Garza <cecilia@garzamartinezlaw.com>; Kelly R. Albin <kralbin@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>; Aaron Gonzales <amgonzales@rampagelaw.com>; Kristin N. Getty <kngetty@rampagelaw.com>
**Cc:** Lauren Johnson <LJohnson@aclu.org>; Molly Kovel <mkovel@aclu.org>; David Donatti <DDonatti@aclutx.org>; Liz Jarit <LJarit@aclu.org>; Ashley Harris <AHarris@aclutx.org>
**Subject:** RE: Lizelle Gonzalez v. G. Allen Ramirez, et al - Discovery deficiency letter & attempt to confer

Kelly and Ric,

We did not receive a response from you to the email below. While Plaintiff still hopes to resolve these outstanding discovery matters, we plan to invoke Judge Tipton's disputes procedure by sending an initiating letter to the Court early next week if they are not resolved.

Relatedly, **will you agree to an extension of Plaintiff's deadline to respond to Mr. Ramirez's motion for summary judgment (Doc. 79) until 30 days after discovery disputes are resolved and any production that is required is provided**? Much of the discovery material specified below is likely to be relevant to Mr. Ramirez's claims of immunity. The time period agreed upon for depositions has not yet run (Doc. 67, depositions may be noticed until "seven days after resolution of discovery disputes, if any are noticed.")  Productions should have been made long ago. As examples, Plaintiff's first requests for production to Defendant Ramirez were made on September 13, 2024 and

should have been responded to fully within 30 days; and initial disclosures were required soon after the matter was filed in March 2024. Defendants' recalcitrance to comply with discovery rules regarding even the limited discovery the Court has allowed at this stage has resulted in incomplete production, delays, and disruption to the discovery process. With the remaining disputes unresolved, Plaintiff is left with materially incomplete information on which to base a response to the summary judgment motion.

If counsel agrees to this extension, the parties can notify the Court by letter of the agreed extension, per Judge Tipton's procedures. If not, Plaintiff will file a motion.

I can be reached at this email and the phone number below (Cecilia is currently out of office). Thank you,

Nancy

Nancy Rosenbloom, Senior Litigation Advisor
American Civil Liberties Union Foundation
National Prison Project
202-393-4930

---

**From:** Cecilia Garza <cecilia@Garzamartinezlaw.com>
**Sent:** Wednesday, June 25, 2025 1:26 PM
**To:** Kelly R. Albin <kralbin@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>; Aaron Gonzales <amgonzales@rampagelaw.com>; Kristin N. Getty <kngetty@rampagelaw.com>
**Cc:** Lauren Johnson <LJohnson@aclu.org>; Molly Kovel <mkovel@aclu.org>; David Donatti <DDonatti@aclutx.org>; Liz Jarit <LJarit@aclu.org>; Ashley Harris <AHarris@aclutx.org>; Nancy Rosenbloom <nrosenbloom@aclu.org>
**Subject:** Lizelle Gonzalez v. G. Allen Ramirez, et al - Discovery deficiency letter & attempt to confer
**Importance:** High

Kelly and Ric,

Please allow this email to serve as our follow-up on several outstanding items of discovery that have been requested of Defendants. ***Please respond by June 30, 2025 as to whether you intend to produce the following discovery without the need for court intervention:***

- On April 30, 2025, Defendants stated they would provide an affidavit of an IT professional concerning the Cellebrite extraction conducted of Defendant Fuentes's devices. This affidavit has not been produced. Please confirm when this affidavit will be produced.
- On May 7, 2025, Plaintiff requested a limited Cellebrite search of the County-issued phones of non-parties Esmeralda Muniz, Rafael Aguirre, and Lenard Fuentes for any text messages or WhatsApp communications that include the Defendants, using the previously-agreed-upon search terms and timeframe for conversations. We renew this request in light of Defendant Fuentes's recent deposition testimony that he received daily case-related recaps via text from other SCSO officials. We requested a response by May 14, 2025, concerning whether you agree to perform these searches. We did not receive any response. Unless we hear otherwise, we

assume you do not agree to conduct these searches.

- In her initial Requests for Production to Defendant Ramirez and Defendant Barrera, Plaintiff requested all written policies of the DA's Office. Both Abel Villarreal and Judith Solis testified during their depositions that they received a policy book from Starr County. Judith Solis also testified that she received additional policies from the Starr County District Attorney's Office. The only policy produced from the District Attorney's Office is a policy book governing DA investigators. Please either produce the other written policies or confirm that no other policies exist.
- Pursuant to Fed. R. Civ. P. 26(1)(A)(iv), a party must provide "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action[.]" Defendants have provided none. Please provide any such agreements.

- Please ensure that all of Defendants' document production (prior and forthcoming) is Bates-stamped and/or labeled.

Thank you for your immediate attention to these discovery matters. If you do not intend to produce the above discovery, pursuant to Judge Tipton's procedures, please let us know your availability for a zoom conference to discuss the remaining disputes. In the meantime, feel free to call or email me if you have any questions.

Thank you,

**I. Cecilia Garza**
**Attorney**

Garza Martinez, PLLC
202 E. Sprague Street
Edinburg, Texas 78539
(956) 335-4900
www.GarzaMartinezLaw.com

**Confidentiality Notice:** This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information exempt from disclosure under applicable law. Unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy the original and all copies of the message. Thank you.

'

**WARNING:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.