## COMPLAINT NO. <u>202202571</u>

## <u>RESPONSE TO GRIEVANCE OF MS. JOANNA GROSSMAN</u>

My name is Gocha Allen Ramirez and I am the elected District Attorney for the 229th Judicial District which encompasses Starr, Jim Hogg and Duval Counties. I was licensed by the State Bar of Texas in 1979 and, to the best of my recollection, I have never been publicly or privately reprimanded by the State Bar of Texas or been subject to discipline by the State Bar of Texas for Professional Misconduct.

I do not know nor have I ever met Ms. Joanna Grossman, the complainant herein. I have never spoken to her about the indictment against Ms. Lizelle Herrera. To the best of my knowledge Ms. Grossman has never spoken to Ms. Herrera about the investigation, arrest, indictment and subsequent dismissal of the indictment against Ms. Herrera. And, to the best of my knowledge, Ms. Herrera has not filed any grievance against me or anyone in my office. To the best of my knowledge, Complainant has absolutely no firsthand knowledge of any of what transpired other than what has been publicly reported.

## I.     TIMELINE

A. January 11, 2022 – The Starr County Sheriff's Office and Rio Grande City Police Department respond to a call made by a charging nurse at the Starr County Memorial Hospital regarding what the nurse believed to be a violation of Texas Senate Bill 8. The Starr County Sheriffs Office takes the lead in what is labeled a "death investigation" and then a "murder investigation". The investigation

DEFENDANTS 000004

consists almost entirely of taking statements. ~~Neither the District Attorney's Office or anyone on my staff is involved.~~

B. January 12, 2022 – Two (2) Grand Jury subpoenas duces tecum are issued upon application by one of my Assistant District Attorneys for medical records. One is directed to Ms. Herrera's Gynecologist and the other to the hospital.

C. January 13, 2022 – A return on the Subpoena is made by Gynecologist and consists of 76 pages of medical records. The return is attached hereto as Exhibit #1 to this Response.

D. February 16, 2022 – A return on the subpoena is made by the hospital and consists of 146 pages of medical records. The return is attached hereto as Exhibit #2 to this Response.

   1. All medical records are part of our file. I have personally communicated to Investigator Hidalgo that they will be turned over to the State Bar upon compliance with Sec. 159.002 of the Texas Occ. Code attached hereto as Exhibit #3.

E. March 17, 2022 – The Prosecution Packet containing all reports, interviews, statements and records is turned into the District Attorney's Office by Starr County Sheriff's Department. This is evidenced by the Brady Compliance Form that is required to be completed when an investigation is turned into the District Attorney's Office. That Brady Compliance Form is included herein as Exhibit #4. The file is ~~turned over to an Assistant District Attorney~~. I do not see or review any of this file.

DEFENDANTS 000005

F.  March 25, 2022 – The investigation is presented to a Starr County Grand Jury for their consideration and an Indictment is returned against Ms. Herrera.  A copy of the Indictment is included herein as Exhibit #5.

G.  March 30, 2022 – The Indictment is formally filed with District Clerk's Office.

H.  April 1, 2022 – The Indictment is signed by a District Judge who also sets the bond.

I.  April 7, 2022 – Ms. Herrera was arrested pursuant to a capias issued by the District Judge.

J.  April 9, 2022 – Ms. Herrera is release from Starr County Jail on bond.

K.  April 9, 2022 – Upon reviewing the file <u>for the first time</u>, I reach out to Ms. Herrera's Attorney to advise him that I will be filing a Motion to Dismiss the Indictment.

L.  April 10, 2022 – Press Release (attached as Exhibit #6) and a private meeting with Ms. Herrera and her family.

M.  April 11, 2022 – Motion to Dismiss filed (Exhibit #7) and Order of Dismissal signed by the District Judge (Exhibit #8).

## II.

As the elected District Attorney for a three (3) County District, approximately 75% of my work is administrative.  This includes dealing with personnel, budgets, grants, meetings with other elected officials and law enforcement heads.  I have five (5) Assistant District Attorney's total in my district and they are in charge of almost all of the cases we intake.

DEFENDANTS 000006

This particular case was picked up by one of the Assistant District Attorney's and presented to a Grand Jury on a date when I was out of the County and doing work in another County. See the attached Affidavit (Exhibit #9). I was not in the Grand Jury room when the case was presented and none of my Assistants were in the room when the case was discussed by the Grand Jury and their decision was made.

### III.

The allegation by Ms. Grossman that the Indictment was returned on my watch as District Attorney is accurate. The allegation that the facts do not meet the elements of the crime of murder is correct.

The allegation that I was aware of the facts of this case before consideration by the Grand Jury is incorrect. I had never seen the file and it was handled by an Assistant District Attorney.

The allegation that Ms. Herrera was "maliciously prosecuted by Mr. Ramirez either for political reasons or unknown reasons" is ludicrous, speculative and absurd. Ms. Grossman does not know me personally and does not know my political beliefs. This allegation does not articulate a legitimate grounds for grievance that I can respond to other than to deny it honestly. My questions for consideration are what evidence of malice has she produced? What evidence of my political beliefs has she produced? What evidence of misconduct or malice on my part has she produced?

### IV.

The allegation of a "gross abuse of power" presupposes a "mens rea" of intent to harm. This allegation is rebutted by the fact that I had never seen the file before it was

DEFENDANTS 000007

considered by the Grand Jury – I wasn't present when it was presented to a Grand Jury to hear the facts – and I dismissed the case immediately upon learning of the facts.

It seems unfathomable to me that I can be personally disciplined for a mistake made by either an Assistant District Attorney, a Grand Jury or both when I was not present or aware of the facts of the case at hand.  It is my personal opinion that this would set a dangerous precedent for every District Attorney in the States of Texas should each of us be held personally responsible by way of State Bar discipline for every mistake made by an Assistant and/or a Grand Jury.  We have handled well over 1,000 cases in the 18 months that I have been the District Attorney.

### V.

It also seems to me that Ms. Grossmans "standing" to bring this grievance is very tenuous.  It may be admirable that Ms. Grossman is an "advocate for people seeking to exercise their reproductive rights in the State of Texas" but Ms. Grossman suffered no harm personally by this mistake.

### VI.

Investigator Hidalgo requested a copy of the investigative file that was prepared by the Starr County Sheriff's Office.  That file is in my possession and I have offered to turn it over to the State Bar upon assurance that my office would not be in violation Tex. Occ. Code § 159.002 and HIPAA laws.  Please advise me about how I might comply with that request without a HIPAA violation.

I am attaching a request for an Attorney General opinion that was made by my office as Exhibit #10.  This request relates to my concerns of possible HIPAA violations

DEFENDANTS 000008

and a request for guidance from our Attorney General. As of the date of this Response, we have not received any reply or opinion from the Attorney General's Office.

VII.

Rule 3.09 of the Texas Disciplinary Rules of Professional Conduct sets out the Special Responsibilities of a Prosecutor. The Subsection that appears to need addressing is subsection (a) "refrain from prosecuting or threatening to prosecute a charge that the prosecutor knows is not supported by probable cause".

As Ms. Grossman states in so many words and as is laid out in comment #1 "A prosecutor has the responsibility to see that justice is done, and not simply to be an advocate. This responsibility carries with it a number of specific obligations. Among these is to see that no person is threatened with or subjected to the rigors of a criminal prosecution without good cause".

But comment #2 states clearly that paragraph (a) does not apply to situations where the prosecutor is using a grand jury to determine whether any crime has been committed, nor does it prevent a prosecutor from presenting a matter to a Grand Jury even though he has some doubt as to what charge, IF ANY (emphasis added), the Grand Jury may decide is appropriate, as long as he believes that the Grand Jury could reasonably conclude that some charge is proper. <u>A prosecutor's obligation under that paragraph is satisfied by the return of a true bill by a Grand Jury, unless the prosecutor believes that material inculpatory information presented to the Grand Jury is false.</u> (emphasis added).

DEFENDANTS 000009

## VIII.

Concerning the complaint by Ms. Grossman, it must once again be pointed out that I was not the prosecutor that presented the case to the Grand Jury. Since I personally did not have any knowledge of the facts, it appears that Rule 3.09(a) subjects the prosecutor presenting the case to the limited scrutiny of whether he/she "reasonably believed... some charge is proper".

And it also appears that prosecutor's obligation under paragraph (a) is satisfied by the return of a True Bill by that Grand Jury. The obligation would only be subject to a situation where that prosecutor knows that the "material inculpating information presented to the Grand Jury is false".

Once again, that determination appear to hinge on the state of mind of the prosecutor presenting the case. I did not present the case or know the facts of the case.

## IV.

What responsibility would I have for the mistake of an Assistant District Attorney and/or a Grand Jury returning an Indictment that does not meet the elements of the crime alleged? That issue appears to be addressed by Rule 5.01. Sections (a) and (b) appear to confirm the general principle that I would not be vicariously responsible for the misconduct of another lawyer unless

(a) I order, encourage or knowingly permit the conduct involved; or

(b) I gain knowledge of another lawyer's violation of the disciplinary rules and I knowingly fail to take remedial action to avoid or mitigate the consequences of the other lawyer's violation.

DEFENDANTS 000010

Comment #5 under Rule 5.01 states quite clearly that neither section is intended to extend vicarious disciplinary liability upon the lawyer in a position of authority. "Rather, the lawyer in such authoritative position is exposed to discipline only for his or her own knowing actions or failures to act. Whether a lawyer may be liable civilly or criminally for another lawyer's conduct is a question of law beyond the scope of those rule".

## X.

It is my position that Rule 5.01 would come into play only if there is clear misconduct by another lawyer whom I have direct supervisory authority over. While there is no question that I have direct supervisory authority over my Assistant District Attorneys, there is no evidence before the State Bar that any Assistant District Attorney engaged in misconduct pursuant to Rule 3.09. Complainants grievance does not provide evidence as to whether any Assistant District Attorney in my officer engaged in misconduct, especially when you consider comment #2 of Section 3.09 and the shield of Grand Jury Action.

But even if there was evidence of intentional misconduct by any Assistant District Attorney (which I don't believe exists) then I could be held responsible only if I "ordered, encouraged or knowingly permitted the conduct involved" or if I gained knowledge of the violation and failed to take remedial action.

## XI.

In this case, I never "ordered, encouraged or knowingly permitted the conduct involved". The file was not handled by me, I was never briefed on the facts of the case, I

DEFENDANTS 000011

never reviewed the file until after the Grand Jury Indictment and I was not present when it was presented to the Grand Jury. It would be impossible to order, encourage or knowingly permit conduct when I was not aware of the conduct before it happened.

Did I gain knowledge of this mistake <u>after</u> it occurred? Yes. On April 9, 2022, I reviewed the file and concluded that Ms. Herrera should have not been Indicted. My responsibility at the time that I discover the mistake, pursuant to Rule 5.01(b) is to take remedial action as quickly as possible to "avoid or mitigate" the consequences. I did that. See Exhibit #6 and Exhibit #7.

In conclusion, the lack of specificity in Ms. Grossman complaint – the lack of facts to support her complaint – the failure of the complaint pursuant to Rules 3.09 and 5.01 support my request that this complaint be dismissed.

Respectfully,

GOCHA ALLEN RAMIREZ
229TH JUDICIAL DISTRICT ATTORNEY
401 N. Britton Avenue, Suite 417
Starr County Courthouse
Rio Grande City, TX 78582
SBN: 16501800
Tele: (956) 716-4800 x 8553
Email: gocha.ramirez@da.co.starr.tx.us

DEFENDANTS 000012

 Outlook

---

**RE: Case No. 202202571; Grossman/Ramirez**

---

**From** Clayton Hackett <Clayton.Hackett@TEXASBAR.COM>

**Date** Wed 1/17/2024 3:46 PM

**To**   Garlaw2 <garlaw2@aol.com>

**Cc**   Gocha Ramirez <gocha.ramirez@da.co.starr.tx.us>

📎 1 attachments (130 KB)
Agreed Probated Suspension.pdf;

You don't often get email from clayton.hackett@texasbar.com. Learn why this is important

Good afternoon Mr. Ramirez,

Thank you for getting back with me quicker than I'd anticipated, and no need to apologize for the length of your correspondence. I do not have the authority for a two month probated suspension; the best that I can do at this time is a one year fully probated suspension. Please see attached proposed judgment to that effect. I have incorporated your requested change to finding of fact #7, and reduced attorney's fees. My understanding is that an agreed judgment at this stage would result in only the Judgment becoming public record. My understanding is in the event of a judgment by an evidentiary panel, more of the file would be subject to public disclosure.

Please let me know if you have further questions or wish to discuss.

Thank you,

**B. Clayton Hackett**
Assistant Disciplinary Counsel
State Bar of Texas, Office of the Chief Disciplinary Counsel
San Antonio Region
**PLEASE NOTE OUR NEW ADDRESS, BELOW:**
**9311 San Pedro Avenue, Suite 1000**
**San Antonio, Texas 78216**
(210) 208-6600 (Phone)
(210) 208-6677 (Fax)
clayton.hackett@texasbar.com

---

**From:** Garlaw2 <garlaw2@aol.com>
**Sent:** Friday, January 12, 2024 11:41 AM
**To:** Clayton Hackett <Clayton.Hackett@TEXASBAR.COM>
**Subject:** Case No. 202202571; Grossman/Ramirez

You don't often get email from garlaw2@aol.com. Learn why this is important

**DEFENDANTS 000135**

Good morning Mr. Hackett. As I represented to you in our last telephone conversation, I do not agree with the panel's recommendation for sanction in the above-referenced matter.
Having said that, I am interested in entering into an agreed resolution of this matter. While I continue to maintain that a public reprimand would be an appropriate sanction pursuant to Sec.15.06 (A) (3), my understanding is that this sanction cannot be considered. In spite of this understanding, I would respectfully request that the panel and/or you first reconsider this option. If, after review of the facts and Sec. 15.06 (A) (3), the sanction of a public reprimand cannot be reconsidered, then my proposal for sanction is as follows:

    A. A two (2) month fully probated suspension beginning April 1, 2024 and ending May 31, 2024;

    B. Attorney's fees and expenses in the amount of $500.

As for the findings of fact, I have no dispute with the wording of findings #'s 1,2,3,4,5,6,8,9, and 10. I would respectfully request that the wording of #7 be changed to read that " Respondent knowingly permitted the conduct of the Assistant District Attorney under his direct supervision". I believe that only one (1) wrongful act is necessary to support this particular finding. And I do not believe that any evidence was discovered during the investigation to support a finding that I "ordered or encouraged" the conduct of the Assistant DA. And this may or not be pertinent but the findings read " Respondent and Assistant DA's" (plural). I don't know that more than one assistant was found to be involved the prosecution besides myself.
I am respectfully requesting the above stated options of sanction with the assumption that the panel and you have fully considered all the mitigating factors listed in Sec. 15.09 (C) (2), including subsections (a), (b), (d) (g) and (l).
As I represented to you in our last conversation, my main concern is not so much personal as I have been practicing almost 45 years , all the while in good standing with the State Bar. My main concern, as a public servant, is trying to maintain the credibility. of this office moving forward from this unfortunate matter. I fully understand that this is not the concern of the State Bar during this type of inquiry and that the Bar must scrutinize only the alleged misconduct in reaching a decision. Obviously whatever agreed resolution is finally entered into, along with any requisite conditions ordered, will be fully followed by me.
The only question I have is whether or not the FULL record, including the investigative file forwarded to you, will also be public record. In view of the Attorney General's opinion and so as to mitigate further damage to the victim, I am hopeful that only the final Agreed Judgement will be made available to the public, if requested.
And I hope that the length of this correspondence is not out of line.

                        Sincerely,

                        Gocha Allen Ramirez

DEFENDANTS 000136