# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| **LIZELLE GONZALEZ,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:24-cv 00132** |
| | § | |
| **GOCHA ALLEN RAMIREZ,** | § | |
| **ALEXANDRIA LYNN BARRERA,** | § | |
| **RENE FUENTES, and** | § | |
| **STARR COUNTY, TEXAS,** | § | |
| *Defendants* | § | |

## DEFENDANT ALEXANDRIA BARRERA'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S PHASE ONE INTERROGATORIES
===============================================================

TO:   Plaintiff, Lizelle Gonzalez, by and through their attorneys of record, Cecilia Garza and Veronica Sepulveda Martinez of Garza Martinez Law; David A. Donatti and Adriana Pinon of American Civil Liberties Union of Texas; and Lauren Alicia Johnson of American Civil Liberties Union Foundation.

Now comes DEFENDANT, ALEXANDRIA BARRERA, and files these Objections and Responses to Plaintiff's Phase One Interrogatories.

SIGNED on this the 8th day of OCTOBER 2024.

Respectfully submitted,

**DENTON NAVARRO RODRIGUEZ
BERNAL SANTEE & ZECH, P.C.**
549 N. Egret Bay Blvd., Suite 200
League City, Texas 77573
Telephone: (832) 632-2102
Facsimile: (832) 632-2132

By:   *Ricardo J. Navarro*
      _____
      RICARDO J. NAVARRO
      State Bar No. 14829100
      rjnavarro@rampagelaw.com

By: *Kelly R. Albin*
KELLY R. ALBIN
State Bar No. 24086079
kralbin@rampagelaw.com

**ATTORNEYS FOR DEFENDANTS GOCHA ALLEN RAMIREZ, ALEXANDRIA BARRERA, SHERIFF RENE FUENTES, AND STARR COUNTY, TEXAS**

### CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process contained in the Federal Rules of Civil Procedure on the persons or parties identified below and who are listed as attorneys to be noticed in this proceeding, on the on this the 8th day of OCTOBER 2024.

Ida Cecilia Garza
Veronica Sepulveda Martinez
GARZA MARTINEZ, PLLC

Adriana Piñon
David A. Donatti
ACLU of TEXAS

Lauren Alicia Johnson
ACLU FOUNDATION

**ATTORNEYS FOR PLAINTIFF**

*Ricardo J. Navarro*
_____
RICARDO J. NAVARRO
KELLY R. ALBIN

**DEFENDANT ALEXANDRIA BARRERA'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S PHASE ONE INTERROGATORIES**
==============================================================

INTERROGATORY NO. 1: Identify all persons with knowledge of the Investigation, Indictment, Arrest, Bail, and Dismissal, and describe their involvement, including all individuals who participated in the Investigation or were present during witness interviews.

OBJECTIONS:    DEFENSE COUNSEL OBJECTS TO THIS INTERROGATORY ON THE GROUND THAT IT IS OVERBROAD AND REQUIRES THE DISCLOSURE OF INFORMATION THAT IS TO REMAIN UNDISCLOSED UNDER CHAPTER 20A OF THE TEXAS CODE OF CRIMINAL PROCEDURE. DEFENSE COUNSEL FURTHER OBJECTS TO THIS INTERROGATORY ON THE GROUND THAT IT IS INVASIVE OF ATTORNEY WORK PRODUCT PRIVILEGE. THE IDENTITY OF PERSONS WITH KNOWLEDGE OF FACTS WHO MAY BE DISCLOSED IN THIS CIVIL PROCEEDING ARE LISTSED IN THE RULE 26 DISCLOSURES PERTAINING TO THIS CIVIL LAWSUIT.

INTERROGATORY NO. 2: Identify each criminal statute under which Plaintiff was investigated and charged related to the Investigation.

OBJECTIONS:    DEFENSE COUNSEL OBJECTS TO THIS INTERROGATORY ON THE GROUND THAT IT IS OVERBROAD AND REQUIRES THE DISCLOSURE OF INFORMATION THAT IS TO REMAIN UNDISCLOSED UNDER CHAPTER 20A OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

INTERROGATORY NO. 3: Describe each action you took related to the Investigation, Indictment, Arrest, Bail, and Dismissal.

OBJECTIONS:    DEFENSE COUNSEL OBJECTS TO THIS INTERROGATORY ON THE GROUND THAT IT IS OVERBROAD AND REQUIRES THE DISCLOSURE OF INFORMATION THAT IS TO REMAIN UNDISCLOSED UNDER CHAPTER 20A OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

ANSWER:    Investigation, None. Arrest, None. Bail, None. Dismissal, None. Indictment, See Objection By Defense Counsel.

INTERROGATORY NO. 4: Describe all Interactions you had with other District Attorney's Office employees related to the Investigation, Indictment, Arrest, Bail, and Dismissal, including the date, substance of any conversations, and names and titles of all individuals present.

OBJECTIONS:    DEFENSE COUNSEL OBJECTS TO THIS INTERROGATORY ON THE GROUND THAT IT IS OVERBROAD AND REQUIRES THE DISCLOSURE OF INFORMATION THAT IS TO REMAIN UNDISCLOSED UNDER CHAPTER 20A OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

ANSWER:   Subject to Defense Counsel's Objections, None, other than DA Ramirez and also ADA Villarreal. I called ADA Villarreal after the indictment and after I learned of 19.06 to ask if he knew about 19.06, to which he told me he did not know about it either.

INTERROGATORY NO. 5:  Describe all Interactions you had with the Sheriff's Office related to the Investigation, Indictment, Arrest, Bail, and Dismissal, including the date, substance of the conversation, and names of all individuals present.

OBJECTIONS:   DEFENSE COUNSEL OBJECTS TO THIS INTERROGATORY ON THE GROUND THAT IT IS OVERBROAD AND REQUIRES THE DISCLOSURE OF INFORMATION THAT IS TO REMAIN UNDISCLOSED UNDER CHAPTER 20A OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

RESPONSE:   Subject to Defense Counsel's Objections, I don't recall the exact date) but I was out in January sick with COVID, and I had a missed call from the SO. By the time I called the SO back they let me know they had spoken to ADA Abel Villarreal. When I called back, I spoke with Inv. Muniz and in that call Capt. Leonard Fuentes was privy to the conversation. I asked what was going on and they advised me of the call from the hospital and they gave me a brief summary of the facts. I learned from talking to them that their questions to Abel Villarreal had to do with whether an unborn child was an individual for purposes of the homicide statute and also what kind of charge would apply given the facts they had. They then told me that ADA Villarreal had advised that "individual" included an unborn child under the Penal Code. While they told me this, I was simultaneously looking for the definition of an "individual" on my phone. I did confirm that under Texas Penal Code Section 1.07(26) the definition of an individual included an unborn child at every state of gestation from fertilization until birth. I also looked up the homicide statute to confirm that it included the term "individual." I did confirm back to them that what they had been told was correct. All the elements were met. I was a bit surprised to learn that the term "individual" included an unborn child but that is what the statute says. I was not at that time aware of the provisions of 19.06 of the Penal Code. At a later point in time, (I don't recall the exact date) but prior to the investigative file being delivered to our office, the SO contacted me regarding the case and informed me they were done with all of their interviews and investigation. Inv. Muniz asked if they should proceed with an arrest warrant or if they should just turn the case in for grand jury presentation. I conferred with Mr. Ramirez and he informed me that we should just go ahead and present the case to the grand jury and let them decide. At no time was I made aware that an application for a grand jury subpoena had been handled by ADA Villarreal.

INTERROGATORY NO. 6:  Describe all Interactions you had with any individual or witness related to the Investigation, Indictment, Arrest, Bail, and Dismissal, including the date, substance of any conversations, and names of all individuals present.

OBJECTIONS:   DEFENSE COUNSEL OBJECTS TO THIS INTERROGATORY ON THE GROUND THAT IT IS OVERBROAD AND REQUIRES THE DISCLOSURE OF INFORMATION THAT IS TO REMAIN UNDISCLOSED UNDER CHAPTER 20A OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

INTERROGATORY NO. 7:   Describe all Interactions you had with the Rio Grande City Police Department related to the Investigation, Indictment, Arrest, Bail, and Dismissal, including the date, substance of any conversations, and names of all individuals present.

ANSWER:   NONE.

INTERROGATORY NO. 8:   Describe all Interactions you had with Starr County Memorial Hospital related to the Investigation, Indictment, Arrest, Bail, and Dismissal, including the date, substance of any conversations, and names of all individuals present.

ANSWER:   NONE.

INTERROGATORY NO. 9:   Describe all Interactions you had with public hospitals since January 1, 2015, related to abortion or the termination of pregnancy, or related to alleged harm to an unborn child under any criminal or civil statute, including those Interactions relating to Texas Senate Bill 8 (87(R)), also known as the Texas Heartbeat Act, including the date, substance of any conversations, and names of all individuals present.

ANSWER:   NONE.

INTERROGATORY NO. 10:   State the number of times you have investigated or prosecuted a person for homicide under Chapter 19 of the Texas Penal Code or investigated or prosecuted a person for harm to an unborn child under any criminal or civil statute.

OBJECTIONS:   DEFENSE COUNSEL OBJECTS TO THIS INTERROGATORY ON THE GROUND THAT IT IS OVERBROAD AND REQUIRES THE DISCLOSURE OF INFORMATION THAT IS TO REMAIN UNDISCLOSED UNDER CHAPTER 20A OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

ANSWER:   Subject to Defense Counsel's Objection, I have not previously had a case involving a complaint about harm to an unborn child. I have in my capacity as an Assistant District Attorney been involved in cases involving homicide and murder.

INTERROGATORY NO. 11:   Provide the docket numbers for all cases you were involved in where at least one of the charges was for homicide under Chapter 19 of the Texas Penal Code or concerned alleged harm to an unborn child under any criminal or civil statute.

OBJECTIONS:   DEFENSE COUNSEL OBJECTS TO THIS INTERROGATORY ON THE GROUND THAT IT IS OVERBROAD AND REQUIRES THE DISCLOSURE OF INFORMATION THAT IS TO REMAIN UNDISCLOSED UNDER CHAPTER 20A OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

ANSWER: See my response to Interrogatory No. 10.

INTERROGATORY NO. 12:   Describe in detail the facts supporting Plaintiff's Indictment.

OBJECTIONS: DEFENSE COUNSEL OBJECTS TO THIS INTERROGATORY BECAUSE IT VIOLATES THE GRAND JURY SECRECY UNDER CCP ART. 20A.204 – DISCLOSURE BY ATTORNEY REPRESENTING THE STATE.

INTERROGATORY NO. 13: Describe accusations, investigations, and determinations regarding violations of disciplinary rules related to the Investigation, Indictment, Arrest, Bail, or Dismissal, whether internal or external.

OBJECTIONS: DEFENSE COUNSEL OBJECTS TO THIS INTERROGATORY ON THE GROUND THAT IT SEEK INFORMATION THAT IS NOT RELEVENT TO THE CLAIMS AND DEFENSES IN THIS LAWSUIT NOR IS IT CALCULATED TO LEAD TO THE DISCOVERY OF RELEVENT EVIDENCE. FURTHER, THE INTERROGATORY IS OBJECTIONABLE BECAUSE IT IS OVERBROAD AND WOULD REQUIRE DEFENDANT TO VIOLATE THE GRAND JURY SECRECY UNDER CCP ART. 20A.204 – DISCLOSURE BY ATTORNEY REPRESENTING THE STATE.

INTERROGATORY NO. 14: Describe all Communication between the District Attorney's Office and the Sheriff's Office related to sharing public information about the Investigation, Indictment, Arrest, Bail, or Dismissal.

OBJECTIONS: DEFENSE COUNSEL OBJECTS TO THIS INTERROGATORY BECAUSE IT VIOLATES THE GRAND JURY SECRECY UNDER CCP ART. 20A.204 – DISCLOSURE BY ATTORNEY REPRESENTING THE STATE.

ANSWER: Subject to Defense Counsel's Objection, none. I am not aware of any public sharing of information pertaining to the investigation, indictment, arrest, bail, or dismissal other than the public statements made by DA Ramirez after he dismissed the indictment.

INTERROGATORY NO. 15: Describe all Interactions you had since January 1, 2015, with any elected official, including but not limited to Governor Greg Abbott, Attorney General Ken Paxton, and their staff, employees, agents or representatives, related to abortion or the termination of pregnancy, or related to alleged harm to an unborn child under any criminal or civil statute, including those Interactions relating to Texas Senate Bill 8 (87(R)), also known as the Texas Heartbeat Act.

ANSWER: None.

INTERROGATORY NO. 16: Identify all classes, courses, or trainings attended, or certifications obtained, since January 1, 2015, including those from the Texas Commission on Law Enforcement.

ANSWER: Please refer to my personal MCLE Report from my State Bar Account. There may be other courses and trainings that I have had provided by the State or professional associations, like the Texas District & County Attorneys Association (TDCAA) that are not reflected in my MCLE list. If I can locate additional documentation that is not already listed in my MCLE account, I will forward that to defense counsel for supplementation.

## VERIFICATION

STATE OF TEXAS §
§
COUNTY OF STARR §

BEFORE ME, the undersigned authority personally appeared ALEXANDRIA BARRERA, who stated upon oath, that her Responses to the Interrogatories in the foregoing document are based on his personal or record knowledge and are true and correct.

_____
**ALEXANDRIA BARRERA**
**ASSISTANT DISTRICT ATTORNEY**
**229TH JUDICIAL DISTRICT**
**STARR COUNTY, TEXAS**

SUBSCRIBED and SWORN to before me on the 7th day of October, 2024.

LILIA RODRIGUEZ
Notary Public, State of Texas
Comm. Expires 04-19-2028
Notary ID 134861844

_____
Notary Public, State of Texas
Commission Expires: