IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **LIZELLE GONZALEZ** § | | |
| Plaintiff § | | |
| § | | |
| Vs. § | CIVIL ACTION 7: 24-CV-00132 | |
| § | | |
| **GOCHA ALLEN RAMIREZ, et al.** § | | |
| Defendants § | | |

**DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE CERTAIN EVIDENCE
SUBMITTED IN RESPONSE TO DEFENDANTS' SUMMARY JUDGMENT MOTION**
=====================================================

MAY IT PLEASE THE COURT:

COME NOW, DISTRICT ATTORNEY GOCHA ALLEN RAMIREZ, ASSISTANT DISTRICT ATTORNEY ALEXANDRIA BARRERA, and SHERIFF RENE FUENTES and files this Motion to Strike.

**I.   INTRODUCTORY STATEMENT REGARDING THE WITNESS TESTIMONY PLAINTIFF HAS PROCURED**

Rather than focus on the question of immunity presented in Defendants' Summary Judgment Motions, Plaintiff has resorted to a smear campaign. The mudslinging is directed primarily at District Attorney Gocha Ramierz and based entirely on the testimony of (1) Bernice Garza: a convicted felon whom District Attorney Ramierz fired after Garza was caught in a human-smuggling scheme, and (2) Rosita Rocha: a rabidly bitter ex-lover with absolutely no connection to the case whose family has described her as dishonest and a liar; and (3) Becky Rocha who testified she did not know anything about Plaintiff's investigation or indictment.

The texts used in the *ad hominin* attacks were, according to Becky Rocha, procured with promises of benefits and assistance if the sisters provided "dirt" on the District Attorney. According to their deposition testimony, Plaintiff's counsel arranged for them to have lawyers to represent them in this matter, and also to file a new round of complaints with the State Bar of

Texas against District Attorney Ramirez. Indeed, so desperate for personal information about the District Attorney was that, according to Becky Rocha's sworn testimony, Plaintiff's counsel forged an affidavit for her sister to be used in these proceedings. Curiously, Plaintiff omitted *that* testimony from her summary judgment response.

The Court should sustain Defendants' objections and strike:

1. The affidavit of Bernice Garza in its entirety (Doc. 91-11)

2. The deposition of Rosita Rocha in its entirety (91-25)

3. The text messages provided by Rosita Rocha (Doc. 91-13)

4. The deposition of Becky Rocha in its entirety (91-14)

5. The text messages provided by Becky Rocha (91-15).

Further, the Court should enforce Rule 11 where, as here, Plaintiff files personal text messages wholly unrelated to the legal issues, which are clearly intended to try and embarrass the District Attorney. For instance, what bearing does a "selfie" of the District Attorney and Becky Rocha have on whether DA Ramirez acted outside of his duty as a prosecutor? None. This is media fodder—nothing more. This tactic is beneath the dignity of the Court.

## II.   ARGUMENTS AND AUTHORITIES

**Standard for Summary Judgment Evidence**

Pursuant to Fed. R. Civ. P. §§ 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Thus, "[w]hen considering whether to grant summary judgment, the Court cannot consider evidence that would be inadmissible at trial, such as affidavits or declarations founded on hearsay or outside the personal knowledge of the declarant or irrelevant evidence or unauthenticated documents." *Nucor Corp. v. Requenez*, 578 F.Supp.3d 873, 904-05 (S.D.Tex.

2022) (citing *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 387–88 (5th Cir. 2009) (quotation omitted) ("The admissibility of evidence is governed by the same rules, whether at trial or on summary judgment."); *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 510 n.5 (5th Cir. 2001) (citing *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995)); *Burton v. Banta Glob. Turnkey Ltd.*, 170 F. App'x 918, 923 (5th Cir. 2006) (citing Fed. R. Civ. P. 56(e); *Perez v. Tex. Dep't of Crim. Just., Inst. Div.*, 395 F.3d 206, 210 (5th Cir. 2004) (citing Fed. R. Evid. 401); *Johnson v. Spohn*, 334 F. App'x 673, 677 (5th Cir. 2009)).

An opposing litigant may timely move to strike (or simply object to) an affidavit or declaration that does not measure up to the requisite standards. *Nucor Corp.*, 578 F.Supp.3d at 904 (citing *Auto Drive-Away Co. of Hialeah v. Interstate Com. Comm'n*, 360 F.2d 446, 448–49 (5th Cir. 1966); *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012) (per curiam) (holding that a litigant may simply object to material it argues is inadmissible))

Further, at the summary judgment stage, it is improper for the Court to use evidence to make credibility determinations or weigh evidence. *See MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478–79 (5th Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). The Court's only task at this stage is to assess whether "a genuine issue of material fact" remains for resolution at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir.1996). Thus, any evidence submitted in an attempt to sabotage credibility is not relevant to the legal issue and not competent summary judgment evidence.

The affidavit of Bernice Garza and deposition testimony of Rosita Rocha and Becky Rocha, along with the text messages from same that Plaintiff filed, are not competent summary judgment evidence.

**1.      Affidavit of Bernice Garza.**

Bernice Garza's affidavit should be stricken because Plaintiff failed to disclose her as a witness until after summary judgment motions were pending and Garza's statements would be inadmissible at trial.

Pursuant to Federal Rule of Civil Procedure 37(c), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness to supply evidence on a motion** … unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts in the Fifth Circuit consider: (1) the explanation for the failure to disclose, (2) the importance of the evidence, (3) the potential prejudice to the movant in allowing the evidence, and (4) the availability of a continuance to cure any prejudice. *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009).

Here, all factors weigh in favor of Defendants' position that the affidavit supplied by Garza should be struck.

This case has been pending since March 28, 2024. Doc 1. Plaintiff's initial disclosures and supplements were made on January 29ADA Abel Villarreal was deposed on March 12, 2025. Doc. 79-20. ADA Barrera was deposed on March 27, 2025, concluding on April 4, 2025. Doc. 79-21. DA Ramirez was deposed on April 7, 2025. Doc. 79-22.

Plaintiff failed to disclose Garza as a witness until *after* DA Ramirez and ADA Barrera filed their motions for summary judgment without any explanation whatsoever as to the delay. **Ex. A (Pltf's Third Supp. Disclosures)**. Also, Garza's affidavit is prejudicial because it is being used to try and manufacture a fact issue where there is otherwise undisputed testimony from multiple

witnesses about DA Ramirez's and ADA Barrera's involvement with Gonzalez's case. Further, because Plaintiff has sought delay after delay on the disposition of the immunity question, curing the failure to disclose Garza now will only cause additional delays—during which time Plaintiff will surely keep fueling the tabloid drama, discussed below—which harms Defendants and runs contrary to the logic of *Carswell*.

There is no excuse for Plaintiff's delay, which was obviously calculated to try and create a fact issue where none exists. Defendants did not have the benefit of deposing Garza after seeing her affidavit in order to establish that her affidavit is a complete sham. A deposition of Garza would have resulted in her being impeached based on her criminal history and angst towards the District Attorney's Office from where she was fired for using her County-issued vehicle for human smuggling.

Summary judgment motions for DA Ramirez and ADA Barrera were already pending by the time Plaintiff decided to spring the disclosure and affidavit on Defendants. Plaintiff should not benefit from this "gotcha" tactic. The Court should strike the affidavit. *See Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (affirming district court's decision to strike witness affidavit submitted with summary judgment where witness was untimely disclosed).

Additionally, many of Garza's statements are based on hearsay and are not based on purported personal knowledge. For example, she makes averments based on statements between members of the DA's office other than the defendants and she suggests that DA Ramirez was informed the case was going to the grand jury because "it would have been typical" for him to be informed. This is useless in establishing that DA Ramirez was aware of in *this* case. See, e.g., 91-11, ¶ 9, 11, 13. This is not competent evidence for deciding summary judgment.

As a final note, Garza's sentencing proceedings in the criminal case against her were just reassigned from the Honorable Judge Tipton three weeks ago. *United States v. Bernice Annette Garza*, Case No. 6:22-cr-00095 (S.D. Tex.) (Docket Sheet Entry #260). The late disclosure has deprived Defendants of the opportunity to conduct discovery and assess whether Garza is being used as a pawn to try and force a recusal in the instant case.

**2. Depositions and Text Messages of Rosita and Becky Rocha.**

The deposition testimony of Rosita and Becky Rocha fails to meet the Rule 56 standards. Both deposition excerpts focus on the sisters' account of some love-triangle involving the District Attorney that started in the 1990's. Their testimony seems to be submitted for no purpose other than to try and show DA Ramirez knew Becky Rocha had an abortion in 1996 or 1997 and supposedly took her to Red Lobster afterwards. Plaintiff concludes that DA Ramirez, therefore, *must have* maliciously targeted her. Indeed, Plaintiff's counsel has taken to the media to assert the same conclusion:



https://www.jezebel.com/texas-da-who-charged-woman-with-murder-for-abortion-allegedly-paid-for-his-mistresss-abortion.

Defendants' Motion to Strike                                                                                              -6-

What the depositions lack is first-hand accounts of the District Attorney's actions during the investigation and indictment of Plaintiff, which is the whole of what is relevant for the determination of absolute immunity. Because nothing in the deposition excerpts is relevant to the legal question of immunity, they should be stricken.

Further, the excerpts from Becky Rocha that Plaintiff failed to include calls into serious question the reliability of Rosita Rocha's testimony and how information was procured from both Rochas. For example, Becky Rocha testified that Rosita Rocha was dishonest and had made false accusations about her for years: *Q. All right. And what was your relationship like with Rosita at this time when the harassment charges were brought? A. It was bad. It was really bad. She got me into so much trouble. She sent the CPS to my house. She sent CPS to my daughter's school. We caught her in multiple lies about what she was accusing me of.*
Ex. B (B. Rocha Dep. 6:1-7:12).

Becky Rocha also testified that she was promised she would not have to testify if she provided Plaintiff with information and that her sister's signature was even falsified in an affidavit for this case: *And I do remember telling --I -- I very, very -- I mean, I remember very, very correctly that I told Ms. Cecilia Garza that the only way I was going to sign the paper was that it would say that I was -- I was not going to testify. Q. And did she agree that you would not have to testify? A. Yes. … Q. Okay. So if this document does not say that you're not going to testify, you're saying that exists either in a different document or this document has been changed? Is that fair? A. Well, I don't know. I mean this is -- it is my handwriting. I mean, I tell you that much. But then again, I know by my sister Rosie that Ms. Garza had a tendency, at least with her, to -- to falsify her signature.*
Ex. B (B. Rocha Dep. 30:16-33:11).

Finally, with regard to the text messages, these have been filed for pure shock value and to smear the reputation of the District Attorney. Other than a single text between DA Ramirez and Becky Rocha—which Defendants have no objection to—the text messages do not illuminate anything about what actions the District Attorney or Assistant District did or did not take during Plaintiff's investigation and indictment. The messages, like the deposition excerpts, should be stricken because they are not competent summary judgment evidence.

## CONCLUSION & PRAYER

THEREFORE, based on the foregoing Defendants respectfully request that the Court strike the affidavit of Bernice Garza, as well as the deposition testimony and text messages of Rosita and Becky Rocha. Defendants further request costs for the necessity of preparing this motion.

SIGNED on the 15th day of AUGUST 2025.

Respectfully submitted,

By: *Kelly R. Albin*
Kelly R. Albin
State Bar No. 24086079
So. Dist. ID No. 3792304
kralbin@rampagelaw.com

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist. Id No. 5953
rjnavarro@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ
 BERNAL SANTEE & ZECH, P.C.**
549 N. Egret Bay, Suite 200
League City, Texas 77573
832- 632-2102
832-632-2132 (fax)

**ATTORNEYS FOR DEFENDANT
GOCHA ALLEN RAMIREZ**

## CERTIFICATE OF SERVICE

    I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process contained in the Federal Rules of Civil Procedure on the persons or parties identified below on the 15th day of August 2025.

| | |
|---|---|
| Ida Cecilia Garza | **Via E-Filing Notification** |
| Veronica Sepulveda Martinez | **Via E-Filing Notification** |
| GARZA MARTINEZ, PLLC | |
| 202 E. Sprague Street | |
| Edinburg, TX 78539 | |
| COUNSEL FOR PLAINTIFFS | |
| | |
| Lauren Alicia Johnson | **Via E-Filing Notification** |
| AMERICAN CIVIL LIBERTIES | |
| UNION FOUNDATION | |
| 915 15th Street NW | |
| Washington DC 20005 | |
| COUNSEL FOR PLAINTIFFS | |
| | |
| David A. Donatti | **Via E-Filing Notification** |
| | |
| Adriana Pinon | **Via E-Filing Notification** |
| AMERICAN CIVIL LIBERTIES | |
| UNION OF TEXAS | |
| P.O Box 12905 | |
| Austin, TX 78711-2905 | |
| COUNSEL FOR PLAINTIFFS | |

By: *Kelly R. Albin*
      KELLY R. ALBIN
      RICARDO J. NAVARRO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **LIZELLE GONZALEZ** | § | |
| Plaintiff | § | |
| | § | |
| Vs. | § | CIVIL ACTION 7:24-CV-00132 |
| | § | |
| **GOCHA ALLEN RAMIREZ, et al.** | § | |
| Defendants | § | |

**ORDER ON DEFENDANT GOCHA ALLEN RAMIREZ'
MOTION TO STRIKE**
====================================================================

On this day the Court took under consideration the Motion to Strike filed on behalf of Individual Defendant Gocha Allen Ramirez; the District Attorney in Starr County, sued in his Individual Capacity.

After consideration of the Motion, the response thereto, and the materials pertinent to the Motion, the Court finds that the Motion has merit and should be Granted.

IT IS, THEREFORE, ORDERED that the Defendant's objections to the admissibility are **GRANTED** and hereby struck from the record

SO ORDERED.
SIGNED this _____ day of _____, 2025.

_____
U.S. DISTRICT COURT