IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **LIZELLE GONZALEZ**     Plaintiff | § § § | |
| Vs. | § § | CIVIL ACTION 7: 24-CV-00132 |
| **GOCHA ALLEN RAMIREZ, et al.**     Defendants | § § § | |

### ASSISTANT DISTRICT ATTORNEY ALEXANDRIA BARRERA'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

==============================================================

MAY IT PLEASE THE COURT:

NOW COMES DEFENDANT ALEXANDRIA BARRERA as Assistant District Attorney of the 229th Judicial District (hereafter "ADA BARRERA") and files this Reply in Support of her Motion for Summary Judgment.

As a threshold matter, Assistant District Attorney Barrera respectfully asks the Court to grant Defendants' Motion to Strike the bogus affidavit of Bernice Garza for the reasons set forth in the Motion. ECF 94. Garza was untimely disclosed and her affidavit was cleverly drafted to try and create a fact-issue about ADA Barrera's motivation in presenting Plaintiff's investigation to the grand jury.

Even with the nonsense in Garza's affidavit, the claims against ADA Barrera should be dismissed because she is entitled to absolute immunity. The evidence establishes that ADA Barrera did nothing more than field a few questions about Plaintiff's case from investigators and then presented the case to the grand jury. The evidence about ADA Barrera's actions are not in dispute, contrary to Plaintiff's suggestion otherwise.

A. **The undisputed facts establish that ADA Barrera fielded investigators' questions, met to discuss the case a couple of times over a four-month period, and then presented the case to the grand jury. These facts are not disputed.**

With the exception of the fiction in human smuggler Bernice Garza's affidavit, the facts cited by Plaintiff are not different from what ADA Barrera cited in her Summary Judgment Motion. What ADA Barrera disputes is Plaintiff's characterization of the facts.

To begin, the facts below are established by the undisputed evidence regarding ADA Barrera's actions during Plaintiff's investigation and are cited by both ADA Barrera and Plaintiff:

- Investigators attempted to contact ADA Barrera early in the case, but talked to ADA Villarreal when ADA Barrera could not be reached.
- On January 11, 2022, Investigator Muniz texted ADA Barrera, "Alex I came to take pictures of the ashes of the baby cuz it's been cremated already... do I allow the funeral home to give the mom the ashes?" ADA Barrera responded, "That's fine. We will have a death certificate I'm assuming— take pictures of the ashes." ECF 79-21, pp. 26-27.
- On January 12, 2022, Investigator Muniz texted ADA Barrera, "Good morning, doctor Lozano is supposed to be coming in around noon for an interview and he told captain he was going to bring the entire fie history on patient/suspect ….if he voluntarily wants to give me copies do I get them? I don't know 1f you want to be here for the interview. ADA Barrera responded, "I mean you can so we can a preliminary look at the docs but still need to GJ subpoena them."
- ADA Barrera **did not** attend Doctor Lozano's interview.
- On January 18, 2022, ADA Barrera told Sergeant Aguirre that Plaintiff should not be arrested and that the person who provided the "drugs" should be interviewed.
- ADA Barrera met with Investigator Muniz and Sergeant Aguire a couple of times between January and March 2022 to discuss the case.
- On February 1, 2022, ADA Barrera spoke briefly to DA Ramirez about the case and he told her to let the grand jury decide the case and that Plaintiff should not be arrested before the grand jury.
- On March 25, 2022, ADA Barrera presented the case to the grand jury.
- ADA Barrera subsequently drafted the indictment that the grand jury true billed.

This is the whole of the competent summary judgment evidence that is relied on by Plaintiff and none of which ADA Barrera disputes.

**B.      Based on the undisputed facts, ADA Barrera is entitled to absolute immunity.**

Given that the facts are not disputed, the question is whether ADA Barrera is entitled to absolute immunity as a matter of law. "[A] prosecutor is absolutely immune for initiating a prosecution and for presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409 at 431 (1976). This extends to grand jury presentations. *Morrison v. City of Baton Rouge*, 761 F.2d 242, 247-48 (5th Cir. 1985)

Plaintiff tries to avoid dismissal by claiming that ADA Barrera acted as an investigator rather than a prosecutor and furnished legal advice to police, which forecloses access to absolute immunity.

First, Plaintiff avers that ADA Barrera transformed into a detective who was gathering information because ADA Barrera told Investigator Muniz to take pictures of the baby's ashes and release the ashes to Plaintiff; responded to Muniz's question about obtaining medical records by stating, "I mean you can so we can a preliminary look at the docs but still need to GJ subpoena them;" *did not participate* in the interview of Doctor Lozano; and met with Sergeant Aguirre to discuss the case on January 18th . ECF 91, p. 29-30.

But Plaintiff fails to point the Court to a single case in this section of her brief—much less a case on point addressing whether a prosecutor with these communications has lost absolute immunity because she was not performing prosecutorial functions, but, rather, converted to a pseudo investigator. Her failure to support her naked conclusion with legal precedent is unsurprising and should not persuade the Court.

Next, Plaintiff argues that ADA Barrera provided legal advice to police, therefore, she does not have absolute immunity. Plaintiff relies on Investigator Muniz's testimony wherein Muniz testified that at the conclusion of the investigation; after discussing "everything" with ADA

Barrera, ADA Barrera concluded the charge should be murder and directed Investigator Muniz to list the charge as murder before sgumitting the prosecution packet[1]. ECF 91-22 (Muniz Dep. 81:13-84:18). Plaintiff then plucks a quote from *Burns v. Reed*, and claims that the holding in *Burns* requires the Court to find that ADA Barrera is stripped of absolute prosecutorial immunity when she determined what charge should apply since this is legal advice and was stated to Investigator Muniz. ECF 91, pp. 32-33.

Plaintiff tries to brush too broadly with *Burns*. There, the prosecutor was consulted about whether a criminal suspect whom police believed could have multiple personalities could be subject to hypnosis during the officers' questioning. *Burns v. Reed*, 500 U.S. 478, 482 (1991). The prosecutor affirmed. Then, officers relayed the suspect's statements made during hypnosis back to the prosecutor, who told the officers that "they 'probably had probable cause' to arrest [her]." *Id*. The Supreme Court found that the legal advice given to officers about the ability to utilize hypnosis as an investigative technique and that probable cause existing for an arrest was not so closely associated with the judicial process that absolute immunity was applicable. *Id*. at 496.

Contrary to Plaintiff's assertion, *Burns* does not stand for the proposition that if a prosecutor ever states legal advice or a legal opinion to law enforcement, absolute immunity is always inapplicable and that any other finding "upends" well-settled Supreme Court law. The inquiry in *Burns* and, frankly, nearly every absolute immunity case since, including *Terwilliger*—focuses on whether the action at the heart of the dispute is closely related to the judicial process, as opposed to the investigative process.

Here, Plaintiff argues that ADA Barrera's determination of what charge applied, after learning "everything" about the case from Investigator Muniz, is akin to the prosecutor giving

---

[1] Admittedly, there is a fact dispute about who determined what charge should be on the prosecution packet. But even taking Plaintiff's evidence as true, ADA Barrera is still entitled to immunity.

Defendant Alexandria Barrera's Reply in
Support of her Motion for Summary Judgment                                                                -4-

legal advice in *Burns* about what investigative techniques to apply. The critical difference, however, is that ADA Barrera's determination of what charge to apply once learning of the facts was done in the context of preparing for the grand jury, which is a fundamental judicial proceeding, so too, is the charging decision itself. Indeed, following Plaintiff's logic, any discussion with a law enforcement officer at the conclusion of the case about what charge a prosecutor will be bring would divest the prosecutor of absolute immunity because it is legal advice given to police. This is not what *Burns* stands for. Charging decisions and preparing for grand jury, which is what ADA Barrera did here, are shielded under *Imbler*.

As the Court reminded there, "The function of a prosecutor that most often invites a common-law tort action is his **decision to initiate a prosecution**, as this may lead to a suit for malicious prosecution if the State's case misfires." *Imbler v. Pachtman*, 424 U.S. 409, 421 (1976). For these decisions, the Court held, a prosecutor must have absolute immunity.

Finally, in arguing that ADA Barrera is not entitled to absolute immunity, Plaintiff makes a muddled argument about probable cause, suggesting, perhaps, that because there could not be probable cause in Plaintiff's case based on the exception to murder in the penal code, absolute immunity does not apply. For one thing, absolute immunity does not turn on probable cause. For another, the Fifth Circuit has noted that the issue of probable cause in a Section 1983—which is relevant in the false arrest context, not absolute immunity—does not turn on the facts supporting the existence of an affirmative defense. *Espinal v. City of Houston*, 96 F.4th 741, 747 (5th Cir. 2024) ("To begin, we have 'repeatedly refused to opine on whether 'facts supporting the existence of an affirmative defense are relevant to the determination of probable cause.'' And because probable cause poses a low bar, courts that deem affirmative defenses relevant require that their application be 'conclusive' to vitiate probable cause.") (citations omitted).

Here, Plaintiff does not deny that her actions in intentionally causing the death of her unborn son, who is considered an individual under Texas law, would be murder unless she proves that she is the mother and it was her actions that caused the death. See Texas Penal Code §§ 19.01, 19.06. Thus, though not relevant to absolute immunity, Plaintiff's argument about probable cause is misguided.

In sum, ADA Barrera was not an investigator, nor was her legal advice about the murder charge divorced from the judicial process. ADA Barrera is entitled to absolute prosecutorial immunity.

**C.  Alternatively, ADA Barrera Is Entitled To Qualified Immunity from Plaintiff's Malicious Prosecution, False Arrest, and Conspiracy claims.**

Even if ADA Barrera were not entitled to absolute immunity, and, instead, only to qualified immunity, the Plaintiff still must point to facts showing that she violated a clearly established constitutional right—a burden Plaintiff cannot meet.

First, she asks the Court to simply toss the application of qualified immunity in Section 1983 cases, disregarding decades of controlling caselaw, because, according to Plaintiff, the doctrine "lacks a textual basis," "subverts the purpose of Section 1983," "undermines public policy," and should be reevaluated. ECF 91, p. 56 (citations omitted).

Plaintiff asks too much. The doctrine of qualified immunity is firmly established and must be applied here. Plaintiff also suggests that this Court should only apply qualified immunity to split-second decisions. Again, Plaintiff cannot just invent the law as she believes it should be and then demand this Court follow her edicts.

Next, Plaintiff argues that because the Court denied the Motion to Dismiss, which included DA Ramirez's argument that the Fifth Circuit did not recognize a Fourteenth Amendment malicious prosecution claim when Plaintiff was investigated, the issue cannot be reviewed during

the summary judgment process. Plaintiff posits that the ruling on the Motion to Dismiss carries throughout litigation as the law of the case and is improperly raised in DA Ramirez's Rule 56 Motion. Plaintiff's argument ignores that the Motion to Dismiss was focused on the application of immunity based on the fictitious allegations that Plaintiff pleaded. This red-herring should be ignored.

**False Arrest**

Plaintiff's false arrest claim against ADA Barrera fails because ADA Barrera could not have committed a constitutional infraction for false arrest where a grand jury rendered an indictment unless the evidence shows that she tainted the grand jury. On this point, Plaintiff completely unravels into arguments about criminal *mens rea*, which are not helpful. She eventually argues that her only evidence of taint is that ADA Barrera "knowingly omit[ed] a material portion of the law, leading directly to a murder charge for conduct that is not a crime." Doc. 91. P. 46. But, alas, she has no evidence of same. Plaintiff peddles speculation, nothing more.

Further, Plaintiff spends significant time squabbling with herself about what standard applies when evaluating the independent intermediary doctrine, which is problematic given the necessity that the constitutional right be clearly established at the time of the alleged misconduct. See ECF 91, p. 45.

ADA Barrera is entitled to qualified immunity for Plaintiff's false arrest claim.

**Malicious Prosecution**

Additionally, ADA Barrera is entitled to qualified immunity on Plaintiff's malicious prosecution claim. Initially, it is unclear whether Plaintiff is attempting to assert a new claim— that she was framed for murder—or if this is just repacking her malicious prosecution claim. To

the extent it is the former, Plaintiff may not raise new claims in a Response to a Summary Judgment Motion. *See Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108 (5th Cir. 2005).

Regarding the malicious prosecution claim, Plaintiff cannot overcome qualified immunity "because this court's caselaw explicitly disclaimed the existence of a constitutional claim for malicious prosecution at the time of [plaintiff's] alleged conduct in 2018 and 2019 [i.e., before *Thompson v. Clark*, 596 U.S. 36 (2022)]." *Bledsoe v. Willis*, No. 23-30238, 2023 WL 8184814, at *6 (5th Cir. 2023). Acknowledging that *Thompson* presents an insurmountable problem for any actions that occurred before April 4, 2022, Plaintiff claims that because ADA Barrera was "aware of [Plaintiff's] arrest," after April 4, 2022, which somehow equates to ADA Barrera continuing the prosecution after the grand jury presentation. ECF 91, p. 49. There is no basis for Plaintiff's conclusion where ADA Barrera took no action related to Plaintiff once *Thompson* was decided.

Plaintiff's other Response to ADA Barrera's assertion that there is no evidence of malice to support her malicious prosecution claim, as required under, *Armstrong v. Ashley*, 60 F.4th 262, 278–79 (5th Cir. 2023), is to say that ADA Barrera was keeping score with another prosecutor about cases, therefore, ADA Barrera must have had ill-motive in presenting Plaintiff's case to the grand jury. ECF 91, p. 51. Unfortunately for Plaintiff, the only basis for her claim is the affidavit of human smuggler Garza, which should be stricken. Moreover, even if there were some type of competition amongst Assistant District Attorneys about case statistics, that is not evidence that in this case, ADA Barrera targeted Plaintiff. Like the pleading that started this case, Plaintiff freely spins tales for which there is absolutely no evidence.

ADA Barrera is entitled to qualified immunity because there is no evidence showing that she committed a constitutional violation where she merely presented the investigation to the grand jury.

**Conspiracy**

"To support a conspiracy claim under § 1983, the plaintiff must allege facts that suggest "an agreement between the ... defendants to commit an illegal act" and "an actual deprivation of constitutional rights." *Terwilliger*, 4 F.4th at 285 (quoting *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)).

Importantly, in her Response, Plaintiff abandoned her claim that the supposed conspiracy involved employees of the Starr County Memorial Hospital and the Starr County DA's Office and Sheriff's Office. This is significant because without Starr County Memorial Hospital, her conspiracy involves a single entity: Starr County. Because Starr County cannot conspire with itself, as a matter of law, Plaintiff's conspiracy claim is doomed. *See Hilliard v. Ferguson*, 30 F.3d 639, 653 (5th Cir. 1994) ("It is a long-standing rule in this circuit that a "corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.") (citing *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir.1952), cert. denied, 345 U.S. 925 (1953)).

Further, Plaintiff has still been unable to identify facts showing that the Sheriff, DA Ramirez, and ADA Barrera acted *with the purpose of violating her rights*. Plaintiff's baseless conspiracy theory fails.

**CONCLUSION AND PRAYER**

Therefore, ADA Barrera respectfully request that the Court find she is entitled to absolute immunity for the claims alleged in Plaintiff's Amended Complaint and dismiss them with prejudice. To the extent necessary, should the Court determine that absolute immunity does not apply, ADA Barrera submits that she is entitled to qualified immunity and the claims against her should be dismissed. Finally, Defendants respectfully ask that the Court stay discover pending the

determination of immunity for the reasons stated by the Fifth Circuit in *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022). Defendants pray for any other relief to which they are justly entitled.

SIGNED on the 19th day of AUGUST 2025.

Respectfully submitted,

By: *Kelly R. Albin*
Kelly R. Albin
State Bar No. 24086079
So. Dist. ID No. 3792304
kralbin@rampagelaw.com

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist. Id No. 5953
rjnavarro@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ
  BERNAL SANTEE & ZECH, P.C.**
549 N. Egret Bay, Suite 200
League City, Texas 77573
832- 632-2102
832-632-2132 (fax)

**ATTORNEYS FOR DEFENDANT
ALEXANDRIA BARRERA**

## **CERTIFICATE OF SERVICE**

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process contained in the Federal Rules of Civil Procedure on the persons or parties identified below on this the 19TH day of AUGUST 2025.

| | |
|---|---|
| Ida Cecilia Garza | **Via E-Filing Notification** |
| Veronica Sepulveda Martinez | **Via E-Filing Notification** |
| GARZA MARTINEZ, PLLC | |
| 202 E. Sprague Street | |
| Edinburg, TX 78539 | |
| COUNSEL FOR PLAINTIFFS | |
| | |
| Lauren Alicia Johnson | **Via E-Filing Notification** |
| AMERICAN CIVIL LIBERTIES | |
| UNION FOUNDATION | |
| 915 15th Street NW | |
| Washington DC 20005 | |
| COUNSEL FOR PLAINTIFFS | |
| | |
| David A. Donatti | **Via E-Filing Notification** |
| Adriana Pinon | **Via E-Filing Notification** |
| AMERICAN CIVIL LIBERTIES | |
| UNION OF TEXAS | |
| P.O Box 12905 | |
| Austin, TX 78711-2905 | |
| COUNSEL FOR PLAINTIFFS | |

By:  *Kelly R. Albin*
      KELLY R. ALBIN
      RICARDO J. NAVARRO