IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **LIZELLE GONZALEZ** | § | |
| Plaintiff | § | |
| | § | |
| Vs. | § | CIVIL ACTION 7: 24-CV-00132 |
| | § | |
| **GOCHA ALLEN RAMIREZ, et al.** | § | |
| Defendants | § | |

### SHERIFF RENE FUENTES'
### REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT
===============================================================

MAY IT PLEASE THE COURT:

NOW COMES DEFENDANT Sheriff Rene Fuentes and files this Reply in Support of his Motion for Summary Judgment.

Plaintiff's efforts to argue against Sheriff Fuentes' summary judgment presents very little for the Court to consider. Plaintiff contends, and the Sheriff does not dispute, that the Sheriff knew investigators were working on the complaint made from the hospital and that Sheriff Fuentes directed Captain Fuentes to "involve the DA's office in the investigation and make sure they knew what was going on." ECF 91, p. 5. Plaintiff also contends that Sheriff Fuentes was "continuously kept in the loop as [the case] progressed" and cites Captain Fuentes's deposition testimony for her assertion. As with much of the evidence, however, her summary is misleading. Captain Fuentes testified that when the case initially came into the Sheriff's Office, he briefed the Sheriff who "just kind of went like, okay. He goes -- kind of like the same expression that I had. He's, "Okay, but you've -- you've contacted the DA's office." "Yes, we've already talked to Alex, so we already know what we need to do." He goes, "Okay. Just keep me in the loop if something else changes." ECF 91-28 (L. Fuentes Dep. 133:13-20).

Plaintiff also does not dispute that the Sheriff never spoke with investigators, directed them how to perform the investigation, or provided guidance of any sort, other than to tell Captain Fuentes that the investigators needed to document the facts and submit their investigation to the District Attorney's Office. ECF 88-15-88-18 (Muniz Dep. 162:15-163:15,); Aguirre Dep. 162:3-6, 164:1-16, 165:6-9, 167:6-8 ; L. Fuentes Dep. 224:12-225:16; R. Fuentes Dep. 23:17-24, 25:6-10, 69:12-17).

The question then is whether on these facts, Plaintiff can overcome the Sheriff's qualified immunity for false arrest, malicious prosecution, and conspiracy. She cannot, therefore, the Sheriff Fuentes is entitled to judgment as a matter of law.

First, Plaintiff's complaint against the Sheriff is nothing more than a claim of *respondeat superior* liability, which is not viable under Section 1983. *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 691–95 (1978). "Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983." *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997) (collecting cases) (emphasis supplied); *see also DeMarco v. Davis*, 914 F.3d 383, 390 (5th Cir. 2019).

Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *Mouille*, 977 F.2d at 929 (additional citations omitted).

Here, Plaintiff failed to point to evidence that the Sheriff affirmatively participated in her investigation. At best, the facts show simply that the Sheriff was loosely aware of the complaint made by the hospital and that investigators in his office were involved. Even before reaching

whether the Sheriff is entitled to qualified immunity, the Court can properly dispose of Plaintiff's claim where her theory of liability fails.

On the issue of qualified immunity, Plaintiff asks the Court to simply toss the application of qualified immunity in Section 1983 cases, disregarding decades of controlling caselaw, because, according to Plaintiff, the doctrine "lacks a textual basis," "subverts the purpose of Section 1983," "undermines public policy," and should be reevaluated. ECF 91, p. 56 (citations omitted).

Plaintiff asks too much. The doctrine of qualified immunity is firmly established and must be applied here. Plaintiff also suggests that this Court should only apply qualified immunity to split-second decisions. Again, Plaintiff cannot just invent the law as she believes it should be and then demand this Court follow her edicts.

Plaintiff also argues that because the Court denied the Motion to Dismiss, which included the argument that the Fifth Circuit did not recognize a Fourteenth Amendment malicious prosecution claim when Plaintiff was investigated, the issue cannot be reviewed during the summary judgment process. Plaintiff posits that the ruling on the Motion to Dismiss carries throughout litigation as the law of the case and is improperly raised in Sheriff Fuentes' Rule 56 Motion. Plaintiff's argument ignores that the Motion to Dismiss was focused on the application of immunity based on the fictitious allegations that Plaintiff pleaded. This red-herring should be ignored.

**False Arrest**

Turning to the false arrest claim and qualified immunity, to establish the existence of a constitutional violation, plaintiff must show that the Sheriff caused Plaintiff to be arrested and could not have reasonably believed that he had probable cause to arrest her for any crime. *Green v. Thomas*, 129 F.4th 877, 886-87 (5th Cir. 2025). But, where, as here, the "facts supporting an

arrest are placed before an independent intermediary such as a … grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Wilson v. Stroman*, 33 F.4th 202, 208 (5th Cir. 2022).

Plaintiff has not pointed to any evidence demonstrating the Sheriff's involvement in the case, much less some actions that tainted the grand jury. She argues only that he knew the case came into the Sheriff's Office and directed Captain Fuentes to contact the District Attorney's office. This is insufficient to show that he tainted the grand jury, and, therefore, not enough to show a constitutional violation. Without a constitutional violation, Sheriff Fuentes is entitled to qualified immunity.

**Malicious Prosecution**

Additionally, Sheriff Fuentes is entitled to qualified immunity on Plaintiff's malicious prosecution claim. Initially, it is unclear whether Plaintiff is attempting to assert a new claim—that she was framed for murder—or if this is just repacking her malicious prosecution claim. To the extent it is the former, Plaintiff may not raise new claims in a Response to a Summary Judgment Motion. *See Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108 (5th Cir. 2005).

Regarding the malicious prosecution claim, Plaintiff cannot overcome qualified immunity "because this court's caselaw explicitly disclaimed the existence of a constitutional claim for malicious prosecution at the time of [plaintiff's] alleged conduct in 2018 and 2019 [i.e., before *Thompson v. Clark*, 596 U.S. 36 (2022)]." *Bledsoe v. Willis*, No. 23-30238, 2023 WL 8184814, at *6 (5th Cir. 2023). Acknowledging that *Thompson* presents an insurmountable problem for any actions that occurred before April 4, 2022, Plaintiff claims that the Sheriff's office arrested Plaintiff on April 7, 2022, thus, she claims the Sheriff took actions against her post-*Thompson*.

Again, her claim is deficient because there is no action attributable to the Sheriff, including in arresting Plaintiff.

Further, Plaintiff fails to so much as allude to facts showing malice on the part of Sheriff Fuentes, as required under, *Armstrong v. Ashley*, 60 F.4th 262, 278–79 (5th Cir. 2023). Instead, Plaintiff spills ink about the supposed malice of DA Ramirez and ADA Barrera. ECF 91, p. 51. The lack of effort is telling. Absent any evidence of malice, Plaintiff cannot establish that Sheriff Fuentes committed a constitutional violation for malicious prosecution, in the absence of which he is entitled to qualified immunity

**Conspiracy**

"To support a conspiracy claim under § 1983, the plaintiff must allege facts that suggest "an agreement between the ... defendants to commit an illegal act" and "an actual deprivation of constitutional rights." *Terwilliger*, 4 F.4th at 285 (quoting *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)).

Importantly, in her Response, Plaintiff abandoned her claim that the supposed conspiracy involved employees of the Starr County Memorial Hospital and the Starr County DA's Office and Sheriff's Office. This is significant because without Starr County Memorial Hospital, her conspiracy involves a single entity: Starr County. Because Starr County cannot conspire with itself, as a matter of law, Plaintiff's conspiracy claim is doomed. *See Hilliard v. Ferguson*, 30 F.3d 639, 653 (5th Cir. 1994) ("It is a long-standing rule in this circuit that a "corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.") (citing *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir.1952), cert. denied, 345 U.S. 925 (1953)).

Further, Plaintiff has still been unable to identify facts showing that the Sheriff, DA Ramirez, and ADA Barrera acted *with the purpose of violating her rights*. Plaintiff's baseless conspiracy theory fails.

## CONCLUSION AND PRAYER

Therefore, Sheriff Fuentes respectfully request that the Court find he is entitled to qualified immunity and the claims against him should be dismissed. Finally, Sheriff Fuentes respectfully asks that the Court stay discovery pending the determination of immunity for the reasons stated by the Fifth Circuit in *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022). Sheriff Fuentes prays for any other relief to which they are justly entitled.

SIGNED on the 19TH day of AUGUST 2025.

Respectfully submitted,

By: *Kelly R. Albin*
Kelly R. Albin
State Bar No. 24086079
So. Dist. ID No. 3792304
kralbin@rampagelaw.com

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist. Id No. 5953
rjnavarro@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ
  BERNAL SANTEE & ZECH, P.C.**
549 N. Egret Bay, Suite 200
League City, Texas 77573
832- 632-2102
832-632-2132 (fax)

**ATTORNEYS FOR DEFENDANT
SHERIFF RENE FUENTES**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process contained in the Federal Rules of Civil Procedure on the persons or parties identified below on this the 19TH day of AUGUST 2025.

| | |
|---|---|
| Ida Cecilia Garza | **Via E-Filing Notification** |
| Veronica Sepulveda Martinez | **Via E-Filing Notification** |
| GARZA MARTINEZ, PLLC | |
| 202 E. Sprague Street | |
| Edinburg, TX 78539 | |
| COUNSEL FOR PLAINTIFFS | |
| | |
| Lauren Alicia Johnson | **Via E-Filing Notification** |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION | |
| 915 15th Street NW | |
| Washington DC 20005 | |
| COUNSEL FOR PLAINTIFFS | |
| | |
| David A. Donatti | **Via E-Filing Notification** |
| Adriana Pinon | **Via E-Filing Notification** |
| AMERICAN CIVIL LIBERTIES UNION OF TEXAS | |
| P.O Box 12905 | |
| Austin, TX 78711-2905 | |
| COUNSEL FOR PLAINTIFFS | |

By: *Kelly R. Albin*
      KELLY R. ALBIN
      RICARDO J. NAVARRO