**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **LIZELLE GONZALEZ** | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION 7:24-CV-00132** |
| | § | |
| **GOCHA ALLEN RAMIREZ, et al.** | § | |
| *Defendants* | § | |

**PLAINTIFF'S MOTION TO COMPEL**
**DISCOVERY AND IMPOSE SANCTIONS**

===============================================================

I. Cecilia Garza
Texas Bar No. 24041627
USDTX Federal Admission No.: 578825
Garza Martinez, PLLC
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: 956-335-4900
Telecopier No.: 956-338-5700
cecilia@garzamartinezlaw.com
*Attorney in charge for Plaintiff*

Lauren Alicia Johnson
DC Bar No.: 1011382*
American Civil Liberties Union Foundation
915 15th Street NW
Washington DC 20005
Telephone No.: 202-731-5567
ljohnson@aclu.org
* Admitted *pro hac vice*

David A. Donatti
Texas Bar No. 24097612
USDTX Federal Admission No.: 3371067
American Civil Liberties Union of Texas
P.O. Box 12905
Austin, TX 78711-2905
Telephone No.: 713-942-8146
Facsimile: 713-942-8966
ddonatti@aclutx.org

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES......................................................................................... ii

SUMMARY OF ARGUMENT................................................................................... 1

BACKGROUND ....................................................................................................... 1

LEGAL STANDARD ................................................................................................ 7

LEGAL ARGUMENT ............................................................................................... 10

    I.   This Court should compel Defendants to produce the Cellebrite report
        concerning the search of Sheriff Fuentes's phone. ...................................... 10

    II.  The Court should impose an appropriate remedy for Defendants' failure to
        produce, defiance of the Court's orders, and destruction of discoverable
        material. ........................................................................................................ 11

        A.  Sanctions should be imposed for the failure to produce text and
            WhatsApp messages in response to Requests for Production. ....................... 11

        B.  Sanctions should be imposed for the failure to comply with the Court's
            order to provide an affidavit from counsel documenting any
            preservation instructions ................................................................ 13

        C.  Sanctions should be imposed for the Defendants' spoliation of ESI ............. 14

        D.  Summary of remedies requested................................................... 16

CONCLUSION.......................................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

### CASES

*A.M. Castle & Co. v. Byrne*,
   123 F. Supp. 3d 895 (S.D. Tex. 2015)..................................................................7

*BHI Energy I Power Services LLC v. KVP Holdings, LLC*,
   730 F. Supp. 3d 308 (N.D. Tex. 2024) ........................................................ 9, 10, 15

*Calsep A/S v. Dabral*,
   84 F.4th 304 (5th Cir. 2023)...........................................................................8

*Carr v. State Farm Mutual Auto. Insurance Co.*,
   312 F.R.D. 459 (N.D. Tex. 2015).....................................................................7

*Cleary v. American Airlines, Inc.*,
   No. 4:21-CV-00184-O, 2022 WL 5320126 (N.D. Tex. July 22, 2022) ............................ 9, 15

*Crosswhite v. Lexington Insurance Co.*,
   321 F. App'x 365 (5th Cir. 2009)................................................................. 7, 10

*Gondola v. USMD PPM, LLC*,
   223 F. Supp. 3d 575 (N.D. Tex. 2016) ...............................................................7

*Jim S. Adler, P.C. v. McNeil Consultants, LLC*,
   No. 3:19-CV-2025-K-BN, 2023 WL 2699511 (N.D. Tex. Feb. 15, 2023) ...........................10

*Law Funder, L.L.C. v. Munoz*,
   924 F.3d 753 (5th Cir. 2019)....................................................................... 8, 14

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
   894 F.2d 1482 (5th Cir. 1990) ........................................................................7

*Owens v. Board of Supervisors of Louisiana State University & Agricultural &*
   *Mechanical College*,
   695 F. Supp. 3d 750 (M.D. La. 2023) ......................................................... 9, 10, 15

*Richard v. Inland Dredging Co., LLC*,
   No. 6:15-0654, 2016 WL 5477750 (W.D. La. Sept. 29, 2016)..................................9

*Keister on behalf of Estate of Orr v. Dolgencorp, L.L.C.*,
   139 F.4th 449 (5th Cir. 2025).........................................................................8

*United Healthcare Services, Inc. v. Rossel*,
   No. 3:21-CV-1547-L-BT, 2024 WL 1252365 (N.D. Tex. Mar. 21, 2024)..........................10

## RULES

Fed. R. Civ. P. 26(b)(1) ........................................................................................ 7

Fed. R. Civ. P. 37(a) ............................................................................................. 7

Fed. R. Civ. P. 37(a)(5)(A) ................................................................................... 7

Fed. R. Civ. P. 37(b)(2)(A) ................................................................................... 8

Fed. R. Civ. P. 37(b)(2)(A)(i) ............................................................................. 14

Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii) ......................................................................... 8

Fed. R. Civ. P. 37(e) ....................................................................................... 8, 10

Fed. R. Civ. P. 37(e)(1) ......................................................................................... 8

Fed. R. Civ. P. 37(e)(2) ............................................................................. 8, 16, 17

Fed. R. Evid. 401 ................................................................................................... 7

Texas Disciplinary Rules of Professional Conduct r. 3.04(a) (2025) ........................................... 13

## SUMMARY OF ARGUMENT

Since August 2024, when this Court denied the Defendants' motions to dismiss and ordered discovery to proceed, Defendants have engaged in a pattern of deception, misrepresentations, concealment, delay, and spoliation of evidence. The Defendants have also continued to defy this Court's specific orders to produce discovery in response to repeated disputes. Plaintiff moves the court to compel production of the Cellebrite report concerning the search of Sheriff Fuentes's phone and moves for sanctions.

## BACKGROUND

On September 13, 2024, Plaintiff sent standard Requests for Production seeking communications "created, reviewed, sent, or received regarding the Investigation, Indictment, Arrest, or Dismissal" of the criminal investigation and prosecution of Ms. Gonzalez. ECF 113-1 at 11, 29, 47. Between September 2024 and January 2025, Defendants refused to produce any electronically stored information (ESI) contained on the Defendants' phones besides six cherry-picked text messages. ECF 113-6 at 1. Accordingly, on January 10, 2025, this Court ordered Defendants to search the Defendants' devices for relevant ESI. ECF 64 at 19:8-20:10. The Parties agreed that outstanding discovery would be produced by January 28, 2025. ECF 67. No ESI was produced by that date.

On February 4, 2025, Plaintiff sent Defendants a deficiency letter inquiring about the missing ESI. ECF 113-7. The parties met and conferred on February 18, during which Defendants' counsel revealed that it was Defendants themselves who had personally conducted manual searches of their own devices and represented that no relevant ESI existed. ECF 113-8 at 5, 7. Plaintiff's counsel sent an email to Defendants' attorneys on February 21, reiterating the

1

request for ESI and confirming that Defendants' counsel would "inquire again with the defendants about responsive text messages." *Id.* at 7. Defendants' counsel responded on February 25 that they were "working with our clients to verify that the manual searches were properly conducted." *Id.* at 5. On February 28, Defendants' counsel agreed that a third party would conduct a Cellebrite search of Defendant Ramirez and Defendant Barrera's phones. *Id.* at 4.

On March 12th, ADA Abel Villarreal testified that, in addition to text messages, the DA's Office uses WhatsApp to communicate about their cases. ECF 91-21 at 79:20-80:11. This testimony contradicted repeated representations made by Defendants' counsel since December of 2024 that County employees did not use WhatsApp for work. ECF 113-3 at 1; ECF 113-5 at 1. Because ADA Villarreal's testimony flatly contradicted these representations, Defendants' counsel agreed on March 13th that the forthcoming searches of Defendants' phones would include a search of WhatsApp messages. ECF 113-9.

Contrary to Defendants' representations that their phones contained no relevant ESI, the Cellebrite search of Defendant Barrera's and Defendant Ramirez's phones revealed hundreds of pages of relevant messages. Defendant Barrera's communications were provided to Plaintiff's counsel on March 27th, one hour before Defendant Barrera's deposition was scheduled to begin. ECF 113-10. Defendant Ramirez's communications were produced on April 1st, less than a week before his deposition. ECF 113-11 at 1. These communications – that Defendants repeatedly claimed did not exist – directly concerned the investigation and prosecution of Ms. Gonzalez and revealed the involvement of the DA's Office throughout. *See, e.g.*, ECF 113-12; ECF 113-13. The messages also contradicted sworn responses to October 2024 interrogatories by Defendants Ramirez and Barrera that they were not involved in the investigation. ECF 113-2 at 3, 10.

The Cellebrite extraction of Defendant Barrera's phone also revealed that she deleted at minimum 27 relevant text messages on February 24, 2025. ECF 113-13. These deletions occurred long after the lawsuit was filed, after this Court ordered that this discovery be produced, and within a day of when defense counsel represented they were "working with our clients to verify that the manual searches were properly conducted." ECF 113-8 at 5. These deleted (but recovered) messages include eight messages between ADA Barrera and Sheriff's Investigator Esmeralda Muniz, ten messages between ADA Barrera and Sergeant Rafael Aguirre, and nine messages between ADA Barrera and Victim's Coordinator Bernice Garza. ECF 113-13. All of these deleted messages directly concerned the investigation and prosecution of Ms. Gonzalez. *Id.* During her deposition, Defendant Barrera conceded that she was the only one who would have deleted them. ECF 91-23 at 152:23-25.

Defendant Ramirez also deleted ESI on his phone that was relevant to this litigation. Specifically, Ramirez deleted a message obtained by the *Washington Post* that discussed Ms. Gonzalez's prosecution. ECF 91-24 at 116:3-117:13; Caroline Kitchener et al., *A call, a text, an apology: How an abortion arrest shook up a Texas town*, WASHINGTON POST, Apr. 13, 2022, https://www.washingtonpost.com/nation/2022/04/13/texas-abortion-arrest/. This message could not be recovered in the Cellebrite extraction. His texts with Becky Rocha discussing this case were not produced by Defendants. ECF 91-24 at 256:23-257:24; ECF 113-15 at 7 ("Regarding messages with Becky Rocha, those messages, which were exchanged in April 2022 . . . were not found in the phone analysis."). And significantly, all WhatsApp communications are missing from Defendant Ramirez's phone even though other produced messages establish that DA Ramirez's phone did once contain relevant WhatsApp communications. *Compare* ECF 113-15 at

7 ("[T]he forensic review found no WhatsApp content on DA Ramirez's phone for the timeframe ordered by the Court.") *with* ECF 113-16.

Moreover, throughout this time, not a single communication from Defendant Sheriff Fuentes's phone was produced despite this Court's Order and despite testimony that Sheriff Fuentes's phone would have contained relevant ESI. Sheriff Fuentes testified that he is regularly advised of cases on WhatsApp and uses text messages to communicate with his staff. ECF 113-17 at 49:12-15, 92:12-15. Investigator Muniz testified the Sheriff was in at least two WhatsApp groups, one called "Admin" and one that included the criminal investigators and their supervisors. ECF 91-22 at 115:22-116:6. Sergeant Aguirre testified that the very "purpose" of these groups is to "communicate information to the sheriff." ECF 113-18 at 17:17-19, 19:5-9. Captain Fuentes likewise confirmed that the Sheriff uses WhatsApp. ECF 113-19 at 212:24-25. Despite this testimony, Defendants' counsel represented that the Sheriff's phone contained no relevant ESI. ECF 113-15 at 7-8.

On September 17, 2025, this Court ordered Defendants to conduct a Cellebrite search of Sheriff Fuentes's phone, as well as searches of three County-issued devices belonging to Captain Fuentes, Sergeant Aguirre, and Investigator Muniz. ECF 113-20 at 25:23-26:8. On October 13th, Defendants advised that they conducted a Cellebrite search of the three County-issued devices of the Sheriffs' Office employees, revealing hundreds of pages of communications. ECF 113-21 at 8. These communications further establish the Sheriff's Office's collaboration with the DA's Office throughout the criminal investigation and prosecution of Ms. Gonzalez. *See, e.g.*, ECF 113-22. Notably absent from this production are any messages from the "Admin" WhatsApp group that included Sheriff Fuentes.

Moreover, no ESI has been produced from Sheriff Fuentes's phone. While Defendants' counsel continues to represent that no relevant ESI was recovered on his device, no Cellebrite report was produced confirming this result. ECF 113-21 at 8. Notably, while other messages from the relevant time still exist on the phone, none related to this case were found. ECF 113-25. Yet the deposition testimony discussed above as well as messages produced from other phones demonstrate that Sheriff Fuentes's phone did, at one time, contain relevant ESI that should have been preserved. For example, Defendant Ramirez produced a text conversation with Sheriff Fuentes concerning Ms. Gonzalez's arrest. ECF 113-24. This conversation has been deleted from Sheriff Fuentes's device.

The missing ESI on the Sheriff's phone is inconsistent with County data retention policies. As explained by Defendants' counsel, Defendants were able to obtain ESI from the phones of Captain Fuentes, Investigator Muniz, and Sergeant Aguirre due to "the Sheriff's Office policy to retain data on County issued devices." ECF 113-21 at 9. That messages from January through April of 2022 were preserved and disclosed from three employee phones but are missing from Sheriff Fuentes's phone indicates that the Sheriff's messages were deleted in a manner that is inconsistent with the regular County data retention policies.

In accordance with this Court's discovery schedule, Plaintiff sent a Deficiency Letter to Defendants' counsel on October 20th, asking for a meet and confer. ECF 113-23. A meet and confer was held on October 27th at which Defendants' counsel stated that they would not produce the Cellebrite report concerning the search of Sheriff Fuentes's phone. On October 30th, Defendants reiterated that they would not disclose the Cellebrite report but would consent to in camera review. ECF 113-25. To date, no Cellebrite report has been produced.

Throughout this litigation, Defendants were not properly instructed to preserve evidence by their attorneys. Defense counsel represented that sometime "early in the case" a mere verbal instruction was given to the three named Defendants, and no instruction was given to any other County employee. ECF 113-21 at 9. Contrary to this representation, Sheriff Fuentes testified that he never received any instruction to preserve evidence. ECF 91-30 at 126:6-8. Only after the hearing on September 17th during which this Court inquired into whether Defendants had received a preservation notice did Defendants' attorneys issue a written instruction to all County employees who may be a witness in this case. ECF 113-21 at 9-10. Although this Court ordered Defendants to produce a copy of the legal hold as well as a sworn affidavit explaining how they identified who should be instructed, when the notice was provided, and who received notice, neither the legal hold nor a sworn affidavit has been produced. ECF 113-20 at 7:5-8:2.

Defense counsel has also misrepresented the scope of the destruction of evidence by her clients. At the hearing on September 17th, Defendant's attorney represented that "there was maybe one [text] that was identified as having been deleted." *Id.* at 9:5-6. After Plaintiff's attorney described multiple messages that had been deleted, and after this Court specifically questioned Defendants' attorney about the scope of deleted messages, Defendant's attorney stated: "as I said, it was one or two." *Id.* at 13:4. In fact, 27 relevant messages were deleted on February 24, 2025, and multiple additional messages have been deleted on unknown dates. *See supra*. Defense counsel was aware of these deleted messages because both Defendant Barrera and Defendant Ramirez were asked extensively about them during their depositions. ECF 91-23 at 152:17-153:7; ECF 91-24 at 116:4-117:3.

## **LEGAL STANDARD**

**Standard to Compel Discovery**

Rule 26 allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "'Relevant evidence' is 'evidence having any tendency to make the existence of any fact more probable or less probable than it would be without the evidence.'" *A.M. Castle & Co. v. Byrne*, 123 F. Supp. 3d 895, 898 (S.D. Tex. 2015) (citing Fed. R. Evid. 401). If requested materials are "within the scope of discovery and have been requested but not received," a party may file a motion to compel pursuant to Rule 37. *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009) (citing Fed. R. Civ. P. 37(a)).

"The party resisting discovery must specifically show how each discovery request is not relevant or otherwise objectionable." *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 463 (N.D. Tex. 2015); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (explaining that the party resisting discovery "must have a valid objection to each [request for production] to escape the production requirement"). This party bears the burden of demonstrating, through affidavits or other evidence, that the requested discovery is overly broad, unduly burdensome, or oppressive. *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 579 (N.D. Tex. 2016). Upon granting a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

**Standard to Impose Sanctions for Failure to Comply with a Discovery Order**

"[P]arties must comply with court orders." *Calsep A/S v. Dabral*, 84 F.4th 304, 310 (5th Cir. 2023); Fed. R. Civ. P. 37(b)(2)(A). "Rule 37(b)(2)(A) allows a district court to impose a sanction when a party fails to comply with a discovery order, and the court has broad discretion in fashioning its sanction when it does so." *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019). The rule provides a non-exhaustive list of potential sanctions, including "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" and "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii).

**Standard to Impose Sanctions for Spoliation of ESI**

Rule 37(e) allows courts to impose sanctions to remedy the spoliation of ESI. *See Keister on behalf of Est. of Orr v. Dolgencorp, L.L.C.*, 139 F.4th 449, 453 (5th Cir. 2025); *Calsep A/S*, 84 F.4th at 310. Sanctions are appropriate when "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). Under Rule 37(e)(1), the court, "upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Under Rule 37(e)(2), the court, "upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the other party; or (C) dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2).

"To apply Rule 37(e) sanctions, a court must determine that . . . (1) there is ESI that should have been preserved; (2) that ESI has been lost; (3) the ESI was lost because of a party's failure to take reasonable steps to preserve it; and (4) the ESI cannot be replaced through additional discovery." *BHI Energy I Power Servs. LLC v. KVP Holdings, LLC*, 730 F. Supp. 3d 308, 319–20 (N.D. Tex. 2024) (internal quotation marks omitted). If met, the court then considers the "possible remedies under Rules 37(e)(1) or 37(e)(2), which have different requirements before sanctions can be imposed." *Id.* at 320 (internal quotation marks omitted).

Under Rule 37(e)(1), sanctions can be imposed when "a party is prejudiced by the loss of information." *Richard v. Inland Dredging Co., LLC*, No. 6:15-0654, 2016 WL 5477750, at *5 (W.D. La. Sept. 29, 2016). "Prejudice exists when spoliation prohibits a party from presenting evidence that is relevant to its underlying case." *Owens v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, 695 F. Supp. 3d 750, 760 (M.D. La. 2023). If a party "has suffered prejudice from the spoliation of evidence, the Court may order whatever sanctions are necessary to cure the prejudice," *id.* at 756, including the denial of summary judgment on claims that may turn on lost ESI, *see, e.g.*, *Cleary v. Am. Airlines, Inc.*, No. 4:21-CV-00184-O, 2022 WL 5320126, at *7 (N.D. Tex. July 22, 2022).

Under Rule 37(e)(2), sanctions may also be imposed when "the party that caused the loss acted with the intent to deprive another party of the information's use in the litigation." *Richard*, 2016 WL 5477759, at *4 (internal quotation marks omitted); *see BHI Energy*, 730 F. Supp. 3d. at 321-22 (whereas "Rule 37(e)(1) does not contain an 'intent' requirement . . . Rule 37(e)(2) does not include a requirement that the court find prejudice to the party deprived of the information"). Accordingly, after finding the requisite intent to deprive under Rule 37(e)(2), "the Court may

order more severe sanctions, including a presumption that the lost information was unfavorable to the party" responsible. *Owens*, 695 F. Supp. 3d at 756.

The party seeking spoliation sanctions must prove Rule 37(e)'s requirements by a preponderance of the evidence. *See BHI Energy*, 730 F. Supp. 3d. at 324; *United Healthcare Servs., Inc. v. Rossel*, No. 3:21-CV-1547-L-BT, 2024 WL 1252365, at *5 (N.D. Tex. Mar. 21, 2024); *Jim S. Adler, P.C. v. McNeil Consultants, LLC*, No. 3:19-CV-2025-K-BN, 2023 WL 2699511, at *14 (N.D. Tex. Feb. 15, 2023). The 2015 Advisory Committee notes explain, however, that Rule 37(e) "leaves judges with discretion to determine how best to assess prejudice," recognizing that "placing the burden on proving prejudice on the party that did not lose the information may be unfair." Fed. R. Civ. P. 37(e), advisory committee notes, 2015 amendments.

## **LEGAL ARGUMENT**

### I.    **This Court should compel Defendants to produce the Cellebrite report concerning the search of Sheriff Fuentes's phone.**

Contrary to this Court's September 17th order, Defendants have not produced the Cellebrite report from Sheriff Fuentes's phone. Because this ESI falls within the scope of discoverable material, this Court should compel its production.

A motion to compel is appropriate when the requested materials are "within the scope of discovery and have been requested but not received." *Crosswhite*, 321 F. App'x at 368. The requested materials are indisputably within the scope of discovery, and this Court *already* ordered Defendants to produce them. *See* ECF 113-20 at 25:23-26:8. Defendants have nonetheless failed to provide all the requested materials or an explanation for why the materials have not been produced.

In response to this Court's order to conduct a Cellebrite search of Sheriff Fuentes's phone, Defendants maintain that a search yielded no results. ECF 113-21 at 8. Examination of the Cellebrite report is necessary for Plaintiff to confirm that the search was conducted properly and to identify when and how communications were deleted. Unfortunately, Plaintiff can no longer take defense counsel's word that the search of Sheriff Fuentes's phone was properly conducted considering the history of misrepresentations, deletions, and incomplete production by Defendants throughout this litigation. Such misrepresentations include: falsely representing that the DA's Office does not use WhatsApp to communicate about cases; falsely representing that the phones of ADA Barrera and DA Ramirez were properly searched and contained no ESI; the deletion of relevant messages by DA Ramirez and ADA Barrera, including the deletion of at least 27 messages in the midst of discovery; and misrepresentations made by Defendants' counsel to this Court on the record downplaying the scope of deleted communications. Production of the Cellebrite report and requested attachments are therefore necessary to ensure that Defendants have complied with their discovery obligations.

II.    **The Court should impose an appropriate remedy for Defendants' failure to produce, defiance of the Court's orders, and destruction of discoverable material.**

Defendants have failed to produce discovery, defied this Court's Order to produce certain ESI and an affidavit from counsel concerning preservation instructions, and destroyed discoverable ESI. Given Defendants' repeated disregard for this Court's authority and the rules of discovery, this Court should impose a remedy for any or all these violations.

A.    ***Sanctions should be imposed for the failure to produce text and WhatsApp messages in response to Requests for Production.***

As detailed above, in response to Plaintiff's September 13, 2024, Requests for Production, Defendants falsely asserted that none of the Defendants ever communicated about

11

work matters via WhatsApp or another messaging platform. Defendants produced only six text messages and falsely represented that no additional ESI existed. After months of disputes, Cellebrite searches of Defendants Ramirez's and Barrera's phones yielded hundreds of pages of relevant ESI communications, including many that had been deleted. But still, all WhatsApp communications are missing from Defendant Ramirez's phone. The Defendants produced no ESI from Sheriff Fuentes's phone, despite testimony indicating that he used WhatsApp and text messages to communicate about investigations. These actions demonstrate a clear failure to produce discoverable material, in violation of Rules 26 and 34, and satisfy the requirement for a motion to compel under Rule 37(a)(3)(B).

There is no justification for these failures. Defendants' handing over of 700 relevant pages of electronic messages from Defendant Barrera's phone one hour before the start of her deposition in this case and finally producing messages from Defendant Ramirez's phone six days before his deposition does not cure the violation or make it harmless, although these are not defenses to a motion to compel. These actions substantially prejudiced Ms. Gonzalez's ability to use that information in the depositions effectively, allowed months of the discovery period to pass during which relevant ESI was deleted, and caused many hours of needless work for Ms. Gonzalez's counsel—engaging in the dispute resolution process, notifying the Court of the disputes and drafting court papers in the effort to obtain this material. Although some of Defendant Ramirez's communications have been disclosed by the *recipients* of those messages, no known deleted messages have been recovered. It is also likely that there are other messages that Defendant Ramirez deleted that Plaintiff is unaware of. For Defendant Fuentes, the deletion of <u>all</u> relevant ESI from his phone resulted in a total failure to produce the relevant ESI. This lack of production is prejudicial to Plaintiff.

12

It is just and appropriate for this Court to impose expenses, including attorneys' fees, on Defendants under Rule 37(a)(5) for failing to produce discovery. That award is required by the Rule, as Plaintiff made good faith attempts to obtain this ESI material without court action.

### B. Sanctions should be imposed for the failure to comply with the Court's order to provide an affidavit from counsel documenting any preservation instructions

This Court ordered Defendants' counsel to provide a sworn affidavit documenting any preservation instructions they gave their clients. ECF 113-20 at 7:16-8:2. Counsel did not do so, instead filing a lengthy and unsworn "Advisory Letter" that contained one paragraph covering Defendant Barrera's testimony that she received a preservation instruction around March 2024 and one paragraph informing the Court of a "verbal" instruction to "retain relevant material" that was given only to the individual Defendants and not to other County personnel. ECF 113-21 at 9. Defendant Fuentes, however, testified that he did not receive instructions from any lawyer to preserve and not delete material relevant to this case. ECF 91-30 at 126:6-8. And whatever notice Defendant Barrera and Defendant Ramirez received was clearly insufficient.[1] Only *after* the September 17th hearing did the County IT Director—not counsel—send "a written communication . . . to all County employees who have been identified as witnesses," directing them to retain documents. *Id.* at 9-10. Not only does the failure to properly direct their clients to preserve evidence violate Defendants' counsel's professional responsibility obligations, *see* Tex. Disciplinary Pro. Conduct r. 3.04(a) (2025), but their failure to submit an affidavit regarding preservation directly contradicts the Court's Order to do so. This conduct cannot go without consequence.

---

[1] Defendants Ramirez and Barrera are both licensed attorneys who would be aware of the obligation to preserve evidence even without a written instruction from their counsel. This fact, however, does not absolve their counsel in this matter of the duty to issue preservation instructions.

Accordingly, this Court should impose a sanction under Rule 37(b)(2)(A) for failure to comply with a court's discovery order. Sanctions here are "just and related to the particular claim which was at issue in the order," *Law Funder*, 924 F.3d at 758 (internal quotation marks omitted)*,* namely the immunity defenses. Any discoverable material that was not preserved as the result of counsel's failure to issue a proper litigation hold could dramatically affect the evidence the Court has before it when considering Defendants' assertions of prosecutorial and qualified immunity. As the Court has "broad discretion in fashioning its sanction," *id.*, Plaintiff requests the Court impose the following sanction: that it "be taken as established for purposes of the action" that Defendant Fuentes had knowledge about the investigation of Ms. Gonzalez from the outset of that investigation and was kept informed about the investigation and her arrest throughout. Fed. R. Civ. P. 37(b)(2)(A)(i).

### C. *Sanctions should be imposed for the Defendants' spoliation of ESI*

As detailed above, Defendant Ramirez deleted relevant text messages while knowing that litigation was possible over the investigation and prosecution of Ms. Gonzalez. ECF 91-24 at 116:3-117:13; ECF 91-11 at 4. The deleted ESI that Plaintiff is aware of included 1) all text messages to and from witness Becky Rocha regarding the prosecution of Ms. Gonzalez; 2) a message on his phone that had been obtained by the *Washington Post* that specifically discussed the prosecution of Ms. Gonzalez; and 3) all WhatsApp messages related to the investigation and prosecution of Ms. Gonzalez.

The Cellebrite search of Defendant Barrera's phone revealed that she deleted at least 27 messages on February 24, 2025, prior to her deposition and after this Court ordered them to be produced in discovery. These would not have been recovered without the Court's intervention on January 10, 2025. ECF 64 at 11, 19-20. The messages were clearly relevant to Defendant

14

Barrera's claims of immunity, as they pertained to her interactions with investigators regarding the Gonzalez investigation and demonstrated her close involvement throughout the investigation of Ms. Gonzalez. The messages thus establish that Defendant Barrera's conduct falls outside the scope of prosecutorial immunity.

Finally, relevant electronic messages existed on Defendant Fuentes's phone that are no longer there, contrary to the County's data retention policies. The record establishes that such ESI once existed given deposition testimony that officers used an "Admin" WhatsApp group to keep their superiors, including Sheriff Fuentes, informed of everything going on at the Sheriff's office, and based on the production of texts from other phones that included Sheriff Fuentes and discussed the arrest of Ms. Gonzalez.

Each element of the requirements for Rule 37(e) sanctions is met. *BHI Energy,* 730 F. Supp. 3d at 319-20. All of this is ESI that should have been preserved, as it is relevant or possibly relevant to this lawsuit. Much of it is lost, as Defendants' Advisory assures the Court. And it appears that the ESI deleted from Defendants Ramirez's and Fuentes's devices cannot be replaced through additional discovery. Plaintiff has also demonstrated prejudice, as "spoliation prohibits [Plaintiff] from presenting evidence that is relevant to [her] underlying case." *Owens*, 695 F. Supp. 3d at 760. Certainly, the Plaintiff cannot present any of the unrecovered deleted evidence in this case. It is likely that those messages were relevant, as deposition testimony indicates that Defendants sent and received relevant messages, and the record already includes numerous recovered deleted messages that were relevant. Where there is prejudice, the Court may order sanctions, including the denial of summary judgment on claims that may turn on lost ESI. *See Cleary,* 2022 WL 5320126, at *7.

Pursuant to Rule 37(e)(2)(A), Plaintiff requests that the Court presume all unrecoverable ESI was unfavorable to the Defendants. In particular, this Court should direct that it be taken as an established fact for the purposes of this action that Defendant Ramirez and Defendant Fuentes had knowledge about the investigation of Ms. Gonzalez from the outset of that investigation and were kept informed about the investigation and her arrest throughout. Plaintiff also asks the Court to find that Defendants Ramirez and Barrera deleted messages "with the intent to deprive [Plaintiff] of the information's use in the litigation," Fed. R. Civ. P. 37(e)(2), based on their clear knowledge that litigation was likely and then ongoing, and on the content of those messages which reveals Defendant Ramirez's admissions of improper prosecution and Defendant Barrera's detailed involvement in the investigation. Pursuant to Rule 37(e)(2)(B), Plaintiff also requests that an instruction regarding the ESI be given to the jury that it must presume all deleted communications were unfavorable to Defendants—including those that were produced after Defendant Barrera deleted them.

### D.  Summary of remedies requested

Plaintiff urges the Court not to take these bad-faith actions lightly and to impose appropriate penalties. Plaintiff Gonzalez has been hampered and prejudiced in conducting her litigation by the delays and false representations about relevant discoverable information and continues to be prejudiced by her inability to discover deleted material that cannot be recovered. For the Defendants' failure to produce relevant discovery, Plaintiff requests the award of attorneys' fees and costs. For the Defendants' failure to abide by this Court's orders, Plaintiff requests that it be taken as an established fact for purposes of the action that Defendant Fuentes had knowledge about the investigation of Ms. Gonzalez from the outset of that investigation and was kept informed about the investigation and her arrest throughout. And for the spoliation of

16

evidence, Plaintiff requests 1) that this Court presume the unrecoverable ESI was unfavorable to the Defendants; 2) that it be taken as an established fact for the purposes of this action that Defendant Ramirez and Defendant Fuentes had knowledge about the investigation of Ms. Gonzalez from the outset of that investigation and were kept informed about the investigation and her arrest throughout; 3) a finding that Defendants Ramirez and Barrera deleted messages "with the intent to deprive [Plaintiff] of the information's use in the litigation," Fed. R. Civ. P. 37(e)(2); and 4) that an instruction regarding the ESI be given to the jury that it must presume all deleted communications were unfavorable to Defendants. The requested sanctions are stringent but proportionate to the violations at hand and are necessary to rectify the prejudice to Ms. Gonzalez's ability to litigate her case.

## **<u>CONCLUSION</u>**

In sum, as remedies for Defendants' failure to produce documents, defiance of the Court's discovery orders, and spoliation of relevant ESI, Plaintiff requests an order requiring Defendants to produce the Cellebrite report regarding Defendant Fuentes' phone and an order for sanctions.

Respectfully Submitted,

By: _____
Lauren Alicia Johnson
DC Bar No.: 1011382*
American Civil Liberties Union Foundation
915 15th Street NW
Washington DC 20005
Telephone No.: 202-731-5567
ljohnson@aclu.org

17

I. Cecilia Garza
TX State Bar No. 24041627
USDTX Federal Admission No.: 578825
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: 956-335-4900
Telecopier No.: 956-338-5700
cecilia@garzamartinezlaw.com
*Attorney in charge for Plaintiff*

Veronica Sepulveda Martinez
TX State Bar No. 24081144
USDTX Federal Admission No.: 3048499
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: 956-335-4900
Telecopier No.: 956-338-5700
veronica@garzamartinezlaw.com

Nancy Rosenbloom
NY Bar No.  2168425*
Mariana Kovel
NY Bar No.: 4512000*
Elizabeth Cheryl Jarit
NY Bar No.: 5005020*
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
Telephone No:  202-393-4930
nrosenbloom@aclu.org
mkovel@aclu.org
ljarit@aclu.org

David A. Donatti
Texas Bar No. 24097612
Adriana Piñon
Texas Bar No. 24089768
Ashley Harris
Texas Bar No.: 24123238
Sarah F. Corning

18

Texas Bar No. 24144442*
American Civil Liberties Union of Texas
P.O. Box 12905
Austin, TX 78711-2905
Telephone No.: 713-942-8146
Facsimile: 713-942-8966
ddonatti@aclutx.org
apinon@aclutx.org
aharris@aclutx.org
scorning@aclutx.org

**ATTORNEYS FOR PLAINTIFF**

\*        Admitted *pro hac vice*

## CERTIFICATE OF COMPLIANCE WITH PAGE COUNT

I hereby certify that the page count for this brief complies with the page limit requirements set forth in this Court's rules.

_____

Lauren Johnson

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2025, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and that service to all counsel will be provided through the CM/ECF system.

_____

Lauren Johnson