United States District Court
Southern District of Texas
**ENTERED**
February 17, 2026
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| **LIZELLE GONZALEZ,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **Civil Action No. 7:24-CV-00132** |
| § | |
| **GOCHA ALLEN RAMIREZ,** § | |
| **ALEXANDRIA LYNN BARRERA,** § | |
| **STARR COUNTY, TEXAS, and** § | |
| **RENE FUENTES,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lizelle Gonzalez ("Gonzalez") self-induced an abortion. She was indicted by a Starr County grand jury and arrested. Defendant Gocha Ramirez, the District Attorney for Starr County, Texas, dismissed the case after learning that the Texas Penal Code excepted mothers from the crime of abortion. Gonzalez then sued Starr County, DA Ramirez, Assistant District Attorney Alexandria Barrera, and Sheriff Rene Fuentes for alleged Fourth and Fourteenth Amendment violations under 42 U.S.C. § 1983.

Pending before the Court is Gonzalez's Opposed Motion for Extension of Time for Response to Defendant Ramirez's Summary Judgment Motion, (Dkt. No. 82), Gonzalez's Motion to Compel Discovery, (Dkt. No. 113), and Gonzalez's Motion to Impose Sanctions, (*id.*).

The Court **TERMINATES as moot** Gonzalez's Opposed Motion for Extension of Time for Response to Defendant Ramirez's Summary Judgment Motion. (Dkt. No. 82).

The Court previously ordered that Gonzalez "shall have until 21 days after the filing of Defendant Fuentes's Motion for Summary Judgment to file her omnibus response brief" to all Defendants' Motions for Summary Judgment. (Dkt. No. 85). Fuentes moved for summary judgment on July 22, 2025. (Dkt. No. 88). Gonzalez timely responded to the Motion on August 12, 2025, (Dkt. No. 91), in accordance with this Court's Order, (Dkt. No. 85). Because Gonzalez has already responded, her motion for an extension of time is moot. (Dkt. No. 82).

The Court **DENIES as moot** Gonzalez's Motion to Compel Discovery. (Dkt. No. 113). As Gonzalez acknowledges in her Reply, Defendants produced the report she sought. (Dkt. No. 119 at 1).

The Court **DENIES** Gonzalez's Motion to Impose Sanctions. (Dkt. No. 113 at 15–21). While Gonzalez "no longer seeks to compel [Defendants'] disclosure," she "continues to seek sanctions for Defendants' repeated discovery violations and spoliation of evidence." (Dkt. No. 119 at 1). Gonzalez contends that Defendants deleted text messages and possibly WhatsApp messages, (Dkt. No. 113 at 16, 18–19), and didn't provide a sworn affidavit about their preservation instructions, in defiance of this Court's order, (*id.* at 17). To remedy these issues, Gonzalez asks the Court to establish as fact that Defendants had ongoing knowledge about her investigation and arrest and to instruct the jury to presume that all electronically stored information ("ESI") deleted by Defendants was unfavorable to them. (Dkt. No. 113 at 20). Defendants respond that any deleted messages were ultimately recovered, eliminating any prejudice. (*See* Dkt. No. 118 at 13–20). They also assert that they filed a sworn advisory outlining their

preservation instructions. (*Id.* at 11–13). Defendants additionally request an award of fees for having to respond to the Motion. (*Id.* at 20).

Federal Rule of Civil Procedure 37(e) provides:

> If [ESI] that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment.

Because the deleted ESI was recovered, Gonzalez cannot establish prejudice. Nor has she shown that Defendants intended to deprive her of the recovered ESI. And although Defendants' sworn advisory did not strictly track the form the Court requested, it substantively complied with the Court's requirements. Gonzalez has not explained how this variance impeded her discovery efforts or caused prejudice. Accordingly, the Court declines to impose sanctions against Defendants.

The Court also declines to award Defendants their costs incurred in responding to Gonzalez's Motion. (Dkt. No. 118 at 20). Rule 37(a) provides,

> If the motion [to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially

>  justified or other circumstances make an award of expenses unjust.

Gonzalez's Motion was substantially justified. (Dkt. No. 113). It rested on documented inconsistencies in the Defendants' account, admitted deletions of evidence, and Defendants' failure to strictly adhere to the form of the Court's discovery orders. Defendants are therefore not entitled to recover their costs. (Dkt. No. 118 at 20).

Considering the foregoing analysis, the Court **TERMINATES as moot** Gonzalez's Opposed Motion for Extension of Time for Response to Defendant Ramirez's Summary Judgment Motion, (Dkt. No. 82); **DENIES as moot** Gonzalez's Motion to Compel Discovery, (Dkt. No. 113 at 14–15); and **DENIES** Gonzalez's Motion to Impose Sanctions, (*id.* at 15–21).

It is SO ORDERED.

Signed on February 13, 2026.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**