**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **LIZELLE GONZALEZ,** | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. <u>7:24-cv-00132</u>** |
| | § | |
| **GOCHA ALLEN RAMIREZ,** | § | |
| **ALEXANDRIA LYNN BARRERA,** | § | |
| **STARR COUNTY, and** | § | |
| **RENE FUENTES,** | § | |
| *Defendants* | § | |

## <u>PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE DREW B. TIPTON:

COMES NOW Plaintiff Lizelle Gonzalez, and moves for leave to amend her Complaint in this action pursuant to Fed. R. Civ. P. Rule 15(a)(2), and for such motion would respectfully show unto the Court as follows:

**I.**

## <u>PROCEDURAL BACKGROUND</u>

**On or about April 11, 2024,** Plaintiff filed her Amended Complaint against Defendants Gocha Allen Ramirez in his individual capacity, Alexandria Lynn Barrera in her individual capacity, Starr County, and Rene Fuentes in his official and individual capacities, alleging violations of the Fourth and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. § 1983. (Dkt. 7)

**On or about July 1, 2025,** Defendant Ramirez filed his Motion for Summary Judgment, Assertion of Immunity and Brief in Support thereof. (Dkt. 79).

**On or about July 10, 2025,** Defendant Barrera filed her Motion for Summary Judgment, Assertion of Immunity and Brief in Support thereof. (Dkt. 81).

**On or about July 22, 2025,** Defendant Fuentes filed his Motion for Summary Judgment on claims against him in his individual capacity, Assertion of Immunity and Brief in Support thereof. (Dkt. 88).

**On or about March 31, 2026,** this Court entered a Memorandum Opinion and Order. (Dkt. 123). In that order, this Court granted Defendants Ramirez's, Barrera's and Fuentes's motions for summary judgment for claims against them in their individual capacities based on absolute and/or qualified immunity. The Order does not address Plaintiff's claims against Defendant Starr County or her official-capacity claims against Sheriff Fuentes.

**On or about April 25, 2026,** this Court entered a Scheduling Order based, in part, on the agreements of the parties. (Dkt. 125). The order includes a deadline for amending pleadings of May 15, 2026.

Accordingly, Plaintiff timely files her Motion for Leave to File Second Amended Complaint. Attached to this motion as Exhibit "A" is Plaintiff's proposed Second Amended Complaint.

**II.**

**APPLICABLE RULE**

Fed. R. Civ. P. 15(a)(2) provides:

> [A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

**III.**

**ARGUMENT**

The law favors granting leave to amend freely, and the Court should allow amendment here, as no substantial reasons exist for denial. Fed. R. Civ. P. 15(a)(2) "evinces a bias in favor of granting

leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co*., 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp*., 660 F.2d 594, 597 (5th Cir. 1981)).  A court should grant leave unless one of the following factors is a substantial reason for denial: (1) undue delay, bad faith, or dilatory motive; (2) undue prejudice to the opposing party, and (3) whether the amendment is futile. *See Golden Westlake Fin. Servs., LLC*, 2025 WL 2598047, at *2 (S.D. Tex. Aug. 5, 2025) (citing *Martin's Herend Imports*, 195 F.3d at 770 and *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000)). None of these reasons is present here.

Plaintiff timely files her motion for leave prior to the agreed upon and Court's deadline for the amendment of pleadings. (Dkt. 125). "When a party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) provides that a district court should freely give leave [to amend] when justice so requires." *Golden Westlake Fin. Servs., LLC*, 2025 WL 2598047, at *2 (citation modified).

Further, Plaintiff has not acted with undue delay, bad faith or dilatory motive but rather has made all efforts to move this action forward. This Court granted the individual-capacity summary judgement motions of Defendants Ramirez, Barrera and Fuentes based on immunity on March 31, 2026, leaving only Plaintiff's claims against Starr County and against Sheriff Fuentes in his official capacity. (Dkt. 123). Prior to summary judgment, this Court ordered bifurcated discovery permitting discovery only as to the immunity issues raised by the individual defendants. Accordingly, it was only after the Court's order granting summary judgment based on immunity that discovery regarding the *Monell* claims became possible. Plaintiff has not unduly delayed her prosecution of her *Monell* claims as this Court, at Defendants' request, prohibited Plaintiff from proceeding with any such claims. Soon after the court's March 31, 2026, order, Plaintiff's counsel conferred with Defendants' counsel regarding the remaining claims, amending her complaint, anticipated *Monell* discovery and

proposed deadlines. That conference resulted in the entry of the current Scheduling Order, which includes a deadline for Plaintiff to amend her complaint.[1]

This motion is not a result of previous repeated failures to cure deficiencies but rather seeks a second amendment solely to address the current status of the case based on the Court's most recent order granting certain Defendants' motions for summary judgment. Amendment is necessary to update the Complaint and to provide clarity on the remaining claims against Defendants Starr County and Sheriff Rene Fuentes, including to incorporate information obtained in discovery since filing the First Amended Complaint. Plaintiff's proposed amendment would voluntarily terminate her claims against Sheriff Fuentes in his official capacity. This determination will streamline the proceedings and is based on applicable case law holding that official capacity claims against a county sheriff in Texas are duplicative of *Monell* claims against the county itself. *Campos v. City of Port Lavaca*, 2021 WL 5826783, at *3 (S.D. Tex. Dec. 8, 2021) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).

Defendants will not suffer undue prejudice if the Court permits Plaintiff to file her Second Amended Complaint. The proposed amendment is based on the same occurrences and events as those described in the First Amended Complaint. (Dkt. 7). It clarifies Plaintiff's *Monell* claims in light of the testimony and facts that have been gathered during discovery. Thus, Defendants have had fair notice of the claims set forth in the Second Amended Complaint. Plaintiff is not seeking to include new or unforeseen claims against Defendants.

---

[1] Although Plaintiff refers to the active claims as "remaining" following the Court's ruling granting summary judgment on other claims, the individual-capacity summary judgment ruling may be subject to appeal once the *Monell* claims have been litigated. For this reason, Plaintiff's proposed Second Amended Complaint continues to include the claims on which the Court granted summary judgment and has not altered them.

Further, this amendment is not futile because Defendant Starr County is liable under § 1983 for the acts of its officials in violating Plaintiff's civil rights. The Fifth Circuit interprets the Rule 15 futility element as a failure "to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 873 (5th Cir. 2000). In *Stripling*, the Fifth Circuit held that the appropriate question for the trial court "is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id.* (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). Further, "the court's almost unvarying practice when futility is raised is to address the merits of the claim . . . in the context of a Rule 12(b)6) or Rule 56 motion." *Smallwood v. Bank of Am.,* 2011 WL 4941044, at *1 (N.D. Tex. Oct. 17, 2011) (citation modified). Plaintiff's claims against Starr County are valid because they are grounded in law and supported by evidence; thus, they are far from futile.

Because Rule 15(a)(2) favors granting leave to amend and there is not a substantial reason for denial, Plaintiff's motion for leave to amend should be granted.

## **PRAYER**

WHEREFORE, PREMISES CONSDERED, Plaintiff respectfully prays that her motion for leave to amend should be granted, and the Second Amended Complaint allowed to be filed, and for such other and further relief to which she may show herself entitled.

Respectfully Submitted,

By: _____
I. Cecilia Garza
TX State Bar No. 24041627
USDTX Federal Admission No.: 578825
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: 956-335-4900
Telecopier No.: 956-338-5700
cecilia@garzamartinezlaw.com
*Attorney in charge for Plaintiff*

Veronica Sepulveda Martinez
TX State Bar No. 24081144
USDTX Federal Admission No.: 3048499
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: 956-335-4900
Telecopier No.: 956-338-5700
veronica@garzamartinezlaw.com

Lauren Alicia Johnson
DC Bar No.: 1011382*
American Civil Liberties Union Foundation
915 15th Street NW
Washington DC 20005
Telephone No.: 202-731-5567
ljohnson@aclu.org

Nancy Rosenbloom,
NY Bar No.  2168425*
Mariana Kovel
NY Bar No.: 4512000*
Elizabeth Cheryl Jarit
NY Bar No.: 5005020*
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
Telephone No:  202-393-4930
nrosenbloom@aclu.org
mkovel@aclu.org
ljarit@aclu.org

David A. Donatti
Texas Bar No. 24097612
Adriana Piñon
Texas Bar No. 24089768
Ashley Harris
Texas Bar No.: 24123238
Sarah F. Corning
Texas Bar No. 24144442*
American Civil Liberties Union of Texas
P.O. Box 12905
Austin, TX 78711-2905
Telephone No.: 713-942-8146
Facsimile: 713-942-8966
ddonatti@aclutx.org
apinon@aclutx.org

aharris@aclutx.org
scorning@aclutx.org

**ATTORNEYS FOR PLAINTIFF**

\*     Admitted *pro hac vice*
\*\*    P*ro hac vice* admission pending

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 14th  day of May, 2026, I conferred with counsel for Defendants,

Ric Navarro, via email, who indicated that Defendants are opposed to the contents of Plaintiff's

motion and the filing of Plaintiff's Second Amended Complaint.

I. Cecilia Garza

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2026, a copy of this motion was filed

electronically with the Clerk of Court using the CM/ECF system, and that service to all counsel

will be provided through the CM/ECF system.

I. Cecilia Garza