IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LIZELLE GONZALEZ | § | |
|    Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION 7: 24-CV-00132 |
| | § | |
| STARR COUNTY and SHERIFF FUENTES | § | |
|    Defendants | § | |
| | § | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE A SECOND AMENDED COMPLAINT**

MAY IT PLEASE THE COURT:

COME NOW, DEFENDANTS STARR COUNTY and SHERIFF RENE FUENTES and files this Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint. Doc. 126-126.1. Defendants also respectfully request that the Court clarify that the Order granting the Individual Defendants judgment as a matter of law was with prejudice so that future delays may be avoided.

## I.    INTRODUCTORY STATEMENT

Defendants oppose Plaintiff's Motion for Leave to file a Second Amended Complaint, which would resurrect claims against the Individual Defendants and relies, once again, on a gross misrepresentation of the facts—this time, the facts in the summary judgment record. Because the proposed Second Amended Complaint would do nothing more than delay disposition of the case and require the Court and Defendants to replough the exact same ground that has already taken two years to work through, the Court should deny Plaintiff's Motion for Leave.

## II.    ARGUMENT AND AUTHORITIES

The Court should deny Plaintiff's Motion for Leave to Amend because Plaintiff seeks to impermissibly reassert claims that have already been disposed of as to the Individual Defendants, which would cause Defendants significant prejudice and waste judicial resources.

As a threshold matter, Plaintiff's description of the proposed Second Amended Complaint in her Motion for Leave to Amend is woefully misleading. Plaintiff claims in her Motion, that the proposed Second Amended Complaint "seeks … solely to address the current status of the case based on the Court's most recent order granting certain Defendants' motions for summary judgment. Amendment is necessary to update the Complaint and to provide clarity on the remaining claims against Defendants Starr County and Sheriff Rene Fuentes, including to incorporate information obtained in discovery since filing the First Amended Complaint. Plaintiff's proposed amendment would voluntarily terminate her claims against Sheriff Fuentes in his official capacity." Doc. 126, p. 4.

This description in Plaintiff's Motion omits that Plaintiff's proposed Second Amended Complaint re-alleges the same fabricated allegations against the Individual Defendants that were disproven by the evidence.

For example, Plaintiff avers in the proposed Second Amended Complaint that:

> Defendant Fuentes and his office, in connection with and/or under the joint supervision of Defendants Barrera and Ramirez of the Starr County District Attorney's Office, investigated Plaintiff because of her abortion, knowing that Plaintiff's conduct was exempt from homicide as per Section 19.06(1) of the Texas Penal Code…. At all relevant times, Defendants Ramirez and Barrera, and Starr County Sheriff's officers were aware that Section 19.06 of the Texas Penal Code exempted the death of an unborn child from the statute pertaining to murder "if the conduct charged is: (1) conduct committed by the mother of the unborn child"….On March 30, 2022, at the direction of Defendant Ramirez, and pursuant to office policy, custom, and practice, Defendant Barrera provided the Grand Jury of Starr County, Texas with false and

Defendants' Response to Plaintiff's Motion for Leave to File a Second Amended Complaint    -2-

misleading information and omissions in order to secure an Indictment against Plaintiff….Defendants conspired to, and did, investigate and present false information, recklessly misrepresenting facts and law in order to pursue a bogus murder charge against Plaintiff for acts clearly not criminal under the Texas Penal Code.

Doc. 26.1, ¶ 4.14, 4.22, 4.24, 4.25.

Based on the (disproven) facts, Plaintiff goes on to assert the exact same baseless claims for conspiracy, malicious prosecution, and false arrest against the Individual Defendants that the Court properly disposed of in granting summary judgment. Doc. 26.1, ¶¶ 7.1-7.36. And she asks the Court, again, to deny District Attorney Ramirez and ADA Barrera immunity, despite the Court's thorough discussion of this issue in the Order granting Summary Judgment. Doc. 123.

**Plaintiff's Proposed Second Amended Complaint Attempting to Resurrect the Claims Against the Immunity-Asserting Defendants That This Court Has Already Disposed Of is Untimely and Significantly Prejudices Defendants.**

Plaintiff urges that her proposed Second Amended Complaint is timely under Rule 15 because it was filed prior to the amended pleading deadline in the scheduling order that was issued *after* summary judgment was granted for the Individual Defendants. Doc. 125; Doc. 126, p. 3.

By way of background, the initial scheduling order entered on August 3, 2024, had a deadline of September 16, 2024, to amend pleadings. [Doc. 48]. The August 3rd Scheduling Order was quickly replaced by a more focused discovery Order that accommodated Plaintiff's request for expansive discovery against the immunity-asserting defendants. Cf. Doc. 48 *with* Doc. 49.

On April 24, 2026, *after* the Court granted judgment for each of the Individual Defendants and Plaintiff's counsel agreed that the Individuals were terminated, the Court issued a new Scheduling Order with an amendment deadline of May 15, 2026.

This Scheduling Order, however, pertained only to Starr County and Sheriff Fuentes in his Official Capacity, as those were the only remaining Defendants at the time the Scheduling Order was entered. *See* Doc. 125 (captioned "*Lizelle Gonzalez, Plaintiff vs. Starr County Texas and Rene Fuentes, Defendants.*"); *see also* Starr County Ex. A. Therefore, Plaintiff's attempt to amend and add Ramirez, Barrera, and Fuentes back to the case in their individual capacities should not be considered timely based on the scheduling order issued after they were dismissed from the case. Since it is an untimely amendment as to the Individual Defendants, the Court should consider, among other factors, the potential prejudice in allowing the amendment. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (additional citations omitted).

Moreover, even if Plaintiff's amendments were timely as to the Individual Defendants, the Court should still consider whether the amendments unduly prejudices the Individual Defendants, along with whether there has been undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, and futility of the amendments. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

All factors weigh in favor of Defendants, the most notable being the prejudice that would be caused by reasserting claims that have already been addressed by the Court.

Sensibly, the Fifth Circuit has observed that "[m]uch of the value of summary judgment procedure ... would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of another theory." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 n.2 (5th Cir. 1992) (quoting *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469-70 (5th Cir. 1967)). Thus, in situations where a party seeks to amend after summary

judgment has been granted, the motion should be denied unless the party seeking to amend has clearly established that she could not reasonably have raised the new matter prior to the trial court's granting of summary judgment. *Freeman*, 381 F.2d at 470 (citing *Briddle v. Scott*, 63 F.3d 364, 380 (5th Cir.), cert. denied, 516 U.S. 1034 (1995)).

The court has frequently found prejudice when a party seeks leave to amend after the opposing party has filed a motion for summary judgment. *See, e.g., Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 2007 WL 2592353, at *3 (N.D. Tex. Sept. 10, 2007) (Fitzwater, J.) (denying motion for leave to amend after summary judgment motion filed); *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *11 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.) (same).

And, as the Fifth Circuit has recognized, "'[t]o grant ... leave to amend is potentially to undermine [a party's] right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint .... A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint.'" *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990) (quoting this court's opinion below), aff'g, 685 F.Supp. 968 (N.D. Tex.1988) (Fitzwater, J.).

Here, Plaintiff seeks not just to avoid summary judgment, but to undue it all together by reasserting claims "against Gocha Allen Ramirez, Individually; Alexandria Lynn Barrera, Individually; Rene Fuentes, Individually." Doc. 26.1, p. 1. Relitigating this issue would further deplete Defendants' resources and unduly prejudice the Defendants in having to defend a repetitive claim. Further, the amended pleading is futile because the Court has already ruled on the claims as a matter of law, which are unaltered by the proposed Second Amended Complaint.

Consequently, Plaintiff's Motion for Leave to File a Second Amended Complaint reasserting claims against the Individual Defendants should be denied.

## CONCLUSION & PRAYER

THEREFORE, based on the foregoing Defendants respectfully request that the Court DENY Plaintiff's Motion for Leave to File a Second Amended Complaint.

SIGNED on the 29th day of MAY 2026.

Respectfully submitted,

By:    *Kelly R. Albin*
       Kelly R. Albin
       State Bar No. 24086079
       So. Dist. ID No. 3792304
       kralbin@rampagelaw.com

By:    *Ricardo J. Navarro*
       RICARDO J. NAVARRO
       State Bar No. 14829100
       So. Dist. Id No. 5953
       rjnavarro@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ**
  **BERNAL SANTEE & ZECH, P.C.**
549 N. Egret Bay, Suite 200
League City, Texas 77573
832- 632-2102
832-632-2132 (fax)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process contained in the Federal Rules of Civil Procedure on the persons or parties identified below on the 29th day of MAY 2026.

Ida Cecilia Garza                               **Via E-Filing Notification**
Veronica Sepulveda Martinez
GARZA MARTINEZ, PLLC
202 E. Sprague Street
Edinburg, TX 78539
COUNSEL FOR PLAINTIFFS


Lauren Alicia Johnson                           **Via E-Filing Notification**
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th Street NW
Washington DC 20005
COUNSEL FOR PLAINTIFFS


David A. Donatti                                **Via E-Filing Notification**
Adriana Pinon
AMERICAN CIVIL LIBERTIES
UNION OF TEXAS
P.O Box 12905
Austin, TX 78711-2905
COUNSEL FOR PLAINTIFFS


By:     *Kelly R. Albin*
        KELLY R. ALBIN
        RICARDO J. NAVARRO