DNRBS★Z
Denton Navarro Rodriguez Bernal Santee & Zech, P.C.
attorneys & counselors at law • rampagelaw.com
**San Antonio | Rio Grande Valley | Austin | Texas Gulf Coast**
549 N. Egret Bay Blvd., Suite 200 | League City, Texas 77573-3237
O 832-632-2102 | F 832-632-2134

July 27, 2026

United States Courts
Southern District of Texas
FILED

*7/27/2026*

Nathan Ochsner, Clerk of Court

Email: Kellie_Papaioannou@txs.uscourts.gov

Hon. Drew B. Tipton
U.S. District Court, Southern District of Texas

**Re: Case No. 7:24-cv-00132, *Gonzalez v. Ramirez*, et al. – Discovery
Dispute Response Letter**

Dear Honorable Judge Tipton,

Defendant Starr County ("Defendant" or "Starr County") respectfully submits this response and its position regarding Plaintiff Lizelle Gonzalez ("Plaintiff" or "Gonzalez")'s discovery dispute letter. *See* Exh. 1. Currently, following the grant of summary judgment for the individual Defendants, the parties are now engaging in discovery concerning Plaintiff's claims against Defendant Starr County, namely Plaintiff's remaining *Monell* claims under the Fourth and Fourteenth Amendments.

Pursuant to her *Monell* claim, Plaintiff asserts that, through the discovery process and discovery requests, she is entitled to grand jury materials related to Plaintiff's indictment. However, "under both federal and state law, a general rule of secrecy shrouds the proceedings of grand juries." *Shields v. Twiss*, 389 F.3d 142, 147 (5th Cir. 2004); *Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 218–19 (1979); *Wilson v. Stroman*, No. 1-17-CV-00453-ADA, 2020 WL 14047120, at *5 (W.D. Tex. Apr. 6, 2020) ("grand jury proceedings are not generally discoverable."). In fact, "[t]he secrecy of the grand jury proceedings is not something that is intruded into except in rare circumstances." *Id.* at 148. Rather, "both federal and Texas law permit discovery of grand jury material when the party seeking discovery demonstrates a *"particularized need"* for the material." *Id.* at 147 (citing and quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682–83 (1958)) (emphasis added). Additionally, "[a] party claiming a particularized need for grand jury material under Rule 6(e)[of the Federal Rules of Criminal Procedure] has the burden of showing 'that the material [it] seek[s] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [its] request is structured to cover only material so needed.'" *Id.* Contrary to what Plaintiff argues in her letter, "[t]his burden must be met even when the grand jury in question has concluded its operations." *Id.* (cleaned up).

**A.  Plaintiff's argument concerning a possible injustice fails.**

In her letter, Plaintiff asserts that "first prong of this test is satisfied where, like here, the government relies on the independent intermediary doctrine as a defense to a suit alleging violation

of a constitutional right." Exh. 1. In essence, Plaintiff contends that an assertion of the independent intermediary defense automatically entitles Plaintiff to grand jury transcripts when bringing a claim based on an alleged violation of her constitutional rights. This is simply not the case.

Rather, courts within the Fifth Circuit still require a party seeking disclosure of secret grand jury materials during discovery to articulate a particularized need for such grand jury materials. *See Wilson v. Stroman*, No. 1-17-CV-00453-ADA, 2020 WL 14047120, at *5 (W.D. Tex. Apr. 6, 2020). Indeed, this Court has previously stated grand jury secrecy is "one of the most important secrecies that we have." *Gonzalez v. Starr County, et al.*, 7:24-cv-00132 (SDTX-McAllen) (Hon. Judge Tipton, Motion Hrg. 44:20-24) (July 24, 2024). Grand jury secrecy cannot be waived merely because the government entity raises the independent intermediary defense in a *Monell* case, nor can it help Plaintiff meet her appropriately heavy burden of "particularized need."

What is more, Plaintiff cannot establish a "particularized need" based on alleged possible injustice in the first instance because her remaining *Monell* claim does not hinge on what occurred during the grand jury proceedings. Instead, her claim revolves around DA Ramirez and Sheriff Fuentes' supposed direct participation in her indictment and arrest. However, Plaintiff has finally admitted that DA Ramirez was not even in the room to present the indictment to the grand jury and this Court has recognized the supporting evidence of same. Dkt. 7, 91, 123.

Plaintiff's pivot to a baseless conclusion that DA Ramirez "conspired and instructed co-conspirator Assistant District Attorney Defendant Barrera to mislead the grand jury," fares no better because even if this were true (which it is not), the communications at issue would not be the grand jury proceedings, but statements made to Defendant Barrera by DA Ramirez. Additionally, Plaintiff does not address exactly what possible injustice will result if the grand juror's identities or materials presented thereto remain secret. As such, Plaintiff's "conclusory claims of false testimony, bad faith and prosecutorial misconduct are not tantamount to 'particularized need,' which is necessary to justify wholesale disclosure of grand jury proceedings." *Johnson v. Lee*, No. CIV.A.07-3596, 2009 WL 24065, at *3 (E.D. La. Jan. 2, 2009).

### B. Plaintiff's argument concerning the need for disclosure outweighing secrecy and that her requests are narrow also fail.

Plaintiff's arguments that the need for disclosure outweighs secrecy and that her requests are sufficiently narrow similarly fail. Dealing first with Plaintiff's argument that disclosure outweighs secrecy, Plaintiff asserts that "is no need for continued secrecy of the grand jury proceedings since the investigation and prosecution of Plaintiff concluded over four years ago, and because the government does not dispute that Plaintiff is innocent of the crime originally alleged." Exh. 1. Contrary to Plaintiff's assertions, "[p]olicy interests in the need for grand jury secrecy do not end with the completion of a criminal prosecution." *United States v. Schreiber*, 254 F.3d 70 (5th Cir. 2001) (citing *In re Grand Jury Testimony*, 832 F.2d 60, 64 (5th Cir. 1987)). "Witnesses before grand juries testify with the expectation that their testimony will not be made public except in fairly narrow circumstances. Fear of reprisal and the range of other concerns behind this expectation do not end with the criminal case." *In re Grand Jury Testimony*, 832 F.2d 60, 64 (5th Cir. 1987).

Here, Plaintiff's civil case, which clearly references her past criminal case, has received a vast amount of current media attention about a controversial issue. *See, e.g., New Lizelle Gonzalez Filing Reveals Gross Abuse of Power by Texas Officials who Engaged in Wrongful Prosecution*

*of Abortion*, ACLU, (August 12, 2025, 12:45 PM), https://www.aclutx.org/press-releases/new-lizelle-gonzalez-filing-reveals-gross-abuse-power-texas-officials-who-engaged; Sheena Samu & Laura C. Morel, *Woman charged with murder after using abortion pill details claims against D.A., sheriff*, CBS News, (August 21, 2025, 3:27 PM), https://www.cbsnews.com/news/woman-charged-murder-abortion-pill-lizelle-gonzalez-claims-against-d-a-sheriff. As stated previously, a grand juror (and grand jury as a whole) has an expectation that their proceedings will be secret, especially in high-profile and controversial cases. To allow Plaintiff to obtain such secret proceedings could open the grand jury up to a "range of other concerns" that "do not end with the criminal case." *In re Grand Jury Testimony*, 832 F.2d at 64. As such, it is very little weight that Plaintiff's criminal case ended four years ago and that she was originally found innocent. Thus, Plaintiff cannot show that the need for disclosure outweighs the heavy burden of secrecy afforded to a grand jury.

Additionally, Plaintiff's requests concerning grand jury materials are not narrowly tailored. In her requests for production of documents, Plaintiff requested: (1) the transcript and audio recording of the grand jury proceedings resulting in the indictment of Plaintiff; (2) a list of the names of the grand jurors who were present during the grand jury proceedings (if no audio or transcript); (3) All sworn statements and copies of any transcripts that contain testimony, summaries of testimony, or summations provided to the grand jury in connection with the indictment of Plaintiff; (4) copy of instructions on the law given to the grand jury in connection with the indictment of Plaintiff; (5) all documents reviewed by the grand jury in connection with the Indictment of Plaintiff. *See* Exh. 1. Additionally, Plaintiff requested the Defendant to identify: (1) all documents that were presented to the grand jury in connection with the indictment issued against Plaintiff; (2) all individuals who testified before the grand jury, whether in person or by affidavit or other sworn statement, in connection with the indictment issued against Plaintiff; (3) any questions the grand jury asked during the proceedings, the response to any questions asked by the grand jury during the proceedings, and any activities the grand jury undertook to investigate the charge or charges alleged in the Indictment against Plaintiff; and (4) the evidence presented and the legal instructions provided to the grand jury in connection with the indictment issued against Plaintiff. *See* Exh. 1. These requests, essentially, ask for everything concerning the grand jury proceeding. Plaintiff, based on her extraordinarily broad requests, "is truly seeking general discovery of the proceedings before the grand jury rather than particular information." *Johnson*, 2009 WL 24065, at *3. Thus, the Court should keep the grand jury materials secret and sustain the Defendant's objections.

Respectfully submitted,

By:    /s/ Kelly R. Albin
Kelly R. Albin
State Bar No. 24086079

So. Dist. ID No. 3792304
kralbin@rampagelaw.com

By:   /s/ Ricardo J. Navarro
RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist. Id No. 5953
rjnavarro@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ
BERNAL SANTEE & ZECH, P.C.**
549 N. Egret Bay, Suite 200
League City, Texas 77573
832- 632-2102
832-632-2132 (fax)

By:   /s/ Rebecca S. Hayward
REBECCA S. HAYWARD
Lead Counsel/ Attorney In Charge
So. Dist. ID No. 1570404
State Bar No. 24080709
rshayward@rampagelaw.com

By:   /s/ Yolanda Jarmon-Morgan
YOLANDA JARMON-MORGAN
State Bar No. 24007435
So. Dist. ID No. 23578
yjmorgan@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ
BERNAL SANTEE & ZECH, P.C.**
701 E. Harrison Avenue, Ste. 100
Harlingen, Texas 78550
956-421-4904
956-421-3621 (fax)

**COUNSEL FOR DEFENDANT
STARR COUNTY**

# Exhibit 1



GARZA MARTINEZ LAW

**I. Cecilia Garza**
✉ Cecilia@garzamartinezlaw.com

**Veronica Sepulveda Martinez**
✉ Veronica@garzamartinezlaw.com

July 9, 2026

Email: Kellie_Papaioannou@txs.uscourts.gov
Hon. Drew B. Tipton
U.S. District Court, Southern District of Texas

  Re: Case No. 7:24-cv-00132, *Gonzalez v. Ramirez*, et al. - Discovery Disputes

Dear Honorable Judge Tipton,

Plaintiff Lizelle Gonzalez respectfully requests this Court's assistance in resolving critical discovery disputes for which the parties cannot reach agreement.

Following the grant of summary judgment for the individual Defendants, the parties are now engaging in discovery concerning Plaintiff's claims against Defendant Starr County. Plaintiff alleges that, pursuant to Starr County policy, practice, or custom, County employees violated Plaintiff's constitutional rights when she was charged and arrested for a crime she did not commit.

Previously, the individual Defendants asserted the independent intermediary doctrine as a defense, arguing that the return of an indictment by the Starr County grand jury broke the causal chain for any constitutional violation. In anticipation of Defendant Starr County also raising this defense, Plaintiff's Discovery Requests sought narrow discovery related to the grand jury proceeding that resulted in Plaintiff's indictment. *See* Exhibit A. Defendant's Response and Objections to these Requests declined to disclose any of this information on the basis that grand jury proceedings are secret. *See* Exhibit B. Plaintiff and Defendant met and conferred on this and other issues on July 7, 2026, but could not reach an agreement concerning discovery related to the grand jury. Defense counsel represented that they will not be waiving the independent intermediary defense as to the County and that they would not be turning over any grand jury materials without a court order. Although grand jury proceedings are generally afforded secrecy, the government's reliance on the independent intermediary doctrine in a civil rights lawsuit allows the Plaintiff discovery concerning what occurred before the grand jury. Plaintiff thus files this letter requesting permission to file a motion to compel this discovery.

Grand jury proceedings are not privileged and are therefore discoverable so long as the party can demonstrate a particularized need. *In re Grand Jury Testimony,* 832 F.2d 60, 62 (5th Cir. 1987). A party demonstrates this need where (1) the requested discovery is needed to avoid a possible injustice in this case, (2) the need for disclosure outweighs any remaining need for continued secrecy, and (3) the requests are narrowly tailored to cover only the material needed. *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).

 **Edinburg Office**
202 E. Sprague Street
Edinburg, Texas 78539

 956.335.4900    956.338.5700

 **Mission Office**
504 E. 9th Street, Ste. A
Mission, Texas 78572

www.garzamartinezlaw.com

Judge Tipton
Page **2** of **2**

The first prong of this test is satisfied where, like here, the government relies on the independent intermediary doctrine as a defense to a suit alleging violation of a constitutional right. The independent intermediary doctrine "presupposes an investigative body acting independently of either prosecuting attorney or judge whose mission is to clear the innocent, no less than to bring to trial those who may be guilty." *United States v. Dionisio*, 410 U.S. 1, 16–17 (1973) (cleaned up). However, where the government fails to present "all the facts" or "withhold[s] any relevant information," that independent function is compromised. *Hand v. Gary*, 838 F.2d 1420, 1427-28 (5th Cir. 1988). This is because "[a]ny misdirection . . . of the grand jury by omission or commission perpetuates the taint of the original official behavior." *Id; see also United States v. Peralta*, 763 F. Supp. 14, 19-20 (S.D.N.Y. 1991) (finding grand jury was misled by government's misstatement of the applicable law). When this happens, the independent intermediary doctrine does not apply. *Hand*, 838 F.2d at 1427-28. Discovery of state grand jury proceedings is therefore permissible in a lawsuit alleging that a prosecution was brought in violation of federal rights where the government relies on the independent intermediary doctrine as a defense. *See In re Babin*, No. 9:22-CV-31, 2022 WL 1658701, at *5 (5th Cir. 2022) (allowing grand jury discovery in malicious prosecution lawsuit where defendants asserted independent intermediary doctrine); *Ramirez v. Abreo*, No. 5:09-CV-190-C, 2010 WL 11470102, at *2-3 (N.D. Tex. Nov. 24, 2010) (same). Because Plaintiff anticipates that Defendant County will assert the independent intermediary doctrine as a defense, the production of discovery that will reveal what was presented to the grand jury is necessary to avoid a possible injustice.

The second two prongs of the test are also satisfied here. There is no need for continued secrecy of the grand jury proceedings since the investigation and prosecution of Plaintiff concluded over four years ago, and because the government does not dispute that Plaintiff is innocent of the crime originally alleged. Plaintiff's requests are also reasonable—amounting to nine total requests—and narrowly structured to cover only the materials needed to litigate her claim and respond to Defendant's anticipated defense theory. The materials Plaintiff seeks are similar to those sought by plaintiffs and held discoverable in cases such as *Babin* and *Ramirez*: the identity of witnesses; information regarding what was, or was not, presented to the grand jury; transcripts of grand jury proceedings; and any documents or sworn statements provided to the grand jury.

In sum, Plaintiff requests permission to file a motion to compel production of discovery relating to the grand jury presentation that resulted in Plaintiff's indictment. Plaintiff also asks this Court to toll the discovery deadlines until resolution of this issue.

Counsel for Defendant is copied with this communication with the Court via email.

Sincerely,

I. Cecilia Garza

Enclosures (2)

# Exhibit A

**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| LIZELLE GONZALEZ, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. <u>7:24-cv 00132</u>** |
| | § | |
| GOCHA ALLEN RAMIREZ, | § | **JURY DEMANDED** |
| ALEXANDRIA LYNN BARRERA, | § | |
| STARR COUNTY, and | § | |
| RENE FUENTES, | § | |
| *Defendants* | § | |

**<u>PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO
DEFENDANT STARR COUNTY</u>**

TO: DEFENDANT STARR COUNTY by and through its attorneys of record: Rebecca S. Hayward, Yolanda Jarmon-Morgan, Ricardo J. Navarro and Kelly R. Albin, DENTON NAVARRO RODRIGUEZ BERNAL SANTEE & ZECH, P.C.: rshayward@rampagelaw.com, yjmorgan@rampagelaw.com, rjnavarro@rampagelaw.com, kralbin@rampagelaw.com

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court (together, the "Rules"), Plaintiff Lizelle Gonzalez ("Plaintiff" or "Ms. Gonzalez"), by her undersigned attorneys, serves this First Set of Discovery Requests on Defendant Starr County ("Defendant County"). According to the Rules, Defendant County must serve written responses to these Requests and produce for inspection and copying the documents and other information requested herein, according to the Rules, definitions, and instructions set forth below, within 30 days from the service date of these Requests.

*Signature Page to Follow*

1

Respectfully submitted,

By: _____

I. Cecilia Garza
TX State Bar No. 24041627
USDTX Federal Admission No.: 578825
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: 956-335-4900
Telecopier No.: 956-338-5700
cecilia@garzamartinezlaw.com
*Attorney in charge for Plaintiff*

Veronica Sepulveda Martinez
TX State Bar No. 24081144
USDTX Federal Admission No.: 3048499
202 E. Sprague Street
Edinburg, Texas 78539
Telephone No.: 956-335-4900
Telecopier No.: 956-338-5700
veronica@garzamartinezlaw.com

Lauren Alicia Johnson
DC Bar No.: 1011382*
American Civil Liberties Union Foundation
915 15th Street NW
Washington DC 20005
Telephone No.: 202-731-5567
ljohnson@aclu.org

Nancy Rosenbloom,
NY Bar No. 2168425*
Mariana Kovel
NY Bar No.: 4512000*
Elizabeth Cheryl Jarit
NY Bar No.: 5005020*
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
Telephone No: 202-393-4930
nrosenbloom@aclu.org
mkovel@aclu.org
ljarit@aclu.org

2

David A. Donatti
Texas Bar No. 24097612
Adriana Piñon
Texas Bar No. 24089768
Ashley Harris
Texas Bar No.: 24123238
Sarah F. Corning
Texas Bar No. 24144442*
American Civil Liberties Union of Texas
P.O. Box 12905
Austin, TX 78711-2905
Telephone No.: 713-942-8146
Facsimile: 713-942-8966
ddonatti@aclutx.org
apinon@aclutx.org
aharris@aclutx.org
scorning@aclutx.org

**ATTORNEYS FOR PLAINTIFF**

\*      Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of these discovery requests was served in accordance with the Federal Rules of Civil Procedure by e-mail to all registered ECF users appearing in the case on May 29, 2026.

I. Cecilia Garza

3

**I.**

**<u>DEFINITIONS</u>**

Unless otherwise stated in any Request, the terms set forth below shall be defined as follows, regardless of any punctuation, grammar, capitalization, or otherwise, when used in any Request or definition of another term. To avoid unnecessary effort, confusion, or delay, Defendant County should meet and confer with Plaintiff in good faith before the time to respond if he believes any definitions are unclear, vague, or ambiguous.

1.      "Request" means any written discovery set forth herein, including each Request for Production, Interrogatory, and Request for Admission.

2.      "Plaintiff" refers to Lizelle Gonzalez, formerly Lizelle Herrera.

3.      "Defendant Ramirez" refers to District Attorney Gocha Allen Ramirez of the 229th Judicial District Attorney's Office.

4.      "Defendant Barrera" refers to Assistant District Attorney Alexandria Lynn Barrera of the 229th Judicial District Attorney's Office.

5.      "Defendant County" refers to Starr County, Texas.

6.      "Defendant Fuentes" refers to Sheriff Rene Fuentes of the Starr County Sheriff's Office.

7.      "District Attorney's Office" refers to all employees, staff, agents, contractors, and consultants of the 229th Judicial District Attorney's Office.

8.      "Starr County Memorial Hospital" refers to all Starr County Memorial Hospital directors, employees, staff, agents, contractors, and consultants.

9.      "Sheriff's Office" refers to all employees, staff, agents, contractors, and consultants of the Starr County Sheriff's Office.

4

10. "Rio Grande City Police Department" refers to all employees, staff, agents, contractors, and consultants of the Rio Grande City Police Department.

11. "You" or "yours" shall mean Defendant County, including representatives, attorneys, agents, employees, staff, contractors, consultants, or any other Person(s) acting or purporting to act on behalf of Defendant Fuentes.

12. "Person" shall mean any legal or natural entity, including any human being, corporation, firm, association, company, group, agency, or trust, whether private or public, organized for profit or not for profit.

13. The "Investigation" refers to any actions or communications inquiring into the events forming the basis of the Indictment, including such actions or communications undertaken by the District Attorney's Office, Sheriff's Office, Rio Grande City Police Department, the Texas Department of Family and Protective Services, or any other Person.

14. "Indictment" refers to the indictment charging Plaintiff for "caus[ing] the death of an individual, J.A.H., by a self-induced abortion," returned on or around March 30, 2022.

15. "Arrest" means Plaintiff's arrest following the charge in the Indictment on or around April 7, 2022.

16. "Bail" refers to the setting of bail and release of Plaintiff from jail after posting a $500,000 bond on or around April 9, 2022.

17. "Dismissal" refers to the dismissal of the Indictment against Plaintiff on or around April 11, 2022.

18. "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning, describing, concerning, about, connected with, reflecting upon, evidencing, or having any logical, factual, or contextual association with.

19. "Interaction" means communication, direct involvement, engagement, address, reciprocal action, or influence, with someone or something.

20. "Communication" means the transmittal of information (whether in the form of facts, ideas, inquiries, or otherwise) and includes every manner or means of statement, declaration, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, in writing, or in some other form and whether face to face, by telephone, text message, mail, facsimile, email, social media, personal delivery, or otherwise, including correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings. "Communication" shall include the transmittal of information made in an individual's personal or professional capacity.

21. "Document(s)" has the broadest meaning possible under the Federal Rules of Civil Procedure, including, but not limited to, Fed. R. Civ. P. 34(a)(1)(A), and includes, but is not limited to, all written, printed, typed, recorded, or visual matter of any kind, type, nature, or description, in whatever form (e.g., final and draft versions), that is or has been in your actual or constructive possession or control, or that you know to exist, including, but not limited to, all printed and electronic copies of email, text messages, chat messages, notes, correspondence of any sort, memoranda, tapes, handwritten notes, articles, diaries, letters, photographs, minutes, contracts, agreements, reports, computer printouts, drafts summaries or notes of any meetings notebooks, audio recordings, video recordings, or any written or recorded materials of any other kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced.

22. "ESI" means electronically stored information as that term is used in Federal Rule of Civil Procedure 26(b)(2)(B).

23. The terms "all," "any," and "each" shall encompass all, any, and each.

6

24. "And" as well as "or" shall be construed either disjunctively or conjunctively, as necessary, to include within the scope of these requests information that might otherwise be construed as outside their scope.

25. The use of any plural term shall be construed to include the singular form of that term, and the use of any singular term shall be construed to include the plural form of that term.

## II.

## <u>INSTRUCTIONS</u>

The following instructions shall apply to the Requests:

1. These Requests are made according to the Rules, and you must consult the Rules in responding.

2. In responding to these Requests, you should produce all responsive Documents in your possession, custody, or control, or the possession, custody, or control of your predecessors, successors, affiliates, departments, divisions, or any of your respective officers, partners, agents, employees, or contractors.

3. All Documents shall be produced as they are maintained in the ordinary course of business, in their original folders, binders, covers, or containers. All ESI should be produced in accordance with the terms of the Amended Joint Discovery/Case Management Plan dated June 28, 2024.

4. If the original of any Document is not in your custody, then a copy thereof shall be produced, and all non-identical copies that differ from the original or the other copies produced for any reason, including the making of notes thereon, shall be produced.

5. All Documents should be Bates stamped, with the Bates numbers from this production used for reference throughout this litigation.

7

6.      If any Document or information responsive to these Requests was at any time in your possession, custody, or control but is no longer available for production, you must state and provide the following information as to each such Document:

Whether the Document is missing or lost.

Whether the Document has been destroyed.

Whether the Document has been transferred or delivered to another person and, if so, to whom, at whose request, the date of the request, and the date of the transfer or delivery of the Document.

The precise circumstances surrounding the Document's disposition and the specific date of its disposition.

The identity of each person to have had contact with said Document before its loss or destruction.

7.      You shall produce each Document requested herein in its entirety and without deletion, redaction, or excision (except as qualified by objections or claims of privilege, according to the Rules), regardless of whether you consider the entire document relevant or responsive to the Request.

8.      If any of the below Requests call to produce ESI for which search terms are necessary, confer with the undersigned Plaintiffs' counsel to develop agreed-upon search terms.

9.      Identify the Request to which each Document, response, admission, or denial is responsive. If a Document or thing is responsive to more than one Request, the document needs to be produced only once and must be referred to by Bates number in response to each Request to which it is responsive.

8

10.    If any responsive Document is withheld, state your basis for withholding the Document, identify the Document by stating its author, addresses, other recipients, date, subject matter, Document type, length in page numbers, present location, and identify the person presently having possession, custody, or control of the Document and all copies of it.

11.    If any responsive Document exists but is not in your possession, custody, or control, identify the Document(s) and the person or entity who has or whom you believe had possession, custody, and/or control.

12.    If you deny, in whole or in part, any of the Requests for Admission served herewith, state in detail the factual basis for your denial.

13.    Following Rule 26(e) of the Federal Rules of Civil Procedure, these Requests shall be deemed continuing; if you discover further documents or things responsive hereto, you should promptly produce such documents or things to Plaintiffs.

9

## III.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** The transcript and audio recording of the grand jury proceedings resulting in the Indictment of Plaintiff. If no such transcript or audio recording exists, a list of the names of the grand jurors who were present during the grand jury proceedings resulting in the Indictment of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All sworn statements and copies of any transcripts that contain testimony, summaries of testimony, or summations provided to the grand jury in connection with the indictment of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** A copy of instructions on the law given to the grand jury in connection with the Indictment of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All Documents reviewed by the grand jury in connection with the Indictment of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All motions to dismiss a felony indictment filed by the District Attorney's Office from April 11, 2017, to April 10, 2022.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All orders issued by any court finding that an employee or employees of Defendant County conducted an arrest or search without probable cause, where the arrest or search occurred between April 11, 2017, and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All disciplinary information relating to searches or arrests without probable cause for any County employee who participated in the investigation,

10

prosecution, or arrest of Plaintiff, where the search or arrest occurred between April 11, 2017, to the present.

**REQUEST FOR PRODUCTION NO. 8:** All policies, procedures, guidelines, or handbooks provided to employees of the Sheriff's Office, including any policies, procedures, guidelines, or handbooks from the Texas Association of Counties ("TAC"), from April 11, 2017, to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All communications between Sigifredo Gonzalez, or his representatives, and Sheriff's Office personnel relating to training of Sheriff's Office personnel from January 1, 2017, to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All training materials provided to Sheriff's Office employees concerning investigations and arrests, between April 11, 2017, and the present.

**RESPONSE:**

## IV.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all Documents that were presented to the grand jury in connection with the Indictment issued against Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 2:** Identify all individuals who testified before the grand jury, whether in person or by affidavit or other sworn statement, in connection with the Indictment issued against Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 3:** Identify (a) any questions the grand jury asked during the proceedings; (b) the response to any questions asked by the grand jury during the proceedings; and (c) any activities the grand jury undertook to investigate the charge or charges alleged in the Indictment against Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 4:** Describe the evidence presented and the legal instructions provided to the grand jury in connection with the Indictment issued against Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 5:** Identify the names of all County personnel who participated in the investigation, prosecution, or arrest of Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify all criminal cases that were referred to a prosecuting attorney by the Sheriff's Office from January 1, 2017, to present, and that resulted in either a declination to prosecute or a dismissal due to law enforcement mishandling, as discussed in Starr County Sheriff's Office Law Enforcement Policy Number 7.04.

**ANSWER:**

12

**INTERROGATORY NO. 7:** Identify all Sheriff's Office employees who, between January 1, 2022, and the present, were demoted, terminated, or moved to a different division and all the reasons these employees were demoted, terminated, or moved.

**ANSWER:**

**INTERROGATORY NO. 8:** Identify every case where felony charges were dismissed against an individual within 60 days of that individual's arrest from January 1, 2017, to present.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify the date, topic, and instructor of all trainings provided to Sheriff's Office employees from January 1, 2017, to present.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify any insurance policy or mechanism available to the County for paying damages for court orders or lawsuit settlements.

**ANSWER:**

13

## V.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that Section 19.06 of the Texas Penal Code was omitted from the grand jury presentation that resulted in the Indictment of Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Admit that Defendant County has not implemented measures to prevent future constitutional violations resulting from Defendant County's compliance with unlawful orders or instructions.

**RESPONSE:**

14

# Exhibit B

# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| **LIZELLE GONZALEZ,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:24-cv 00132** |
| | § | |
| **GOCHA ALLEN RAMIREZ,** | § | |
| **ALEXANDRIA LYNN BARRERA,** | § | |
| **RENE FUENTES, and** | § | |
| **STARR COUNTY, TEXAS,** | § | |
| *Defendants* | § | |

## DEFENDANT STARR COUNTY'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION, INTERROGATORIES, AND REQUESTS FOR ADMISSIONS
========================================================================

TO:  Plaintiff, Lizelle Gonzalez, by and through their attorneys of record, Cecilia Garza and Veronica Sepulveda Martinez of Garza Martinez Law; David A. Donatti and Adriana Pinon of American Civil Liberties Union of Texas; and Lauren Alicia Johnson of American Civil Liberties Union Foundation.

Now comes DEFENDANT, STARR COUNTY, and files these Objections and Responses to Plaintiff's Discovery Requests.

SIGNED on this the 29th day of JULY 2026.

Respectfully submitted,

**DENTON NAVARRO RODRIGUEZ**
**BERNAL SANTEE & ZECH, P.C.**
549 N. Egret Bay Blvd., Suite 200
League City, Texas 77573
Telephone: (832) 632-2102
Facsimile: (832) 632-2132

By:  *Ricardo J. Navarro*
RICARDO J. NAVARRO
State Bar No. 14829100
rjnavarro@rampagelaw.com

By:    /S/ Kelly R. Albin
         KELLY R. ALBIN
         State Bar No. 24086079
         kralbin@rampagelaw.com

**ATTORNEYS FOR DEFENDANT**
**STARR COUNTY, TEXAS**

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process contained in the Federal Rules of Civil Procedure on the persons or parties identified below and who are listed as attorneys to be noticed in this proceeding, on the on this the 29th day of JULY 2026.

Ida Cecilia Garza
Veronica Sepulveda Martinez
GARZA MARTINEZ, PLLC

Adriana Piñon
David A. Donatti
American Civil Liberties Union of Texas

Lauren Alicia Johnson
American Civil Liberties Union Foundation

**ATTORNEYS FOR PLAINTIFF**

*Kelly R. Albin*
RICARDO J. NAVARRO
KELLY R. ALBIN

Defendant Starr County's Objections & Responses to
Plaintiff's Requests for Production, Interrogatories, and Admissions        -2-

## DEFENDANT STARR COUNTY'S OBJECTIONS
## AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION
═══════════════════════════════════════

RFP NO. 1: The transcript and audio recording of the grand jury proceedings resulting in the Indictment of Plaintiff. If no such transcript or audio recording exists, a list of the names of the grand jurors who were present during the grand jury proceedings resulting in the Indictment of Plaintiff.

> **OBJECTIONS:** Grand jury proceedings are shrouded by a general rule of secrecy to protect the grand jury process. *Shields v. Twiss*, 389 F.3d 142, 147–48 (5th Cir. 2004); *Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 218–19 (1979). **Grand jury secrecy is "one of the most important secrecies that we have."** *Gonzalez v. Starr County, et al.*, 7:24-cv-00132 (SDTX-McAllen) (Hon. Judge Tipton, Motion Hrg. p. 44:20-24) (July 24, 2024).

> Counsel for Plaintiff previously acknowledged the protection pertaining to the grand jury process and assured the Court that Plaintiff was "absolutely not" seeking discovery on what happened in the grand jury room. *Id*. (Attorney Garza, Motion Hrg. p. 44:8).

> Additionally, Plaintiff's remaining *Monell* claim does not turn on what occurred during the grand jury proceedings and, instead, alleges direct participation by Sheriff Gonzalez and DA Ramirez in the investigation of Plaintiff. Thus, the request is not proportional to the needs of the case.

RFP NO. 2: All sworn statements and copies of any transcripts that contain testimony, summaries of testimony, or summations provided to the grand jury in connection with the indictment of Plaintiff.

> **OBJECTIONS:** Grand jury proceedings are shrouded by a general rule of secrecy to protect the grand jury process. *Shields v. Twiss*, 389 F.3d 142, 147–48 (5th Cir. 2004); *Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 218–19 (1979). **Grand jury secrecy is "one of the most important secrecies that we have."** *Gonzalez v. Starr County, et al.*, 7:24-cv-00132 (SDTX-McAllen) (Hon. Judge Tipton, Motion Hrg. p. 44:20-24) (July 24, 2024).

> Counsel for Plaintiff previously acknowledged the protection pertaining to the grand jury process and assured the Court that Plaintiff was "absolutely not" seeking discovery on what happened in the grand jury room. *Id*. (Attorney Garza, Motion Hrg. p. 44:8).

> Additionally, Plaintiff's remaining *Monell* claim does not turn on what occurred during the grand jury proceedings and, instead, alleges direct participation by Sheriff Gonzalez and DA Ramirez in the investigation of Plaintiff. Thus, the request is not proportional to the needs of the case.

RFP NO. 3: A copy of instructions on the law given to the grand jury in connection with the Indictment of Plaintiff.

> **OBJECTIONS:** Grand jury proceedings are shrouded by a general rule of secrecy to protect the grand jury process. *Shields v. Twiss*, 389 F.3d 142, 147–48 (5th Cir. 2004); *Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 218–19 (1979). **Grand jury secrecy is "one of the most important secrecies that we have."** *Gonzalez v. Starr County, et al.*, 7:24-cv-00132 (SDTX-McAllen) (Hon. Judge Tipton, Motion Hrg. p. 44:20-24) (July 24, 2024).

> Counsel for Plaintiff previously acknowledged the protection pertaining to the grand jury process and assured the Court that Plaintiff was "absolutely not" seeking discovery on what happened in the grand jury room. *Id*. (Attorney Garza, Motion Hrg. p. 44:8).

> Additionally, Plaintiff's remaining *Monell* claim does not turn on what occurred during the grand jury proceedings and, instead, alleges direct participation by Sheriff Gonzalez and DA Ramirez in the investigation of Plaintiff. Thus, the request is not proportional to the needs of the case.

RFP NO. 4: All Documents reviewed by the grand jury in connection with the Indictment of Plaintiff.

> **OBJECTIONS:** Grand jury proceedings are shrouded by a general rule of secrecy to protect the grand jury process. *Shields v. Twiss*, 389 F.3d 142, 147–48 (5th Cir. 2004); *Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 218–19 (1979). **Grand jury secrecy is "one of the most important secrecies that we have."** *Gonzalez v. Starr County, et al.*, 7:24-cv-00132 (SDTX-McAllen) (Hon. Judge Tipton, Motion Hrg. p. 44:20-24) (July 24, 2024).

> Counsel for Plaintiff previously acknowledged the protection pertaining to the grand jury process and assured the Court that Plaintiff was "absolutely not" seeking discovery on what happened in the grand jury room. *Id*. (Attorney Garza, Motion Hrg. p. 44:8).

> Additionally, Plaintiff's remaining *Monell* claim does not turn on what occurred during the grand jury proceedings and, instead, alleges direct participation by Sheriff Gonzalez and DA Ramirez in the investigation of Plaintiff. Thus, the request is not proportional to the needs of the case.

RFP NO. 5: All motions to dismiss a felony indictment filed by the District Attorney's Office from April 11, 2017, to April 10, 2022.

> **OBJECTION:** This request is overbroad based on the timeframe being sought and the failure to limit the request to the relevant agency, the Starr County Sherriff's Office. First, Plaintiff's remaining claims is that Starr County, through Sheriff Fuentes and DA Ramirez, deprived Plaintiff of her Consititutional rights. Thus, the years before Sheriff Fuentes and DA Ramirez were in office cannot be relevant to Plaintiff's meritless claims. Further, investigations conducted by outside agencies will be captured in this request, yet, have not bearing on the allegation that Defendant Starr County should be liable for Plaintiff's investigation, arrest, and indictment.

Defendant Starr County's Objections & Responses to
Plaintiff's Requests for Production, Interrogatories, and Admissions                    -4-

**RESPONSE:** Subject to the objection, Defendant is producing all Motions to Dismiss filed be the District Attorney's Office from January 1, 2020-April 10, 2022, which will produced within 14 days.

RFP NO. 6:  All orders issued by any court finding that an employee or employees of Defendant County conducted an arrest or search without probable cause, where the arrest or search occurred between April 11, 2017, and the present.

**OBJECTION:** This request is overbroad in that it seeks information from a time period after Plaintiff's indictment and arrest, which is not relevant to whether her indictment and arrest were done pursuant to a pattern or practice of same as required for Monell purposes.

**RESPONSE:** After diligent search, the County responds that to the best of its knowledge it does not have any records of any orders issued by any court finding that an employee or employees of Defendant County conducted an arrest or search without probable cause, where the arrest or search occurred between April 11, 2017, and the present. The County will supplement if such records are identified.

RFP NO. 7:  All disciplinary information relating to searches or arrests without probable cause for any County employee who participated in the investigation, prosecution, or arrest of Plaintiff, where the search or arrest occurred between April 11, 2017, to the present.

**OBJECTION:** This request is overbroad in that it seeks information from a time period after Plaintiff's indictment and arrest, which is not relevant to whether her indictment and arrest were done pursuant to a pattern or practice of same as required for *Monell* purposes**.**

**RESPONSE:** After diligent search, the County responds that to the best of its knowledge it does have any records of disciplinary actions relating to searches or arrests without probable cause for any County employee who participated in the investigation, prosecution, or arrest of Plaintiff, where the search or arrest occurred between April 11, 2017, to the present.

RFP NO. 8:  All policies, procedures, guidelines, or handbooks provided to employees of the Sheriff's Office, including any policies, procedures, guidelines, or handbooks from the Texas Association of Counties ("TAC"), from April 11, 2017, to the present.

**OBJECTIONS:** This request is overbroad. Plaintiff's only remaining claim pertains to the Sheriff's Office's investigations and arrests of Plaintiff, thus, training on unrelated topics is not relevant, nor is training conducted after Plaintiff's arrest since any post-incident training could not be causally connected to Plaintiff's arrest and indictment.

**RESPONSE:** Subject to the objection, after diligent search, Defendant reasonably believes that the Sheriff's Office is not in possession of any policies, procedures, guidelines, or handbooks provided to employees of the Sheriff's office by the Texas Association of Counties during the relevant time period.

Defendant Starr County's Objections & Responses to
Plaintiff's Requests for Production, Interrogatories, and Admissions                    -5-

RFP NO. 9: All communications between Sigifredo Gonzalez, or his representatives, and Sheriff's Office personnel relating to training of Sheriff's Office personnel from January 1, 2017, to present.

> **OBJECTIONS:** This request is overbroad. Plaintiff's only remaining claim pertains to the Sheriff's Office's investigations and arrests of Plaintiff, thus, training on unrelated topics is not relevant, nor is training conducted after Plaintiff's arrest since any post-incident training could not be causally connected to Plaintiff's arrest and indictment.

> **RESPONSE:** Subject to the objection, the County responds that after diligent search, to the best of the County's knowledge, the County has no records of communications between Sigifredo Gonzalez, or his representatives, and Sheriff's Office personnel relating to training of Sheriff's Office personnel from January 1, 2017, to present.

RFP NO. 10: All training materials provided to Sheriff's Office employees concerning investigations and arrests, between April 11, 2017, and the present.

> **OBJECTION:** This request is overbroad in that it seeks information from a time period after Plaintiff's indictment and arrest, which is not relevant to whether her indictment and arrest were done pursuant to a pattern or practice of same as required for Monell purposes.

> **RESPONSE:** Subject to the objection, the Starr County Sheriff's Office requires officers to maintain the training required by the State of Texas. All officers training is publicly available on the Texas Commission on Law Enforcement's website. Thus, in order to give the most complete information available, Defendant is providing a roster of deputies for whom Plaintiff can access training records on TCOLE's website. *See* Ex. A.

Defendant Starr County's Objections & Responses to
Plaintiff's Requests for Production, Interrogatories, and Admissions                    -6-

**DEFENDANT STARR COUNTY'S OBJECTIONS
AND RESPONSES TO PLAINTIFF'S INTERROGATORIES**
==========================================

INTERROGATORY NO. 1:  Identify all Documents that were presented to the grand jury in connection with the Indictment issued against Plaintiff.

> **OBJECTIONS:** Grand jury proceedings are shrouded by a general rule of secrecy to protect the grand jury process. *Shields v. Twiss*, 389 F.3d 142, 147–48 (5th Cir. 2004); *Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 218–19 (1979). **Grand jury secrecy is "one of the most important secrecies that we have."** *Gonzalez v. Starr County, et al.*, 7:24-cv-00132 (SDTX-McAllen) (Hon. Judge Tipton, Motion Hrg. p. 44:20-24) (July 24, 2024).

> Counsel for Plaintiff previously acknowledged the protection pertaining to the grand jury process and assured the Court that Plaintiff was "absolutely not" seeking discovery on what happened in the grand jury room. *Id*. (Attorney Garza, Motion Hrg. p. 44:8).

> Additionally, Plaintiff's remaining *Monell* claim does not turn on what occurred during the grand jury proceedings and, instead, alleges direct participation by Sheriff Gonzalez and DA Ramirez in the investigation of Plaintiff. Thus, the request is not proportional to the needs of the case.

INTERROGATORY NO. 2:  Identify all individuals who testified before the grand jury, whether in person or by affidavit or other sworn statement, in connection with the Indictment issued against Plaintiff.

> **OBJECTIONS:** Grand jury proceedings are shrouded by a general rule of secrecy to protect the grand jury process. *Shields v. Twiss*, 389 F.3d 142, 147–48 (5th Cir. 2004); *Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 218–19 (1979). **Grand jury secrecy is "one of the most important secrecies that we have."** *Gonzalez v. Starr County, et al.*, 7:24-cv-00132 (SDTX-McAllen) (Hon. Judge Tipton, Motion Hrg. p. 44:20-24) (July 24, 2024).

> Counsel for Plaintiff previously acknowledged the protection pertaining to the grand jury process and assured the Court that Plaintiff was "absolutely not" seeking discovery on what happened in the grand jury room. *Id*. (Attorney Garza, Motion Hrg. p. 44:8).

> Additionally, Plaintiff's remaining *Monell* claim does not turn on what occurred during the grand jury proceedings and, instead, alleges direct participation by Sheriff Gonzalez and DA Ramirez in the investigation of Plaintiff. Thus, the request is not proportional to the needs of the case.

INTERROGATORY NO. 3:  Identify (a) any questions the grand jury asked during the proceedings; (b) the response to any questions asked by the grand jury during the proceedings; and (c) any activities the grand jury undertook to investigate the charge or charges alleged in the Indictment against Plaintiff.

Defendant Starr County's Objections & Responses to
Plaintiff's Requests for Production, Interrogatories, and Admissions                    -7-

**OBJECTIONS:** Grand jury proceedings are shrouded by a general rule of secrecy to protect the grand jury process. *Shields v. Twiss*, 389 F.3d 142, 147–48 (5th Cir. 2004); *Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 218–19 (1979). **Grand jury secrecy is "one of the most important secrecies that we have."** *Gonzalez v. Starr County, et al.*, 7:24-cv-00132 (SDTX-McAllen) (Hon. Judge Tipton, Motion Hrg. p. 44:20-24) (July 24, 2024).

Counsel for Plaintiff previously acknowledged the protection pertaining to the grand jury process and assured the Court that Plaintiff was "absolutely not" seeking discovery on what happened in the grand jury room. *Id*. (Attorney Garza, Motion Hrg. p. 44:8).

Additionally, Plaintiff's remaining *Monell* claim does not turn on what occurred during the grand jury proceedings and, instead, alleges direct participation by Sheriff Gonzalez and DA Ramirez in the investigation of Plaintiff. Thus, the request is not proportional to the needs of the case.

INTERROGATORY NO. 4:  Describe the evidence presented and the legal instructions provided to the grand jury in connection with the Indictment issued against Plaintiff.

**OBJECTIONS:** Grand jury proceedings are shrouded by a general rule of secrecy to protect the grand jury process. *Shields v. Twiss*, 389 F.3d 142, 147–48 (5th Cir. 2004); *Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 218–19 (1979). **Grand jury secrecy is "one of the most important secrecies that we have."** *Gonzalez v. Starr County, et al.*, 7:24-cv-00132 (SDTX-McAllen) (Hon. Judge Tipton, Motion Hrg. p. 44:20-24) (July 24, 2024).

Counsel for Plaintiff previously acknowledged the protection pertaining to the grand jury process and assured the Court that Plaintiff was "absolutely not" seeking discovery on what happened in the grand jury room. *Id*. (Attorney Garza, Motion Hrg. p. 44:8).

Additionally, Plaintiff's remaining *Monell* claim does not turn on what occurred during the grand jury proceedings and, instead, alleges direct participation by Sheriff Gonzalez and DA Ramirez in the investigation of Plaintiff. Thus, the request is not proportional to the needs of the case.

INTERROGATORY NO. 5: Identify all criminal cases that were referred to a prosecuting attorney by the Sheriff's Office from January 1, 2017, to present, and that resulted in either a declination to prosecute or a dismissal due to law enforcement mishandling, as discussed in Starr County Sheriff's Office Law Enforcement Policy Number 7.04.

**OBJECTION:** This request is overbroad in that the timeframe specified predates DA Ramirez's time in office, which is central to Plaintiff's allegations.

**RESPONSE:** There have been no criminal cases since January 1, 2017 that were dismissed due to law enforcement mishandling under SCSO Policy 7.04 that were brought to the Sheriff's attention, as described in SCOS Policy 7.04.

Defendant Starr County's Objections & Responses to
Plaintiff's Requests for Production, Interrogatories, and Admissions                    -8-

<u>INTERROGATORY NO. 6:</u> Identify all criminal cases that were referred to a prosecuting attorney by the Sheriff's Office from January 1, 2017, to present, and that resulted in either a declination to prosecute or a dismissal due to law enforcement mishandling, as discussed in Starr County Sheriff's Office Law Enforcement Policy Number 7.04.

**OBJECTION:** Duplicative of Interrogatory No. 5.

<u>INTERROGATORY NO. 7:</u> Identify all Sheriff's Office employees who, between January 1, 2022, and the present, were demoted, terminated, or moved to a different division and all the reasons these employees were demoted, terminated, or moved.

**OBJECTION:** This request is overbroad and seeks information that is not relevant to the case. First, disciplinary cases that occurred on or after Plaintiff's indictment are not relevant to show a pattern or practice under *Monell*. Additionally, disciplinary actions taken that are unrelated to work performance are not relevant to Plaintiff's *Monell* claim. Third, this seeks disciplinary information for all employees and is not limited to Sheriff's deputies about whose conduct Plaintiff singularly complains in the lawsuit. Finally, a transfer to a different division is not necessarily a disciplinary action, therefore, a transfer is not indicative of job performance such that it is relevant to Plaintiff's *Monell* claim.

**RESPONSE:** Subject to the objection, after diligent search, there are no terminations or demotions of between January 2020-April 2022 related to job performance of Sheriff's deputies.

<u>INTERROGATORY NO. 8:</u> Identify every case where felony charges were dismissed against an individual within 60 days of that individual's arrest from January 1, 2017, to present.

**OBJECTION:** Plaintiff's request is overbroad. Plaintiff's remaining claim in this lawsuit pertains to her arrest by Starr County Sheriff's Office, for which she asserts *Monell* liability based on the alleged direct participation by Sheriff Gonzalez and District Attorney Ramirez in the investigation and indictment. Not all cases filed with the Starr County District Attorney's Office are brought by the Starr County Sheriff's Office, and, therefore, are not relevant to the questions of liability based on Starr County Sheriff's DA Ramirez did not take office until 2020, thus, anything preceding his time in office is not relevant to her claim. The request, therefore, is not permissible under Rule 26.

**RESPONSE:** Subject to the objection, after diligent search, the following cases are those investigated by the Starr County Sheriff's Office where a felony charge were dismissed within 60 days of the individual's arrest between 2020-2022.

| | |
|---|---|
| Irma Idalia Cristo | DA#31802 |
| Lorena Torres | DA#31705 |
| Eleazar Garza Jr. | DA#31587 |
| Lizelle Herrera | 22-CR-61 |
| Osiel Amando Moreno Jr. | DA# 32759 |

INTERROGATORY NO. 9:  Identify the date, topic, and instructor of all trainings provided to Sheriff's Office employees from January 1, 2017, to present.

>**OBJECTION:** This request is overbroad. Plaintiff's remaining claim against Starr County pertains to investigations and prosecutions, thus, training related to other topics is not relevant.

>**RESPONSE:** Subject to the objection, Defendant is producing a roster of its officers from 2017 to present whose TCOLE training records are publicly available. TCOLE records provide the information being sought by this request.

INTERROGATORY NO. 10:  Identify any insurance policy or mechanism available to the County for paying damages for court orders or lawsuit settlements.

>**RESPONSE:** Defendant is a member of the Texas Association of Counties Risk Pool.

-END-

Defendant Starr County's Objections & Responses to
Plaintiff's Requests for Production, Interrogatories, and Admissions                    -10-

**DEFENDANT STARR COUNTY'S OBJECTIONS**
**AND RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS**
======================================

REQUEST FOR ADMISSION NO. 1: Admit that Section 19.06 of the Texas Penal Code was omitted from the grand jury presentation that resulted in the Indictment of Plaintiff.

RESPONSE: Defendant admits that, as previously stated in interrogatory responses, ADA Barrera who presented the case to the grand jury was unaware of Texas Penal Code Sec. 19.06 at the time of the grand jury presentation.


REQUEST FOR ADMISSION NO. 2: Admit that Defendant County has not implemented measures to prevent future constitutional violations resulting from Defendant County's compliance with unlawful orders or instructions.

RESPONSE: Deny.


-END-

## VERIFICATION

STATE OF TEXAS             §
                                       §

COUNTY OF STARR         §

BEFORE ME, the undersigned authority personally appeared <u>YARITHZA SAE Z.</u> who stated upon oath, I, Yarithza Saenz participated in the preparation of the Responses to Interrogatory No. 8 in the foregoing document and to the best of my knowledge, the response therein are true and correct.

_____

*YARITHZA SAENZ*
*REP          VE FOR*
*STARR COUNTY*

SUBSCRIBED and SWORN to before me on the J *qfn* day of *J(Al1..l* 2026.

<table>
<tr><td>LILIA RODRIGUEZ<br>Notary Public. State of Texas<br>Comm. Expires 04-19-2028<br>Notary ID 134861844</td></tr>
</table>

_____
Notary Public, State of Texas
Commission Expires:

## UNSWORN DECLARATION OF LT. LEONEL ALVAREZ

STATE OF TEXAS                           §
                                         §
COUNTY OF STARR                          §

I, LEONEL ALVAREZ, participated in the preparation of the Response to Interrogatory No. 7 in the foregoing document and to the best of my knowledge, the response therein are true and correct.

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 26, 2026."

_____
**Lt. Leonel Alvarez**
*REPRESENTATIVE FOR*
*STARR COUNTY*

## UNSWORN DECLARATION OF MAJOR CARLOS DELGADO

STATE OF TEXAS                              §
                                            §
COUNTY OF STARR                             §


I, CARLOS DELGADO, participated in the preparation of the Responses to Interrogatory Nos. 5, 9, and 10 in the foregoing document and to the best of my knowledge, the responses therein are true and correct.


"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 26, 2026."

Carlos Delgado

_____
*MAJOR CARLOS DELGADO*
*REPRESENTATIVE FOR*
*STARR COUNTY*