United States District Court
Southern District of Texas
ENTERED
August 07, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISON**

| | | |
|---|---|---|
| Lizelle Gonzalez,<br>Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 7:24-00132 |
| | § | |
| Gocha Allen Ramerez, et al.,<br>Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff's Motion for Leave to file a motion to compel production of discovery, filed as of July 9, 2026, relating to the grand jury presentation in state court that resulted in Plaintiff's indictment that is the subject matter of this lawsuit.[1] (Dkt. No. 134). Defendant Starr County filed a response as of July 27, 2026. (Dkt. No. 135). Per the District Court's procedures, a discovery dispute may be resolved on the letters. *See* Hon. Drew. B. Tipton, *Court Procedures* 13(d) (Updated as of October 2024), *https://www.txs.uscourts.gov/sites/txs/files/dbt_procedures.pdf.* Based on review of request, response, filings and relevant case law precedent, this matter is ripe for review.

For noted reasons, request for leave to file motion to compel is **DENIED**.[2]

All deadlines remain as issued by District Court as of April 24, 2026. (Dkt. No. 125).

---

[1] The two-page letter request was filed pursuant to the Hon. Judge Tipton's procedures; on July 28, 2026, said request was referred to undersigned for consideration per 28 U.S.C. § 636(b)(1) and General Order 2024-08. (Dkt. Nos. 134, 136). As of August 3, 2026, this matter has been re-assigned to the Hon. Judge Jones. (Dkt. No. 137). Per re-assignment order, referral to magistrate judge remains in effect. (*Id.*).

[2] "Rule 72(a) of the Federal Rules of Civil Procedure allows a magistrate judge to hear and decide nondispositive motions." *Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc.*, 844 F.Supp. 1156, 1160 (S.D. Tex. 1994); Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

I.

Plaintiff has filed lawsuit against Defendant Starr County claiming that pursuant to Starr County policy, practice, or custom, County employees violated Plaintiff's constitutional rights when she was charged and arrested for a state criminal offense that was subsequently dismissed.[3] Plaintiff anticipates that Defendant Starr County will raise the independent intermediary doctrine as a defense to any civil rights claims and thus seeks discovery connected to the grand jury proceedings related to the noted indictment. Plaintiff thus submits that the request outweighs any need for continued secrecy of the proceedings. (*See generally*, Dkt. No. 134).

Defendant Starr County filed a response letter claiming that Plaintiff has failed to set out particularized need for the discovery request and the request, in and of itself, does not outweigh the policy to keep grand jury proceedings secret. (*See generally*, Dkt. No. 135).

II.

The Supreme Court has consistently "recognized that the proper function of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 US. 211, 218 (1979). And "[a]lthough the purpose of the grand jury secrecy was protection of the criminally accused against an overreaching Crown, … , with time it came to be viewed as necessary for the proper function of the grand jury." *Id.* at 218 n.9.

However, the secrecy is not absolute. It will be breached in the rare occasion when a party shows that the material being sought "is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [party's] request is structured to cover only the material so needed." *Douglas*, 441 U.S. at 222.

[3] Claims against individual defendants have been dismissed as of April 1, 2026. (Dkt. No. 123).

These rules are applicable to state court proceedings. "At the outset, the court notes that under both federal and state law, a general rule of secrecy shrouds the proceedings of grand juries." *Shields v Twiss*, 389 F.3d 142, 147 (5th Cir. 2004) (citing Fed. R. Crim. P. 6(e); *Douglas*, 441 U.S. at 218-219; Tex. Code Crim. Pro. Ann. art. 20.02 (Vernon Supp. 2004); and *In re Byrd Enters*, 980 S.W.2d 542, 543 (Tex. App. – Beaumont 1998, no pet.)). "Even so, both federal and Texas law permit discovery of grand jury material when the party seeking discovery demonstrates a 'particularized need' for the material." *Id.* (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682-83 (1958); Fed. R. Crim. P. 6(e)(3)(E)(i); Tex. Code Crim. Proc. Ann. art. 20.02(d); and *In re 5 Byrd Enters.*, 980 S.W.2d at 543). "[W]here plaintiff's claims arise under federal law and a federal court considers the extent of the disclosure of state grand jury materials, federal common law, rather than state law, is the source of any privileges afforded to grand jury proceedings." *Johnson v. Lee*, No. CIV.A.07-3596, 2009 WL 24065 at *3 (E.D. La. Jan. 2, 2009) (footnote omitted).

III.

In this matter, there is not a dispute on the law, just a dispute on whether the facts warrant the compelling of grand jury material sought by Plaintiff.

Plaintiff has requested the following for production from Defendant Starr County:

**REQUEST FOR PRODUCTION NO. 1:** The transcript and audio recording of the grand jury proceedings resulting in the Indictment of Plaintiff. If no such transcript or audio recording exists, a list of the names of the grand jurors who were present during the grand jury proceedings resulting in the Indictment of Plaintiff.

**REQUEST FOR PRODUCTION NO. 2:** All sworn statements and copies of any transcripts that contain testimony, summaries of testimony, or summations provided to the grand jury in connection with the indictment of Plaintiff.

**REQUEST FOR PRODUCTION NO. 3:** A copy of instructions on the law given to the grand jury in connection with the Indictment to Plaintiff.

> **<u>REQUSET FOR PRODUCTION NO. 4:</u>** All Documents reviewed by the grand jury in connection with the Indictment to Plaintiff.

(Dkt. No. 134 at 13 (Requests for Production)).

> <u>Plaintiff has also propounded the following Interrogatories:</u>
>
> **<u>INTERROGATORY NO. 1:</u>** Identify all Documents that were presented to the grand jury in connection with the Indictment issued against Plaintiff.
>
> **<u>INTERROGATORY NO. 2:</u>** Identify all individuals who testified before the grand jury, whether in person or by affidavit or other sworn statement, in connection with the Indictment issued against Plaintiff.
>
> **<u>INTERROGATORY NO. 3:</u>** Identify (a) any questions the grand jury asked during the proceedings; (b) the response to any questions asked by the grand jury during the proceedings; and (c) any activities the grand jury undertook to investigate the charge or charges alleged in the Indictment against Plaintiff.
>
> **<u>INTERROGATORY NO. 4:</u>** Describe the evidence presented and the legal instructions provided to the grand jury in connection with the Indictment issued against Plaintiff.

(Dkt. No. 134 at 15 (Interrogatories)).

Plaintiff submits that said request is appropriate to ensure that justice is met in light of anticipated defense of the independent intermediary doctrine. (Dkt. No. 134 at 2). The independent intermediary defense sets out that a claim of civil rights liability due to misconduct by a defendant may be "broken" due to presentation to a neutral grand jury or magistrate judge. As stated by the Fifth Circuit, "[w]hen the 'facts supporting the warrant or indictment are put forth an impartial intermediary such as a magistrate or grand jury … that intermediary's independent decision breaks the causal chain.'" *In re Babin*, No. 22-40306, 2022 WL 1658701, at *4 (5th Cir. May 25, 2022) (citing *Hand v Gary*, 838 F.2d 1420, 1427 (5th Cir. 1998)). However, "[i]f 'it can be shown that deliberations of that intermediary were in some way tainted by the actions of the defendant,' then the doctrine will not apply." *Id.* Thus, the general request by Plaintiff for the grand jury material in connection to claims against Defendant Starr County.

Second, Plaintiff submits that the need for secrecy of the proceedings is diminished since the prosecution occurred "over four years ago" and there is no dispute that Plaintiff is "innocent of the crime originally alleged." (*Id.*). And the noted requests above are narrowly tailored to cover the information needed to address the anticipated defense of the independent intermediary doctrine. (*Id.*).

Defendant Starr County responds that material should not be produced because Plaintiff has not established the particularized need for the material, the need for secrecy is still ever present considering the media attention, and the request is not narrowly tailored. (Dkt. No. 135 at 2-3).

At this juncture, Defendant has the better argument. First, Plaintiff's request does not outweigh the continued need for secrecy considering the media significance of this case. Nor has Plaintiff narrowly tailored their request. As outlined above, Plaintiff has sought essentially anything and everything associated with the grand jury. And, finally, Plaintiff has not set forth any particularized reason or rational outside of the noted claimed defense for the grand jury material. *Compare Noffsinger v. Landers*, 196 F.Supp.3d 746, 755 (N.D. Ohio 2016) (denying request for disclosure of grand jury materials where the plaintiff only speculated that the defendant's involvement in grand jury proceedings may have caused irregularities/improprieties; court characterizes this as an impressible fishing expedition), *with Ramirez v. Abreo*, No. 5:09-CV-190-C, 2010 WL 1470102, at *2-3 (N.D. Tex. Nov. 24, 2010) (finding testimony regarding grand jury proceeding was relevant and necessary to provide their claims and rebut defenses where plaintiff alleged that improper identification procedures and coerced witness testimony may have been presented to the grand jury to establish probable cause).

Considering the policy rational for grand jury secrecy, the rarity in which it will be breached, and without a sufficient particularized need for said disclosure to overcome that secrecy, said letter request to file motion to compel should be denied *Shields*, 389 F.3d at 148-49 (holding that District Court did not abuse discretion in denying request for grand jury information as said secrecy will only be intruded upon in rare circumstances and the request in question essentially amounted to a "fishing expedition").

IV.

The letter request to file motion to compel for production of grand jury material (Dkt. No. 134) is **DENIED**.

Scheduling Order remains as ordered by District Court. (*See* Dkt. No. 125).

V.

The Clerk of the Court shall provide a copy to all parties via CM/ECF notification.

**SIGNED** at McAllen, Texas, this 7th day of August 2026.

Juan F. Alanis
United States Magistrate Judge